UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY ___JG___ D.C.

00 FEB -8 PM 12: 21

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

THOMAS P. BUTLER,    )
                     )
            Plaintiff,)   Case No.: 00-6193 ~~0537~~
vs.                  )
                     )   CIV-LENARD
WILLIAM J. HENDERSON,)
Post Master General, )   MAGISTRATE JUDGE
                     )   TURNOFF
            Defendant.)   **COMPLAINT**
_____)

### PARTIES

1. Plaintiff, Thomas P. Butler, is an individual who is a citizen of the State of Florida, and at all times material to this complaint, an employee of the United States Postal Service, in Broward County, Florida.

2. Defendant, William J. Henderson, is the Post Master General for the United States Postal Service, and may be served by serving the United States and by also sending a copy of the summons and of the complaint by registered or certified mail to defendant.

### JURISDICTION

3. The court has jurisdiction over the lawsuit because the action arises under Title VII of the Civil Rights Act of 1964 as amended, and the Age Discrimination in Employment Act of 1967 as amended, (29 U.S.C. §621 et seq.).

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed his EEO complaints with the appropriate EEO Counselor for the

1



defendant, i.e., Agency Case No. 1-H-333-0036-98 (EEOC No. 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X), and 1-H-333-0011-98 (EEOC No. 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X). After the Administrative Law Judges issued their respective "findings of fact and conclusions of law, the plaintiff received two "Right to File A Civil Action" letters from the defendant. Plaintiff filed this lawsuit with 90 days of receiving said letters.

## COUNT 1 – DISCRIMINATION UNDER TITLE VII -- RETALIATION

5. Plaintiff is an employee within the meaning of Title VII and belongs to a protected class under the Act as he has participated in protected activities.

6. Defendant is an employer within the meaning of Title VII.

7. After Plaintiff participated in activities protected by Title VII and the ADEA, defendant retaliated against the plaintiff including but not limited to doing the following acts:

   a) Not allowing the plaintiff to return to work for several months after taking medical leave, despite that he was cleared by his doctors and the medical unit of the defendant to return to work, and as a result of not allowing him to return to work, he was not allegedly not eligible for the Economic Value Added credit, and had to take out loans to pay his bills;

   b) Not allowing plaintiff to review his personnel file for about five months;

   c) Upon receiving his personnel file, plaintiff discovered an unwarranted, and untimely "Letter of Warning" in plaintiff's personnel file and leaving it in his file until the plaintiff discovered it and demanded that it be removed from his file; and

   d) Being placed on "enforced leave" despite that plaintiff as cleared to return to work;

8. Defendant intentionally discriminated against plaintiff because he opposed discriminatory practices of the defendant, and/or because he participated in EEO activities against the

defendant.

## COUNT 2 – DISCRIMINATION UNDER ADEA – RETALIATION

9. Plaintiff realleges paragraphs 1 through 4, and 7 as if fully set forth herein.

10. Plaintiff over forty years old, and is an employee within the meaning of the ADEA and belongs to a protected class under the Act as he has participated in protected activities.

11. Defendant is an employer within the meaning of the ADEA.

12. Defendant intentionally discriminated against plaintiff because he opposed discriminatory practices of the defendant, and/or because he participated in EEO activities against the defendant.

## COUNT 3 – RACE AND/OR NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII

13. Plaintiff realleges paragraphs 1 through 6 as if fully set forth herein.

14. Defendant intentionally discriminated against plaintiff because of his race (Anglo and/or national origin (U.S.A.) in violation of Title VII by verbally harassing him because of his race and/or national origin.

## DAMAGES

15. Plaintiff suffered mental anguish, emotional distress, embarrassment and humiliation, lost reputation as an employee, and loss of enjoyment of life because of the defendant's unlawful.

16. Plaintiff suffered economic damages directly caused by the defendant's unlawful conduct, including but not limited to lost pay and benefits, and lost credits and/or bonuses.

17. Plaintiff incurred attorneys fees and costs as a result of the defendant's unlawful conduct.

3

## PRAYER

18. For these reasons, plaintiff asks for judgment against defendant for

   a. Injunctive relief;

   b. Compensatory damages;

   c. Punitive damages;

   d. Economic damages including back pay, back benefits, and other pecuniary damages;

   e. payment of attorneys fees and costs pursuant to 42 U.S.C. §2000e-5(k); and

   f. All other relief the court deems appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 7th day of February, 2000.

BY: _____
Thomas R. Butler, Pro Se Plaintiff
7840 Camino Real, P-105
Miami, FL 33143
(305) 271-1893 (home)
(954) 436-4356 (work)

Butler complaint02

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE)

**I (a) PLAINTIFFS**
THOMAS P. BUTLER

**DEFENDANTS**
WILLIAM J. HENDERSON
Post Master General

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

A-Broward  00cv6193 Lenard Turnoff
         00cv537 Moreno Dube

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Tom Butler
7840 Camino Real P.105          (305)271-1898
Miami FL 33143-6871

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** — X 3. Federal Question (U.S. Government Not a Party)

**IV. CAUSE OF ACTION**
Retaliation for participating in activities protected by Title VII of the Civil Rights Act of 1964 as amended and the ADEA, as amended.

IVa. 3 days estimated (for both sides) to try entire case

**VI. ORIGIN** — X 1. Original Proceeding

**VII. REQUESTED IN COMPLAINT:** JURY DEMAND: X YES

DATE 2-8-00
SIGNATURE OF ATTORNEY OF RECORD: Thomas P Butler
Amount $150.00
Receipt No. 014419
Date Paid: 2/8/00

UNITED STATES DISTRICT COURT
S/F 1-2 REV. 9/94