UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS BUTLER,

        Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

        Defendant.
_____/

Case No.: 00-~~0537-CIV-MORENO/DUBE~~
6193 CIV - JAL

**AMENDED COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT

1. Plaintiff, THOMAS BUTLER has commenced this action pursuant to the Civil Rights Act of 1964 and Age Discrimination and Employment Act of 1967 due to race, national origin and retaliation.

## II. JURISDICTION AND VENUE

2. Plaintiff has commenced this action pursuant to the Title VII of the Civil Rights Act of 1964 42 U.S.C. 2000e et. seq. and the ADEA, 29 U.S.C. 626 et. seq. Plaintiff duly filed a formal complaints, Agency Case No. 1-H-3330036-98 (EEOC No.-99-8488X) and 1-H-333-0011-98 (EEOC Charge No. 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X) and notice of right to sue letters were issued on both charges. Plaintiff filed this lawsuit within ninety days of receipt of said letters. In addition, plaintiff has other complaints Nos.1-H-333-0018-97, 1-H-333-0047-99, 1-H-333-0018-97, 1-H-333-0018-97 and 1-H-333-0012-00 which have has been pending for over six months without a final agency(except 0012-00 but the retaliation is a continuing violation) determination conferring jurisdiction upon this court. Venue is proper in that the conduct complaint of occurred within this district.

### III. THE PARTIES

3.  Plaintiff is an American Caucasian and a statutory plaintiff in that he has complained about discrimination and participated in the EEOC process (protected activity) and has been subjected to different terms, conditions and privileges of employment (hostile work environment ) by reason of his national origin and race (white) and retaliation.

4.  Defendant is the statutory defendant.

### IV. FACTUAL STATEMENT

5.  Plaintiff was initially employed as a Mail Handler in 1987 and was promoted to Supervisor, Distribution of Operations in 1994.

6.  Plaintiff is an American Caucasian and had previously filed EEO complaints internally which is protected activity under the Act in 1997.

7.  Plaintiff was subjected to a continuous pattern of conduct of retaliation which substantially altered the terms, conditions and privileges including adverse employment actions and a hostile work environment by reason of race, national origin and retaliation to wit:

   a.  Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. As a direct consequence of defendant not allowing plaintiff to return to work, he as not eligible for the Economic Value Added Credit and had to take out loan to pay his bills;

   b.  Despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and unwarranted and untimely letter of warning was placed in plaintiff's personnel file;

    c.    Defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work;

    d..    closely scrutinizing plaintiff work performance and conduct;

    e.    harassment;

    f.    humiliated and berated in front of coworkers;

    g.    numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

    h.    deliberately scheduling meeting during plaintiff's lunch hour;

    i.    plaintiff's schedule was changed;

    j.    plaintiff was denied the right to interview to the position of Enviromental Compliance Coordinator;

    k.    plaintiff was denied light duty work that was available;

    l.    plaintiff received biased and unfounded warning;

    m.    plaintiff was even asked to leave the building;

    n.    other discriminatory conduct.

8. Plaintiff has been subjected to an ongoing and continuous pattern of discrimination and a hostile work environment due to race, national origin and retaliation which resulted in a hostile work environment.

9 . The aforementioned hostile work environment has caused plaintiff to suffer from an adverse employment actions.

10 The foregoing conduct were so pervasive and severe that the hostile work environment altered the terms, conditions and privileges of plaintiff's employment to the point that

he was taken to the emergency room with heart palpitations and was for the first time in his life diagnosed with depression and anxiety.

### V. FIRST CLAIM FOR RELIEF-TITLE VII-RETALIATION

11. By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964as amended by reason of retaliation.

### VI. SECOND CLAIM FOR RELIEF-ADEA

12. By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the ADEA, 29 U.S.C. 626 et. seq.,as amended by reason of retaliation.

### VII. THIRD CLAIM FOR RELIEF-TITLE VII-RACE AND NATIONAL ORIGIN

13. By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964as amended by reason of race and retaliation.

WHEREFORE, plaintiff prays for a judgment as follows:

A. Declare the action of defendant to be in violation the Title VII and the ADEA.

B. An injunction requiring defendant to reassign plaintiff to the position he would have been in but for the discrimination.

C. Back pay and lost benefits.

D. Pain and suffering.

E. Attorney fees, costs and disbursements.

F. Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.**

Dated: Fort Lauderdale, Florida

May 3, 2000

_____
STEWART LEE KARLIN
Attorney for Plaintiff
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(305) 462-1201
Florida Bar No. 961159