UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS BUTLER,   Case No.: 00-6193-CIV-LENARD
                MAGISTRATE JUDGE TRUNOFF

    Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

    Defendant.
_____/

## PLAINTIFFS' RULE 56(f) MOTION AND MEMORANDUM IN SUPPORT OF ITS RULE 56(f) MOTION

### A. Preliminary Statement

Plaintiffs herein submit this memorandum of law in support if its motion pursuant 56 (f) motion.

### B. Factual Background

Defendant served and filed a motion for summary judgment and it has been submitted to the Court. .

This action was just recently commenced and there has been no discovery to date. The trial in this matter is not for two year in September, 2000. Clearly, discovery would allow the parties to clarify the issues, especially since there are a number of EEOC charges with over lapping factual allegations. Depositions and document production would allow the parties, particularly the plaintiff to better clarify the issues for the Court.

This motion is brought in good faith and not for purposes of undue delay.

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT SHOULD BE DENIED PURSUANT TO RULE 56(f) UNTIL PLAINTIFF HAS HAD AN OPPORTUNITY TO COMPLETE DISCOVERY

In the case at bar, the summary judgment should be denied pursuant to Rule 56 (f) of the Federal Rules of Civil Procedure. A rule 56 (f) motion should be liberally construed. Buchanan v. Starships Inc., 744 F.2d 1070 (5th Cir. 1984); In fact it is considered an abuse of discretion if the record below is incomplete. In Visa Int'l Service Ass'n v. Bankcard Holders of America, 784 F.2d 1472 (9th Cir. 1986); In short, Rule 56 (f) may be utilized by the opposing party to state reasons why one has not had sufficient time in which to utilize discovery procedures. If those reasons appear reasonable, then the motion for summary judgment should be denied. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

### CONCLUSION

For the foregoing reason, plaintiff's Rule 56 (f) motion should be granted in its entirety and stay the summary judgment of defendant until discovery has been completed

Respectfully submitted,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiffs
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(305) 462-1201

Florida Bar No. 961159

**CERTIFICATE OF SERVICE**   *Charles S. White*

I hereby certify that a true and correct copy of the foregoing by hand to: ~~Marcella Cohen~~ *99 NE 4th Street, Miami, FL 33131* ~~Auerbach, U.S. Attorney, ASUA 500 East Broward Blvd. Suite 700, Ft. Lauderdale, FL 33394~~ on this 13TH day of September, 2000.

———————————————
STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201