

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.: 00-6193-CIV-LENARD/TRUNOFF**

THOMAS BUTLER,

                Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

                Defendant.

_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
### TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, THOMAS BUTLER, through undersigned counsel, hereby submits the

following Memorandum of Law in Opposition to Defendants' Motion To Dismiss.

**1.      Introduction**

Plaintiff herein submits this memorandum in opposition to Defendant's motion to

dismiss.

**2.      Factual Statement**

The complaint alleges that plaintiff was initially employed as a Mail Handler in 1987

and was promoted to Supervisor, Distribution of Operations in 1994.   Plaintiff is an

American Caucasian and had previously filed EEO complaints internally which is protected

activity under the Act in 1997.  Plaintiff was subjected to a continuous pattern of conduct

of retaliation which substantially altered the terms, conditions and privileges including

1

adverse employment actions and a hostile work environment by reason of race, national origin and retaliation.

The complaint alleges that he was subjected to disparate treatment as follows:

a.    defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. As a direct consequence of defendant not allowing plaintiff to return to work, he as not eligible for the Economic Value Added Credit and had to take out loan to pay his bills;

b.    despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and an unwarranted and untimely letter of warning was placed in plaintiff's personnel file;

c.    defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work;

d.    Closely scrutinizing plaintiff work performance and conduct;

e.    harassment;

f.    humiliated and berated in front of coworkers;

g.    numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

2

h.    deliberately scheduling meeting during plaintiff's lunch hour;

i.    plaintiff's schedule was changed;

j.    plaintiff was denied the right to interview to the position of Environmental Compliance Coordinator;

k.    plaintiff was denied light duty work that was available;

l.    plaintiff received biased and unfounded warning;

m.    plaintiff was even asked to leave the building;

n.    other discriminatory conduct.

Defendant has attempted to argue that each act is separate and distinct. However, that position misconstrues plaintiff position that each act cannot be isolated but forms a continuous on going pattern of retaliatory conduct against plaintiff.

## ARGUMENT

## POINT I

## APPLICABLE STANDARDS
## UNDER A MOTION TO DISMISS

It is well established that a motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. Cook & Nichole, Inc v. Plimsoll, 451 F.2d 505, 506 (5th Cir. 1971). In evaluating the sufficiency of a complaint for purposes of a motion to dismiss, the allegations of the complaint must be accepted as true and viewed in a light most favorable to plaintiff, Hishon v. King & Spalding, 467 U.S. 69 (1984) and Scheuer v. Rhodes, 416 U.S. 232 (1974).

3

1.       **The allegations are closely related and grow**

**out of the allegations contained in the other**

**charges of discrimination.[1]**

A.    **Charge Nos.:    1-H-333-0012-00 and 1-H-333-0047-99**

Defendant asserts that charge no. 0012 is premature since it was filed on March 8,

2000. Defendant asserts that because the events described occurred subsequent to the

filing of Plaintiff's initial Charge with the EEOC, and because six months had not elapsed

at the time of filing suit, there is no jurisdiction to hear that claim and thus it should be

dismissed (without prejudice) since there is no jurisdiction to hear the claim  To dismiss

the claim as premature would be a waste of judicial resources since it could be re-filed

since that claim is ripe as of September 8, 2000.. Moreover, the Courts have held that

when related conduct has occurred, the Courts have  jurisdiction to hear subsequent

related conduct.

In <u>Ermel I. Coon v. Georgia Pacific Corporation</u>, et al.829 F.2d 1563, 1570 (11th Cir.

1997), the Eleventh Circuit cited <u>Theodore Kirkland v. Buffalo Board of Education</u>, which

held:

> "...the jurisdictional requirements of Title VII were not intended
>
> to be construed so narrowly... The issuance of a right to sue
>
> letter...does permit a court to consider claims of discrimination

---

[1]Plaintiff withdraws charge number 1-H-333-0018-97 since apparently a related
proceedings before the Merit System Protection Board was settled.

reasonably related to the allegations in the complaint filed with

the EEOC, including new acts occurring during the pendency

of the charge before the EEOC."

622 F.2d 1066, 1068 (2nd Cir. 1980).

The events which occurred subsequently are closely related and as such the Eleventh Circuit has held that the allegations in Plaintiff's Amended Complaint:

"may encompass any discrimination like or related to the

allegations contained in the charge and growing out of such

allegation during the pendency of the case before the

Commission." Ermel I. Coon v. Georgia Pacific Corporation,

et al.829 F.2d 1563, 1569 (11th Cir. 1997).

The EEOC charge filed in February, 1998 are closely related.  For example, the harassment that plaintiff was subjected too was continuing in nature and has now resulted in plaintiff's

termination which was reduced to a suspension.  He is in the process of filing a charge of retaliation concerning his suspension.  The complaint alleges that plaintiff was subjected to different terms, conditions and privileges of employment including harassment and abusive conduct toward him.  The complaint reflects the exact same basis retaliation claiming the exact same disparate treatment to wit the harassment which has been outlined with specificity above. Because all of the allegations contained in Plaintiff's Complaint are reasonably related to the formal complaints which were filed by plaintiff (Exhibit "A"), the motion to dismiss should be denied as to the two charges above. To hold

otherwise would require plaintiff to file a separate EEOC charge for each and every time a comment is made, a detrimental schedule change is made and meeting appears to be scheduled to conflict with his lunch hour.

**B.    Charge Nos.:    0011-98 and 0034-97**

Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work.  This is not the same issue which was settled concerning enforced leave but is separate period of time when the plaintiff was out on medical leave, not enforced leave. As a direct consequence of defendant not allowing plaintiff to return to work, he as not eligible for the Economic Value Added Credit and had to take out loan to pay his bills.  Plaintiff submits that this was clearly an act of retaliation due to his prior EEO activity and is so closely tied to his failure to get the credit that it was in fact investigated by the EEOC.

Despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and unwarranted and untimely letter of warning was placed in plaintiff's personnel file.  This again follows the pattern of harassment (which now has resulted in plaintiff's termination which was reduced to a suspension) which was on going and continuing since it would have been a permanent part of his record and reflects the retaliatory intent of the Postal Service against plaintiff.

In addition, the following conduct has occurred in 1999 to date and clearly is related to the continuos pattern of retaliation such as humiliated and berated in front of coworkers; numerous inflammatory comments were made by management to plaintiff such as but not

limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, remarks were made concerning the death of plaintiff's brother; plaintiff's schedule was changed; plaintiff received biased and unfounded warning and plaintiff was even asked to leave the building;

## CONCLUSION

Plaintiff respectfully submits that the motion to dismiss should be denied in its entirety

Dated:  Fort Lauderdale, Florida
        February 21, 2001

Respectfully submitted,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201
Fla. Bar No.: 961159

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to: Charles

S. White, U.S. Attorney, ASUA 99 N.E. 4th Street, Miami, Florida 33131, on this 22ND day of

February, 2001.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201

7