IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6193-CIV JORDAN

THOMAS BUTLER,

        **Plaintiff,**

v.

WILLIAM J. HENDERSON,
POSTMASTER GENERAL,

        **Defendant.**

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR MOTION FOR SUMMARY

### INTRODUCTION

Defendant Postmaster General filed a motion to dismiss, and alternative, motion for summary judgment, in the above-styled action. Defendant argued that Plaintiff had failed to exhaust his mandatory administrative remedies before proceeding to federal district court, and that therefore, those claims were not properly before the Court and must be dismissed. Defendant also argued that there were only two claims set forth in the law suit which were arguably exhausted, and that those two claims were so lacking in merit that they had been summarily dismissed by the Equal Employment Opportunity Commission (EEOC) in the administrative process without a hearing for failure to state an actionable employment discrimination claim.

1

In his Opposition memorandum (hereinafter referred to as "Response"), Plaintiff failed to show that he had exhausted any of his claims in the administrative process, and argued instead that he had no obligation to exhaust, and if he did, that he should be excused from this requirement. Plaintiff's arguments have no legal merit, and for this reason, Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, should be granted forthwith in its entirety.

1. **In his Response, Plaintiff failed to rebut Defendant's demonstration that he had failed to exhaust his mandatory administrative remedies prior to proceeding to federal district court.**

In his Motion to Dismiss, Defendant explained that Plaintiff was legally required to exhaust his administrative remedies before filing suit in federal court (Defendant's Motion, page 2). Defendant further explained that the administrative process was to be used for adjudication of such claims, and that the administrative process was not to be by-passed in favor of the federal courts (Defendants Motion, page 2). In his Response, Plaintiff totally failed to show that he had met his mandatory obligation to exhaust his claims administratively before filing his lawsuit. Not only did he fail to demonstrate exhaustion, but he admitted in his Response that many of the claims contained in his Complaint were voluntarily resolved in the administrative process and were therefore never exhausted (Plaintiff's Response, page 4, Footnote 1).

**(a) Plaintiff conceded in his Response that the claims contained within administrative EEC complaint #1-H-333-0018-97 had not been exhausted because that matter had been settled in another administrative proceeding.**

In his civil action, Plaintiff referred to EEO complaint #1-H-333-0018-97 repeatedly (Complaint, paragraph 2). In his Motion to Dismiss, Defendant explained that the claims contained in that complaint were not properly before the Court in the action because Plaintiff had voluntarily settled that complain in conjunction with a Merit Systems Protection Board settlement agreement, and Plaintiff had therefore, not exhausted his administrative remedies with respect to those claims (Defendant's Motion, pages 3-4). In his Response, Plaintiff conceded that Defendant's assertions were correct. In his Response, Plaintiff states:

> Plaintiff withdraws charge number 1-H-333-0018-97 since apparently a related proceedings [sic] before the Merit System Protection Board [sic] was settled.

(Plaintiff's Response, page 4.) After admitting that the claims contained in that complaint were not properly before the Court, Plaintiff attached an unnumbered exhibit to his Response containing an EEO affidavit from Plaintiff describing the claims that he was setting forth in complaint #1-H-333-0018-97 (Plaintiff's Response, Exhibit A, pages 11-12). According to Plaintiff's affidavit, this complaint contained the following allegations of discrimination:

1. That Plaintiff was forced to "have lunch during a meeting that was scheduled at my lunch time."

2. That Plaintiff was "threatened."

3. That the Employer changed my hours worked."

4. That the Employer has "humiliated and embarrassed me in front of my employees and peers."

5.  That, on 7-25-97, Plaintiff discovered a letter of warning that had never been issued to him, and that this letter of warning was "designed to be retaliatory and discriminatory to my prior EEO of 3-7-97."

6.  That on 11-4-97 [the Employer] "notified me of exclusion from EVA bonus stating lack of contribution."

7.  That Plaintiff "subsequently had to go home having a relapse of my prior condition."

8.  That the Employer made Plaintiff wait to go home having a relapse of my prior condition."

9.  That Plaintiff was harassed by his supervisor about his job performance and placed on enforced leave.

These are the specific allegations of discrimination that Plaintiff set forth in his EEO affidavit concerning complaint #1-H-333-0018-97 (Plaintiff's Response, Exhibit A, page 11). Since Plaintiff admits that he settled this complaint and did not exhaust his administrative remedies, none of the above enumerated claims are properly before the Court. Many, if not all of these claims are specifically set forth in the civil action (see Complaint, paragraph 7) and should therefore be dismissed.

 **(b)   In his Response, Plaintiff failed to provide any justification for his failure to file a formal administrative complaint of discrimination with respect to the allegations contained in informal EEO complaint #1-H-333-0047-99.**

In his Motion to Dismiss, Defendant explained that Plaintiff had raised allegations of discrimination by initiating EEO complaint #1-H-333-0047-99, but had abandoned those claims in the informal stage of the EEO process and had never filed a formal EEO complaint (Defendant's Motion, page 4). In his Response, Plaintiff provided no explanation whatsoever for his abandonment of those claims. Those claims were never exhausted in the administrative process and are not properly before the Court.

**(c)     In his Response, Plaintiff provided no reasonable excuse for his failure to exhaust his administrative remedies with respect to EEO complaint #1-H-333-0012-00.**

As explained in defendant's Motion to Dismiss, Plaintiff filed EEO complaint #1-H-333-0012-00 on March 8, 2000 (Defendant's Motion, pages 4-5). Plaintiff filed suit before the Agency had any opportunity to conduct its investigation regarding those claims of discrimination. As explained in Defendant's Motion, this is contrary to the governing EEOC regulations and is contrary to the intent of Congress in establishing the federal remedial scheme (Defendant's Motion, pages 4-5).

In his Response, Plaintiff argues that the claims should not be dismissed because this would constitute a "waste of judicial resources . . . ." (Plaintiff's Response, page 4). This argument has no merit because Plaintiff's abandonment of the administrative process in favor of federal district court denied the Agency of the opportunity to resolve any meritorious claims at the administrative level. Contrary to Plaintiff's argument, his avoidance of the required administrative process does more to waste judicial resources than would his adherence to the Congressionally mandated remedial process. Since Plaintiff has failed to show in his Response that he exhausted his administrative remedies regarding the claims contained in EEO complaint #1-H-333-0012-00, none of those claims are properly before this Court, and they all must be dismissed.

> **(d)    In his Response, Plaintiff makes it clear that he does not understand his legal obligation to exhaust his claims of unlawful discrimination within the administrative EEO process before proceeding to federal district court, and in fact denies having such a legal obligation.**

In his Response, Plaintiff argues that he should be excused from any obligation to exhaust his claims administratively because:

> To hold otherwise would require Plaintiff to file a separate EEOC charge for each and every time a comment is made, a detrimental schedule change is made and a meeting appears to be scheduled to conflict with his lunch hour.

(Plaintiff's Response, pages 5-6).

Plaintiff obviously does not understand that this is precisely what the law requires of a complainant. The examples set forth by Plaintiff in his Response, a comment which arguably rises to the level of an unlawful discriminatory act; a detrimental schedule change; and the scheduling of a meeting which conflicts with a supervisor's lunch hour are separate, dissimilar, and discrete acts of the Employer. As explained in Defendant's Motion, the law requires that Plaintiff raise each alleged claim of unlawful discrimination in the administrative process. There is no prohibition against raising more than one separate issue in a single complaint, but each issue must be raised and pursued in accordance with the remedial scheme set forth in Title VII and the EEOC regulations. As shown by Plaintiff's statement set forth above, he denies that he has any such obligation. Plaintiff is incorrect in his assessment, and all of his claims which are not properly exhausted must be dismissed.

    2    **In his Response, Plaintiff failed to address or rebut Defendant's argument that his two arguably exhausted claims failed to rise to the level of unlawful employment discrimination as a matter of law.**

In his Motion to Dismiss, Defendant explained that Plaintiff had two allegations of discrimination which were arguably exhausted, but that those two allegations were so lacking in merit that they did not rise to the threshold level of a prima facie case of unlawful employment discrimination (Defendant's Motion, pages 8-10). Two different EEOC administrative judges had carefully reviewed these allegations, and had dismissed those claims in their entirety for that reason. Defendant argued Plaintiff must come forth with some basis for those claims of discrimination, or deference should be granted to the decisions of the EEOC administrative judges and those claims must be dismissed in this action (Defendant's Motion, pages 8-10). In his Response, Plaintiff did not address Defendant's arguments and did not come forward with any evidence to indicate that he could meet the threshold requirement of establishing the essential elements of a prima facie case as to either of those claims. In light of this, those claims should also be dismissed.

    3.    **The Civil Rights Act was never intended to redress the type of claims set forth by Plaintiff in this action.**

In his Complaint, Plaintiff specifically describes many of the perceived work place slights for which he seeks redress in federal district court. In his Response, Plaintiff again identifies the alleged actions of the employer that form the basis of his lawsuit. He identifies the following actions, for which he seeks relief:

> [Defendant] closely scrutinized plaintiff work performance;
> 
> Numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

> [Defendant] deliberately scheduling meeting during plaintiff's lunch hour;
>
> Plaintiff received biased and unfounded warning . . . .

(Response, Page 2).

Title VII was never intended to prevent an employer from "cosely scrutinizing" and employee's work performance and conduct. Nor was the Act intended to prevent an employer from scheduling a meeting during a supervisor's lunch hour. The Civil Rights Act certainly was not intended to prevent an employer from commenting on an employee's "nonchalant attitude." (Response, Page 2).

The law is clear. Title VII is not a federal "civility code." Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75 (1998). The Supreme Court has explicitly declared that unless isolated work place incidents are "extremely serious," that they will not rise to the level of a Title VII violation. The Court stated as follows:

> Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment.

**Mendoza v. Borden, Inc.**, 195 F.3d 1238 (11th Cir. 1999).

In this action, Plaintiff is obviously requesting the Court to grant redress for the conduct described above, which is not actionable under Title VII. For this reason, those claims must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests his Motion to Dismiss, or in the alternative, Motion for Summary Judgment be granted in its entirety.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 1, 2001 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 400 Southeast Eight Street, Fort Lauderdale, Florida 33316.

By _____
CHARLES S. WHITE
Assistant United States Attorney