IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV JORDAN

**NIGHT BOX
FILED**

JAN 1 8 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

THOMAS BUTLER,

                    Plaintiff,

v.

JOHN E. POTTER,
POSTMASTER GENERAL,

                    Defendant.

_____/

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO DISMISS OR IN THE ALTERNATIVE RENEWED MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

This Complaint should be dismissed in its entirety. Absent dismissal, summary judgment should be granted in favor of Defendant as to all of the claims set forth in the civil action. As will be explained in detail below, Plaintiff has failed to exhaust his mandatory administrative remedies with respect to most of the claims set forth in the Complaint. Those claims are not properly before this Court, and they should be dismissed. The only claims set forth in the lawsuit which were arguably exhausted in the administrative process are clearly so lacking merit as to make further litigation of the matters a gross waste of judicial resources. As to those arguably exhausted claims, Plaintiff failed in the administrative process to meet even the threshold requirements of stating a claim for unlawful discrimination. Two different EEOC Administrative Judges closely reviewed his claims, and applying their expertise in evaluating such matters, found absolutely no basis for Plaintiff's claims of discrimination.

In light of Plaintiff's failure to exhaust his mandatory remedies and his past failure to meet even the threshold requirements of establishing his claims of discrimination, dismissal or summary judgment should be granted in favor of the employer as to all of the claims contained in the Complaint.  Further litigation of these matters would waste the resources of the Court and the parties to the litigation.

## ARGUMENT

1.     Plaintiff has failed to exhaust his mandatory administrative remedies with respect to several allegations contained in his lawsuit.

Plaintiff is limited in his civil complaint to those claims that he exhausted within his administrative complaint of discrimination. *Brown v. Government Services Administration*, 425 U.S. 820, 832 (1976).  "This requirement is not a technicality; '[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel 'primary responsibility' for maintaining nondiscrimination in employment." *Grier v. Secretary of Army*, 799 F.2d 721 (11th Cir. 1986) (*citing, Kizas v. Webster*, 707 F.2d 524, 544 (D.C. Cir. 1983).  Plaintiff is therefore limited in this civil action to the claims that he properly exhausted within the administrative process.  As will be explained below, Plaintiff failed to exhaust most of the claims that he raised in his civil complaint.  In fact, there are only two limited issues that were arguably exhausted and therefore could be properly before this Court.

In his civil complaint, Plaintiff represents to the Court that it has jurisdiction to adjudicate the discrimination claims contained in seven different administrative EEO complaints filed by Plaintiff.  Plaintiff lists the seven EEO complaints in paragraph 2 of the

civil complaint as follows:

1.    1-H-333-0036-98

2.    1-H-333-0011-98

3.    1-H-333-0018-97

4.    1-H-333-0047-99

5.    1-H-333-0018-97

6.    1-H-333-0018-97

7.    1-H-333-0012-00

While this listing of allegedly justicable claims appears impressive in the text of the civil complaint, it is very misleading. The second, fifth, and sixth complaints set forth above, and in the civil complaint, are the same case, 1-H-333-0018-97. More importantly, this administrative EEO complaint was voluntarily settled in a Merit Systems Protection Board agreement on October 7, 1997 (Exhibit 1, Settlement Agreement dated October 7, 1997; and Exhibit 2, Declaration of Agency EEO Manager, Rosalind Moultry-Howard, ¶ 16). In that agreement, Plaintiff specifically agreed to the following:

> It is understood that the Appellant shall not litigate or relitigate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal (Exhibit 1, p. 3; and Exhibit 2, ¶ 16) .

The claims contained in EEO complaint number 1-H-333-0018-97, which was listed three different times in paragraph 2 of the civil action, were never exhausted in the administrative process, but were voluntarily settled by Plaintiff. Therefore, no issues contained in that complaint are properly before this Court, and Plaintiff's failure to exhaust those issues deprives this Court of jurisdiction over those issues.

As to the fourth EEO complaint listed above, 1-H-333-0047-99, which is also contained in the civil action, Plaintiff never filed a formal complaint of discrimination (Exhibit 2, Declaration of EEO Specialist Rosalind Moultry-Howard, ¶ 5).    Plaintiff abandoned his claims during the informal stage of the administrative process, and never exhausted his administrative remedies with respect to those claims  (Exhibit 2, ¶ 5).  None of the claims contained in case no. 1-H-333-0047-99 are properly before this Court, and the Court lacks jurisdiction to hear those claims.

As to the fifth complaint listed above, 1-H-333-0012-00, which is also included in the civil complaint, Plaintiff filed the formal administrative discrimination complaint on March 8, 2000 (Exhibit 3, Formal EEO Complaint number 1-H-333-0012-00; and Exhibit 2, ¶ 7).  The investigation of the complaint by the Agency has not been completed (Exhibit 2, ¶ 7).  A final Agency Decision has not been issued.  Plaintiff cannot file suit until an Agency Decision is rendered.  If no decision is rendered, Plaintiff must wait 180 days from the date of the filing of the formal complaint to file suit in federal district court.  The EEOC regulations state:

> A complainant who had filed an individual complaint ... is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court :
>
> a.        Within 90 days of the receipt of the final decision of the final decision on an individual or class complaint if no appeal has been filed:
>
> b.        After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and a final decision has not been issued.  29 C.F.R. § 1614.408.

Plaintiff abandoned the administrative process in favor of federal district court before he exhausted his remedies in that administrative process. Plaintiff did not receive a final agency decision, and he did not wait 180 days from the date of the filing of his complaint to file his lawsuit. Therefore, he has not exhausted his mandatory administrative remedies with respect to the issues contained in 1-H-333-0012-00, and the Court lacks jurisdiction to hear those claims.

> 2.    The only claims that have been arguably exhausted are those contained in administrative EEO complaints numbered 1-H-333-0011-98 and 1-H-333-0038-98. Those are the only claims that could be properly before this Court.

Plaintiff filed administrative EEO complaint number 1-H-333-0011-98 on February 4, 1998 (Exhibit 4, Formal EEO Complaint number 1-H-333-0011-98; and Exhibit 2, ¶ 8). The issues accepted by the Agency for investigation are as follows:

> You were excluded from the EVA [Economic Value Added] bonus due to lack of contribution (Exhibit 5, Letter to Plaintiff from the Agency dated April 17, 1998 defining issues to be investigated and notifying Plaintiff of his opportunity to challenge the definition of the issues).

Plaintiff was advised that the scope of the investigation would be limited to this specific issue only. Plaintiff was advised that if he disagreed with the Agency's definition of the issue, that he could challenge that definition. The Agency specifically advised Plaintiff as follows:

> If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter (Exhibit 5).

Plaintiff did not object to the Agency's definition of the issues in case no., 1-H-333-0011-98, and therefore waived any right to expand or enlarge upon the defined issues. Consequently, this was the only issue that was investigated with respect to this complaint, and therefore, this is the only issue that could have been exhausted within the administrative process. This is the only issue in complaint number 1-H-333-0011-98 that could be properly before this Court.

Plaintiff filed administrative EEO complaint number 1-H-333-0036-97 on October 27, 1997 (Exhibit 6, Formal EEO Complaint number 1-H-333-0036-97; and Exhibit 2, ¶ 10). The issue accepted for investigation with respect to this complaint is as follows:

> You were given a package from Labor Relations with a copy of a L.O.W. [letter of warning] for which you had never received (Exhibit 7, Letter to Plaintiff from the Agency dated February 19, 1998 defining the issues to be investigated and notifying Plaintiff of his opportunity to challenge the definition of the issues).

Again, Plaintiff did not object to this definition of the issues in complaint number 1-H-333-0036-97, and waived any right to later object to the definition of the identified issues. Consequently, this was the only issue investigated, and it was the only issue exhausted within the administrative process. Therefore, it is the only issue in complaint number 1-H-333-0036-97 that could be properly before this Court.

Therefore, Plaintiff is limited as to the claims that he may bring before the Court to those that he can show that he exhausted in the administrative process. At most, there are only two arguably exhausted issues: (1) the denial of an bonus, and (2) a letter of warning that he observed in a file, which was never issued to him.

3.     In the administrative EEO process, two different EEOC Administrative Judges found Plaintiff's claims of unlawful discrimination to be so lacking in merit that the Judges issued decisions on the record without a hearing with findings of no discrimination whatsoever on the part of the Agency.

As to complaint number 1-H-333-0011-98, EEOC Administrative Judge Mary Jo Mosca stated as follows in her decision:

> All of the evidence in the investigative file and all parties' motions and responses thereto have been reviewed. Based upon my review, I find that no genuine issue of material fact exists. Therefore, issuing Findings and Conclusions without a hearing is appropriate in this case (Exhibit 8, Recommended Decision of EEOC Judge Mosca, dated October 12, 1999, p. 3).

After extensively analyzing the denial of the EVA bonus with respect to each discrimination purview alleged by Plaintiff, Judge Mosca determined that the Agency clearly had a legitimate non-discriminatory reason for denying the bonus, and when given repeated opportunities to do so, Plaintiff repeatedly failed to show those reasons to be pretext for discrimination (Exhibit 9, p. 13). The EEOC Judge stated:

> The Agency asserts that their reason for excluding the Complainant from the EVA credit is due to lack of contribution. (See discussion on pages 9 and 10 of this decision) (Exhibit 8). Therefore, I find that the Agency has articulated a legitimate, non-discriminatory reason for excluding the Complainant from the EVA credit (Exhibit 8, p. 13).

> The Complainant failed to present any evidence, other than his allegations, to dispute the Agency's assertions. The evidence of record establishes that the Agency uniformly applied the standards for determining whether an employee received an EVA credit. The evidence of record does not establish that management's decision to exclude the Complainant from the EVA credit was predicated on retaliation by management for prior EEO activity. Therefore, I find the Complainant has failed to establish a case of discrimination based upon retaliation for prior EEO activity (Exhibit 8, p. 13).

> After careful evaluation of all the evidence of record, I find that the Complainant was not discriminated against on the basis of race (white), sex (male), national origin

7

(American), religion (Quaker) and/or in retaliation for prior EEO activity, in violation of Title VII nor was Complainant discriminated against on the basis of his age (45) in violation of the ADEA, when on November 4, 1997, he was excluded from the EVA credit due to lack of contribution. Therefore, it is recommended that a Final Agency Decision be issued finding no discrimination (Exhibit 8, p. 15).

Plaintiff has no more evidence now than he had in the EEO process when he failed to carry his burden of establishing unlawful discrimination on the part of the Agency. Unless Plaintiff can come forward with such evidence in response to this motion, summary judgment should be issued in favor of the Defendant.

As to EEO complaint number 1-H-333-0036-98, EEOC Administrative Judge Joy R. Helprin also determined that Plaintiff had not presented enough evidence of unlawful discrimination to warrant a hearing, and issued her decision on the record with a finding of no discrimination on the part of the Agency (Exhibit 9, Recommended Decision of EEOC Judge Helprin, dated October 1, 1999, p. 13). After a careful analysis of Plaintiff's claims with respect to each of his alleged purviews, Judge Helprin stated:

> In this case, the LOW was never issued, and was never more than a "preliminary step to taking a personnel action." Once the Agency was informed to its existence by the Complainant, it was destroyed .... The Complainant has not alleged that he suffered any adverse action as a result of its mere existence. He has not suffered a present and unresolved harm or loss affecting a term, condition or privilege of employment. The Complainant is therefore not an aggrieved employee (Exhibit 9, p. 10).

> Assuming arguendo that the Complainant was an aggrieved employee, he has not established that he was discriminated against, as he has not established a prima facie case of discrimination on the basis of race, color, religion, sex and/or age .... The Complainant has also not established a prima facie case on the basis of retaliation (Exhibit 9, p. 10).

> Based on the forgoing, I find the Complainant failed to show by a preponderance of the evidence that he was discriminated against on the basis of race, color, religion, sex, age, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and Section 15(a) of the Age Discrimination in

8

Employment Act of 1967, when he was given a package from Labor Relations with a copy of a LOW which he had never received (Exhibit 9, p. 13).

There is no reason to believe that Plaintiff has any more evidence now than he had in the EEO administrative process. Unless Plaintiff comes forward, in response to this motion, with probative evidence to support his claims of discrimination, summary judgment should be granted in favor of Defendant as to those claims.

4.    Determinations made by the EEOC with respect to claims of discrimination in violation of Title VII are entitled to deference by the reviewing Court.

The decisions of the EEOC Administrative Judges have been included here to demonstrate that Plaintiff's claims of discrimination are so weak that he has absolutely no chance of prevailing in this matter, and that consequently, further litigation of these meritless claims would constitute a gross waste of judicial resources.

It is undisputed that the Court has the authority to review decisions of administrative agencies, and the Court is not bound by the decisions of the EEOC in this matter. The Defendant asks, however, that the Court consider the EEOC decisions and grant them reasonable deference. It is well settled that an agency's interpretation of the regulations it is charged with administering is entitled to substantial deference. *See Chevron USA, Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984); *Borden v. Meese*, 803 F.2d 1530, 1535 (11th Cir. 1986).

5.    Summary Judgment should be granted in favor of Defendant solely on the strength of Defendant's legitimate non-discriminatory reasons for its actions, which Plaintiff cannot show to be pretext for unlawful discrimination.

The Eleventh Circuit has held that, "in some cases, the defendant's evidence of a legitimate non-discriminatory reason for its actions may be so strong as to rebut completely

9

the inference raised by the plaintiff's prima facie case." *Grigsby v. Reynolds Metals Co.*, 821 F.2d at 596 (11th Cir. 1987). In this case, the overwhelming strength of defendant's evidence of legitimate, non-discriminatory reasons, i.e., Plaintiff's extensive absence during the relevant period and the corresponding lack of contribution to the success of the agency, entitles the defendant to summary judgment.

An Economic Value Added "bonus" or "credit" is an incentive program based upon an employee's contribution or lack of contribution to the attainment of the goals of the Postal Service (Exhibit 8, p. 2). Plaintiff was advised by his employer that he was being excluded from the fiscal year 1997 EVA credit because of Plaintiff's lack of contribution to the Agency during that fiscal year (Exhibit 8, p. 2). Several other employees who worked in Plaintiff's area were also excluded from the incentive program (Exhibit 8, p. 10). Plaintiff was excluded because he used 737 hours of sick leave and 8 hours of leave without pay during the fiscal year. This made him absent from work, and not contributing to the goals of the Agency for about 25% of the available work hours in the fiscal year (Exhibit 8, p. 2). It is undisputed that he was absent from work this amount of time.

No similarly situated employee was treated more favorably than Plaintiff, and Plaintiff was not the only employee excluded. Based on Plaintiff's extensive absence and corresponding lack of contribution to the success of the Postal Service, the Agency had a legitimate non-discriminatory reason for excluding Plaintiff from the bonus program. Plaintiff cannot show this reason to be pretext for unlawful discrimination, and therefore summary judgement should be granted in favor of the Defendant, based upon the strength of that non-discriminatory reason.

10

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that Plaintiff's claims be dismissed, or that summary judgment be granted in favor of Defendant as to all of the claims set forth in this lawsuit.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By

CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on January 18, 2002 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, The Advocate Building-Second Floor, 315 S.E. 7th Street, Fort Lauderdale, Florida 33301.

By

CHARLES S. WHITE
Assistant United States Attorney

11

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

| | |
|---|---|
| THOMAS P. BUTLER, | ) |
| Complainant, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| Agency. | ) |

*1-H-33 > · · ·8 - 97*

AT-0752-97-0767-I-1

October 7, 1997

## SETTLEMENT AGREEMENT

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as follows:

All parties agree that is in the best interests of the parties to keep confidential the terms and conditions of this Settlement. Appellant, as a term and condition of the Settlement, agrees to keep confidential the information within and not to disclose said information to any third party other than legal counsel.

It is understood between the parties that the Settlement Agreement is reached on a non-precedent basis and may not be cited for any reason, including comparison, in any other proceeding in any forum.

By entry into this Settlement Agreement, the United States Postal Service, its officers, agents, and/or employees in no way admit to any wrongdoing, liability to or discrimination against Appellant, and Appellant agrees that this Agreement shall not be construed as any admission of wrongdoing, liability or discrimination by the United States Postal Service, its officers, agents and/or employees in this or any other proceeding or litigation.

DEFENDANT'S
EXHIBIT
*1*

It is understood by the undersigned that this Agreement is in full and complete settlement of all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-97-0767-I-1, administrative EEO complaints or appeals relative to the issues referenced in this complaint, in this or any other forum, filed by the below named appellant or on his behalf relating to any matters that occurred prior to the execution of this Settlement Agreement. Appellant agrees to voluntarily withdraw any outstanding administrative complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all issues related to this appeal. It is understood that in withdrawing all appeals or complaints related to this issue, Appellant waives his rights to an oral hearing or further appeal on the matters raised. It is further stipulated that the withdrawals are made without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

The Merit Systems Protection Board retains jurisdiction over this Settlement Agreement for enforcement.

Appellant agrees that this Agreement is in full settlement of the referenced matter, and agrees to withdraw this appeal, and in so doing, understands that he waives his right to an oral hearing or further appeal, except as pertains to enforcement of the agreement,. Appellant agrees that the withdrawal is made without any thereat, coercion, intimidation, promises, or inducement, other than the terms set forth in the Agreement.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution Operations. The Appellant's hours will be variable on Tour 3, and days off will be Thursday and Friday.

The Appellant will report to work one week after the signing of this agreement.

The agency will purge the appellant's Official Personnel File of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.
There are no provisions for back pay.

The parties have agreed that no attorney's fees and costs will be paid.

TOTAL P.04

It is understood that the Appellant shall not litigate or relitigate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal.

The appellant has read and fully understands the provisions of this settlement, and fully agrees to its contents and provisions. The appellant is signing this agreement of his own free will and has not been coerced or forced into signing this settlement. He has not been promised anything above and beyond what is contained in the above settlement agreement.

The parties agree to make this settlement a part of the record.

_Thomas P Butler_ 10-15-97       _Roscoe E Long_ 10/7/97
Thomas P. Butler, Appellant    Date    Roscoe E. Long, Esquire    Date
                                        Appellant's Representative

_Toby Lowe_ 10/7/97
Toby L. Lowe    Date
Agency Representative

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS BUTLER
      Plaintiff,

    v.                          Case No. 00-6193-CIV-Lenard

WILLIAM J. HENDERSON,
POSTMASTER GENERAL,
      Defendant.
_____/

## DECLARATION

I, Rosalind Moultry-Howard, hereby declare under penalty of perjury as follows:

1.      My name is Rosalind Moultry-Howard. I am presently employed as Mgr. EEO Alternate Dispute Resolution for the South Florida District of the United States Postal Service, and have been so employed for approximately 19 years. In this capacity, I am the custodian of records of the administrative files concerning Equal Employment Opportunity (EEO) complaints filed in the South Florida District.

2.      The South Florida Processing and Distribution Center at Pembroke Pines, Florida, where Complainant Thomas P. Butler is employed, is located within the South Florida District.

3.      I have been made aware of the lawsuit styled <u>Thomas Butler v. William J. Henderson, Postmaster General</u>, case no. 00-0537-CIV-Moreno, in which Mr. Butler alleges that his employer unlawfully discriminated against him.

4.      Based upon my review of EEO administrative records, I am aware that Thomas P. Butler received pre-complaint counseling concerning EEO complaint number 1-H-333-0047-99. On 10/08/99, Thomas P. Butler was given his final



DEFENDANT'S
EXHIBIT
2

interview and advised in writing that he had fifteen (15) days in which to file a formal complaint of discrimination.

5.      Based upon my review of the records, I am aware that Mr. Butler never filed a formal complaint of discrimination with respect to case number 1-H-333-0047-99. Mr. Butler abandoned his discrimination complaint during the informal complaint stage of the administrative EEO process.

6.      Attached to this declaration as Exhibit 1 is a true and correct copy of Postal Service Form 2579-A, Notification of Right to File Individual Complaint, through which Mr. Butler was advised of his right to file a formal complaint and of the 15 day time limit for doing so, with respect to case number 1-H-333-0047-99.

7.      Based upon my review of records, I am aware that Thomas P. Butler filed a formal complaint of discrimination, number 1-H-333-0012-00, on March 8, 2000. The Agency investigation of this complaint has not been completed.

8.      I am aware from my review of records that Thomas P. Butler filed another formal EEO complaint of discrimination, number 1-H-333-0011-98, on February 4, 1998.

9.      Attached to this declaration as Exhibit 2 is a true and accurate copy of a letter from the Agency to Thomas P. Butler providing a definition of the issues accepted for investigation with respect to complaint number 1-H-333-0011-98.

10.     I am aware from a review of records that Thomas P. Butler filed formal EEO complaint number 1-H-333-0036-97 on October 27, 1997.

11.     Attached to this declaration as Exhibit 3 is a true and accurate copy of a letter from the Agency to Mr. Butler providing a definition of the issues accepted for investigation with respect to complaint number 1-H-333-0036-97.

12.    I am aware from a review of records that on October 12, 1999, EEOC Administrative Judge Mary Jo Mosca issued a recommended decision in complaint number 1-H-333-0011-98 finding no discrimination by the Agency with respect to Mr. Butler.

13.    Attached to this declaration as Exhibit 4 is a true and accurate copy of Judge Mosca's decision in complaint number 1-H-333-0011-98.

14.    I am aware from a review of records that on October 1, 1999, EEOC Administrative Judge Joy R. Helprin issued a recommended decision in EEO complaint number 1-H-333-0036-98 with a finding of no discrimination on the part of the Agency with respect to Thomas P. Butler.

15.    Attached to this declaration as Exhibit 5 is a true and accurate copy of the recommended decision in EEO complaint number 1-H-333-0036-98.

16.    I am aware from a review of records that EEO complaint number 1-H-333-0018-97, filed by Thomas P. Butler, was resolved pursuant to a settlement agreement concerning Merit Systems Protection Board case number AT-0752-97-0767-I-1.  That settlement agreement is attached to this declaration as Exhibit 6.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this ___14th___ day of ~~June~~, July 2000.


ROSALIND MOULTRY-HOWARD
United States Postal Service
2200 NW 72nd Avenue
Miami, FL  33152-9401

 **UNITED STATES POSTAL SERVICE**

September 30, 1999                    CERTIFIED NO.  Z 419 468 162
                                      RETURN RECEIPT REQUEST

Tom Butler
7840 Camino Real #1-5
Miami, FL  33143-6871

RE:  Final Interview Notice (outcome of EEO pre-complaint counseling)
Case No. 1H-333-0047-99,  date of incident 04-18-99 .

Dear Counselee:

Due to the time restraint mandated by the CFR 1614, your complaint was not resolved.
Therefore we are forwarding your rights to appeal this matter.

Enclosed you will find a NOTICE OF RIGHT TO FILE AN INDIVIDUAL
COMPLAINT Form 2579.  Also, enclosed is a Form 2565, EEO COMPLAINT OF
DISCRIMINATION IN THE US POSTAL SERVICE.  Should you decide to pursue this
matter formally, please complete the Form 2565 in its entirety and submit to the SR. EEO
COMPLAINTS PROCESSING SPECIALIST, US POSTAL SERVICE.  SOUTH
FLORIDA DISTRICT, 2200  NW 72 AVENUE, MIAMI, FL  33152-9411, within fifteen
(15) days of receipt of this letter.

The date you receive this notice will become the date of final interview.  Thank you for
your cooperation.

**PENALTY ENVELOPES WILL NOT BE ACCEPTED TO SUBMIT YOUR P.S.
FORM 2565 (APPEAL FORM).**

*Rosalind Moultry-Howard*
Mgr. EEO Complaint Processing
South Florida District

Attachments
cc:  file
       Regular Mail w/attachments

rmh


GOVERNMENT
EXHIBIT
Depo. 1

U.S. Postal Service

# Notice of Right to File Individual Complaint

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| BUTLER, TOM | 1H333004799 |

This notice will attest to the fact that on _____ I advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention. If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

> EEO OFFICE - SOUTH FL DISTRICT
> C/L ROSALIND MOULTRY-HOWARD
> 2200 NW 72 AVENUE
> MIAMI, FL 33152-9411

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

-- If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

-- You cannot add matters which were not discussed during counseling.

(3) The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

-- If you allege disability discrimination, the alleged disability must be more than a temporary condition.

-- If you allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

-- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

-- If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5) The name of the EEO Counselor and the date the Notice of Right to File was received.

## Privacy Act Notice / USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
| | | Pat Jackson | 9-30-99 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

TransFORM PS Form 2579-A, December 1995

Case #: 1H-333-0047-99
Counselee: Butler, Tom
Final Interview sent out:  09-30-99
(Attach 3800-3811)

Z 419 468 162

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

TOM BUTLER
7840 CAMINO REAL #105
MIAMI FL. 33143-6871

| | |
|---|---|
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, April 1995

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. ■ Print your name and address on the reverse so that we can return the card to you. ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Received by (Please Print Clearly) Tom BuTler  B. Date of Delivery 10-8-99 |
| | C. Signature X Thomas P Butler  ☐ Agent ☐ Addressee |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☑ Yes If YES, enter delivery address below: ☐ No |
| TOM BUTLER 7840 CAMINO REAL #105 MIAMI FL. 33143-6871  1H-333-0047-99 | |
| | 3. Service Type ☑ Certified Mail  ☐ Express Mail ☐ Registered  ☐ Return Receipt for Merchandise ☐ Insured Mail  ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Copy from service label) Z 419 468 162 | |

PS Form 3811, July 1999        Domestic Return Receipt        102595-99-M-1789

*Final Interview w/appeal rights*

APPEALS PROCESSING CENTER

 **UNITED STATES POSTAL SERVICE**

FILED

98 APR 21 AM 10: 50

SOUTH FL. DISTRICT

APR 17 1998

Mr. Tom Butler
7840 Camino Real P. 105
Miami, FL 33143-6871

CERTIFIED MAIL NO. P 471 062 888
RETURN RECEIPT REQUESTED

- RE: Tom Butler v. Marvin T. Runyon,
Postmaster General
Agency Case No. 1-H-333-0011-98

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
February 4, 1998. Your complaint has been accepted for investigation. The
scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were excluded from the EVA bonus due to lack of contribution. |
| Date(s) of Incident: | November 4, 1997 |
| Type(s) of Discrimination: | Race (Caucasian), Color (white), Religion (Quaker), National Origin (USA), Sex (male), Retaliation (prior EEO activity), and Age (43) |

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.

GOVERNMENT
EXHIBIT
depo. 2
Declaration Ex. 2

PAGE NO. 113

225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38166-0978

Mr. Tom Butler                                                                2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

Mr. Tom Butler                                                                                    3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file
a civil action in an appropriate U.S. District Court within 90 calendar days after
your receipt of the EEOC's decision.  If you do not receive a decision on your
appeal within 180 calendar days from the date of your appeal, you may file a
civil action.

Sincerely,

*Otis Maclin Jr.*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Senior EEO Complaints Processing Specialist, South Florida District

HRC42:ZCox:je:38166-0978



APPEALS PROCESSING CENTER

**UNITED STATES POSTAL SERVICE**

FEB 1 9 1998

Mr. Tom Butler
7840 Camino Rel P105
Miami, FL 33143-6878

CERTIFIED MAIL NO. P 591 238 456
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
    Postmaster General
    Agency Case No. 1-H-333-0036-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on October 27, 1997. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were given a package from Labor Relations with a copy of a L.O.W. for which you had never received. |
| Date(s) of Incident: | July 25, 1997 |
| Type(s) of Discrimination: | Race (Caucasian), Color (White), Religion (Quaker), Sex (male), Age (43) and Retaliation (prior EEO activity) |

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required to advise you to consult with an attorney should you so desire, prior to the signing of any agreement resolving your complaint. If you do not wish to proceed with this complaint, you may withdraw your complaint by signing the enclosed PS Form 2565-E and returning it to the office where you filed your formal complaint.

Your case has been assigned for investigation. Please be prepared to go forward with your case when the EEO Counselor/Investigator contacts you.




PAGE NO.

Mr. Tom Butler                                                                    2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

PAGE NO. _30_

COPY



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
PH: (305) 536-4491
TDD: (305) 536-5721
FAX: (305) 536-4011

October 12, 1999

ll

<u>CERTIFIED MAIL NO.</u> **Z 020 315 796**

Mr. Otis Maclin, Jr.
U.S. Postal Service
EEO Compliance and Appeals Coordinator
Appeals Processing Center
225 North Humphreys Boulevard
Memphis, TN 38166-0978

Re: EEO Complaint of **THOMAS BUTLER**

EEOC Case No. **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 X**

Case No. **1-H-333-0011-98**

Dear Mr. Maclin:

Enclosed are the original and one copy of my Recommended Decision
without a hearing in the above entitled complaint, together with
the complaint file and all exhibits, if any, provided to us.

This concludes the Commission's processing of the case.  We are
pleased to have been of service in this matter.

Sincerely,

Mary Jo Mosca
Administrative Judge

encl:    Complaint file

cc:  (letter and decision)
     Thomas Butler Complainant
     Toby L. Lowe, Agency Representative

**RECEIVED**



JUN 1 2 2000

GOVERNMENT
EXHIBIT
depo. 4
Declaration Ex 4

ATLA

# EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## MIAMI DISTRICT OFFICE

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IN THE MATTER OF

THOMAS BUTLER,                            E.E.O.C. No.
 Complainant,                             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X

v.

WILLIAM J. HENDERSON,                     AGENCY No.
POSTMASTER GENERAL                        1-H-333-0011-98
UNITED STATES POSTAL SERVICE
 Agency

Complainant's Representative:             Mr. Thomas Butler, pro se

Agency Representative:                    Ms. Toby L. Lowe,
                                          Labor Relations Specialist

Nature of Complaint:                      Discrimination: Race, National
                                          Origin, Sex, Religion, Retaliation, Age.

Date of Hearing:                          Decision Rendered Without a Hearing

Date:                                     October 12, 1999

Administrative Judge:                     Mary Jo Mosca
                                          E.E.O.C.
                                          One Biscayne Tower
                                          Two S. Biscayne Blvd.
                                          Suite 2700
                                          Miami, Florida 33131

1

## I. INTRODUCTION

Mr. Thomas Butler (Complainant) is employed by the United States Postal Service (Agency). (ROI[1], p.1) At the time his EEO complaint was filed, he worked as a Supervisor of Distribution Operations (SDO) in the South Florida Processing and Distribution Center (PDC). Id. On November 4, 1997, Responsible Management Official (RMO), Keith Maynard, advised the Complainant that he was excluded from the 1997 Variable Pay Program, EVA credit, described by the Complainant as an EVA bonus.[2] (ROI, p. 63). RMO Maynard advised the Complainant that this decision was made due to Complainant's lack of contribution to the Agency during the fiscal year 1997[3]. (ROI, p. 12). The Complainant viewed the Agency's action as discriminatory and sought EEO counseling on November 24, 1997. (ROI, p.127). The Complainant filed a formal complaint on February 4, 1998. (ROI, p.118). Dissatisfied with the results of the Agency's investigation, the Complainant requested a hearing with an Administrative Judge appointed by the Equal Employment Opportunity Commission(Commission).

On April 1, 1999, an Acknowledgment Order was sent to the Complainant. Telephonic prehearing conferences held on May 27 and August 4, 1999 failed to resolve the complaint. On August 6, 1999, a Notice of Intent to Render a Decision without a Hearing was sent to the

---

[1] Report of Investigation.

[2] According to RMO Maynard, the Variable Pay Program is not really a "bonus". EVA, an acronym for Economic Value Added, is an incentive program based on an employee's contribution or lack of contribution. "It is not an entitlement, as Mr. Butler perceives it to be." (ROI, p. 14). Agency documents, which discuss this entitlement program in detail, indicate that the Complainant was excluded from "EVA credit"rather than an EVA bonus. This decision will refer to the Complainant's exclusion appropriately as EVA credit. (See AJ exhibit 5 and the subexhibits 6-11).

[3] Fiscal year 1997 ran from October 1, 1996 to September 30, 1997.

Complainant and Agency. (AJ exhibit 1). The Agency submitted a response on or about August

26, 1999. (AJ exhibit 2). The Complainant's response, received on or about August 30, 1999

will be included in this decision as AJ exhibit 3. On September 15, 1999, an Order to Produce

was submitted to the Agency to clarify the status of comparators. The Agency responded within

the mandated ten day period. (See AJ exhibits 4 and 5).

All of the evidence in the investigative file and all parties' motions and responses thereto have

been reviewed. Based upon my review, I find that no genuine issue of material fact exists.

Therefore, issuing Findings and Conclusions without a hearing is appropriate in this case.

## II. ISSUE

Whether the Complainant was discriminated against on the basis of his race(Caucasian),

sex(male), national origin(American), religion(Quaker) and/or in retaliation for prior EEO

activity, in violation of Section 717 of the Civil Rights Act of 1994, as amended, 42 U.S.C.

section 2000e-16 et seq., (Title VII) and/or on the basis of his age( 45), in violation of the Age

Discrimination in Employment Act, 29 U.S.C. sec. 621 et seq., (ADEA) when on November 4,

1997, the Complainant was excluded from the EVA credit due to lack of contribution.

## III. APPLICABLE LAW

### Summary Judgment

The Commission's regulations provide for the issuance of findings and conclusions without

holding a hearing:

> If the Administrative Judge determines.....that some or all of the
> facts are not in genuine dispute, she...may, after giving notice to
> the parties and providing them with an opportunity to respond in
> writing within 15 calendar days, issue....findings and conclusions
> without holding a hearing.

3

29 C.F.R. Section 1614.109(e)(3). The language of this section is patterned after the Federal

Rules of Civil Procedure, Rule 56. Therefore, in determining whether a Complainant's request

for an administrative hearing should be granted, case law interpreting Rule 56 is followed.

Rule 56 © of the Federal Rules of Civil Procedure provides for an entry of summary

judgment if the pleadings, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. Beard v.

Whitley County REMC, 840 F.2d 405, 409-410 (7th Cir. 1988). Thus, under the standard, the

mere existence of some alleged factual dispute will not, in and of itself, defeat an otherwise

properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247-248 (1976). The requirement is that there be no genuine issue of material fact. Id. As

to materiality,

> .........only disputes over facts that might affect the outcome of
> the case under governing law will properly preclude the entry of
> summary judgment.... while the materiality determination rests on
> substantive law, it is substantive law's identification of which facts
> are critical and which facts are irrelevant that governs.

Id. at 248. The plain language of Rule 56 mandates the entry of summary judgment "[a]gainst a

party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case on which that party will bear the burden of proof at trial." Celotex Corporation

v. Catrett, 477 U.S. 317, 322-323 (1986).   A material fact is "genuine....if the evidence is such

that a reasonable jury could return a verdict for the non-moving party." Anderson, supra at 248.

In response to a motion for summary judgment, the fact finder's function is not to weigh the

evidence and render a determination as to the truth of the matter, but only to determine whether a

genuine factual dispute exists. Anderson, supra at 249.

## IV. FINDINGS OF FACT AND LEGAL ANALYSIS

### A. Disparate treatment: Race, Religion, National Origin, Sex, Age discrimination

In the case at bar, in addition to allegations of race, sex, age, and national origin

discrimination, the Complainant alleges disparate treatment on the basis of his religious beliefs

and practices. Section 706(a) of the Civil Rights Act of 1964 makes it an unlawful employment

practice for an employer to discriminate against an employee because of an individual's religious

beliefs. 42 U.S.C. sec. 2000e-2(a)(1998).   Religion is defined to include " all aspects of

religious observance and practice, as well as belief". 42 U.S.C. sec. 2000e(j)(1998); Transworld

Airlines, Inc. v. Hardison, 432 U.S. 62, 64 (1977). An Agency may discriminate against an

employee on the basis of religion either by (1) subjecting the employee to disparate treatment or

(2) failing to reasonably accommodate the employee's religious beliefs or practices. Id. In most

cases, whether a practice or belief is religious is not an issue. The Commission defines religious

practices to include moral or ethical beliefs as to what is right and wrong which are sincerely

held with the strength of traditional religious views. 29 C.F.R. sec. 1605.1(1998); See United

States v. Seeger, 380 U.S. 163 (1965); Welsh v. United States, 398 U.S. 333 (1970). The

disparate treatment allegations put forth by the Complainant will be analyzed similarly for the

basis of race, sex, age, national origin and religion.

In order for the Complainant to prevail in a Title VII EEO claim involving allegations of

disparate treatment in employment, the evidence must initially establish at least a prima facie

case of discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248; 101

S.Ct. 1089; 67 L.Ed.2d 207 (1981); McDonnell Douglas v. Green, 411 U.S. 792; 93 S.Ct. 1817;

36 L.Ed.2d 668 (1973). In order to establish a prima facie case of discrimination based upon a

disparate treatment theory, the Complainant must show that he:

1.        Is a member of a protected class;
2.        Was subjected to an adverse employment action; and
3.        Was treated less favorably than similarly situated individuals outside the protected
          group.

Burdine, 450 U.S. at 256, 101 S.Ct., at 1095; Ramsey v. American Air Filter Co., 772 F.2d

1303,1307 (7th Cir. 1985); Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1105-06 (4th Cir.

1985); cert. denied, 472 U.S. 1021 (1985); Potter v. Goodwill Industries of Cleveland, 518 F.2d.

864 (6th Cir. 1985). The burden of proof standards for Title VII complaints are also applicable

to complaints of age discrimination. See, Krieg v. Paul Revere Ins. Co., 718 F.2d 998 (11th Cir.

1983); Loeb v. Textron, 600 F.2d 1003 (1st Cir. 1979). In ADEA cases, the Complainant must

show that age was the determinative factor, in the sense that "but for" his age, the alleged action

would not have occurred. Davis v. State Univ. of New York, 802 F.2d 638, 642 (2nd Cir. 1986).

    Because the Complainant is a Caucasian, American male, over 40 years of age, who professes

to be of the Quaker faith, he is a member of various protected groups. Exclusion from receiving

an EVA credit constitutes an adverse employment action. The Complainant therefore satisfies

the first two elements of the prima facie case.

    The Complainant must show that he was treated less favorably than those similarly situated in

order to establish that he was discriminated against when he was excluded from the EVA credit.

Ramsey, supra at 1307; Moore, supra at 1105-1106. He must further demonstrate that these

similarly situated individuals, from outside his protected group, received more favorable

treatment. Moore at 1105-1106.

6

In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, the Complainant must show that all of the relevant aspects of the employment situation are nearly identical to those outside of his protected class whom he alleges were treated differently. Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 (8th Cir. 1985); Pack v. Army, E.E.O.C. Appeal No. 01912050, (September, 1991). The comparison employees must also have come under the same manager's supervision in order to be considered similarly situated. O'Neal v. Frank, USPS, E.E.O.C. Request No. 025910490 (July 1990); Kalivretenos v. Frank, USPS, E.E.O.C. Appeal No. 01891144 (October 1989). When management uniformly applies an employment policy to several classes of employees, these employees, while possessing different job titles, may still qualify for use as comparators in a disparate treatment analysis. See, Lathem v. Dept. of Children and Family Svs., 172 F.3d 786 (11th Cir. 1999)(manager and subordinate considered "similarly situated " when subjected to same employment policy).

The Complainant alleges that management discriminated against him by denying his EVA credit for fiscal year 1997. (ROI, p. 6). To prove this allegation, the Complainant cites comparator, Robert Brace. (ROI, p.6)

Comparator, Robert Brace, like the Complainant, worked as a SDO under RMO Fernandez. (ROI, p. 4; AJ exhibit 2). However, both the Complainant and the Agency do not dispute that the management official responsible for making eligibility determinations for the EVA credit was RMO Keith Maynard not RMO Fernandez. (ROI, pgs. 7; 12). At the time the Complainant's EEO complaint was filed, RMO Maynard was Acting Plant Manager at the PDC. (ROI, p. 11). Mr. Brace is a black, African American male, over 40 years of age who professes to be of the

Christian faith.(ROI, p.4; AJ exhibit 5, subexhibit 11). Mr. Bruce was not excluded from an

EVA credit through the Variable Pay Program. (ROI, p.4). Based on the above, I find that the

Complainant has established that Mr. Brace and he are similarly situated. Both men were

supervised by Mr. Maynard and were both judged pursuant to the same employment policy with

Mr. Maynard determining eligibility for the EVA credit. Further, as Complainant and Mr. Brace

are of different races and national origins and profess different religious beliefs. I find that the

Complainant has established a prima facie case on each of these three bases. With respect to the

basis of age and sex, however, the Complainant fails to establish a prima facie case. Both Mr.

Brace and he are males over 40 years of age. Because both are of the same protected class in

regard to these two bases, Mr. Brace can not be an appropriate comparator. Mr. Brace is not

outside of the Complainant's protected class. Therefore, any disparity in treatment would not be

due to discrimination based upon sex and/or age. No further analysis on these two bases will be

conducted.

Referring back to the three bases of race, national origin, and religion, they will be further

analyzed to determine if the Complainant can establish a case of discrimination based upon his

membership in one of the three mentioned protected classes. A prima facie case is not the

equivalent of a finding of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792

(1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). With

any Title VII case, once a prima facie case is established, then the burden of production shifts to

the Agency to articulate a legitimate, non-discriminatory reason for the adverse employment

action. Hamm v. Members of the Bd. of Regents of the St. of Fla., 708 F.2d 647, 654 (11th Cir.

1987); Lindsey v. Mississippi Research and Development Ctr.; 652 F.2d 488, 492 (5th Cir. 1981).

8

If such a reason is articulated, the burden of production shifts again to the Complainant to prove

the reasons the Agency offered are merely a pretext for discrimination. Id. If such a reason is

articulated, the burden of production shifts again to the Complainant to prove the reasons the

Agency offered are merely a pretext for discrimination. Id. The Complainant may succeed in

this either directly, by persuading the trier of fact that a discriminatory reason probably motivated

the Agency, or indirectly, by showing that the Agency's proffered reason is unworthy of

credence, and that Complainant's explanation of discrimination is to be believed. Burdine. supra

at 256; St.Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2754 (1993).

According to RMO Maynard, Mr. Brace's personal achievements and contributions as an

SDO earned Mr. Brace rewards at work. (ROI, p. 12). RMO Maynard points to Mr. Brace's

selection as acting Manager of Distribution Operations for Tour 1. Id. The evidence of record

additionally indicates that Mr. Brace possessed a satisfactory attendance record. (ROI, pgs. 70-

107).

Attendance was one of the factors viewed by management in assessing an employee's

qualifications for an EVA credit. (AJ exhibit 5, subexhibit[4] 9). The Variable Pay Program was a

group incentive program implemented by the Agency's national headquarters. (AJ exhibit 5,

subexhibit 6). EVA credit is based upon the requirement that qualified employees achieve

certain target goals[5]. Id. Qualified employees could be excluded from the EVA credit if they

---

[4] The Agency has marked each exhibit within AJ exhibit 5. To avoid confusion, I will
refer to their designation as a "subexhibit" within AJ exhibit 5.

[5] According to memoranda circulated to both qualified employees and management staff,
the variable pay program's incentive program was based on "Economic Value Added (EVA) and
achieving the Postal Service's performance targets established under the three voices of
Customer Perfect. Each of these "voices" ( business, customer, employee) had established,

"do not fully contribute to the performance of the organization..." (AJ exhibit 5, subexhibit 6).

Lack of contribution was defined as either absences (1) where combined sick leave and leave without pay exceeded 500 hours or (2) combined exceeded 600 hours[6]. (AJ exhibit 2).

Mr. Brace's clock rings for Fiscal Year 1997 do not indicate absences near the 500 hour plateau that is used to define "lack of contribution". (ROI, pgs. 70-107). Further, Mr. Brace is not listed among those employees of the South Florida PDC whose combined sick/LWOP usage exceeded 500 hours. (AJ exhibit 5, subexhibit 5). In contrast to Mr. Brace, during Fiscal Year 1997, the Complainant used 737 sick leave hours and eight (8) hours of leave without pay. Id.

Additionally, the Agency named comparators, some of whom, like the Complainant, used in excess of 500 hours sick or leave without pay hours. Because these employees qualified for the EVA credit, i.e. were subject to the same employment policy, I find they are suitable comparators for this disparate treatment analysis. Both Barbara Keller-Rodack[7] and Ray Taylor[8] were excluded from obtaining EVA credit for Fiscal Year 1997. (ROI, p. 63). Both Keller-Rodack and Taylor used sick/LWOP leave in excess of 500 hours. (AJ exhibit 5, subexhibit 5).

The evidence of record establishes that the Agency uniformly applied the eligibility or exclusion standards for the EVA credit. The Complainant does not present any evidence to

---

objective, measurable goals. Each "voice" was equally important. (AJ exhibit 5; subexhibits 6 and 7)

[6] A fifty two week work year times 40 hours per week gives a total of 2,080 work hours per year. 500 hours out of work would equate to be absent approximately 25% of the year.

[7] Ms. Rodack-Keller worked as a SDO on Tour 2. She is a white female, religion unknown, age 55 (ROI, p. 4: AJ exhibit 5, subexhibit 12).

[8] Mr. Taylor worked as a SDO on Tour 2. He is a black male of the Christian faith, age 62. (ROI, p. 4; AJ exhibit 5, subexhibit 12).

10

dispute this. The evidence of record does not establish that Mr. Brace or any other employee received preferential treatment due to their race, religion, sex or national origin. Similarly, there is no evidence establishing that "but for" his age, the Complainant would have attained the EVA credit. Therefore, I find that the Complainant fails to establish that the Agency's articulated reasons for its actions are pretextual, and the evidence fails to establish a case of discrimination based upon age, race, sex, national origin and religion.

## B. Retaliation

The Complainant also alleged that his exclusion from the EVA credit was the Agency's effort to retaliate against him for "preserving my standing through the EEO process." (ROI, p. 6). In order for the Complainant to prevail in a EEO complaint based upon retaliation for prior EEO activity, the Complainant must establish a prima facie case of reprisal discrimination. The Complainant must show that:

1) he engaged in prior Title VII protected activity;

2) an official named in the complaint knew of the activity;

3) he was subjected to adverse treatment by the Agency; and

4) the adverse treatment followed the protected activity within such a short time and in such a manner that the reprisal motivation may be inferred and a causal link exists. Thompkins v. Morris Brown College, 752 F. 2d 558, 565, n. 18 (11th Cir. 1985); Manoharan v. Columbia University College of Physicians and Surgeons, 842 F.2d 590, 593 (2nd Cir. 1988); Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987); Hochstadt v. Worcester Foundation for Experimental Biology, 425 F. Supp. 318, 324., affirmed on appeal, 545 F.2d 222( 1st Cir. 1976); Hunt v. Frank, Postmaster General, EEOC Appeal No. 01910348 (February 26, 1991).

11

The Complainant notes in his affidavit that he had previously filed EEO complaints. (ROI, p.

7). RMO Maynard confirms he responded to a prior EEO charge filed by the Complainant. (ROI,

p. 13). The Complainant therefore satisfies the two elements needed to establish a prima facie

case. The Complainant's exclusion from the EVA credit constitutes an adverse employment

action, thus satisfying the third element of the prima facie case. Now, in order to establish the

final element of the prima facie case, the Complainant must show that there was a temporal link

between his prior EEO activity and the alleged adverse employment action. See, Burris v. United

Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir. 1982).

Courts have held that proving a causal link between the protected activity and the adverse

employment action is demonstrated by evidence that: (1) the adverse action occurred shortly after

the protected activity; and (2) the person who undertook the adverse action was aware of the

complainant's protected activity. See, Burris, supra at 343; Wrenn, supra at 501.

The Complainant's most recent EEO complaint was filed on July 25, 1997, three and one half

(3.5) months before the Complainant learned he was excluded from the EVA credit. Therefore,

viewing this evidence in a light most favorable to the Complainant, I find that the Complainant

has established a temporal link between the two events. The courts have defined a causal link

between the two events to require "merely that the protected activity and the adverse action were

not wholly unrelated". Simmons v. Camden Co. Bd. of Education, 757 F.2d 1187, 1189 (11th Cir.

1985). I therefore find that the Complainant has established a prima facie case of discrimination

in retaliation for prior EEO activity.

As stated in the previous section of this opinion, a prima facie case is not the equivalent of a

finding of discrimination. Again, the Agency must articulate a legitimate, non-discriminatory

12

reason for the adverse employment action. If the Agency can articulate a legitimate reason, the burden shifts back to the Complainant to show that the Agency's reasons are pretextual and the motive for its actions is discriminatory. (See page 8 of this opinion).

The Agency asserts that their reason for excluding the Complainant from the EVA credit is due to a lack of contribution. (ROI, p.13) They claim their reasons "were not retaliatory in nature, or due to prior EEO activity". Id. The Agency presented evidence of other employees who were also excluded from an EVA credit due to lack of contribution. (See discussion on pages 9 and 10 of this decision). Therefore, I find that the Agency has articulated a legitimate, non-discriminatory reason for excluding the Complainant from the EVA credit.

The Complainant failed to present any evidence, other than his allegations, to dispute the Agency's assertions. The evidence of record establishes that the Agency uniformly applied the standards for determining whether an employee received an EVA credit. The evidence of record does not establish that management's decision to exclude the Complainant from the EVA credit was predicated on retaliation by management for prior EEO activity. Therefore, I find the Complainant has failed to establish a case of discrimination based upon retaliation for prior EEO activity.

**Miscellaneous**

As a side issue, the Complainant suggests that he was continually harassed by his supervisor, RMO Sergio Fernandez, and that somehow this alleged harassment was discriminatory. (ROI, p. 6). The evidence of record does not establish that the alleged harassment perpetrated by RMO Hernandez was based upon the Complainant's membership in a protected class or classes. The evidence the Complainant proffers indicates that "he(RMO Fernandez) intimidates employees

13

and supervisors on the workroom floor." (ROI, p. 120). Excerpts of letters of support elicited by Complainant from other employees substantiates that RMO Fernandez is an equal opportunity intimidator[9]. (ROI, pgs. 51-62)   The Complainant does not establish that any of the alleged harassment was perpetrated in a discriminatory manner.  While RMO Fernandez may well be tyrannical, his abusive behavior toward the Complainant and other employees was not directed toward them because of their membership in a protected class.  Most importantly, however, is the fact that the harassment the Complainant allegedly suffered was not perpetrated by RMO Maynard. (ROI, pgs. 7;12 )  It is undisputed that RMO Maynard was the official who decided to exclude the Complainant from the EVA credit. Id.  Therefore. I find the methods by which RMO Fernandez allegedly chose to supervise people were, at best, unprofessional.  However, the evidence of record does not support a claim of harassment based upon discriminatory animus nor does the evidence of record support a claim that the Complainant's EVA credit was denied due to harassment as is defined by the law.


## IV. CONCLUSION

After careful evaluation of all the evidence of record, I find that the Complainant was not discriminated against on the basis of his race (white), sex(male), national origin(American), religion (Quaker) and/or in retaliation for prior EEO activity,  in violation of Title VII nor was the Complainant discriminated against on the basis of his age (45) in violation of the ADEA,

---

[9] For example, former SDO on Tour One, Ruth Murray, wrote, "he(Fernandez) would talk about you in front of other supervisors and clerks knowing all the talk would go around the floor for a few days making fun of your work and undermining your ability to supervise.,......because of the continual harassment and stress everyday, I was forced to retire before I had planned." (ROI, p. 55).

when on November 4, 1997, he was excluded from the EVA credit due to lack of contribution.

Therefore, it is recommended that a Final Agency Decision be issued finding no discrimination.

## V. NOTICE TO BOTH PARTIES

Pursuant to 29 C.F.R. Section 1614.109(g) of the Equal Employment Opportunity

Commission regulations, the Administrative Judge's findings of fact and conclusions of law shall

become a final decision binding on the Agency 60 calendar days after the receipt of the complete

complaint file and the recommended decision unless within that time period, the Agency itself

issues a final decision adopting, rejecting, or modifying the recommended decision. If the

Agency does not issue a final agency decision within the time period prescribed above, the

Agency shall notify the Complainant that, pursuant to Section 1614.109 of the Equal

Employment Opportunity Commission's regulations, the Administrative Judge's findings of fact

and conclusions of law is the Agency's final decision. When notifying the Complainant of the

final decision regardless of whether it is the findings of fact or conclusions of law of the

Administrative Judge or a decision issued subsequently by the Agency, the Agency shall notify

the Complainant in writing, of his/her right to appeal to the Commission and the time limits

applicable to such an appeal and of his/her right to file a civil action as described in Section

1614.110. The Agency shall also provide the Administrative Judge with a copy of its final

decision on each complaint on which findings of fact and conclusions of law have been issued.

The Administrative Judge shall furnish the Complainant with a copy of the findings of fact and

conclusions of law and a copy of the hearing record.

October 12, 1999.

Mary Jo Mosca
Administrative Judge

15

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the matter of

THOMAS BUTLER,
                                    Complainant,                          EEOC No.
          v.                                                              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X

WILLIAM J. HENDERSON
UNITED STATES POSTAL SERVICE                                              AGENCY NO.
                                    Agency.                               1-H-333-0011-98

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

## FIFTEEN DAY NOTICE PURSUANT TO
## 29 C.F.R. §1614.109(e)(3)

---

TO:   Mr. Thomas P. Butler                    Ms. Toby L. Lowe
      7840 Camino Real                        Labor Relations Specialist
      P 105                                   USPS
      Miami, Florida 33143-6871               2200 Northwest 72nd Avenue
                                              Miami, Florida 33152-9401

**NOTICE IS HEREBY GIVEN** pursuant to 29 C.F.R. Section 1614.109(e)(3) that there appearing to be no issue of material fact in genuine dispute on the complaint, Findings and Conclusions without a hearing will be issued.

**PLEASE BE ADVISED THAT** affidavits and memoranda (1) opposing or favoring this notice - indicating why a hearing should or should not be granted - and/or (2) in support of the parties respective positions - as to why findings and conclusions should be issued in their favor - **MUST** be presented to the administrative judge at the address below, in writing, postmarked **no later than fifteen (15)** days from receipt of this Notice.

AJexhibit 1

Dated:     Miami, Florida          *Mary Jo Mosca*
           August 6, 1999          Mary Jo Mosca
                                    Administrative Judge
                                    U.S.   Equal   Employment   Opportunity
                                    Commission
                                    Miami District Office
                                    One Biscayne Tower, Suite 2700
                                    Two South Biscayne Boulevard
                                    Miami, Florida 33131
                                       (305) 530-6069- telephone
                                       (305) 536-4011 Facsimile

     Mr. Thomas Butler
     via certified  mail # **Z 020 315 032**



 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd, Suite 2700
Miami FL, 33131
(305) 536-4491
TTY (305) 536-5721
FAX (305) 536-4011

<u>CERTIFIED MAIL NO. Z 020 314 715</u>

8 1999

October 1, 1999

Mr. Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator
Appeals Processing Center
U.S. Postal Service
225 North Humphreys Boulevard
Memphis, TN 38166-0978

         Re: EEO Complaint of Tom Butler and William Henderson,
         Postmaster General

         EEOC·Case No. 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X
         Agency Case No. 1-H-333-0036-98

Dear Mr. Maclin:

Enclosed is the complaint file and original of my findings of
fact and conclusions of law issued in the above entitled case
without a hearing.  A copy of the decision is also being mailed
to the Complainant and Agency Representative.

The Commission is pleased to have been of service in this matter.

Sincerely,

*Joy R. Helprin*

Joy R. Helprin
Administrative Judge

encl:    Findings and Conclusions
         Complaint file

cc:  (Findings and Conclusions and Exhibits only)
     Tom Butler
     Toby L. Lowe



# UNITED STATES OF AMERICA
## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## MIAMI DISTRICT OFFICE
## HEARINGS UNIT

### FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN THE

| | | |
|---|---|---|
| Complaint of Tom Butler, | ) | |
| | ) | |
| | ) | |
| AND | ) | EEOC Case No. |
| | ) | 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X |
| WILLIAM HENDERSON, | ) | |
| Postmaster General of the | ) | AGENCY Case No. |
| United States | ) | 1-H-333-0036-98 |
| | ) | |
| _____/ | | |

| | |
|---|---|
| Complainant's Representative | Pro se |
| Agency Representative | Toby L. Lowe |
| Nature of the Complaint | Discrimination: Race (Caucasian); Color (white); Sex (male); Age (43); Retaliation (prior EEO activity) |
| Administrative Judge | Joy R. Helprin<br>1 Biscayne Tower<br>2 South Biscayne Blvd.<br>Suite 2700<br>Miami, Florida  33131 |
| Date of Hearing | Decision Rendered Without A Hearing |
| Date of Decision | October 1, 1999 |
| Place of Complaint | Miami, FL |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Tom Butler ("Complainant") alleges that he was discriminated against on the basis of his race (Caucasian), color (white), age (43), and retaliation (prior EEO activity) when he received a package[1] from Labor Relations on July 25, 1999 with a copy of a letter of warning ("LOW") which he never received.

The Complainant is a Supervisor, Distribution Operations, for the United States Postal Service ("Agency"), South Florida Processing and Distribution Center in Miami, Florida. See Record of Investigation ("ROI") 1. On July 25, 1997 he received a package from Toby Lowe ("Lowe"), Labor Relations Specialist. See id. at 32B. In the package was a LOW drafted by Jack Watson, Manager, Distribution Operations, dated February, 1997. See id. The Complainant wrote a letter to Robert Dillon ("Dillon"), Senior Manager, Distribution Operations ("MDO"), complaining of the LOW, because he had never seen it before. See id. at 7. He also contacted Lowe, who told him that the LOW should not have been there, and that it would be removed. See id. Dillon wrote the Complainant back and stated that the LOW was drafted but never issued and was in the package in error. See id. at 24. He stated that the LOW was originally requested by the Agency but deemed to

_____

[1] The record is not completely clear as to what the "package" entailed exactly. However, it appears to have been made up of some or all of the Complainant's personnel file. See ROI 13.

2

be untimely by the time it was available to be issued. See id.
Dillon further told the Complainant that the LOW would not appear
in any of the records of the Agency, and any record of the LOW
would be destroyed. See id.  In his affidavit, Dillon confirmed
what he stated in the letter to the Complainant. See id. at 13.
The Complainant alleges that the existence of this LOW in the
package he receives constitutes discrimination on the basis of his
race, color, religion, sex, and age.

The Complaint was filed on October 27, 1997. An investigation
on the complaint was conducted and the Complainant was sent a copy
of the investigative file and notice of appeal rights on March 9,
1999. On April 15, 1999, the Complainant requested a hearing with
an Administrative Judge ("AJ"). A Notice of Intent to Issue
Findings of Fact and Conclusions of Law Without a Hearing was
issued on August 26, 1999. See AJ Exh. 1. The Complainant
responded on September 8, 1999. See AJ Exh. 2. The Agency did not
respond to the Notice.

## II. ISSUE[2]

Was the Complainant discriminated against on the basis of race
(Caucasian), color (white), religion (Quaker), sex (male), age (43)
and retaliation (prior EEO activity), in violation of Title VII of

---

[2] The Complainant has raised multiple additional issues in
his affidavit and in the response to the Notice of Intent to
Issue Findings of Fact and Conclusions of Law Without a Hearing.
The bulk of these issues appear to be the subjects of other EEO
complaints.

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and

Section 15(a) of the Age Discrimination in Employment Act of 1967,

when he was given a package from Labor Relations with a copy of a

LOW which he had never received?

III. **APPLICABLE LAW**

The EEOC's regulations concerning issuance of findings and

conclusions without holding a hearing provide that:

> If the Administrative Judge determines . . . that some or
> all of the facts are not in genuine dispute, he . . .
> may, after giving notice to the parties and providing
> them an opportunity to respond in writing within 15
> calendar days, issue . . . findings and conclusions
> without holding a hearing . . . .

29 C.F.R. §1614.109(e)(3). The language of this section is

patterned after Rule 56 of the Federal Rules of Civil Procedure.

Therefore, in determining whether a complainant's request for an

administrative hearing should be granted, case law interpreting

Rule 56 is followed.

Rule 56(c) of the Federal Rules of Civil Procedure provides

for entry of summary judgment if the pleadings, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a

matter of law. See Beard v. Whitley County REMC, 840 F.2d 405,

409-410 (7th Cir. 1988). Thus, under this standard, the mere

existence of some alleged factual dispute will not, in and of

itself, defeat an otherwise properly supported motion for summary

judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-

248 (1976).  The requirement is that there be no genuine issue of material fact.  See id at 248.  As to materiality,

> [o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment . . . .  [W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.

Id at 248.

A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In response to a motion for summary judgment, the fact-finder's function is not to weigh the evidence and render a determination as to the truth of the matter, but only to determine whether a genuine factual dispute exists.  See id. at 249.  I have considered all the evidentiary documents and affidavits in the investigative file, including supplemental documents and find that there is no genuine dispute as to the material facts at issue.

## V. FINDINGS OF FACT AND LEGAL ANALYSIS

In order for the Complainant to prevail in a race, color, religion, sex, age, or reprisal based complaint, the Complainant must be an "aggrieved employee."  See e.g. Diaz v. Air Force, EEOC Appeal No. 05931049 (April 21, 1994); Studer v. USPS, EEOC Appeal No. 01954734 (June 13, 1996); Earley v. GSA, EEOC Appeal No. 01953947 (May 7, 1996); Bandong v. VA, EEOC Appeal No. 01941997

(May 13, 1994); <u>Staten v. USPS</u>, EEOC Appeal No. 01872557 (September 11, 1987).  An aggrieved employee is an employee who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy.  <u>See</u> <u>Diaz</u>, EEOC Appeal No. 05931049 (citing <u>Trafficante v. Metropolitan Life Ins. Co.</u>, 409 U.S. 205 (1972)).  To state a claim under the Commission's regulations, an employee must allege and show an injury in fact.  <u>See</u> <u>id.</u> (citing <u>Hackett v. McGuire Bros.</u>, 445 F.2d 447 (3d Cir. 1971)).  Specifically, an employee must allege and show a "direct, personal deprivation at the hands of the employer," that is, a present and unresolved harm or loss affecting a term, condition or privilege of employment.  <u>See</u> <u>id.</u> (citing <u>Taylor v. USPS</u>, EEOC Appeal No. 05900367 (June 2, 1990); <u>Hammonds v. USPS</u>, EEOC Appeal No. 05900863 (October 31, 1990)).  In other words, an aggrieved employee has suffered an adverse action at the hands of the employer.  <u>See</u> <u>Wisnovsky v. Justice</u>, EEOC Appeal No. 01932459 (Feb. 1, 1994).

If the Complainant is an aggrieved employee, the evidence of record must initially establish at least a prima facie case of discrimination.  <u>See</u> <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802(1973); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 253-56 (1981).

The Complainant may establish a <u>prima facie</u> case of disparate treatment based on race, color, religion, sex or age by proving by

6

a preponderance of the evidence that:

    1.  he is a member of a protected class; and

    2.  he was treated differently than similarly situated

    individuals outside of his protected class.

See e.g., Ramsey v. American Air Filter Co., 772 F.2d 1303, 1307 (7th Cir. 1985); Potter v. Goodwill Indus. of Cleveland, 518 F.2d 864, 865 (6th Cir. 1975); Scorcia v. USPS, EEOC Appeal No. 03980074 (Feb. 22, 1999); Freeman v. Labor, EEOC Appeal No. 01921738 (Oct. 26, 1992); Owens v. Army, EEOC Appeal No. 01911871 (Sept. 23, 1991). In order for comparative employees to be considered similarly situated, all relevant aspects of the Complainant's employment situation must be nearly identical to those of the comparative employees. See O'Neal v. USPS, EEOC Appeal No. 05910490 (July 23, 1991).

    To establish a prima facie case of reprisal discrimination, the Complainant must show that:

    1) he engaged in a protected activity;

    2) the responsible Agency official knew of that activity;

    3) he was subjected to adverse treatment by the Agency.

    4) the adverse treatment followed the protected activity

    close enough in time and in such a manner so that there

    can be an inference of a nexus between the protected

    activity and the motivation for the action.

See e.g., Payne v. New York Power Authority, 997 F. Supp. 492, 500

(S.D. N.Y. 1998); <u>Brown v. ASD Computing Center</u>, 519 F. Supp. 1096, 1114-15 (S.D. Ohio 1981); <u>Cummings v. Air Force</u>, EEOC Appeal No. 01972343 (Dec. 15, 1998); <u>Kelly v. VA</u>, EEOC Appeal No. 01956660 (Jan. 23, 1998); <u>Jackson v. USPS</u>, EEOC Appeal No. 01945098 (May 29, 1996); <u>Wienecke v. HHS, SSA</u>, EEOC Appeal No. 01941659 (May 2, 1995); <u>Wilson v. Treasury, IRS</u>, EEOC Appeal No. 01934411 (May 25, 1994).

If a <u>prima facie</u> case is established, the burden shifts to the Agency to articulate a legitimate, nondiscriminatory reason for the challenged action. See <u>Burdine</u>, 450 U.S. at 253-4; <u>McDonnell Douglas</u>, 411 U.S. at 802. The Complainant may then show that the reason articulated by the Agency is a mere pretext for discrimination. See <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 507-08 (1993); <u>Burdine</u>, 450 U.S. at 256; <u>McDonnell Douglas</u>, 411 U.S. at 804. The ultimate burden of persuading the trier of fact that the Agency discriminated against the Complainant remains at all times with the Complainant. See <u>St. Mary's Honor Center</u>, 509 U.S. at 507.

A. Is Complainant an Aggrieved Employee?

It is undisputed that the Complainant received a package with an unissued LOW from the Agency's Labor Relations office. Once it was discovered and the Complainant brought it to the Agency's attention, through his phone call to Labor Relations Specialist Lowe, and letter to MDO Dillon, there is no dispute that the LOW

was removed from the Complainant's file, destroyed, and that all record of its existence was destroyed.    Moreover, there is no dispute that no further action came as a result of this unissued LOW.

"While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action.    Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'" Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996) (quoting Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996)); see also Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 885 (7th Cir. 1998).    An adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Cebuhar v. Department of Alcoholism and Substance Abuse, 1997 WL 222871, *7 (N.D. Ill. 1997).

In Diaz, the Commission held that "where a complainant challenges a proposed action or a preliminary step to taking a personnel action that does not create a direct and personal harm, s/he is not aggrieved and therefore fails to state a claim within the meaning of the Commission's regulations."    EEOC Appeal No. 05931049 (citing Charles v. Treasury, EEOC Appeal No. 05910190 (Feb. 25, 1991); Lewis v. Interior, EECC Appeal No. 05900095 (Feb. 6, 1990)).

9

In this case, the LOW was never issued, and was never more than a "preliminary step to taking a personnel action." Once the Agency was informed to its existence by the Complainant, it was destroyed and no record of it exists. The Complainant has not alleged that he suffered any adverse action as a result of its mere existence. He has not suffered a present and unresolved harm or loss affecting a term, condition or privilege of employment. The Complainant is therefore not an aggrieved employee.

## B. Prima Facie Case: Race, Color, Religion, Sex and Age

Assuming arguendo that the Complainant was an aggrieved employee, he has not established that he was discriminated against, as he has not established a prima facie case of discrimination on the basis of race, color, religion, sex and/or age. He has met prong one; he is in a protected class because he is white, Quaker, male, and over 40. He has not met prong two, however, as he has presented no evidence of other similarly situated individuals who were treated differently. The Complainant lists two persons, Robert Brace and Josephine DeJesus. He has presented no evidence however, that either individual was involved in circumstances similar to those of the instant case; i.e. that an unissued LOW was even drafted for either of them. Therefore, he has not met his burden of proving a prima facie case of discrimination on the basis of race, color, religion, sex, and age.

## C. Prima Facie Case: Retaliation

The Complainant has also not established a prima facie case on the basis of retaliation.

The Complainant has met the first prong, as he engaged in prior EEO activity when he contacted an EEO counselor on September 8, 1993[3], and when he filed an EEO complaint on June 6, 1997.[4]  The activity which the Complainant directly refers to as being the basis of the alleged retaliation is the EEO complaint filed on June 6, 1997.

With respect to the second prong, the Complainant lists five responsible management officials: Sergio Fernandez, Bob Dillon, Jack Watson, Toby Lowe, and Joann Feindt.  Sergio Fernandez and Joann Feindt appear to have no involvement whatsoever with this incident[5], and thus, I am not treating them as responsible management officials for the purpose of this analysis.  There is no evidence that  Watson, Dillon, or Lowe had any knowledge of the Complainant's prior EEO activity.  There is nothing in the record to indicate that they were the subject of the prior EEO activity. The documentation presented by the Complainant in response to the

---

[3] It appears from the file that the 1993 case was never pursued.

[4] The Complainant sought EEO counseling on that complaint on March 20, 1997.

[5] They may have involvement with other incidents which are the subject of other EEO complaints, however, these other incidents are not before me now.

11

Notice of Intent to Issue Findings of Fact and Conclusions of Law Without a Hearing lists Sergio Fernandez as the only responsible management official on the June, 1997 complaint. See AJ Exh. 2. The Complainant has not presented any other evidence which would tend to indicate that the responsible management officials in this case have knowledge of the prior EEO activity, either in the Information for Precomplaint Counseling, the formal complaint, his affidavit, or his response to the Notice of Intent to Issue Findings of Fact and Conclusions of Law Without a Hearing. Thus, the Complainant has not met prong two.

As discussed above, he has not met prong three, because has not suffered an adverse employment action.

Finally, the Complainant has not met prong four. Even if the incident complained of were an adverse employment action, there is no nexus between the prior EEO activity and the incident. Although the Complainant lists the date of the incident as July 25, 1997, approximately one and one-half months after he filed the complaint in that case. However, the action taken by the agency, the drafting of the LOW, occurred in February--prior to even the March, 1997 contact with an EEO counselor. Thus, the steps taken by the Agency in this incident occurred even before the Complainant engaged in the EEO activity he cites as the cause of the alleged retaliation. The only other prior EEO activity occurred in 1993; too remote in time to infer a retaliatory motivation. See See

12

Sundling v. USPS, EEOC Appeal No. 01934570 (Nov. 29, 1993); Jackson v. USPS, EEOC Appeal No. 01945098 (May 29, 1996). Furthermore, the Complainant has not presented any other evidence which would permit an inference of retaliatory motivation.

Because the Complainant did not meet prongs two, three, and four of the prima facie case, he has not established discrimination on the basis of retaliation.

## VI. CONCLUSION

Based on the forgoing, I find the Complainant failed to show by a preponderance of the evidence that he was discriminated against on the basis of race, color, religion, sex, age, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and Section 15(a) of the Age Discrimination in Employment Act of 1967, when he was given a package from Labor Relations with a copy of a LOW which he had never received.

### NOTICE TO THE PARTIES

Pursuant to 29 C.F.R. Section 1614.109(g) of the Equal Employment Opportunity Commission's regulations, the Administrative Judge's findings and conclusions shall become a final decision binding on the Agency 60 calendar days after the receipt of the complete complaint file and the findings and conclusions unless within that time period the Agency itself issues a final decision adopting, rejecting, or modifying the Administrative Judge's

findings and conclusions.  If the Agency does not issue a final agency decision within the time period prescribed above, the Agency shall notify the Complainant that pursuant to Section 1614.109 of the Equal Employment Opportunity Commission's regulations, the Administrative Judge's findings and conclusions is the Agency's final decision.  The Agency shall notify the Complainant in writing of her right to appeal to the Commission and the time limits applicable to such an appeal and of her right to file a civil action as described in Section 1614.110 and 1614.408.


IC-1-99
_____
Date

_____
Joy R. Helprin
Administrative Judge


14

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

*I-H-33 ⊃ 18-97*

| | |
|---|---|
| THOMAS P. BUTLER,<br>Complainant, | )<br>)<br>) |
| | )     AT-0752-97-0767-I-1 |
| | ) |
| v. | )     October 7, 1997 |
| | ) |
| UNITED STATES POSTAL SERVICE,<br>Agency. | )<br>) |

## SETTLEMENT AGREEMENT

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as follows:

All parties agree that is in the best interests of the parties to keep confidential the terms and conditions of this Settlement. Appellant, as a term and condition of the Settlement, agrees to keep confidential the information within and not to disclose said information to any third party other than legal counsel.

It is understood between the parties that the Settlement Agreement is reached on a non-precedent basis and may not be cited for any reason, including comparison, in any other proceeding in any forum.

By entry into this Settlement Agreement, the United States Postal Service, its officers, agents, and/or employees in no way admit to any wrongdoing, liability to or discrimination against Appellant, and Appellant agrees that this Agreement shall not be construed as any admission of wrongdoing, liability or discrimination by the United States Postal Service, its officers, agents and/or employees in this or any other proceeding or litigation.

GOVERNMENT
EXHIBIT
Depo. 6
Declaration Ex 6

It is understood by the undersigned that this Agreement is in full and complete settlement of all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-97-0767-I-1, administrative EEO complaints or appeals relative to the issues referenced in this complaint, in this or any other forum, filed by the below named appellant or on his behalf relating to any matters that occurred prior to the execution of this Settlement Agreement.  Appellant agrees to voluntarily withdraw any outstanding administrative complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all issues related to this appeal.  It is understood that in withdrawing all appeals or complaints related to this issue, Appellant waives his rights to an oral hearing or further appeal on the matters raised. It is further stipulated that the withdrawals are made without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

The Merit Systems Protection Board retains jurisdiction over this Settlement Agreement for enforcement.

Appellant agrees that this Agreement is in full settlement of the referenced matter, and agrees to withdraw this appeal, and in so doing, understands that he waives his right to an oral hearing or further appeal, except as pertains to enforcement of the agreement,.  Appellant agrees that the withdrawal is made without any threat, coercion, intimidation, promises, or inducement, other than the terms set forth in the Agreement.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution Operations.  The Appellant's hours will be variable on Tour 3, and days off will be Thursday and Friday.

The Appellant will report to work one week after the signing of this agreement.

The agency will purge the appellant's Official Personnel File of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.
There are no provisions for back pay.

The parties have agreed that no attorney's fees and costs will be paid.

TOTAL P.04

It is understood that the Appellant shall not litigate or relitigate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal.

The appellant has read and fully understands the provisions of this settlement, and fully agrees to its contents and provisions. The appellant is signing this agreement of his own free will and has not been coerced or forced into signing this settlement. He has not been promised anything above and beyond what is contained in the above settlement agreement.

The parties agree to make this settlement a part of the record.


_Thomas P Butler_ 10-15-97        _Roscoe E Long_ 10/7/97
Thomas P. Butler, Appellant    Date        Roscoe E. Long, Esquire    Date
                                            Appellant's Representative


_Toby Lowe_ 10/7/97
Toby L. Lowe                Date
Agency Representative

U.S. Postal Service

# EEO Complaint of Discrimination
## in the Postal Service

See Instructions and Privacy Act Statement
on Reverse

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| TOM BUTLER | 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 | 1H333001200 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL P-105 MIAMI FL 33143-6871 | 305 271-1898 | (954) 436·4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| SDO | 16 |

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and ZIP+4) | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC 16000 PINES BLVD. PEMBROKE PINES, FL 33082 | ROSIE CARLIES MAO T- |

10. I designate this person to be my representative. *I RESERVE THIS RIGHT AT THIS TIME*

| a. Name | Title |
|---|---|
| Tom BUTLER | SDO |

Mailing Address
7840 CAMINO REAL P-105
MIAMI FL 33143-6871

| b. Home Phone | c. Work Phone |
|---|---|
| (305) 271-1898 | 954.436-4356 |

**11. Type of Discrimination Alleged**

- [x] Race (Specify): CAUCASIAN
- [x] Color (Specify): WHITE
- [ ] Religion (Specify):
- [ ] National Origin (Specify):
- [x] Sex (Specify): MALE
- [ ] Age (Specify):
- [x] Retaliation (Specify Prior EEO Activity):
- [ ] Disability (Specify):

**12. Date on Which Alleged Act of Discrimination Took Place**

RECEIVED MAR 16 AM 9: 00 WITH FL DISTRICT EEO OFFICE 1/... 3:00

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

SEE 3 page ATTACHMENT dated 3-13-00

| 14. I have discussed my complaint with an EEO counselor | 15. Name and Signature of EEO Counselor |
|---|---|
| [ ] Yes (Date of final interview: _____ ) [x] No | FOR ROSALIND MOULTRY-HOWARD |

16. Corrective Action Sought

$300,000

| 17. Signature of Complainant | 18. Date of This Complaint |
|---|---|
| Thomas P Butler | 3-8-00 |

DEFENDANT'S
EXHIBIT
3

≠ 034-62C-5C

FEB 0 6 1998

U.S. Postal Service
**EEO Complaint of Discrimination
in the Postal Service**

See Instructions and Privacy Act Statement
on Reverse

| 1. Name<br><br>Butler, Tom | 2. SSN<br><br>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 | Case No.<br><br>1-H-333-0011-98 |
|---|---|---|
| 3. Mailing Address<br>7840 CAMINO REAL P-105<br>MIAMI FL 33143-6371 | 4. Home Phone<br><br>305 271-1848 | 5. Work Phone<br><br>954 436-4356 |

| 6. Position Title (USPS Employees Only)<br><br>SDO -16, SUPERVISOR DIST OPNS | 7. Grade Level (USPS Employees Only)<br><br>EAS 16 |
|---|---|

| 8. Installation Where You Believe Discrimination Occurred<br>(Identify Installation, City, State, and Zip+4)<br><br>SFMPC<br>16000 PINES BLVD<br>PEMBROKE PINES FL 33082-9998 | 9. Name & Title of Person(s) Who Took the Action(s) You<br>Allege Was Discriminatory<br><br>SERGIO FERNANDEZ   JACK WATSON<br>BOB DILLON   KEITH MAYNARD ★<br>JOHNNY FEWOT<br>TODD LOWE |
|---|---|

10. I designate this person to be my representative. MYSELF AND ATTORNEY, IF NOT RESOLVED

| a. Name<br><br>THOMAS P BUTLER | Title<br><br>SDO -16<br>SUPERVISOR DIST OPNS |
|---|---|

| Mailing Address<br>7840 CAMINO REAL P-105 | |
|---|---|
| b. Home Phone<br>(305) 271-1848 | c. Work Phone<br>954 436-4356 |

| 11. Type of Discrimination Alleged<br>Race (Specify): CACAUSSIAN   Sex (Specify): MALE<br>Color (Specify): WHITE   Age (Specify): 44<br>Religion (Specify): QUAKER   Retaliation (Specify Prior EEO Activity 3/7/97 ★<br>National Origin (Specify): USA   Disability (Specify): | 12. Date on Which Alleged Act<br>of Discrimination Took Place<br><br>11/4/97 |
|---|---|

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

KEITH MAYNARD (ACTING PLANT MANAGER) notified me of exclusion from EVA BONUS RETALIATION CONTRIBUTION. I FELT MY MSPB CASE RESOLVED. Then This retaliation. I told KEITH This was unfair + unethical STATING lack of since I had been cleared to work by the USPS Medical unit and my doctor but was not allowed to return to work until 10/25/97. IT WAS NOT MY FAULT. IN ADDITION it was due to Discriminatory Practice of SERGIO FERNANDEZ. He said he didn't know of any case and would get back to me Monday. How can He exclude me from a Bonus not Knowing The facts? He has yet to GET BACK TO ME. How could he not know about Prior EEO ACTIVITY?

| 14. I have discussed my complaint with an EEO Counselor<br>Yes (Date of final interview: Per Certified # Z 361 220 189<br>No | 15. Name and Signature of EEO Counselor |
|---|---|

16. Corrective Action Sought
REINSTATEMENT OF EVA ; JSP ; $1000 FOR TIME + PREPARATION AND Related expenses for 11-4 and SEE ATTACHED for RETALIATION!

| 17. Signature of Complaint<br><br>Thomas P Butler | 18. Date of this Complaint<br><br>2-4-98 |
|---|---|

PS Form 2565, December 1995

**DEFENDANT'S EXHIBIT**
4

PAGE NO.

Originating Office: Processing Center
P.O. Box 19357, Dept. SFD-C
W. Palm Beach, FL 33416-9357

CAPS ® ©

APPEALS PROCESSING CENTER

 **UNITED STATES POSTAL SERVICE**



SOUTH FL. DISTRICT

APR 1 7 1998

Mr. Tom Butler
7840 Camino Real P. 105
Miami, FL 33143-6871

CERTIFIED MAIL NO. <u>P 471 062 888</u>
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
Postmaster General
Agency Case No. 1-H-333-0011-98

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
February 4, 1998. Your complaint has been accepted for investigation. The
scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| <u>Specific Issue(s):</u> | You were excluded from the EVA bonus due to lack of contribution. |
| <u>Date(s) of Incident:</u> | November 4, 1997 |
| <u>Type(s) of Discrimination:</u> | Race (Caucasian), Color (white), Religion (Quaker), National Origin (USA), Sex (male), Retaliation (prior EEO activity), and Age (43) |

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.

**DEFENDANT'S EXHIBIT**

PAGE NO. *113*

225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38166-0978

Mr. Tom Butler                                                                                      2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

Mr. Tom Butler                                                                    3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file
a civil action in an appropriate U.S. District Court within 90 calendar days after
your receipt of the EEOC's decision.  If you do not receive a decision on your
appeal within 180 calendar days from the date of your appeal, you may file a
civil action.

Sincerely,

*Otis Maclin Jr.*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Senior EEO Complaints Processing Specialist, South Florida District

HRC42:ZCox:je:38166-0978

U.S. Postal Service

# EEO Complaint of Discrimination
## in the Postal Service

*IN PERSON*

See Instructions and Privacy Act Statement
on Reverse

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| Butler Tom | 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 | 1-H-333-0036-97 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL A-105 MIAMI FL 33143-6871 | (305) 271-1898 | (594) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| S.D.O. | 16 |

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and Zip+4) | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC PEMBROKE PINES FL 33082-9998 | I'm not sure who sent the LOR to TOBE LOWE. I SUSPECT BOB DILLON, SERGIO FERNA or JACK WATSON MAY HAVE. I NEED YOU TO INVESTI. THIS CRIME. HOW COULD A LOW show up in my file BY ACCIDENT. |

10. I designate this person to be my representative.

| a. Name | Title |
|---|---|
| ALAN DONELAN | VICE PRESIDENT NAPS |

| Mailing Address | |
|---|---|
| 1800 CORAL WAY | MIAMI FL |

| b. Home Phone | c. Work Phone |
|---|---|
| | (305) 869-5109 |

| 11. Type of Discrimination Alleged | 12. Date on Which Alleged Act of Discrimination Took Place |
|---|---|
| Race (Specify): WHITE NON HISPANIC    Sex (Specify): MALE<br>Color (Specify): WHITE    Age (Specify): 43<br>Religion (Specify): QUAKER    Retaliation (Specify Prior EEO Activity 3-7-97<br>National Origin (Specify): USA    Disability (Specify): | 7/25/97 |

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

ON 7/25/97 I received a package from Labor Relations (Tobe Lowe) in the package was a LOW from JACK WATSON dated in Feb of 1997 I had never seen this LOW. I was unaware that I was ever going to get the Letter LOR along discover it By Accident in the package from TOBE LOWE on 7-25-97 (Nearly 5 months after the alledged Letter was dated I Believe it to be an unethical and discriminatory procedure. Furthermore, I contend it was DESIGNED to be retaliatory and discriminatory to Prior EEO of 3-7-97. only white SDO on Tour I That was Retaliated against with an unethical LOW.

| 14. I have discussed my complaint with an EEO Counselor<br>Yes (Date of final interview: Per Certified # 2361 220<br>No  NO DISCUSSION HAS TAKEN PLACE   OSO | 15. Name and Signature of EEO Counselor |
|---|---|

16. Corrective Action Sought HAVE AR FERNANDEZ STOP HARRASSING ME - 10-25-97 ASSIGNED TO T-3
2. USPS PAY MEDICAL COSTS AND FEES — OWCP accepted claim
3. USPS RETURN my SL, AL and monies for Holiday pay, night differential, OT
4. USPS PAY compensatory or punitive damage award of #5,000    7. ATTORNEY COST & FEES
5. USPS not affect my rights to EVA for this year    6. LOW DESTROYED - Tobe stated it would

| 17. Signature of Complainant | 18. Date of this Complaint |
|---|---|
| Thomas P Butler | 10-28-97 |

PS Form 2565, December 1995

DEFENDANT'S EXHIBIT
G

32 B

Processing Center
P.O. Box 19357, Dept. SFD-C
W. Palm Beach, FL 33416-9357

PAGE NO. _____

APPEALS PROCESSING CENTER


**UNITED STATES**
**POSTAL SERVICE**
FEB 1 9 1998

Mr. Tom Butler
7840 Camino Rel P105
Miami, FL 33143-6878

CERTIFIED MAIL NO. <u>P 591 238 456</u>
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
Postmaster General
Agency Case No. 1-H-333-0036-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
October 27, 1997. Your complaint has been accepted for investigation. The
scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| <u>Specific Issue(s):</u> | You were given a package from Labor Relations with a copy of a L.O.W. for which you had never received. |
| <u>Date(s) of Incident:</u> | July 25, 1997 |
| <u>Type(s) of Discrimination:</u> | Race (Caucasian), Color (White), Religion (Quaker), Sex (male), Age (43) and Retaliation (prior EEO activity) |

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.





PAGE NO. _____

Mr. Tom Butler                                                                                                          2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

COPY



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Miami District Office**

One Biscayne Tower
2 South Biscayne Blvd., Suite 2700
Miami, FL 33131
PH: (305) 536-4491
TDD: (305) 536-5721
FAX: (305) 536-4011

October 12, 1999

4

<u>CERTIFIED MAIL NO.</u> **Z 020 315 796**

Mr. Otis Maclin, Jr.
U.S. Postal Service
EEO Compliance and Appeals Coordinator
Appeals Processing Center
225 North Humphreys Boulevard
Memphis, TN 38166-0978

  Re: EEO Complaint of **THOMAS BUTLER**

  EEOC Case No. **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 X**

   Case No. **1-H-333-0011-98**

Dear Mr. Maclin:

Enclosed are the original and one copy of my Recommended Decision
without a hearing in the above entitled complaint, together with
the complaint file and all exhibits, if any, provided to us.

This concludes the Commission's processing of the case. We are
pleased to have been of service in this matter.

Sincerely,

Mary Jo Mosca
Administrative Judge

encl: Complaint file

cc: (letter and decision)
  Thomas Butler Complainant
  Toby L. Lowe, Agency Representative

**RECEIVED**

JUN 1 2 2000

ATLAN



DEFENDANT'S
EXHIBIT

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## MIAMI DISTRICT OFFICE

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

---

IN THE MATTER OF

THOMAS BUTLER,                          E.E.O.C. No.
 Complainant,                           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X

v.

WILLIAM J. HENDERSON,                   AGENCY No.
POSTMASTER GENERAL                      1-H-333-0011-98
UNITED STATES POSTAL SERVICE
 Agency

---

Complainant's Representative:           Mr. Thomas Butler, pro se

Agency Representative:                  Ms. Toby L. Lowe,
                                        Labor Relations Specialist

Nature of Complaint:                    Discrimination: Race. National
                                        Origin, Sex, Religion, Retaliation, Age.

Date of Hearing:                        Decision Rendered Without a Hearing

Date:                                   October 12, 1999

Administrative Judge:                   Mary Jo Mosca
                                        E.E.O.C.
                                        One Biscayne Tower
                                        Two S. Biscayne Blvd.
                                        Suite 2700
                                        Miami, Florida 33131

1

## I. INTRODUCTION

Mr. Thomas Butler (Complainant) is employed by the United States Postal Service (Agency). (ROI[1], p.1)  At the time his EEO complaint was filed, he worked as a Supervisor of Distribution Operations (SDO) in the South Florida Processing and Distribution Center (PDC).  Id.  On November 4, 1997, Responsible Management Official (RMO), Keith Maynard, advised the Complainant that he was excluded from the 1997 Variable Pay Program, EVA credit, described by the Complainant as an EVA bonus.[2]  (ROI, p. 63).  RMO Maynard advised the Complainant that this decision was made due to Complainant's lack of contribution to the Agency during the fiscal year 1997[3].  (ROI, p. 12).  The Complainant viewed the Agency's action as discriminatory and sought EEO counseling on November 24, 1997. (ROI, p.127).  The Complainant filed a formal complaint on February 4, 1998. (ROI, p.118).  Dissatisfied with the results of the Agency's investigation, the Complainant requested a hearing with an Administrative Judge appointed by the Equal Employment Opportunity Commission(Commission).

On April 1, 1999, an Acknowledgment Order was sent to the Complainant.  Telephonic prehearing conferences held on May 27 and August 4, 1999 failed to resolve the complaint.  On August 6, 1999, a Notice of Intent to Render a Decision without a Hearing was sent to the

---

[1] Report of Investigation.

[2] According to RMO Maynard, the Variable Pay Program is not really a "bonus". EVA, an acronym for Economic Value Added, is an incentive program based on an employee's contribution or lack of contribution. "It is not an entitlement, as Mr. Butler perceives it to be." (ROI, p. 14).  Agency documents, which discuss this entitlement program in detail, indicate that the Complainant was excluded from "EVA credit"rather than an EVA bonus.  This decision will refer to the Complainant's exclusion appropriately as EVA credit. (See AJ exhibit 5 and the subexhibits 6-11).

[3] Fiscal year 1997 ran from October 1, 1996 to September 30, 1997.

Complainant and Agency. (AJ exhibit 1). The Agency submitted a response on or about August 26, 1999. (AJ exhibit 2). The Complainant's response, received on or about August 30, 1999 will be included in this decision as AJ exhibit 3. On September 15, 1999, an Order to Produce was submitted to the Agency to clarify the status of comparators. The Agency responded within the mandated ten day period. (See AJ exhibits 4 and 5).

All of the evidence in the investigative file and all parties' motions and responses thereto have been reviewed. Based upon my review, I find that no genuine issue of material fact exists. Therefore, issuing Findings and Conclusions without a hearing is appropriate in this case.

## II. ISSUE

Whether the Complainant was discriminated against on the basis of his race(Caucasian), sex(male), national origin(American), religion(Quaker) and/or in retaliation for prior EEO activity, in violation of Section 717 of the Civil Rights Act of 1994, as amended, 42 U.S.C. section 2000e-16 et seq., (Title VII) and/or on the basis of his age( 45), in violation of the Age Discrimination in Employment Act, 29 U.S.C. sec. 621 et seq., (ADEA) when on November 4, 1997, the Complainant was excluded from the EVA credit due to lack of contribution.

## III. APPLICABLE LAW

### Summary Judgment

The Commission's regulations provide for the issuance of findings and conclusions without holding a hearing:

> If the Administrative Judge determines.....that some or all of the
> facts are not in genuine dispute, she...may, after giving notice to
> the parties and providing them with an opportunity to respond in
> writing within 15 calendar days, issue....findings and conclusions
> without holding a hearing.

3

29 C.F.R. Section 1614.109(e)(3). The language of this section is patterned after the Federal

Rules of Civil Procedure, Rule 56. Therefore, in determining whether a Complainant's request

for an administrative hearing should be granted, case law interpreting Rule 56 is followed.

Rule 56 © of the Federal Rules of Civil Procedure provides for an entry of summary

judgment if the pleadings, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. Beard v.

Whitley County REMC, 840 F.2d 405, 409-410 (7th Cir. 1988). Thus, under the standard, the

mere existence of some alleged factual dispute will not, in and of itself, defeat an otherwise

properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 247-248 (1976). The requirement is that there be no genuine issue of material fact. Id. As

to materiality,

> .........only disputes over facts that might affect the outcome of
> the case under governing law will properly preclude the entry of
> summary judgment.... while the materiality determination rests on
> substantive law, it is substantive law's identification of which facts
> are critical and which facts are irrelevant that governs.

Id. at 248. The plain language of Rule 56 mandates the entry of summary judgment "[a]gainst a

party who fails to make a showing sufficient to establish the existence of an element essential to

that party's case on which that party will bear the burden of proof at trial." Celotex Corporation

v. Catrett, 477 U.S. 317, 322-323 (1986). A material fact is "genuine....if the evidence is such

that a reasonable jury could return a verdict for the non-moving party." Anderson, supra at 248.

In response to a motion for summary judgment, the fact finder's function is not to weigh the

evidence and render a determination as to the truth of the matter, but only to determine whether a

4

genuine factual dispute exists. Anderson, supra at 249.

## IV. FINDINGS OF FACT AND LEGAL ANALYSIS

### A. Disparate treatment: Race, Religion, National Origin, Sex, Age discrimination

In the case at bar, in addition to allegations of race, sex, age, and national origin discrimination, the Complainant alleges disparate treatment on the basis of his religious beliefs and practices. Section 706(a) of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against an employee because of an individual's religious beliefs. 42 U.S.C. sec. 2000e-2(a)(1998).   Religion is defined to include " all aspects of religious observance and practice, as well as belief". 42 U.S.C. sec. 2000e(j)(1998); Transworld Airlines, Inc. v. Hardison, 432 U.S. 62, 64 (1977). An Agency may discriminate against an employee on the basis of religion either by (1) subjecting the employee to disparate treatment or (2) failing to reasonably accommodate the employee's religious beliefs or practices. Id. In most cases, whether a practice or belief is religious is not an issue. The Commission defines religious practices to include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. 29 C.F.R. sec. 1605.1(1998);  See United States v. Seeger, 380 U.S. 163 (1965); Welsh v. United States, 398 U.S. 333 (1970). The disparate treatment allegations put forth by the Complainant will be analyzed similarly for the basis of race, sex, age, national origin and religion.

In order for the Complainant to prevail in a Title VII EEO claim involving allegations of disparate treatment in employment, the evidence must initially establish at least a prima facie case of discrimination. Texas Department of Community Affairs v. Burdine, 450 U.S. 248; 101 S.Ct. 1089; 67 L.Ed.2d 207 (1981); McDonnell Douglas v. Green, 411 U.S. 792; 93 S.Ct. 1817;

36 L.Ed.2d 668 (1973). In order to establish a prima facie case of discrimination based upon a

disparate treatment theory, the Complainant must show that he:

1.     Is a member of a protected class;
2.     Was subjected to an adverse employment action; and
3.     Was treated less favorably than similarly situated individuals outside the protected
       group.

Burdine, 450 U.S. at 256, 101 S.Ct., at 1095; Ramsey v. American Air Filter Co., 772 F.2d

1303,1307 (7th Cir. 1985); Moore v. City of Charlotte, N.C., 754 F.2d 1100, 1105-06 (4th Cir.

1985); cert. denied, 472 U.S. 1021 (1985); Potter v. Goodwill Industries of Cleveland, 518 F.2d.

864 (6th Cir. 1985). The burden of proof standards for Title VII complaints are also applicable

to complaints of age discrimination. See, Krieg v. Paul Revere Ins. Co., 718 F.2d 998 (11th Cir.

1983); Loeb v. Textron, 600 F.2d 1003 (1st Cir. 1979). In ADEA cases, the Complainant must

show that age was the determinative factor, in the sense that "but for" his age, the alleged action

would not have occurred. Davis v. State Univ. of New York, 802 F.2d 638, 642 (2nd Cir. 1986).

Because the Complainant is a Caucasian, American male, over 40 years of age, who professes

to be of the Quaker faith, he is a member of various protected groups. Exclusion from receiving

an EVA credit constitutes an adverse employment action. The Complainant therefore satisfies

the first two elements of the prima facie case.

The Complainant must show that he was treated less favorably than those similarly situated in

order to establish that he was discriminated against when he was excluded from the EVA credit.

Ramsey, supra at 1307; Moore, supra at 1105-1106. He must further demonstrate that these

similarly situated individuals, from outside his protected group, received more favorable

treatment. Moore at 1105-1106.

6

In order for two or more employees to be considered similarly situated for the purpose of creating an inference of disparate treatment, the Complainant must show that all of the relevant aspects of the employment situation are nearly identical to those outside of his protected class whom he alleges were treated differently.  Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 (8th Cir. 1985); Pack v. Army, E.E.O.C. Appeal No. 01912050, (September, 1991).  The comparison employees must also have come under the same manager's supervision in order to be considered similarly situated.  O'Neal v. Frank, USPS, E.E.O.C. Request No. 025910490 (July 1990); Kalivretenos v. Frank, USPS, E.E.O.C. Appeal No. 01891144 (October 1989).  When management uniformly applies an employment policy to several classes of employees, these employees, while possessing different job titles, may still qualify for use as comparators in a disparate treatment analysis.  See, Lathem v. Dept. of Children and Family Svs., 172 F.3d 786 (11th Cir. 1999)(manager and subordinate considered "similarly situated " when subjected to same employment policy).

The Complainant alleges that management discriminated against him by denying his EVA credit for fiscal year 1997. (ROI, p. 6). To prove this allegation, the Complainant cites comparator, Robert Brace. (ROI, p.6)

Comparator, Robert Brace, like the Complainant, worked as a SDO under RMO Fernandez. (ROI, p. 4; AJ exhibit 2).  However, both the Complainant and the Agency do not dispute that the management official responsible for making eligibility determinations for the EVA credit was RMO Keith Maynard not RMO Fernandez.  (ROI, pgs. 7; 12).  At the time the Complainant's EEO complaint was filed, RMO Maynard was Acting Plant Manager at the PDC. (ROI, p. 11). Mr. Brace is a black, African American male, over 40 years of age who professes to be of the

7

Christian faith.(ROI, p.4; AJ exhibit 5, subexhibit 11). Mr. Bruce was not excluded from an EVA credit through the Variable Pay Program. (ROI, p.4). Based on the above, I find that the Complainant has established that Mr. Brace and he are similarly situated. Both men were supervised by Mr. Maynard and were both judged pursuant to the same employment policy with Mr. Maynard determining eligibility for the EVA credit. Further, as Complainant and Mr. Brace are of different races and national origins and profess different religious beliefs. I find that the Complainant has established a prima facie case on each of these three bases. With respect to the basis of age and sex, however, the Complainant fails to establish a prima facie case. Both Mr. Brace and he are males over 40 years of age. Because both are of the same protected class in regard to these two bases, Mr. Brace can not be an appropriate comparator. Mr. Brace is not outside of the Complainant's protected class. Therefore, any disparity in treatment would not be due to discrimination based upon sex and/or age. No further analysis on these two bases will be conducted.

Referring back to the three bases of race, national origin, and religion, they will be further analyzed to determine if the Complainant can establish a case of discrimination based upon his membership in one of the three mentioned protected classes. A prima facie case is not the equivalent of a finding of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). With any Title VII case, once a prima facie case is established, then the burden of production shifts to the Agency to articulate a legitimate, non-discriminatory reason for the adverse employment action. Hamm v. Members of the Bd. of Regents of the St. of Fla., 708 F.2d 647, 654 (11th Cir. 1987); Lindsey v. Mississippi Research and Development Ctr.; 652 F.2d 488, 492 (5th Cir. 1981).

8

If such a reason is articulated, the burden of production shifts again to the Complainant to prove

the reasons the Agency offered are merely a pretext for discrimination. Id.  If such a reason is

articulated, the burden of production shifts again to the Complainant to prove the reasons the

Agency offered are merely a pretext for discrimination. Id.  The Complainant may succeed in

this either directly, by persuading the trier of fact that a discriminatory reason probably motivated

the Agency, or indirectly, by showing that the Agency's proffered reason is unworthy of

credence, and that Complainant's explanation of discrimination is to be believed. Burdine, supra

at 256; St.Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2754 (1993).

According to RMO Maynard, Mr. Brace's personal achievements and contributions as an

SDO earned Mr. Brace rewards at work. (ROI, p. 12). RMO Maynard points to Mr. Brace's

selection as acting Manager of Distribution Operations for Tour 1. Id.  The evidence of record

additionally indicates that Mr. Brace possessed a satisfactory attendance record. (ROI, pgs. 70-

107).

Attendance was one of the factors viewed by management in assessing an employee's

qualifications for an EVA credit. (AJ exhibit 5, subexhibit[4] 9).  The Variable Pay Program was a

group incentive program implemented by the Agency's national headquarters.  (AJ exhibit 5,

subexhibit 6).  EVA credit is based upon the requirement that qualified employees achieve

certain target goals[5]. Id.  Qualified employees could be excluded from the EVA credit if they

---

[4] The Agency has marked each exhibit within AJ exhibit 5.  To avoid confusion, I will
refer to their designation as a "subexhibit" within AJ exhibit 5.

[5] According to memoranda circulated to both qualified employees and management staff,
the variable pay program's incentive program was based on "Economic Value Added (EVA) and
achieving the Postal Service's performance targets established under the three voices of
Customer Perfect.  Each of these "voices" ( business, customer, employee) had established,

"do not fully contribute to the performance of the organization..." (AJ exhibit 5, subexhibit 6). Lack of contribution was defined as either absences (1) where combined sick leave and leave without pay exceeded 500 hours or (2) combined exceeded 600 hours[6]. (AJ exhibit 2).

Mr. Brace's clock rings for Fiscal Year 1997 do not indicate absences near the 500 hour plateau that is used to define "lack of contribution". (ROI, pgs. 70-107). Further, Mr. Brace is not listed among those employees of the South Florida PDC whose combined sick/LWOP usage exceeded 500 hours. (AJ exhibit 5, subexhibit 5). In contrast to Mr. Brace, during Fiscal Year 1997, the Complainant used 737 sick leave hours and eight (8) hours of leave without pay. Id.

Additionally, the Agency named comparators, some of whom, like the Complainant, used in excess of 500 hours sick or leave without pay hours. Because these employees qualified for the EVA credit, i.e. were subject to the same employment policy, I find they are suitable comparators for this disparate treatment analysis. Both Barbara Keller-Rodack[7] and Ray Taylor[8] were excluded from obtaining EVA credit for Fiscal Year 1997. (ROI, p. 63). Both Keller-Rodack and Taylor used sick/LWOP leave in excess of 500 hours. (AJ exhibit 5, subexhibit 5).

The evidence of record establishes that the Agency uniformly applied the eligibility or exclusion standards for the EVA credit. The Complainant does not present any evidence to

---

objective, measurable goals. Each "voice" was equally important. (AJ exhibit 5; subexhibits 6 and 7)

[6] A fifty two week work year times 40 hours per week gives a total of 2,080 work hours per year. 500 hours out of work would equate to be absent approximately 25% of the year.

[7] Ms. Rodack-Keller worked as a SDO on Tour 2. She is a white female, religion unknown, age 55 (ROI, p. 4; AJ exhibit 5, subexhibit 12).

[8] Mr. Taylor worked as a SDO on Tour 2. He is a black male of the Christian faith, age 62. (ROI, p. 4; AJ exhibit 5, subexhibit 12).

10

dispute this. The evidence of record does not establish that Mr. Brace or any other employee received preferential treatment due to their race, religion, sex or national origin. Similarly, there is no evidence establishing that "but for" his age, the Complainant would have attained the EVA credit. Therefore, I find that the Complainant fails to establish that the Agency's articulated reasons for its actions are pretextual, and the evidence fails to establish a case of discrimination based upon age, race, sex, national origin and religion.

## B. Retaliation

The Complainant also alleged that his exclusion from the EVA credit was the Agency's effort to retaliate against him for "preserving my standing through the EEO process." (ROI, p. 6). In order for the Complainant to prevail in a EEO complaint based upon retaliation for prior EEO activity, the Complainant must establish a prima facie case of reprisal discrimination. The Complainant must show that:

1) he engaged in prior Title VII protected activity;

2) an official named in the complaint knew of the activity;

3) he was subjected to adverse treatment by the Agency; and

4) the adverse treatment followed the protected activity within such a short time and in such a manner that the reprisal motivation may be inferred and a causal link exists. Thompkins v. Morris Brown College, 752 F. 2d 558, 565, n. 18 (11th Cir. 1985); Manoharan v. Columbia University College of Physicians and Surgeons, 842 F.2d 590, 593 (2nd Cir. 1988); Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987); Hochstadt v. Worcester Foundation for Experimental Biology, 425 F. Supp. 318, 324., affirmed on appeal, 545 F.2d 222( 1st Cir. 1976); Hunt v. Frank, Postmaster General, EEOC Appeal No. 01910348 (February 26, 1991).

11

The Complainant notes in his affidavit that he had previously filed EEO complaints. (ROI, p. 7). RMO Maynard confirms he responded to a prior EEO charge filed by the Complainant. (ROI, p. 13). The Complainant therefore satisfies the two elements needed to establish a prima facie case. The Complainant's exclusion from the EVA credit constitutes an adverse employment action, thus satisfying the third element of the prima facie case. Now, in order to establish the final element of the prima facie case, the Complainant must show that there was a temporal link between his prior EEO activity and the alleged adverse employment action. See, Burris v. United Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir. 1982).

Courts have held that proving a causal link between the protected activity and the adverse employment action is demonstrated by evidence that: (1) the adverse action occurred shortly after the protected activity; and (2) the person who undertook the adverse action was aware of the complainant's protected activity. See, Burris, supra at 343; Wrenn, supra at 501.

The Complainant's most recent EEO complaint was filed on July 25, 1997, three and one half (3.5) months before the Complainant learned he was excluded from the EVA credit. Therefore, viewing this evidence in a light most favorable to the Complainant, I find that the Complainant has established a temporal link between the two events. The courts have defined a causal link between the two events to require "merely that the protected activity and the adverse action were not wholly unrelated". Simmons v. Camden Co. Bd. of Education, 757 F.2d 1187, 1189 (11th Cir. 1985). I therefore find that the Complainant has established a prima facie case of discrimination in retaliation for prior EEO activity.

As stated in the previous section of this opinion, a prima facie case is not the equivalent of a finding of discrimination. Again, the Agency must articulate a legitimate, non-discriminatory

12

reason for the adverse employment action.  If the Agency can articulate a legitimate reason, the burden shifts back to the Complainant to show that the Agency's reasons are pretextual and the motive for its actions is discriminatory. (See page 8 of this opinion).

The Agency asserts that their reason for excluding the Complainant from the EVA credit is due to a lack of contribution. (ROI, p.13)  They claim their reasons "were not retaliatory in nature, or due to prior EEO activity".  Id.  The Agency presented evidence of other employees who were also excluded from an EVA credit due to lack of contribution.  (See discussion on pages 9 and 10 of this decision).  Therefore, I find that the Agency has articulated a legitimate, non-discriminatory reason for excluding the Complainant from the EVA credit.

The Complainant failed to present any evidence, other than his allegations, to dispute the Agency's assertions.  The evidence of record establishes that the Agency uniformly applied the standards for determining whether an employee received an EVA credit.  The evidence of record does not establish that management's decision to exclude the Complainant from the EVA credit was predicated on retaliation by management for prior EEO activity.  Therefore, I find the Complainant has failed to establish a case of discrimination based upon retaliation for prior EEO activity.

**Miscellaneous**

As a side issue, the Complainant suggests that he was continually harassed by his supervisor, RMO Sergio Fernandez, and that somehow this alleged harassment was discriminatory.  (ROI, p. 6). The evidence of record does not establish that the alleged harassment perpetrated by RMO Hernandez was based upon the Complainant's membership in a protected class or classes.  The evidence the Complainant proffers indicates that "he(RMO Fernandez) intimidates employees

13

and supervisors on the workroom floor." (ROI, p. 120). Excerpts of letters of support elicited by Complainant from other employees substantiates that RMO Fernandez is an equal opportunity intimidator[9]. (ROI, pgs. 51-62)  The Complainant does not establish that any of the alleged harassment was perpetrated in a discriminatory manner.  While RMO Fernandez may well be tyrannical, his abusive behavior toward the Complainant and other employees was not directed toward them because of their membership in a protected class.  Most importantly, however, is the fact that the harassment the Complainant allegedly suffered was not perpetrated by RMO Maynard. (ROI, pgs. 7;12 )  It is undisputed that RMO Maynard was the official who decided to exclude the Complainant from the EVA credit. Id.  Therefore, I find the methods by which RMO Fernandez allegedly chose to supervise people were, at best, unprofessional.  However, the evidence of record does not support a claim of harassment based upon discriminatory animus nor does the evidence of record support a claim that the Complainant's EVA credit was denied due to harassment as is defined by the law.

## IV. CONCLUSION

After careful evaluation of all the evidence of record, I find that the Complainant was not discriminated against on the basis of his race (white), sex(male), national origin(American), religion (Quaker) and/or in retaliation for prior EEO activity,  in violation of Title VII nor was the Complainant discriminated against on the basis of his age (45) in violation of the ADEA,

---

[9] For example, former SDO on Tour One, Ruth Murray, wrote, "he(Fernandez) would talk about you in front of other supervisors and clerks knowing all the talk would go around the floor for a few days making fun of your work and undermining your ability to supervise.......because of the continual harassment and stress everyday, I was forced to retire before I had planned."  (ROI, p. 55).

14

when on November 4, 1997, he was excluded from the EVA credit due to lack of contribution.

Therefore, it is recommended that a Final Agency Decision be issued finding no discrimination.

## V. NOTICE TO BOTH PARTIES

Pursuant to 29 C.F.R. Section 1614.109(g) of the Equal Employment Opportunity

Commission regulations, the Administrative Judge's findings of fact and conclusions of law shall

become a final decision binding on the Agency 60 calendar days after the receipt of the complete

complaint file and the recommended decision unless within that time period, the Agency itself

issues a final decision adopting, rejecting, or modifying the recommended decision.  If the

Agency does not issue a final agency decision within the time period prescribed above, the

Agency shall notify the Complainant that, pursuant to Section 1614.109 of the Equal

Employment Opportunity Commission's regulations, the Administrative Judge's findings of fact

and conclusions of law is the Agency's final decision.  When notifying the Complainant of the

final decision regardless of whether it is the findings of fact or conclusions of law of the

Administrative Judge or a decision issued subsequently by the Agency, the Agency shall notify

the Complainant in writing, of his/her right to appeal to the Commission and the time limits

applicable to such an appeal and of his/her right to file a civil action as described in Section

1614.110.  The Agency shall also provide the Administrative Judge with a copy of its final

decision on each complaint on which findings of fact and conclusions of law have been issued.

The Administrative Judge shall furnish the Complainant with a copy of the findings of fact and

conclusions of law and a copy of the hearing record.

October 12, 1999.

Mary Jo Mosca
Administrative Judge

15

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In the matter of

THOMAS BUTLER,

                          Complainant,                          EEOC No.
           v.                                                   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X

WILLIAM J. HENDERSON
UNITED STATES POSTAL SERVICE                                    AGENCY NO.
                          Agency.                               1-H-333-0011-98

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

**FIFTEEN DAY NOTICE PURSUANT TO**
**29 C.F.R. §1614.109(e)(3)**

---

TO:    Mr. Thomas P. Butler              Ms. Toby L. Lowe
       7840 Camino Real                  Labor Relations Specialist
       P 105                             USPS
       Miami, Florida 33143-6871         2200 Northwest 72nd Avenue
                                         Miami, Florida 33152-9401


**NOTICE IS HEREBY GIVEN** pursuant to 29 C.F.R. Section 1614.109(e)(3) that there appearing to be no issue of material fact in genuine dispute on the complaint, Findings and Conclusions without a hearing will be issued.


**PLEASE BE ADVISED THAT** affidavits and memoranda (1) opposing or favoring this notice - indicating why a hearing should or should not be granted - and/or (2) in support of the parties respective positions - as to why findings and conclusions should be issued in their favor - **MUST** be presented to the administrative judge at the address below, in writing, postmarked **no later than fifteen (15) days** from receipt of this Notice.

AJ exhibit 1

Dated:      Miami, Florida             *Mary Jo Mosca*
              August 6, 1999             Mary Jo Mosca
                                      Administrative Judge
                                      U.S.   Equal   Employment   Opportunity
                                        Commission
                                        Miami District Office
                                      One Biscayne Tower, Suite 2700
                                      Two South Biscayne Boulevard
                                      Miami, Florida  33131
                                          (305) 530-6069- telephone
                                          (305) 536-4011 Facsimile

Mr. Thomas Butler
via certified  mail # **Z 020 315 032**

COPY



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Miami District Office

One Biscayne Tower
2 South Biscayne Blvd, Suite 2700
Miami FL, 33131
(305) 536-4491
TTY (305) 536-5721
FAX (305) 536-4011

<u>CERTIFIED MAIL NO. Z 020 314 715</u>

8 1999

October 1, 1999

Mr. Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator
Appeals Processing Center
U.S. Postal Service
225 North Humphreys Boulevard
Memphis, TN 38166-0978

    Re: EEO Complaint of Tom Butler and William Henderson,
    Postmaster General

    EEOC Case No. 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X
    Agency Case No. 1-H-333-0036-98

Dear Mr. Maclin:

Enclosed is the complaint file and original of my findings of
fact and conclusions of law issued in the above entitled case
without a hearing. A copy of the decision is also being mailed
to the Complainant and Agency Representative.

The Commission is pleased to have been of service in this matter.

Sincerely,

*Joy R. Helprin*

Joy R. Helprin
Administrative Judge

encl:    Findings and Conclusions
         Complaint file

cc:    (Findings and Conclusions and Exhibits only)
       Tom Butler
       Toby L. Lowe



DEFENDANT'S
EXHIBIT
9

UNITED STATES OF AMERICA
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE
HEARINGS UNIT

FINDINGS OF FACTS AND CONCLUSIONS OF LAW IN THE

| | | |
|---|---|---|
| Complaint of Tom Butler, | ) | |
| | ) | |
| | ) | |
| AND | ) | EEOC Case No. |
| | ) | 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X |
| WILLIAM HENDERSON, | ) | |
| Postmaster General of the | ) | AGENCY Case No. |
| United States | ) | 1-H-333-0036-98 |
| | ) | |
| _____/ | | |

| | |
|---|---|
| Complainant's Representative | Pro se |
| Agency Representative | Toby L. Lowe |
| Nature of the Complaint | Discrimination: Race (Caucasian); Color (white); Sex (male); Age (43); Retaliation (prior EEO activity) |
| Administrative Judge | Joy R. Helprin<br>1 Biscayne Tower<br>2 South Biscayne Blvd.<br>Suite 2700<br>Miami, Florida  33131 |
| Date of Hearing | Decision Rendered Without A Hearing |
| Date of Decision | October 1, 1999 |
| Place of Complaint | Miami, FL |

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Tom Butler ("Complainant") alleges that he was discriminated against on the basis of his race (Caucasian), color (white), age (43), and retaliation (prior EEO activity) when he received a package[1] from Labor Relations on July 25, 1999 with a copy of a letter of warning ("LOW") which he never received.

The Complainant is a Supervisor, Distribution Operations, for the United States Postal Service ("Agency"), South Florida Processing and Distribution Center in Miami, Florida.  See Record of Investigation ("ROI") 1.  On July 25, 1997 he received a package from Toby Lowe ("Lowe"), Labor Relations Specialist.  See id. at 32B.  In the package was a LOW drafted by Jack Watson, Manager, Distribution Operations, dated February, 1997.  See id.  The Complainant wrote a letter to Robert Dillon ("Dillon"), Senior Manager, Distribution Operations ("MDO"), complaining of the LOW, because he had never seen it before.  See id. at 7.  He also contacted Lowe, who told him that the LOW should not have been there, and that it would be removed.  See id.  Dillon wrote the Complainant back and stated that the LOW was drafted but never issued and was in the package in error.  See id. at 24.  He stated that the LOW was originally requested by the Agency but deemed to

---

[1] The record is not completely clear as to what the "package" entailed exactly.  However, it appears to have been made up of some or all of the Complainant's personnel file.  See ROI 13.

be untimely by the time it was available to be issued.  See id.
Dillon further told the Complainant that the LOW would not appear
in any of the records the Agency, and any record of the LOW
would be destroyed.  See id.  In his affidavit, Dillon confirmed
what he stated in the letter to the Complainant.  See id. at 13.
The Complainant alleges that the existence of this LOW in the
package he receives constitutes discrimination on the basis of his
race, color, religion, sex, and age.

    The Complaint was filed on October 27, 1997.  An investigation
on the complaint was conducted and the Complainant was sent a copy
of the investigative file and notice of appeal rights on March 9,
1999.  On April 15, 1999, the Complainant requested a hearing with
an Administrative Judge ("AJ").   A Notice of Intent to Issue
Findings of Fact and Conclusions of Law Without a Hearing was
issued on August 26, 1999.  See AJ Exh. 1.   The Complainant
responded on September 8, 1999.  See AJ Exh. 2.  The Agency did not
respond to the Notice.

## II. ISSUE[2]

    Was the Complainant discriminated against on the basis of race
(Caucasian), color (white), religion (Quaker), sex (male), age (43)
and retaliation (prior EEO activity), in violation of Title VII of

---

    [2] The Complainant has raised multiple additional issues in
his affidavit and in the response to the Notice of Intent to
Issue Findings of Fact and Conclusions of Law Without a Hearing.
The bulk of these issues appear to be the subjects of other EEO
complaints.

the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and

Section 15(a) of the Age Discrimination in Employment Act of 1967,

when he was given a package from Labor Relations with a copy of a

LOW which he had never received?

III.  APPLICABLE LAW

    The EEOC's regulations concerning issuance of findings and

conclusions without holding a hearing provide that:

> If the Administrative Judge determines . . . that some or
> all of the facts are not in genuine dispute, he . . .
> may, after giving notice to the parties and providing
> them an opportunity to respond in writing within 15
> calendar days, issue . . . findings and conclusions
> without holding a hearing . . . .

29 C.F.R. §1614.109(e)(3).   The language of this section is

patterned after Rule 56 of the Federal Rules of Civil Procedure.

Therefore, in determining whether a complainant's request for an

administrative hearing should be granted, case law interpreting

Rule 56 is followed.

    Rule 56(c) of the Federal Rules of Civil Procedure provides

for entry of summary judgment if the pleadings, together with the

affidavits, if any, show that there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a

matter of law.   See Beard v. Whitley County REMC, 840 F.2d 405,

409-410 (7th Cir. 1988).   Thus, under this standard, the mere

existence of some alleged factual dispute will not, in and of

itself, defeat an otherwise properly supported motion for summary

judgment.   See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-

4

248 (1976). The requirement is that there be no genuine issue of material fact. See id at 248. As to materiality,

> [o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment . . . . [W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs.

Id at 248.

A material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In response to a motion for summary judgment, the fact-finder's function is not to weigh the evidence and render a determination as to the truth of the matter, but only to determine whether a genuine factual dispute exists. See id. at 249. I have considered all the evidentiary documents and affidavits in the investigative file, including supplemental documents and find that there is no genuine dispute as to the material facts at issue.

## V. FINDINGS OF FACT AND LEGAL ANALYSIS

In order for the Complainant to prevail in a race, color, religion, sex, age, or reprisal based complaint, the Complainant must be an "aggrieved employee." See e.g. Diaz v. Air Force, EEOC Appeal No. 05931049 (April 21, 1994); Studer v. USPS, EEOC Appeal No. 01954734 (June 13, 1996); Earley v. GSA, EEOC Appeal No. 01953947 (May 7, 1996); Bandong v. VA, EEOC Appeal No. 01941997

5

(May 13, 1994); <u>Staten v. USPS</u>, EEOC Appeal No. 01872557 (September 11, 1987). An aggrieved employee is an employee who suffers a present harm or loss with respect to a term, condition, or privilege of employment for which there is a remedy. See <u>Diaz</u>, EEOC Appeal No. 05931049 (citing <u>Trafficante v. Metropolitan Life Ins. Co.</u>, 409 U.S. 205 (1972)). To state a claim under the Commission's regulations, an employee must allege and show an injury in fact. See <u>id.</u> (citing <u>Hackett v. McGuire Bros.</u>, 445 F.2d 447 (3d Cir. 1971)). Specifically, an employee must allege and show a "direct, personal deprivation at the hands of the employer," that is, a present and unresolved harm or loss affecting a term, condition or privilege of employment. See <u>id.</u> (citing <u>Taylor v. USPS</u>, EEOC Appeal No. 05900367 (June 2, 1990); <u>Hammonds v. USPS</u>, EEOC Appeal No. 05900863 (October 31, 1990)). In other words, an aggrieved employee has suffered an adverse action at the hands of the employer. See <u>Wisnovsky v. Justice</u>, EEOC Appeal No. 01932459 (Feb. 1, 1994).

If the Complainant is an aggrieved employee, the evidence of record must initially establish at least a prima facie case of discrimination. See <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802(1973); <u>Texas Dep't of Community Affairs v. Burdine</u>, 450 U.S. 248, 253-56 (1981).

The Complainant may establish a <u>prima facie</u> case of disparate treatment based on race, color, religion, sex or age by proving by

6

a preponderance of the evidence that:

    1.   he is a member of a protected class; and

    2.   he was treated differently than similarly situated

    individuals outside of his protected class.

See e.g., Ramsey v. American Air Filter Co., 772 F.2d 1303, 1307

(7th Cir. 1985); Potter v. Goodwill Indus. of Cleveland, 518 F.2d

864, 865 (6th Cir. 1975); Scorcia v. USPS, EEOC Appeal No. 03980074

(Feb. 22, 1999); Freeman v. Labor, EEOC Appeal No. 01921738 (Oct.

26, 1992); Owens v. Army, EEOC Appeal No. 01911871 (Sept. 23,

1991).    In order for comparative employees to be considered

similarly situated, all relevant aspects of the Complainant's

employment situation must be nearly identical to those of the

comparative employees.    See O'Neal v. USPS, EEOC Appeal No.

05910490 (July 23, 1991).

    To establish a prima facie case of reprisal discrimination,

the Complainant must show that:

    1) he engaged in a protected activity;

    2) the responsible Agency official knew of that activity;

    3) he was subjected to adverse treatment by the Agency.

    4) the adverse treatment followed the protected activity

    close enough in time and in such a manner so that there

    can be an inference of a nexus between the protected

    activity and the motivation for the action.

See e.g., Payne v. New York Power Authority, 997 F. Supp. 492, 500

(S.D. N.Y. 1998); <u>Brown v. ASD Computing Center</u>, 519 F. Supp. 1096,

1114-15  (S.D. Ohio 1981); <u>Cummings v. Air Force</u>, EEOC Appeal No.

01972343 (Dec. 15, 1998); <u>Kelly v. VA</u>, EEOC Appeal No. 01956660

(Jan. 23, 1998); <u>Jackson v. USPS</u>, EEOC Appeal No. 01945098 (May 29,

1996); <u>Wienecke v. HHS, SSA</u>, EEOC Appeal No. 01941659 (May 2,

1995); <u>Wilson v. Treasury, IRS</u>, EEOC Appeal No. 01934411 (May 25,

1994).

If a <u>prima facie</u> case is established, the burden shifts to the

Agency to articulate a legitimate, nondiscriminatory reason for the

challenged action.  <u>See</u> <u>Burdine</u>, 450 U.S. at 253-4; <u>McDonnell</u>

<u>Douglas</u>, 411 U.S. at 802.  The Complainant may then show that the

reason articulated by the Agency is a mere pretext for

discrimination.  <u>See</u> <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S.

502, 507-08 (1993); <u>Burdine</u>, 450 U.S. at 256; <u>McDonnell Douglas</u>,

411 U.S. at 804.  The ultimate burden of persuading the trier of

fact that the Agency discriminated against the Complainant remains

at all times with the Complainant.  <u>See</u> <u>St. Mary's Honor Center</u>,

509 U.S. at 507.

<u>A. Is Complainant an Aggrieved Employee?</u>

It is undisputed that the Complainant received a package with

an unissued LOW from the Agency's Labor Relations office.  Once it

was discovered and the Complainant brought it to the Agency's

attention, through his phone call to Labor Relations Specialist

Lowe, and letter to MDO Dillon, there is no dispute that the LOW

8

was removed from the Complainant's file, destroyed, and that all record of its existence was destroyed. Moreover, there is no dispute that no further action came as a result of this unissued LOW.

"While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action. Otherwise, minor and even trivial employment actions that 'an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.'" Smart v. Ball State Univ., 89 F.3d 437, 441 (7th Cir. 1996) (quoting Williams v. Bristol-Myers Squibb Co., 85 F.3d 270, 274 (7th Cir. 1996)); see also Drake v. Minnesota Mining & Mfg. Co., 134 F.3d 878, 885 (7th Cir. 1998). An adverse employment action "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Cebuhar v. Department of Alcoholism and Substance Abuse, 1997 WL 222871, *7 (N.D. Ill. 1997).

In Diaz, the Commission held that "where a complainant challenges a proposed action or a preliminary step to taking a personnel action that does not create a direct and personal harm, s/he is not aggrieved and therefore fails to state a claim within the meaning of the Commission's regulations." EEOC Appeal No. 05931049 (citing Charles v. Treasury, EEOC Appeal No. 05910190 (Feb. 25, 1991); Lewis v. Interior, EECC Appeal No. 05900095 (Feb. 6, 1990)).

9

In this case, the LOW was never issued, and was never more than a "preliminary step to taking a personnel action." Once the Agency was informed to its existence by the Complainant, it was destroyed and no record of it exists. The Complainant has not alleged that he suffered any adverse action as a result of its mere existence. He has not suffered a present and unresolved harm or loss affecting a term, condition or privilege of employment. The Complainant is therefore not an aggrieved employee.

## B. Prima Facie Case: Race, Color, Religion, Sex and Age

Assuming arguendo that the Complainant was an aggrieved employee, he has not established that he was discriminated against, as he has not established a prima facie case of discrimination on the basis of race, color, religion, sex and/or age. He has met prong one; he is in a protected class because he is white, Quaker, male, and over 40. He has not met prong two, however, as he has presented no evidence of other similarly situated individuals who were treated differently. The Complainant lists two persons, Robert Brace and Josephine DeJesus. He has presented no evidence however, that either individual was involved in circumstances similar to those of the instant case; i.e. that an unissued LOW was even drafted for either of them. Therefore, he has not met his burden of proving a prima facie case of discrimination on the basis of race, color, religion, sex, and age.

C. Prima Facie Case: Retaliation

The Complainant has also not established a prima facie case on the basis of retaliation.

The Complainant has met the first prong, as he engaged in prior EEO activity when he contacted an EEO counselor on September 8, 1993[3], and when he filed an EEO complaint on June 6, 1997.[4] The activity which the Complainant directly refers to as being the basis of the alleged retaliation is the EEO complaint filed on June 6, 1997.

With respect to the second prong, the Complainant lists five responsible management officials: Sergio Fernandez, Bob Dillon, Jack Watson, Toby Lowe, and Joann Feindt. Sergio Fernandez and Joann Feindt appear to have no involvement whatsoever with this incident[5], and thus, I am not treating them as responsible management officials for the purpose of this analysis. There is no evidence that Watson, Dillon, or Lowe had any knowledge of the Complainant's prior EEO activity. There is nothing in the record to indicate that they were the subject of the prior EEO activity. The documentation presented by the Complainant in response to the

---

[3] It appears from the file that the 1993 case was never pursued.

[4] The Complainant sought EEO counseling on that complaint on March 20, 1997.

[5] They may have involvement with other incidents which are the subject of other EEO complaints, however, these other incidents are not before me now.

Notice of Intent to Issue Findings of Fact and Conclusions of Law Without a Hearing lists Sergio Fernandez as the only responsible management official on the June, 1997 complaint. See AJ Exh. 2. The Complainant has not presented any other evidence which would tend to indicate that the responsible management officials in this case have knowledge of the prior EEO activity, either in the Information for Precomplaint Counseling, the formal complaint, his affidavit, or his response to the Notice of Intent to Issue Findings of Fact and Conclusions of Law Without a Hearing. Thus, the Complainant has not met prong two.

As discussed above, he has not met prong three, because has not suffered an adverse employment action.

Finally, the Complainant has not met prong four. Even if the incident complained of were an adverse employment action, there is no nexus between the prior EEO activity and the incident. Although the Complainant lists the date of the incident as July 25, 1997, approximately one and one-half months after he filed the complaint in that case. However, the action taken by the agency, the drafting of the LOW, occurred in February--prior to even the March, 1997 contact with an EEO counselor. Thus, the steps taken by the Agency in this incident occurred even before the Complainant engaged in the EEO activity he cites as the cause of the alleged retaliation. The only other prior EEO activity occurred in 1993; too remote in time to infer a retaliatory motivation. See See

12

Sundling v. USPS, EEOC Appeal No. 01934570 (Nov. 29, 1993); Jackson v. USPS, EEOC Appeal No. 01945098 (May 29, 1996). Furthermore, the Complainant has not presented any other evidence which would permit an inference of retaliatory motivation.

Because the Complainant did not meet prongs two, three, and four of the prima facie case, he has not established discrimination on the basis of retaliation.

## VI. CONCLUSION

Based on the forgoing, I find the Complainant failed to show by a preponderance of the evidence that he was discriminated against on the basis of race, color, religion, sex, age, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-16, and Section 15(a) of the Age Discrimination in Employment Act of 1967, when he was given a package from Labor Relations with a copy of a LOW which he had never received.

### NOTICE TO THE PARTIES

Pursuant to 29 C.F.R. Section 1614.109(g) of the Equal Employment Opportunity Commission's regulations, the Administrative Judge's findings and conclusions shall become a final decision binding on the Agency 60 calendar days after the receipt of the complete complaint file and the findings and conclusions unless within that time period the Agency itself issues a final decision adopting, rejecting, or modifying the Administrative Judge's

13

findings and conclusions.  If the Agency does not issue a final agency decision within the time period prescribed above, the Agency shall notify the Complainant that pursuant to Section 1614.109 of the Equal Employment Opportunity Commission's regulations, the Administrative Judge's findings and conclusions is the Agency's final decision.  The Agency shall notify the Complainant in writing of her right to appeal to the Commission and the time limits applicable to such an appeal and of her right to file a civil action as described in Section 1614.110 and 1614.408.

IC-1-99
Date

Joy R. Helprin
Administrative Judge

14