UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6193-CIV-LENARD/TRUNOFF

THOMAS BUTLER,

                    Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

                    Defendant.
_____/

PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, THOMAS BUTLER, through undersigned counsel, hereby submits the following

Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment.

1.    **Introduction**

Plaintiff herein submits this memorandum in opposition to Defendant's motion for

summary judgment.

2.    **Factual Statement**

a.    **The Complaint**

The complaint alleges that plaintiff was initially employed as a Mail Handler in 1987 and

was promoted to Supervisor, Distribution of Operations in 1994.  Plaintiff is an  American

Caucasian and had previously filed EEO complaints internally which is protected activity under the

Act in 1997.  Plaintiff was subjected to a continuous pattern of conduct of retaliation which

substantially altered the terms, conditions and privileges of his employment including adverse

1

employment actions and a hostile work environment by reason of race, national origin and retaliation.

The complaint alleges that he was subjected to disparate treatment as follows:

a.    defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work.  As a direct consequence of defendant not allowing plaintiff to return to work, he is not eligible for the Economic Value Added Credit and had to take out loan to pay his bills;

b.    despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and an unwarranted and untimely letter of warning was placed in plaintiff's personnel file;

c.    defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work;

d.    Closely scrutinizing plaintiff work performance and conduct;

e.     harassment;

f.    humiliated and berated in front of coworkers;

g.    numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

h.    deliberately scheduling meeting during plaintiff's lunch hour;

i.    plaintiff's schedule was changed;

j.    plaintiff was denied the right to interview for the position of Environmental Compliance Coordinator;

2

k.      plaintiff was denied light duty work that was available;

l.      plaintiff received biased and unfounded warning;

m.      plaintiff was even asked to leave the building;

n.      other discriminatory conduct.

Defendant has attempted to argue that each act is separate and distinct. However, that position misconstrues plaintiff position that each act cannot be isolated but forms a continuous on going pattern of retaliatory conduct against plaintiff.

**b.      Plaintiff's Affidavit**

Plaintiff states that since filing his initial EEO in March, 1997, the Postal Service has waged a retaliatory campaign against him which has caused a hostile work environment and led to his termination, although he has been subsequently reinstated.

The Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. This was the as a direct consequence of his first EEO filed in March, 1997, EEOC Charge No. 1H 333 0018-97. In addition, subsequently, it caused plaintiff not to be eligible for the Economic Value Added Credit

Another example of the harassment, was when plaintiff attempted to review his personnel file, he was denied, despite repeated attempts to review his personnel file for five months. EEOC Charge No. 1H 333 0011-98. The postal service was closely scrutinizing plaintiff's work performance and conduct. For example, his work performance was criticized by Mr. Fernandez in the presence of his subordinate employees in an effort to embarrass and humiliate him This happened on several occasions and he never saw Mr. Fernandez behave in such a manor with other supervisors that he managed. EEOC Charge No. 1H 333 0018-97

Also, numerous inflammatory comments were made by management to plaintiff such

3

as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, even an insensitive remark was made concerning the death of his brother ; and I'll see you that you will never work as a supervisor again. This is your training week, wait until next week. I will write you up, then see if you can plan. These comments were made by Rosie Carlies, Manager of Distribution and Operations and Sergio Fernandez, Manager of Distribution and Operations.EEOC Charge No. 1H 333 0018-97, EEOC Charge No. 1H 333 0011-98, EEOC Charge No. 1H 333 0047-99, EEOC Charge No. 1H 333 0012-00.

It should be noted that plaintiff believes that he did file a formal complaint of discrimination on EEOC Charge No. 1H 333 0047-99. (Plaintiff's affidavit Exhibit "D")

Another example of the harassment was Mr. Fernandez deliberately scheduling a meetings during plaintiff's lunch hour. .EEOC Charge No. 1H 333 0018-97 His schedule was constantly changed ( five or more times)   to make it impossible for him to learn the operation which impeded his performance as a supervisor. EEOC Charge No. 1H 333 0018-97   Plaintiff was kicked out of a staff meeting without cause by Rosie Carlies. EEOC Charge No. 1H 333 0047-99 and EEOC Charge No. 1H 333 0012-00. In fact, he  was forced to work OCR, DBCS, BCS, SWYB, platform, manual flats, manual letters, and FSM.  Plaintiff is unaware of any other supervisor who had to work in so many different operations during a short period of time as another form of harassment.

Plaintiff  was denied light duty work (Supervisor Tour II )that was available in May, 1997 but  was filled by a temporary supervisor, Ray Otero in retaliation for his  prior EEO activity in March, 1997.

Plaintiff  received a biased and unfounded letter of warning having to many workers in the operation when a short time later Ms. Ettienne had almost twice the allotted number but she was not given a warning letter.   EEOC Charge No. 1H 333 0047-99 and EEOC Charge No. 1H 333

4

0012-00.

Ms. Carlies ordered plainiff to leave the building without just cause in front of co-workers and subordinate employees which was extraordinarily embarrassing. EEOC Charge No. 1H 333 0012-00.

## ARGUMENT

### POINT I

**DEFENDANT HAS THE BURDEN OF SHOWING THAT**

**THERE ARE NO GENUINE MATERIAL ISSUES OF FACT**

In connection with a motion for summary judgment, the Court's function is to determine whether a material factual issue exists, not to resolve any existing factual issues. United States v. Diebold Inc., 369 U.S. 654 (1962). A court may grant summary judgment under Fed.R.Civ.P. 56(c) only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Where, as here, the non-movant bears the ultimate burden to prove at trial that the defendant discriminated against plaintiff, he may defeat the summary judgment motion by procuring sufficient specific facts to establish that there is a genuine issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Also, the party moving for summary judgment has the burden of showing the absence of genuine issue of material fact. Weinberger v. Hynson, 412 U.S. 609 (1973). In addition, in ruling on a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the party defending against the motion. Welch v. Celotex Corp, 951 F2d 1235, 1237 (11 Cir. 1992) Hoffman v. Allied Corp, 912 F2d 1379 (11th Cir. 1990), Eastway Construction Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985), cert. denied.

5

In assessing whether the movant has met this burden, the district court must review the evidence and all factual inferences drawn therefrom, in the light most favorable to the non-moving party. Welch v. Celotex Corp, 951 F2d 1235, 1237 (11 Cir. 1992); Rollins v. TechSouth, Inc., 951 F2d 1525, 1528 (11th Cir. 1987). If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that there exists genuine issues of material facts. Matushita Electric Industrial Co. v. Zenith Radio Corp. 475 U.S. 574, 586-87, 106 S.Ct. 1328, 1355-56, 89 L.Ed. 2d 538 (1086);  Clark v. Coats & Clark, Inc. 929 F2d 604, 608 (11th Cir. 1991).

Applicable substantive law will identify those facts that are material. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record. Matushita, 475 U.S. at 586-87, 106 S. Ct., at 1355-56. It is not part of the court's function, when deciding a motion for summary judgement to decide issues of material fact, but determine whether such issues exist to be tried. Anderson, 477 U.S. at 249, 106 S.Ct. at 2135. The court must avoid weighing conflicting evidence or making credibility determinations. Id, at 255, 106 S.Ct. at 2513- Instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor". Where a reasonable fact finder may "draw more than one inference from the facts, and the inference creates a general issue of material fact, then the court should refuse to grant summary judgment." Barfield v. Briertonm, 883 F2d 923, 933-34 (11th Cir.1989) (citation omitted).

The Court have recognized that in discrimination cases, an employer's true motivations are particularly difficult to ascertain, see United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 1482, 75 L.Ed.2d 403 (1983) (acknowledging that

6

discrimination cases present difficult issues for the trier of fact, as "there will seldom be `eye witness' testimony as to the employer's mental processes"), thereby making such factual determinations generally unsuitable for disposition at the summary judgment stage. Lowe v. City of Monrovia 775 F.2d 998, 1009 (9th Cir.1985). For summary judgment purposes one must show that the reasons articulated to terminate Captain Duncan is in dispute. As the Supreme Court recently stated that one only must show the legitimate reasons are not the true reasons for his termination. Put simply that in this case that the actions taken against plaintiff are in dispute. Reeves v. Sanderson Plumbing. 2000 WL 743663 (U.S. S. Ct. June 12, 2000).

## POINT II

### THE MERIT SYSTEM PROTECTION BOARD SETTLED

### ONLY THE ISSUE OF ENFORCED LEAVE AND COULD NOT

### HAVE SETTLED EEOC CHARGE NO. 1-H-333-0018-97

The issue before the Merit System Protection Board dealt with the issue pertaining to the enforced leave. Plaintiff had alleged that due to his prior EEO activity in March, 1997, the defendant refused to reinstate plaintiff despite being cleared by both his own doctor and defendant's own doctor to return to work. As a result, plaintiff in May, 1997, two months after his EEO filing filed an appeal to the Merit System Protection Board in connection with the refusal to reinstate plaintiff. However, the EEO complaint filed in March, 1997(EEOC Charge No. 1-H-333-0018-97), was prior to the defendant refusing to reinstate plaintiff and the harassment set forth in that charge and was not the subject of the Merit System Protection Board hearing. Thus, the matter could was not settled before the Merit System Protection Board.

7

## POINT III

### CHARGE NOS.1-H-333-0012-00 AND 1-H-333-0047-99 ARE CLOSELY RELATED AND GROW OUT OF THE ALLEGATIONS CONTAINED IN THE OTHER CHARGES OF DISCRIMINATION

Defendant asserts that charge no. 0012 is premature since it was filed on March 8, 2000. Defendant asserts that because the events described occurred subsequent to the filing of Plaintiff's initial Charge with the EEOC, and because six months had not elapsed at the time of filing suit, there is no jurisdiction to hear that claim and thus it should be dismissed (without prejudice) since there is no subject matter jurisdiction to hear the claim  To dismiss the claim as premature would be a waste of judicial resources since it could be re-filed since that claim now would be timely.  Moreover, the Courts have held that when related conduct has occurred, the Courts have  jurisdiction to hear subsequent related conduct.

In Ermel I. Coon v. Georgia Pacific Corporation, et al.829 F.2d 1563, 1570 (11th Cir. 1997), the Eleventh Circuit cited Theodore Kirkland v. Buffalo Board of Education, which held:

> "...the jurisdictional requirements of Title VII were not intended to be construed so narrowly... The issuance of a right to sue letter...does permit a court to consider claims of discrimination reasonably related to the allegations in the complaint filed with the EEOC, including new acts occurring during the pendency of the charge before the EEOC."

> 622 F.2d 1066, 1068 (2nd Cir. 1980).

The events which occurred subsequently are closely related and as such the Eleventh

Circuit has held that the allegations in Plaintiff's Amended Complaint:

> "may encompass any discrimination like or related to the allegations
> contained in the charge and growing out of such allegation during
> the pendency of the case before the Commission." Ermel I. Coon
> v. Georgia Pacific Corporation, et al.829 F.2d 1563, 1569 (11th Cir.
> 1997).

The EEOC charge filed in February, 1998 is closely related. For example, the harassment that plaintiff was subjected too was continuing in nature. The complaint alleges that plaintiff was subjected to different terms, conditions and privileges of employment including harassment and abusive conduct toward him. The complaint reflects the exact same basis retaliation claiming the exact same disparate treatment to wit the harassment which has been outlined with specificity above. Because all of the allegations contained in Plaintiff's Complaint are reasonably related to the formal complaints which were filed by plaintiff, the summary judgment should be denied as to the two charges above. To hold otherwise would require plaintiff to file a separate EEOC charge for each and every time a comment is made, a detrimental schedule change is made and meeting appears to be scheduled to conflict with his lunch hour.

In addition, plaintiff believes that he did file a formal charge of discrimination as it pertains to Charge No.:1-H-333-0047-99 (See plaintiff's affidavit Exhibit "D") Even if he did not file a charge of discrimination, this charge two grows directly out of the EEOC charges that were still pending. (EEOC Charge Nos. 18-97, 36-97 and 11-98))

9

## POINT IV

### ISSUES OF FACT REMAIN CONCERNING

### CHARGE NOS.0011-98 AND 0036-97

As a direct consequence of defendant not allowing plaintiff to return to work, he was subsequently not eligible for the Economic Value Added Credit because his contributions fell short. In other words, plaintiff does not contest the fact that he was ineligible for the Economic Value Added Credit but the reason why plaintiff was ineligible was due to a lack of contributions which was caused by defendant failing to return plaintiff to work for several months despite the fact that he had been cleared by his doctors and the defendant's own medical unit. Put simply, there is an issue of fact as to whether plaintiff's EEO complaint which was pending at this time was a but for factor in defendant refusing to return plaintiff to work which in turn caused him to lose a significant bonus.

In addition, the following conduct has occurred in 1999 to date and clearly is related to the continuos pattern of retaliation such as humiliated and berated in front of coworkers; numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother; plaintiff's schedule was changed; plaintiff received biased and unfounded warning and plaintiff was even asked to leave the building;

Despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and unwarranted and untimely letter of warning was placed in plaintiff's personnel file. This again follows the pattern of harassment (which now has resulted in plaintiff's termination) which was on going and continuing since it would have been a

10

permanent part of his record and reflects the retaliatory intent of the Postal Service against plaintiff.

Defendant place a great deal of weight on the fact that a summary judgment was granted, however, plaintiff was pro se during his administrative EEO procedure. Plaintiff did not have the acumen to defend against a summary judgment and thus was at a great disadvantage. It is undisputed that judicial proceeding are de novo and are not foreclosed by an adverse determination by the EEOC. <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36 . 39 (1974) , especially when the plaintiff is <u>pro se</u>.

CONCLUSION

Plaintiff respectfully submits that the summary judgment be denied in its entirety.


Dated:  Fort Lauderdale, Florida
        February 22, 2002

                                        Respectfully submitted,



                                        _____
                                        STEWART LEE KARLIN, ESQ.
                                        Attorney for Plaintiff
                                        315 Southeast Seventh Street, 2nd Floor
                                        Fort Lauderdale, Florida 33301
                                        (954) 462-1201
                                        Fla. Bar No.:  961159

11

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing  by hand to: CHARLES S.

WHITE, Assistant U.S. Attorney , 99 N.E. 4th Street, Miami, FL 33131 on this 22nd  day of

February, 2002.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
315 SE 7th Street, 2nd Floor
Fort Lauderdale, Florida 33301
(954) 462-1201