UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6193-CIV-Lenard

THOMAS BUTLER,

      Plaintiff,

v.

WILLIAM J. HENDERSON,
POSTMASTER GENERAL,

      Defendant.

_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendant, by and through the undersigned counsel, to provide this Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, as follows:

### INTRODUCTION

Defendant Postmaster General filed a motion to dismiss, or in the alternative, motion for summary judgement with respect to the above-captioned action. Defendant argued that Plaintiff had failed to exhaust his mandatory administrative remedies before proceeding to federal district court, and that those claims were not properly before the Court and must dismissed. Defendant further argued that there were only two claims set forth in the lawsuit which were arguably exhausted, and those two claims were so lacking in merit that they had been summarily dismissed by the EEOC in the administrative process without a hearing for failure to state an actionable employment discrimination claim.

1



In his Opposition memorandum (hereinafter "Opposition Memo"), Plaintiff failed to show that he had exhausted any of his claims in the administrative process, and argued instead that he had no obligation to exhaust, and if he did, that he should be excused from excused from this requirement.    Plaintiff's arguments have no legal merit, and for this reason, Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment should be granted forthwith in its entirety.

**1.    In his Response, Plaintiff failed to rebut Defendant's demonstration that he had failed to exhaust his mandatory administrative remedies prior to proceeding to federal district court.**

Defendant explained in his motion to dismiss Plaintiff was legally required to exhaust his administrative remedies before filing suit in federal court (Defendant's Motion, p. 2).  Defendant further explained that it was the intent of Congress that the administrative process was to be used for adjudication of such claims, and that the administrative process was not to be by-passed in favor of the federal courts (Defendant's Motion, p. 2).  In his Response, Plaintiff totally failed to show that he had met his mandatory obligation to exhaust his claims administratively before filing his lawsuit.   Not only did he fail to demonstrate exhaustion, but he admitted in an earlier submission to the Court, dated February 21, 2001, that many of the claims contained in the above-captioned civil action were voluntarily resolved in the administrative process and were therefore never exhausted (Exhibit 1, Plaintiff's Feb 22, 2001 Submission, p. 4, Footnote 1).

**(a)** **Plaintiff conceded in his Response that the claims contained within administrative EEO complaint no. 1-H-333-0018-97 had not been exhausted because that matter had been settled in another administrative proceeding.**

In his civil action, Plaintiff referred to EEO complaint 1-H-333-0018-97 repeatedly (Complaint, ¶ 2). In his Motion to Dismiss, Defendant explained that the claims contained in that complaint were not properly before the Court in this action because Plaintiff had voluntarily settled that complaint in conjunction with a Merit Systems Protection Board settlement agreement, and Plaintiff had therefore not exhausted his administrative remedies with respect to those claims (Defendant's Motion, pp. 3-4). In his Response, Plaintiff conceded that Defendant's assertions were correct. In his Response, Plaintiff states:

> Plaintiff withdraws charge number 1-H-333-0018-97 since apparently a related proceedings [sic] before the Merit System Protection Board [sic] was settled (Exhibit 1, p. 4, footnote 1).

After specifically admitting in his February 21, 2001 submission to the Court that the claims contained in Complaint no. 1-H-333-0018-97 had been withdrawn in the administrative process and were not properly before the Court, Plaintiff filed an affidavit in support of the instant memorandum of law and attached a copy of Complaint no. 1-H-333-0018-97 to that affidavit, which describes the claims set forth in the withdrawn complaint as follows:

1. That Plaintiff was forced to "have lunch during a meeting that was scheduled at my lunch time."

2. That Plaintiff was "threatened".

3. That the Employer "changed my hours worked."

3

4. That the Employer has "humiliated and embarrassed me in front of my employees and peers."

5. That, on 7-25-97, Plaintiff discovered a letter of warning that had never been issued to him, and that this letter of warning was "designed to be retaliatory and discriminatory to my prior EEO of 3-7-97."

6. That on 11-4-97 [the Employer] "notified me of exclusion from EVA bonus stating lack of contribution."

7. That Plaintiff "subsequently had to go home having a relapse of my prior condition."

8. That the Employer made Plaintiff wait five months "to get a chance to see my official personnel file."

9. That Plaintiff was harassed by his supervisor about his job performance and placed on enforced leave.

These are the specific allegations of discrimination that Plaintiff set forth in his EEO affidavit concerning complaint no. 1-H-333-0018-97 (Plaintiff's Affidavit, Exhibit A, unnumbered pp. 6-7). Since Plaintiff admitted in his February 21, 2001 submission that he withdrew this complaint and did not exhaust his administrative remedies, none of the above enumerated claims are properly before the Court. Many, if not all of these claims are specifically set forth in the civil action (see Complaint, ¶ 7) and should therefore be dismissed.

In his instant Opposition Memo, Plaintiff seems to forget his previous admission concerning his withdrawal of complaint no. 1-H-333-0018-97, and appears to attempt to recant the admission by making a strange argument that he could not possible have included this complaint in the MSPB settlement because the EEO complaint pre-dated the MSPB appeal. This bizarre argument does nothing to support Plaintiff's position, but shows instead that since the EEO

4

complaint pre-dated the MSPB appeal it would logically have been considered in any global settlement negotiations concerning the subsequent MSPB appeal. Notwithstanding the illogical premise of the argument, the Court should not entertain any effort by Plaintiff to recant his admission of February 21, 2001 that he had withdrawn complaint no. 1-H-333-0018-97, and the claims therein, as set forth above.

**(b)   In his Response, Plaintiff failed to provide any justification for his failure to file a formal administrative complaint of discrimination with respect to the allegations contained in informal EEO complaint no. 1-H-333-0047-99.**

In his Motion to Dismiss, Defendant explained that Plaintiff had raised allegations of discrimination by initiating EEO complaint no. 1-H-333-0047-99, but had abandoned those claims in the informal stage of the EEO process and had never filed a formal EEO complaint (Defendant's Motion, p. 4). In his Response, Plaintiff provided no explanation whatsoever for his abandonment of those claims, other than his statement that "I *believe* I did file a formal complaint of discrimination (Plaintiff's affidavit ¶ 6). In his Opposition Memo, Plaintiff states, "even if he did not file a charge of discrimination [Plaintiff contended it was excusable]. As explained in Defendant"s Motion, and supported by declaration from the appropriate custodian of records, Plaintiff did properly pursue a formal complaint, and he cannot show that he did. Plaintiff attaches to his affidavit an undated formal complaint form, but this means absolutely nothing. There is no evidence whatsoever that he ever filed any such form with the appropriate EEO office. The Defendant's demonstration that the claims contained in EEO

5

complaint no. 1-H-333-0047-99 were not exhausted remain have not been effectively rebutted by Plaintiff, and consequently, they should not be entertained by the Court.

> **(c)** **In his Response, Plaintiff provided no reasonable excuse for his failure to exhaust his administrative remedies with respect to EEO complaint no. 1-H-333-0012-00.**

As explained in Defendant's Motion to Dismiss, Plaintiff filed EEO complaint 1-H-333-0012-00 on March 8, 2000 (Defendant's Motion, pp. 4-5). Plaintiff filed suit before the Agency had any opportunity to conduct its investigation as to those claims of discrimination. As explained in Defendant's motion, this is contrary to the governing EEOC regulations and is contrary to the intent of Congress in establishing the federal remedial scheme (Defendant's Motion, pp. 2; 4-5).

Plaintiff argues in his Opposition Memo that the claims should not be dismissed because this would constitute a "waste of judicial resources." (Plaintiff's Opposition Memo, p. 8). This argument has no merit because Plaintiff's abandonment of the administrative process in favor of federal district court denied the Agency the opportunity to investigate and build an administrative record, and also denied the Agency the opportunity to resolve any meritorious claims at the administrative level. Contrary to Plaintiff's argument, his avoidance of the required administrative process does more to waste judicial resources than would his adherence to the Congressionally mandated remedial process. Since Plaintiff has failed to show in his Response that he exhausted his administrative remedies with respect to the claims contained in complaint 1-H-

6

333-0012-00, none of those claims are properly before this Court, and they all must be dismissed.

> **(d)** **In his Response, Plaintiff makes it clear that he does not understand his legal obligation to exhaust his claims of unlawful discrimination within the administrative EEO process before proceeding to federal district court, and in fact denies having such a legal obligation.**

In his Response, Plaintiff argues that he be excused from any obligation to exhaust his claims administratively because:

> To hold otherwise would require Plaintiff to file a separate EEOC charge for each and every time a comment is made, a detrimental schedule change is made and a meeting appears to be scheduled to conflict with his lunch hour (Plaintiff's Opposition Memo, pp. 8-9).

Plaintiff obviously does not understand that this is precisely what the law requires of a complainant. The examples set forth by Plaintiff in his Response - a comment which may or may not rise to the level of an unlawful discriminatory act; a detrimental schedule change; and the scheduling of a meeting which conflicts with a supervisor's lunch hour are separate, dissimilar, and discrete acts of the Employer. As explained in Defendant's motion, the law requires that Plaintiff raise each alleged claim of unlawful discrimination in the administrative process. There is no prohibition against raising more than one separate issue in single complaint, but each must be raised and pursued in accordance with the remedial scheme set forth in Title VII and the EEOC regulations. As shown by Plaintiff's statement set forth above, he denies that he has any such obligation. Plaintiff is incorrect in his assessment, and all of his claims which are not properly exhausted must be dismissed.

7

**2.    In his Response, Plaintiff failed to address or rebut Defendant's argument that his two arguably exhausted claims failed to rise to the level of unlawful employment discrimination as a matter of law.**

In his Motion to Dismiss, Defendant explained that Plaintiff had two allegations of discrimination which were arguably exhausted, but that those two allegations were so lacking in merit that they did not rise to the threshold level of a prima facie case of unlawful employment discrimination (Defendant's Motion, pp. 8-10). Two different EEOC administrative judges had carefully reviewed these allegations, and had dismissed those claims in their entirety for that reason. Defendant argued Plaintiff must come forth with some basis for those claims of discrimination, or deference should granted to the decisions of the EEOC administrative judges and those claims must be dismissed in this action (Defendant's Motion, pp. 8-10). In his Response, Plaintiff did not address Defendant's arguments and did not come forward with any evidence to indicate that he could meet the threshold requirement of establishing the essential elements of a prima facie case as to either of those claims. In light of this, those claims should also be dismissed.

**3.    The Civil Rights Act was never intended to redress the type of claims set forth by Plaintiff in this action.**

In his Complaint, Plaintiff specifically describes many of the perceived work place slights for which he seeks redress in federal district court. In his Response, Plaintiff again identifies the alleged actions of the employer that form the basis of his lawsuit. He identifies the following actions, for which he seeks relief:

8

[Defendant] closely scrutinizing plaintiff work performance and conduct; Numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

[Defendant] deliberately scheduling meeting during plaintiff's lunch hour;

Plaintiff received biased and unfounded warning....

(Opposition Memo p. 2).

Title VII was never intended to prevent an employer from "closely scrutinizing" an employee's work performance and conduct. Nor was the Act intended to prevent an employer from scheduling a meeting during a supervisor's lunch hour. The Civil Rights Act certainly was not intended to prevent an employer from commenting on an employee's "nonchalant attitude" (Opposition Memo, p. 2).

The law is clear. Title VII is not a federal "civility code." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75 (1998). The Supreme Court has explicitly declared that unless isolated work place incidents are "extremely serious," that they will not rise to the level of a Title VII violation. The Court stated as follows:

Simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment. *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 67 (1986).

The Eleventh Circuit has also recognized that not all work place conduct that may be described as "harassment" rises to the level of actionable discrimination. That Court has clearly indicated that the type of allegations raised

9

by Plaintiff in this action do not reach the "baseline" of actionable conduct under Title VII. *Mendoza v. Borden, Inc.*, 195, F.3d 1238 (11th Cir. 1999).

In this action, Plaintiff is obviously requesting the Court to grant redress for the conduct described above, which is not actionable under Title VII. For this reason, those claims must be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests his Motion to Dismiss or in the alternative, Motion for Summary Judgment be granted in its entirety.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:

CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar #394981
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
Off: (305) 961-9286
Fax: (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on February 27, 2002 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, The Advocate Building-Second Floor, 315 S.E. 7th Street, Fort Lauderdale, Florida 33301.

By

CHARLES S. WHITE
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6193-CIV-LENARD/TRUNOFF



NIGHT BOX
FILED

2001

CLARENCE MADDOX
CLERK, U.S. DIST. CT. / FLA

THOMAS BUTLER,

        Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

        Defendant.
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
## <u>TO DEFENDANT'S MOTION TO DISMISS</u>

    Plaintiff, THOMAS BUTLER, through undersigned counsel, hereby submits the following Memorandum of Law in Opposition to Defendants' Motion To Dismiss.

### 1.   <u>Introduction</u>

    Plaintiff herein submits this memorandum in opposition to Defendant's motion to dismiss.

### 2.   <u>Factual Statement</u>

    The complaint alleges that plaintiff was initially employed as a Mail Handler in 1987 and was promoted to Supervisor, Distribution of Operations in 1994. Plaintiff is an American Caucasian and had previously filed EEO complaints internally which is protected activity under the Act in 1997. Plaintiff was subjected to a continuous pattern of conduct of retaliation which substantially altered the terms, conditions and privileges including

1

**EXHIBIT 1**

adverse employment actions and a hostile work environment by reason of race, national origin and retaliation.

The complaint alleges that he was subjected to disparate treatment as follows:

a.    defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. As a direct consequence of defendant not allowing plaintiff to return to work, he as not eligible for the Economic Value Added Credit and had to take out loan to pay his bills;

b.    despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and an unwarranted and untimely letter of warning was placed in plaintiff's personnel file;

c.    defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work;

d.    Closely scrutinizing plaintiff work performance and conduct;

e.    harassment;

f.    humiliated and berated in front of coworkers;

g.    numerous inflammatory comments were made by management to plaintiff such as but not limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother;

2

h.    deliberately scheduling meeting during plaintiff's lunch hour;

i.    plaintiff's schedule was changed;

j.    plaintiff was denied the right to interview to the position of Environmental
Compliance Coordinator;

k.    plaintiff was denied light duty work that was available;

l.    plaintiff received biased and unfounded warning;

m.    plaintiff was even asked to leave the building;

n.    other discriminatory conduct.

Defendant has attempted to argue that each act is separate and distinct. However, that position misconstrues plaintiff position that each act cannot be isolated but forms a continuous on going pattern of retaliatory conduct against plaintiff.

## ARGUMENT

### POINT I

### APPLICABLE STANDARDS
### UNDER A MOTION TO DISMISS

It is well established that a motion to dismiss should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim. Cook & Nichole, Inc v. Plimsoll, 451 F.2d 505, 506 (5th Cir. 1971). In evaluating the sufficiency of a complaint for purposes of a motion to dismiss, the allegations of the complaint must be accepted as true and viewed in a light most favorable to plaintiff, Hishon v. King & Spalding, 467 U.S. 69 (1984) and Scheuer v. Rhodes, 416 U.S. 232 (1974).

3

1.          **The allegations are closely related and grow**

**out of the allegations contained in the other**

**charges of discrimination.[1]**

A.    **Charge Nos.:        1-H-333-0012-00 and 1-H-333-0047-99**

Defendant asserts that charge no. 0012 is premature since it was filed on March 8,

2000.  Defendant asserts that because the events described occurred subsequent to the

filing of Plaintiff's initial Charge with the EEOC, and because six months had not elapsed

at the time of filing suit, there is no jurisdiction to hear that claim and thus it should be

dismissed (without prejudice) since there is no jurisdiction to hear the claim  To dismiss

the claim as premature would be a waste of judicial resources since it could be re-filed

since that claim is ripe as of September 8, 2000..  Moreover, the Courts have held that

when related conduct has occurred, the Courts have  jurisdiction to hear subsequent

related conduct.

In <u>Ermel I. Coon v. Georgia Pacific Corporation</u>, et al.829 F.2d 1563, 1570 (11th Cir.

1997), the Eleventh Circuit cited <u>Theodore Kirkland v. Buffalo Board of Education</u>, which

held:

> "...the jurisdictional requirements of Title VII were not intended
>
> to be construed so narrowly...  The issuance of a right to sue
>
> letter...does permit a court to consider claims of discrimination

---

[1]Plaintiff withdraws charge number 1-H-333-0018-97 since apparently a related
proceedings before the Merit System Protection Board was settled.

4

> reasonably related to the allegations in the complaint filed with
>
> the EEOC, including new acts occurring during the pendency
>
> of the charge before the EEOC."
>
> 622 F.2d 1066, 1068 (2nd Cir. 1980).

The events which occurred subsequently are closely related and as such the Eleventh Circuit has held that the allegations in Plaintiff's Amended Complaint:

> "may encompass any discrimination like or related to the
>
> allegations contained in the charge and growing out of such
>
> allegation during the pendency of the case before the
>
> Commission." Ermel I. Coon v. Georgia Pacific Corporation,
>
> et al.829 F.2d 1563, 1569 (11th Cir. 1997).

The EEOC charge filed in February, 1998 are closely related. For example, the harassment that plaintiff was subjected too was continuing in nature and has now resulted in plaintiff's

termination which was reduced to a suspension. He is in the process of filing a charge of retaliation concerning his suspension. The complaint alleges that plaintiff was subjected to different terms, conditions and privileges of employment including harassment and abusive conduct toward him. The complaint reflects the exact same basis retaliation claiming the exact same disparate treatment to wit the harassment which has been outlined with specificity above. Because all of the allegations contained in Plaintiff's Complaint are reasonably related to the formal complaints which were filed by plaintiff (Exhibit "A"), the motion to dismiss should be denied as to the two charges above. To hold

5

otherwise would require plaintiff to file a separate EEOC charge for each and every time a comment is made, a detrimental schedule change is made and meeting appears to be scheduled to conflict with his lunch hour.

### B.    Charge Nos.:    0011-98 and 0034-97

Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. This is not the same issue which was settled concerning enforced leave but is separate period of time when the plaintiff was out on medical leave, not enforced leave. As a direct consequence of defendant not allowing plaintiff to return to work, he as not eligible for the Economic Value Added Credit and had to take out loan to pay his bills. Plaintiff submits that this was clearly an act of retaliation due to his prior EEO activity and is so closely tied to his failure to get the credit that it was in fact investigated by the EEOC.

Despite repeated attempts by plaintiff to review his personnel file for five months and then when the personnel file was finally produced and unwarranted and untimely letter of warning was placed in plaintiff's personnel file. This again follows the pattern of harassment (which now has resulted in plaintiff's termination which was reduced to a suspension) which was on going and continuing since it would have been a permanent part of his record and reflects the retaliatory intent of the Postal Service against plaintiff.

In addition, the following conduct has occurred in 1999 to date and clearly is related to the continuos pattern of retaliation such as humiliated and berated in front of coworkers; numerous inflammatory comments were made by management to plaintiff such as but not

6

limited to being called stupid, look for a new job, I'm tired of your nonchalant attitude, remarks were made concerning the death of plaintiff's brother; plaintiff's schedule was changed; plaintiff received biased and unfounded warning and plaintiff was even asked to leave the building;

## CONCLUSION

Plaintiff respectfully submits that the motion to dismiss should be denied in its entirety

Dated: Fort Lauderdale, Florida
          February 21, 2001

Respectfully submitted,

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201
Fla. Bar No.: 961159

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to: Charles

S. White, U.S. Attorney, ASUA 99 N.E. 4th Street, Miami, Florida 33131, on this 22ND  day of

February, 2001.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
400 Southeast Eighth Street
Fort Lauderdale, Florida 33316
(954) 462-1201

7