**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

NIGHT BOX
FILED

OCT 25 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Case No.: 00–6193-CIV-LENARD/SIMONTON

THOMAS BUTLER,

          Plaintiff,

v.                                               **SECOND COMPLAINT AND JURY DEMAND**

                                                 **CONSENT CASE**

JOHN POTTER,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

          Defendant.
_____/

## I. PRELIMINARY STATEMENT

1.      Plaintiff, THOMAS BUTLER has commenced this action pursuant to the Civil Rights

Act of 1964 and Age Discrimination and Employment Act of 1967 due to race, national origin and

retaliation.

### COUNT I

### II. JURISDICTION AND VENUE

2.      Plaintiff has commenced this action pursuant to the Title VII of the Civil

Rights Act of 1964 42 U.S.C. 2000e et. seq. and the ADEA, 29 U.S.C. 626 et. seq.  Plaintiff duly

filed a formal complaints, Agency Case No. 1-H-3330036-98 (EEOC No.-99-8488X) and 1-H-333-

0011-98 (EEOC Charge No. 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X) and notice of right to sue letters were issued on both

charges.  Plaintiff filed this lawsuit within ninety days of receipt of said letters.  In addition, plaintiff

has other complaints Nos. 1-H-333-0018-97, 1-H-333-0047-99, and 1-H-333-0012-00 which have

has been pending for over six months without a final agency determination conferring jurisdiction

upon this court.  Venue is proper in that the conduct complaint of occurred within this district.

### III. THE PARTIES

3.    Plaintiff is an American Caucasian and a statutory plaintiff in that he has complained about discrimination and participated in the EEOC process (protected activity) and has been subjected to different terms, conditions and privileges of employment (hostile work environment ) by reason of his national origin and race (white) and retaliation.

4.    Defendant is the statutory defendant.

### IV. FACTUAL STATEMENT

5.    Plaintiff was initially employed as a Mail Handler in 1987 and was promoted to Supervisor, Distribution of Operations in 1994.

6.    Plaintiff is an American Caucasian and had previously filed EEO complaints internally which is protected activity under the Act in 1997.

7.    Plaintiff was subjected to a continuous pattern of conduct of retaliation from February, 1997 to June, 1997,   which substantially altered the terms, conditions and privileges including adverse employment actions and a hostile work environment by reason of race, national origin and  retaliation to wit:

a.    Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and the medical unit of the defendant to return to work. (1-H-333-0018-97)

b.    Defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work.

c.    closely scrutinizing plaintiff work performance and conduct; (1-H-333-0018-97)

d.    harassment;(1-H-333-0018-97)

2

   e.    humiliated and berated in front of coworkers;(1-H-333-0018-97)

   f.    numerous inflammatory comments were made by management to plaintiff such as but not limited to find a new job, I'm tired of your nonchalant attitude, and even an insensitive remark was made concerning the death of plaintiff's brother; (1-H-333-0018-97)

   g.    deliberately scheduling meeting during plaintiff's lunch hour; (1-H-333-0018-97)

   h.    plaintiff's schedule was changed; (1-H-333-0018-97)

8.    Subsequently, on July 25, 1997, the retaliatory conduct continued such as plaintiff never receiving a biased and unfounded warning which was placed in his personnel file. As a result of the retaliatory act, plaintiff duly filed a formal complaint of discrimination. (1-H-333-0036-97).

9.    In addition, as a direct consequence of defendant not allowing plaintiff to return to work, on November 4, 1997, plaintiff was not eligible for the Economic Value Added Credit. Plaintif had to take out loan to pay his bills. As a result of the retaliatory act, plaintiff duly filed a formal complaint of discrimination with the EEOC.(1-H-333-0011-98).

10.    Subsequently, on April 18, 1999, plaintiff was issued another unfounded warning regarding staffing. Plaintiff was also subjected to disparate treatment since another employee who had not participated in protected activity was not disciplined at all for the same alleged infraction. As a result, plaintiff filed an informal complaint of discrimination and believes hel filed a formal charge of discrimination with the EEOC which has been pending for over six months(1-H-333-0047-99).

11.    Subsequently, on November 3, 1999, plaintiff was forced to leave the building and was subjected to verbal abuse, such as being called stupid by MDO Carlies. Plaintiff was ordered

3

home that day despite the fact that there was no basis to do so.  This was direct retaliation for filing a complaint of discrimination in April, 1999.(1-H-333-0012-00).

12.    Plaintiff has been subjected to an ongoing and continuous pattern of discrimination and a hostile work environment due to race, national origin and retaliation which resulted in a hostile work environment.

13.    The aforementioned hostile work environment has caused plaintiff to suffer from an adverse employment actions.

14.    The foregoing conduct were so pervasive and severe that the hostile work environment altered the terms, conditions and privileges of plaintiff's employment to the point that he was taken to the emergency room with heart palpitations and was for the first time in his life diagnosed with depression and anxiety.

## V.  FIRST CLAIM FOR RELIEF-TITLE VII-RETALIATION

15.    By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964as amended by reason of  retaliation.

## VI.  SECOND CLAIM FOR RELIEF-ADEA

16.    By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the ADEA, 29 U.S.C. 626 et. seq.,as amended  by reason of  retaliation.

## VII.  THIRD CLAIM FOR RELIEF-TITLE VII-RACE AND NATIONAL ORIGIN

17.    By reason of the foregoing conduct of the defendant, plaintiff has been deprived of equal employment opportunities in violation of the Civil Rights Act of 1964as amended by reason of race and retaliation.

WHEREFORE, plaintiff prays for a judgment as follows:

4

A.    Declare the action of defendant to be in violation the Title VII and the ADEA.

B.    An injunction requiring defendant to reassign plaintiff to the position he would have been in but for the discrimination.

C.    Back pay and lost benefits.

D.    Pain and suffering.

E.    Attorney fees, costs and disbursements.

F.    Any other relief that is just and equitable.

**PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY.**

Dated:  Fort Lauderdale, Florida
        October 25, 2002

STEWART LEE KARLIN
Attorney for Plaintiff
315 Southeast 7th Street, 2nd Floor
Fort Lauderdale, Florida 33301
(305) 462-1201
Florida Bar No. 961159

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing by hand to: CHARLES S. WHITE, Assistant U.S. Attorney , 99 N.E. 4th Street, Miami, FL 33131 on this 25th  day of October, 2002.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
315 Southeast 7th Street
Fort Lauderdale, Florida 33301
(954) 462-1201