UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:00-6193-CIV-LENARD/SIMONTON

THOMAS BUTLER,

    Plaintiff,

v.

JOHN POTTER,
Postmaster General,

    Defendant.
_____/

CONSENT CASE

FILED by _____ D.C.
MAG. SEC.
DEC 2 3 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

ORDER SETTING PRETRIAL AND TRIAL DATES
AND ESTABLISHING PRETRIAL PROCEDURES

This Cause came before the Court for a status conference and scheduling hearing on December 20, 2002. Dates for pretrial deadlines, the pretrial conference, and trial of this case are set forth below. Counsel shall carefully review and comply with the following requirements concerning the pretrial conference.

**Pretrial Conference**

1.    The pretrial conference is set pursuant to Fed.R.Civ.P. 16 for April 18, 2003, at 10:00 a.m.. Unless instructed otherwise by subsequent order, the trial and all other proceedings shall be conducted at 300 N.E. 1st Avenue, Courtroom XI, Miami, Florida 33132. Pursuant to S.D.Fla.L.R. 16.1(C), each party shall be represented at the pretrial conference and at the meeting required by S.D.Fla.L.R. 16.1(D) by the attorney who will conduct the trial, except for good cause shown.

2.    Trial is specially set for April 28, 2003 at 9:00 a.m..

3.    At or before the commencement of trial, each counsel shall file Proposed Jury Instructions and Verdict Forms with the Clerk of Court and provide a formatted 3.5 diskette containing both documents to the Court. If the case proceeds to trial before the Court,

instead of trial by jury, proposed findings of fact and conclusions of law must be filed and provided on diskette instead. Each diskette shall be clearly labeled as to the case style and the items recorded on each diskette.

### Pretrial Schedule and Pretrial Stipulation

4. All counsel shall comply with S.D.Fla.L.R. 16.1(D) regarding the preparation of the Joint Pretrial Statement. **Not later than 15 days prior to the due date of the joint pretrial stipulation**, counsel shall meet at a mutually convenient location and accomplish the matters set forth in S.D.Fla.L.R. 16.1(D) 1 through 6, and prepare a **joint** pretrial stipulation in compliance with S.D.Fla.L.R. 16.1(E). **The court will not accept unilateral pretrial stipulations, and will strike <u>sua sponte</u>, any such submissions. Should any of the parties fail to cooperate in the preparation of the joint stipulation, all other parties shall file a certification with the court stating the circumstances. Upon receipt of such certification, the court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) should not be held in contempt, and sanctions be imposed, for failure to comply with the court's order.**

5. **The joint pretrial stipulation and the pretrial conference is of critical importance to the court.** Counsel are expected to do everything reasonably possible to prepare the joint pretrial statement in good faith with the goal in mind to shorten the amount of time required to try the case. To this end, **counsel shall eliminate all**

**unnecessary witnesses, stipulate to all uncontested facts, and reduce the number of exhibits to a minimum.**

6.   The joint pretrial stipulation also shall include the following information:

(i)   A joint statement of the case which the court will read to the jury in introducing the case to the jury panel during voir dire examination.

(ii)   The preparation of the joint statement of stipulated facts is not regarded as a *pro forma* requirement. Counsel shall carefully prepare the joint statement after reviewing all admissions contained in the pleadings and in discovery. The purpose of the statement is to eliminate unnecessary testimony from witnesses on undisputed matters of fact. The statement shall be introduced into evidence as a court exhibit and shall be read to the jury. When necessary, counsel may be permitted to elicit admitted facts by testimony or to lay a predicate for further testimony.

(iii)   A list of those witnesses whom counsel believes in good faith he or she intends to call in their case. To the extent counsel wishes to list other witnesses who may be called in response to the other parties' evidence and testimony, these witnesses shall be identified in a separate witness list designated as "List of Other Possible Witnesses." Counsel shall specify which witnesses he or she intends to call "live" and which witnesses will be presented through the reading of depositions. As to the latter, counsel shall estimate the amount of time required to read the deposition testimony. If the time required is more than twenty minutes, counsel should consider presentation of the testimony by video deposition.

(iv)   An exhibit list which identifies those exhibits which counsel believes in good faith that he or she intends to introduce in their case, excluding impeachment exhibits. To the extent counsel wishes to list other exhibits he or she *may* introduce in response to the

opposing parties' evidence and testimony, such exhibits shall be identified in a separate exhibit list designated as "List of Other Possible Exhibits."

As to those exhibits on the primary list, counsel shall carefully note the basis for their objections in accordance with S.D.Fla.L.R. 16.1(E)(9). The court will not accept general objections based on matters such as authenticity without an accompanying motion in limine which addresses the basis for such objections. Counsel shall realistically consider their objections and agree on trial exhibits which may be entered into evidence without objection in order to conserve trial time. Any failure to abide by these instructions may result in sanctions.

(v)   Counsel shall provide exhibit notebooks for each juror and the Court by the commencement of trial.

(vi)   A good faith estimation of the amount of trial time necessary to complete each party's respective case, determined after counsel have engaged in an earnest discussion. Counsel are advised that court shall be in session from 9:00 a.m. to 5:00 p.m., generally with one and one-half hours for lunch and two fifteen minute breaks, Monday through Friday of each week. Each counsel shall estimate carefully the time for direct examination of their respective witnesses and also provide an estimate of the amount of time needed for cross-examination, re-direct and re-cross examination.

(vii)   An enumerated list of the particular legal and factual issues which are pending for trial. The court considers such delineation to be critical, and a good faith effort is mandatory. In the event of a significant disagreement, the parties shall set forth the reason(s) for their disagreement and provide a modified statement of the issue(s) which such party proposes to be tried.

(viii)   The names, addresses, resumes, and brief summaries of the opinions of all

expert witnesses expected to be called at trial.

(ix) All motions *in limine* shall be filed with the Joint Pretrial Stipulation, including motions to strike expert testimony under the authority of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Any*Daubert/Kumho* motion shall be accompanied by appropriate affidavits.

## Time Schedule

7. The following time schedule shall govern unless modified by court order after a showing of compelling circumstances. Absent a court order, a motion to dismiss shall not stay discovery.

| DATE | ACTION |
| --- | --- |
| By February 14, 2003 | Defendant shall disclose all expert witnesses and their addresses to opposing counsel. |
| By February 21, 2003 | Plaintiff shall disclose all expert witnesses to opposing counsel. |
| By February 28, 2003 | All discovery shall be completed. |
| By March 14, 2003 | All dispositive pretrial motions and memoranda of law must be filed. |
| By March 28, 2003 | Mediation shall be completed. The Plaintiff shall file a Notice of Designation of Mediator on or before January 17, 2003. If the parties cannot agree on the mediator, the Clerk of Court will appoint one. The Plaintiff shall file a Notice of Mediation on or before March 14, 2003, advising the court of the date mediation will take place. |
| By April 8, 2003 | The Joint Pretrial Stipulation shall be filed pursuant to S.D.Fla.L.R. 16.1(E). *Motions in Limine* shall be filed In conjunction with the Joint Pretrial Stipulation. |

5

### Miscellaneous Matters

8. It is further ordered that any party filing a written simple motion shall submit one original proposed order granting the motion. The proposed order shall also contain a service list.

9. A motion for continuance shall not stay the requirement for filing a joint pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty days prior to the scheduled trial date.

10. Counsel are reminded that admission to the Bar of this district is a prerequisite to appearing before this court for trial, as provided by the Local Rules of the Southern District of Florida. Counsel who are not members of the Bar of the Southern District of Florida will be permitted to appear for trial if assisted throughout the duration of trial by a member of the Southern District Bar.

11. Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to ensure an expeditious resolution of the case. Failure to file a Joint Pretrial Stipulation on or before the date set forth above shall be grounds for dismissal.

**DONE AND ORDERED** in chambers at Miami, Florida, this 23rd day of December, 2002.

ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Stewart Lee Karlin, Esq.
315 S.E. 7th St.
The Advocate Building–Second Floor
Fort Lauderdale, FL 33301
Facsimile # 954-462-3151
(Counsel for Plaintiff)

AUSA Charles S. White, Esq.
United States Attorney's Office
99 N.E. 4th St.
Miami, FL 33131
Facsimile # 305-530-7139
(Counsel for Defendant)