IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

          Plaintiff,

v.                                               CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

          Defendant.
_____/

## MOTION FOR DISCLOSURE OF SETTLEMENT AGREEMENT

COMES NOW the Defendant, through the undersigned Assistant U.S. Attorney, without opposition from the Plaintiff, to respectfully move this Honorable Court for an order authorizing the disclosure of the terms of the Settlement Agreement entered into by the parties in proceedings before the Merit Systems Protection Board, Appeal Number AT-0752-97-0767-I-1, for use in the above-styled proceedings, and as grounds therefore would show as follows:

1. On June 6, 1997, Butler filed his Administrative Complaint of Discrimination with the Equal Employment Opportunity Commission (EEOC), Case, #1-H-333-0018-97, against the United States Postal Service (USPS) alleging wrongful discrimination (in the form of harassment) and retaliation.[1]

---

[1] In pertinent part, the attachment to Butler's Administrative Complaint provides as follows:

Mr. Sergio Fernandez has deliberately created a hostile work environment for me. On 2/23/97, I requested to be considered for another position (Exhibit 1). Mr. Fernandez took this to be my planned "escape" from his "grasp" and increased his harassment against me plus created a massive hostile environment- subsequently causing me to become ill and stressed (Exhibit dated April 14, 1997). Mr. Fernandez's response came in the form of Exhibit 3 dated May 2, 1997, threatening to place me on enforced leave until I can perform the duties of my position. Exhibit 4, dated May 12, 1997, returns me to work full time effective May 12, 1997 as stipulated by Mr. Fernandez in Exhibit 3. Instead the USPS refused to allow me to return to work but placed me on enforced leave effective June 6, 1997 (Exhibit 5 dated May 27, 1997).

2.  On June 23, 1997, Butler filed an appeal with the Merit System Protection Board (MSPB), in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 raising the issue of the agency's action placing him on enforced leave.

3.  On October 15, 1997, with the assistance of counsel, Butler knowingly and voluntarily entered into a Settlement Agreement regarding the allegations raised in his appeal with the MSPB. This Settlement Agreement contains terms of confidentiality.

4.  On October 25, 2002, Plaintiff filed his Second Amended Complaint against the Defendant alleging, in part, wrongful discrimination (in the form of harassment) and retaliation.[2]

5.  It is the Defendant's position that the matters raised in Butler's appeal with the MSPB (the proceedings styled *Butler v. USPS*, AT-0752-97-I-1) were the same matters raised in Butler's Administrative Complaint filed under EEOC, Case, #1-H-333-0018-97.

6.  Accordingly, the Defendant intends to demonstrate that the Settlement Agreement between Plaintiff and Defendant bars Plaintiff from now litigating the matters raised in administrative EEOC Case, #1-H-333-0018-97. To do so, the Defendant seeks an order from the Court authorizing the disclosure of the terms of the Settlement Agreement entered into by the parties in proceedings before the MSPB, Appeal Number AT-0752-97-0767-I-1, for use in the above-styled proceedings.

7.  The aforementioned Settlement Agreement has previously been disclosed and utilized by the parties during the administrative proceedings before the EEOC. Nevertheless, in an abundance of caution, the Defendant requests the relief outlined above.

---

[2]In paragraph 7 of his Second Amended Complaint, Plaintiff alleges the following:

> Plaintiff was subjected to a continuous pattern of retaliation from February, 1997 to June 1997, which substantially altered the term, conditions and privileges including adverse employment actions and a hostile work environment by reason of race, national origin and retaliation to wit:
> a.  Defendant failed to allow plaintiff to return to work for several months after taking medical leave, despite the fact that he had been cleared by his doctors and medical unit of the defendant to return to work. (1-H-333-0018-97)
> b.  Defendant placed plaintiff on enforced leave despite the fact that he had been cleared to return to work.

8. In compliance with Local Rule 7.1A(3) of this Court, on March 4, 2003, the undersigned counsel contacted counsel for the Plaintiff regarding the subject of this motion, and reports that counsel for the Plaintiff does not oppose the Defendant's motion.

## MEMORANDUM OF LAW

Under appropriate circumstances, courts have the authority to breech confidentiality agreements.

> Despite the salutary purposes of preserving confidentiality to encourage settlements, under appropriate circumstances courts have the authority to encroach upon such agreements. Bennett, supra. *ABF Capital Management v. Askin Capital*, 2000 WL 191698 (S.D.N.Y 2000)(Litigants cannot shield a settlement agreement from discovery merely because it contains confidentiality provisions if itself is relevant to the subject matter of the action, or is likely to lead to relevant evidence). Citing public policy concerns, a number of courts have held that such confidentiality provisions will not be utilized as a shield to obstruct the discovery process. *Channelmark Corporation v. Destination Products, International, Inc.*, 2000 WL 968818 (N.D. Ill. 2000); *Key Pharmaceutical, Inc. v. ESI-Lederle, Inc.*, 1997 SL 560131 (E.D. Penn. 1997); *Tribune Co. v. Purcigliotti*, 1996 WL 337277 (S.D.N.Y. 1996); *Young v. State Farm Mutual Automobile Insurance Co.*, 169 F.R.D. 72 (S.D.W.V. 1996); *Kalinaukas v. Wong*, 151 F.R.D. 363 (N.D.Nev. 1993); *Koprowski v. Wistar Institute of Anatomy and Biology*, 1993 WL 332061 (E.D. Penn. 1993); *City of Hartford v. Chase*, 942 F.2d 130 (2nd Cir. 1991); *See also Bank of America National Trust & Savings Ass'n v. Hotel Rittenhouse Associates*, 800 F.2d 339 (3rd Cir. 1986). This is particularly true when confidentiality provisions may have the effect of silencing witnesses with a settlement agreement where the facts of one controversy are relevant to another. *See, Channelmark* and *Kalinauskas, Id., Wendt v. Walden University, Inc.*, 1996 WL 84668 (D. Minn. 1996); *Scott v. Nelson*, 697 So.2d 1300, 1st DCA 1997). ("Settlement agreements which suppress evidence violate the greater public policy").

*Gutter v. E.I. DuPont*, 2001 U.S. Dist. LEXIS 9706, page, 3.

In determining whether discovery of the settlement documents appeared reasonably calculated to lead to admissible evidence, the court considered the unique circumstances of the case.[3]

---

[3]*Gutter* involved a federal securities law class action lawsuit brought by plaintiff on behalf of himself and all other persons who purchased E.I. DuPont de Nemours common stock during a specific period of time. Plaintiff alleged that DuPont and its former CEO violated §10(b) and §20(a) of the Securities and exchange Act of 1934, by concealing and misrepresenting material facts regarding the likelihood and magnitude of DuPont's potential liability in connection with thousands of product liability lawsuits regarding a DuPont agricultural product called Benlate, a fungicide, which was potentially contaminated with highly toxic herbicides known as solfonylureas ("SUs").

After the first of these lawsuits was settled mid-trial, pursuant to a court order in a subsequent

The court concluded that there were "sufficient reasons to justify disclosure of the confidential settlement agreements under the standards enunciated above." *Gutter, supra*, 4.[4]

As noted above, in the case at bar, the Defendant intends to demonstrate that the Settlement Agreement between Plaintiff and Defendant bars Plaintiff from now litigating the matters raised in administrative EEOC Case, #1-H-333-0018-97. To do so, the Defendant seeks an order from the Court granting disclosure of the terms of the Settlement Agreement entered into by the parties in proceedings before the MSPB, Appeal Number AT-0752-97-0767-I-1, for use in the above-styled proceedings. Accordingly, the Court should conclude that there are sufficient reasons to justify disclosure of the confidential Settlement Agreement under the standards enunciated in *Gutter, supra*.

---

suit, DuPont produced documents which revealed that DuPont had apparently "engaged in acts of misrepresentation and concealment as to critical evidence which constituted a fraud on the court" including "intentionally withholding evidence of SU contamination." This revelation provoked the plaintiff's in the previously settled case to seek sanctions against DuPont. Subsequent revelations of misconduct by DuPont and its counsel provoked plaintiff in the subsequent suit (who had meanwhile prevailed in their suit) to alter their judgment based upon the newly discovered evidence of fraud, intentional misrepresentation, and other misconduct by DuPont. Among the many examples of fraud and misconduct found by the circuit court was that DuPont had engaged in discovery misconduct by asserting the work product privilege. The court ultimately found that "DuPont's discovery fraud was 'unusual, unique,' and unprecedented."

In the class action suit, DuPont sought to withhold production of certain documents under the attorney-client or work product privilege. Gutter moved to compel production arguing that any such privilege "had been vitiated pursuant to the crime fraud exception." *See Gutter v. DuPont*, 124 F.Supp.2d 1291 (S.D. Fla. 2000)

[4]The Plaintiff's theories of recovery included claims that DuPont and its attorneys engaged in a fraudulent scheme to conceal material adverse evidence in many cases relating to Benlate testing, and that DuPont issued false statements which misled the securities market as to the extent of DuPont's potential exposure in the Benlate cases, thus artificially inflating the price of DuPont's stock.

Discovery of the settlement documents appeared reasonably calculated to lead to admissible evidence on those issues. Plaintiff's theories included claims that there may have been selective disclosure and advertisement of certain settlements favorable to DuPont and a pattern of seeking keep confidential those settlements where the adverse results had been discovered.

4

WHEREFORE, the Defendant seeks an order from the Court granting disclosure of the Settlement Agreement entered into by the parties in proceedings before the MSPB, Appeal Number AT-0752-97-0767-I-1, for use in the above-styled proceedings.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 5, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E. 7th Street, Suite 200, Ft. Lauderdale, Florida 33301.

By _____
CHARLES S. WHITE
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

          Plaintiff,

v.                                    CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

          Defendant.
_____/

## ORDER OF DISCLOSURE OF SETTLEMENT AGREEMENT

THIS CAUSE is before the Court upon the Defendant's unopposed Motion for an order authorizing the disclosure of the terms of the Settlement Agreement entered into by the parties in proceedings before the Merit Systems Protection Board, Appeal Number AT-0752-97-0767-I-1, for use in the above-styled proceedings.

Upon review of all relevant portions of the records, it is hereby:

ORDERED AND ADJUDGED THAT the Settlement Agreement entered into by the parties in proceedings before the Merit Systems Protection Board, Appeal Number AT-0752-97-0767-I-1, shall be disclosed for use in the above-styled proceedings;

IT IS FURTHER ORDERED AND ADJUDGED THAT the Court's order of disclosure of the Settlement Agreement does not prejudice the rights of the parties to raise objections to the discovery of, or admissibility of, any document, or to assert any applicable privilege.

DONE and ORDERED in chambers at Miami, Florida this _____ day of March, 2003.

_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

cc:    Stewart Lee Karlin, Esq.
        Charles S. White, AUSA