## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

                Plaintiff,

v.                                                    CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

                Defendant.

_____/

### NOTICE OF FILING OF DECLARATION OF TOBY LOWE

COMES NOW the Defendant, by and through the undersigned counsel, to provide this Notice Of Filing Of Declaration of Toby Lowe and supporting documentation including:

1. Administrative Complaint, EEOC Case #1-H-333-0018-97;
2. MSPB Appeal Form 283, dated June 6, 1997;
3. Letter from Butler, dated August 1, 1997;
4. Letter from Robert Dillon, dated August 6, 1997;
5. Appellant(Butler)'s Prehearing Submission filed in MSPB Appeal proceedings AT-0752-97-0767-I-1;
6. Letter dated September 19, 1997, USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0018-97;
7. Settlement Agreement, dated October 7, 1997;
8. Administrative Complaint, Case #1-H-333-0036-97;
9. PS Form 50 dated December 3, 1997;
10. Letter dated February 19, 1998, USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0036-97.

                Respectfully submitted,

                MARCOS DANIEL JIMENEZ
                UNITED STATES ATTORNEY

By

                CHARLES S. WHITE
                Assistant United States Attorney
                Fla. Bar No. 394981
                99 N.E. 4th Street, Suite 322
                Miami, Florida 33131
                Tel. (305) 961-9286
                Fax. (305) 530-7139

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 14, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E.7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

By

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

          Plaintiff,

v.                                     **CONSENT CASE**

JOHN POTTER, Postmaster,
United States Postal Service,

          Defendant.

_____/

## DECLARATION OF TOBY LOWE
## IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1.      I, Toby Lowe, am currently employed with the United States Postal Service (USPS) and have been so employed since April 1977, starting as a Clerk. In approximately 1980, I was detailed to serve in the Labor Relations Office of the USPS where I worked part time as a Clerk until October 1981, when I was promoted to a management position within the USPS. Thereafter, from December 1987, I was detailed to work as a Labor Relations Assistant (now called Specialist). Since April 1988, I have been a Labor Relations Specialist in the South Florida District of the USPS.

2.      In my capacity as the Labor Relations Specialist, I have been responsible for representing the USPS in appeals to the Merit Systems Protection Board (MSPB), representing the USPS regarding employee complaints filed with the Equal Employment Opportunity Commission (EEOC). In addition, I have been responsible for representing the USPS in grievance and arbitration proceedings. Accordingly, I have knowledge of USPS Labor Relation programs, policies, procedures, and collective bargaining agreement between the USPS and the National Association of Letter Carriers (NALC)[1] sufficient to advise local USPS managers and postmasters regarding their

[1]Accordingly, I have working knowledge of the impact that the Collective Bargaining Agreements have on personnel matters within USPS and have working knowledge of the impact that

obligation thereunder, to provide USPS labor contract interpretation, and to develop and conduct training programs related to such Labor Relation issues. Accordingly, I was responsible for documenting the appropriate USPS files and with preparing responses to such grievance and arbitration proceedings. In addition, I was responsible for documenting management positions regarding such proceedings. To do so, I used the contents of the pertinent employee's Official Personnel Folder (OPF),[2] Labor Relation Folder (LRF),[3] and EEOC file.[4] Accordingly, I am also capable of interpreting the contents of these records. Based upon my training and experience with the USPS, I also know that the USPS has promulgated an Employee and Labor Relations Manual, which, among other things, sets forth the USPS policy regarding the administration of the employee leave program.

3. In preparation for this Declaration, I have reviewed the Employee and Labor Relations Manual as maintained by the USPS. Accordingly, I am familiar with its contents.

4. In preparation for this Declaration, I have reviewed OPF, for Thomas P. Butler as

---

the Collective Bargaining Agreements have upon grievance procedures between USPS and bargaining unit employees.

[2]The OPF contains the official work history of an employee and included documentation such as the Standard Form 50-B, Notification of Personnel Action (which announces positive and negative employment actions including but not limited to hiring, firing, modified job description (if any), promotion, demotions, changes in benefits, raise salary, health benefits, union designation, records of disciplinary actions, records of proceedings before the MSPB, etc.). Based upon my training and experience with the USPS, I know that the documents contained in an employee's OPF are created and maintained in the normal course of business with the USPS.

[3]The LRF contains documents related to employee grievance and disciplinary actions and proceedings thereon, and preparing USPS responses to employee complaints regarding unfair labor practice charges filed with the National Labor Relations Board. Based upon my training and experience with the USPS, I know that the documents contained in an employee's LRF are created and maintained in the normal course of business with the USPS.

[4]The EEOC file contains documents related to employee complaints regarding wrongful discrimination and/or retaliation and proceedings thereon. Based upon my training and experience with the USPS, I know that the documents contained in an employee's EEOC file are created and maintained in the normal course of business with the USPS.

maintained by the USPS. Accordingly, I am familiar with its contents.

5.    In preparation for this Declaration, I have reviewed the LRF, for Thomas P. Butler as maintained by the USPS. Accordingly, I am familiar with its contents.

6.    In preparation for this Declaration, I have reviewed the EEOC file, for Thomas P. Butler as maintained by the USPS. Accordingly, I am familiar with its contents.

7.    On June 6, 1997, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0018-97, alleging that the USPS had wrongfully discriminated and retaliated against him. Along with his Administrative Complaint, by letter dated June 6, 1997, Butler advised the EEOC that he no longer requested anonymity regarding the proceedings.[5]

8.    On June 6, 1997, Butler also filed an appeal with the Merit System Protection Board (MSPB), styled in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 (stamp filed June 23, 1997) raising the issue of the agency's action placing him on enforced leave and refusal to accept medical documentation.[6]

9.    In 1997, as Labor Relations Specialist, I was assigned to represent the USPS in the aforementioned EEOC and MSPB proceedings initiated by Thomas P. Butler.

10.    As part of my responsibilities in representing the USPS in such proceedings, I gather discovery materials which are made available to Complainants/Appellants in accordance with the routine discovery rules applicable to the pertinent proceedings.

---

[5]See attached Administrative Complaint, EEOC Case #1-H-333-0018-97, as maintained in Plaintiff's LRF and EEOC file. Butler alleges wrongful discrimination based upon race ("CAUCASIAN (NON HISPANIC)"), color ("WHITE"), religion ("QUAKER"), national origin ("AMERICAN"), sex ("MALE"), age ("OVER 40"), retaliation (unspecified), and disability ("Family and Medical Leave Act"). Regarding retaliation, Butler identifies the prior EEO activity as only those events taking place in March 1997.

[6]See attached MSPB Appeal Form 283, dated June 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

3

11.     As a part of such a routine discovery disclosure, on July 25, 1997, Butler received a "package" from me which contained a copy of Letter of Warning (LOW) addressed to Butler, dated February 27, 1997 which had been duly drafted by Jack Watson, MDO.[7]  Although the LOW had been duly drafted, it had never been served upon Butler.  Because Watson's LOW had not been timely served upon Butler, it was effectively abandoned by USPS management.

12.     By handwritten letter dated August 1, 1997, Butler advised Robert Dillon, Senior Manager, Distribution Operations, USPS, as follows:

> On 7/25/97 I received a package from labor relations (Tobe Lowe).  In the package Tobe Lowe had included a copy of a L.O.W. (Letter Of Warning) from Jack Watson dated Feb. of 1997.  I had never seen said L.O.W.  I was unaware that I was even going to get the letter let alone discover it by accident in the package from Tobe Lowe on 7-25-97 (nearly five months after the alleged letter was dated[)].
>
> I wish to appeal the fact that this L.O.W. was never shown, given, or mailed to me and therefore is inappropriate and unacceptable.  I believe it to be an unethical procedure.
>
> Furthermore, I contend it was designed to be retaliatory and discriminatory and I am pursuing legal action thru (sic) the EEO process, to rectify this unjust action.[8]

13.     By letter dated August 6, 1997, Dillon responded to Butler as follows:

---

[7]The "package," which constituted the USPS response to Butler's request for discovery in the EEOC proceedings, Case, #1-H-333-0018-97 (seeking copies of all records of disciplinary action against Butler), contained a Request for Disciplinary Action and Watson's LOW.

Ordinarily, if USPS management determines that an employee's conduct is deficient because the employee has violated some rule, regulation, policy, or procedure of the USPS, a LOW is issued and served upon the subject employee for the dual purpose of formally advising said employee of deficiency and of the need for corrected behavior.  Regardless of whether a USPS employee is covered by a union collective bargaining agreement, in all disciplinary proceedings, it is the policy of the USPS to adhere to the tenets of just cause found in many collective bargaining agreements.  These tenets include a timely and thorough investigation of the matter at issue as well as timely issuance and service of any resulting process (usually within thirty days if issuance).  The issuance of a LOW is the first step in the employee disciplinary process within the USPS.  If the LOW is not set aside through union collective bargaining agreement grievance procedures, it remains in the employee's OPF for three years.  If the employee's conduct is not corrected, subsequent disciplinary action can result in suspension, downgrading of employment grade, and/or removal.  Ordinarily, a copy of a LOW is maintained in an employee's OPF.

[8]See attached letter from Butler, dated August 1, 1997, as maintained in Plaintiff's LRF and EEOC file.

4

This is to inform you that the Letter of Warning, dated February 1997, and included in a package presented to you on 7/25/97, was there in error. You were correct in saying that this was a letter that you had never seen before. You were never issued this action. It was requested, but was deemed to be untimely by the time it was available to be issued. Without prejudice to its contents, the letter was not issued, and therefore should not appear in any records of the U.S. Postal Service. By copy of this letter, I have notified Ms. Lowe of this fact. Any copies or records of this action will be destroyed.[9]

14.    On September 8, 1997, Butler filed his Appellant's Prehearing Submission with the MSPB in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 which, in pertinent part, states as follows:

> 1.    By notice of proposed adverse action dated May 2, 1997, appellant was notified by Sergio Fernandez, Manager, Distribution Operations, SFMPC, Tour 1, Pembroke Pines, Florida, that he was proposing that appellant be Placed on Enforced Leave. This proposal was based upon the following charge(s): (1) Appellant's medical condition.
> 2.    By letter of decision dated May 27, 1997, Robert Dillon, Senior Manager, Distribution Operations, SFPDC, Pembroke Pines, Florida, concluded that the evidence warranted appellant's placement on Enforced Leave. The action was effective June 6, 1997.[10]

15.    In a letter to Butler dated September 19, 1997, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0018-97. In pertinent part, this letter provides as follows:

We have received the above-referenced complaint of discrimination filed on June 6, 1997. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

Specific Issue(s):                You were harassed by your supervisor about your job performance and subsequently placed on enforced leave.

Date(s) of Incident:              March 5, 1997

---

[9]See attached letter from Robert Dillon, dated August 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

[10]See attached Appellant(Butler)'s Prehearing Submission filed in MSPB Appeal proceedings AT-0752-97-0767-I-1, dated September 8, 1997, as maintained in Plaintiff's LRF and EEOC file.

Type(s) of Discrimination:              Race (Caucasian Non-Hispanic), Color (white),
                                        Religion (Quaker), Sex (male), National Origin
                                        (America), and Age (42)

If you disagree with the defined issue(s), you must provide us with sufficient reasons to
substantiate your objections, in writing seven (7) calendar days of receipt of this letter.[11]

16.     Butler did not object to the issues as defined.

17.     On October 15, 1997, with the assistance of his own counsel, Roscoe E. Long, Esq.,
Butler knowingly and voluntarily entered into a Settlement Agreement regarding the allegations
raised in EEOC Case, #1-H-333-0018-97. In pertinent part, the Settlement Agreement provided as
follows:

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as
follows:

It is understood by the undersigned that this Agreement is in full and complete settlement of
all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-
97-0767-I-1, administrative EEO complaints or appeals related to the issues referenced in
this complaint, in this or any other forum, filed by he named appellant (Thomas P. Butler)
or on his behalf relating to any matters that occurred prior to the execution of this Settlement
Agreement. Appellant agrees to voluntarily withdraw any outstanding administrative
complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all
issues related to this appeal. It is understood that in withdrawing all appeals or complaints
related to this issue, Appellant waives his rights to an oral hearing of further appeal on the
matters raised.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution
Operations. The Appellant's hours will be variable on Tour 3, and days off will be Thursday
and Friday.

The agency will purge the appellant's Official Personnel File of any reference to the Notice
of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision -
Placement on Enforced Leave dated May 27, 1997.

It is understood that the Appellant shall not litigate or retaliate in any forum, judicial or

---

[11]See attached letter dated September 19, 1997, USPS EEO Compliance and Appeals
Coordinator, EEOC Case, #1-H-333-0018-97, as maintained in Plaintiff's LRF and EEOC file.

6

administrative, any claims arising from the actions involved in this appeal.[12]

18.    On October 27, 1997, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0036-97, alleging that the USPS had wrongfully discriminated and retaliated against him based upon the February 27, 1997 LOW.[13]

19.    Thereafter, in consideration for the terms set forth in the aforementioned Settlement Agreement, on December 1, 1997, Butler was reassigned to the position of Supervisor Distribution Operations with variable hours on Tour 3 and his OPF was purged of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.[14]

20.    In a letter to Butler dated February 19, 1998, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0036-97. In pertinent part, this letter provides as follows:

> We have received the above-referenced complaint of discrimination filed on October 27, 1997.  Your complaint has been accepted for investigation.  The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were given a package from Labor Relations with a copy of a L.O.W. for which you had never received. |
| Date(s) of Incident: | July 25, 1997 |
| Type(s) of Discrimination: | Race (Caucasian), Color (white), Religion (Quaker), Sex (male), Age (43) and Retaliation (prior EEO activity) |

---

[12]See attached Settlement Agreement, dated October 7, 1997, as maintained in Plaintiff's LRF and EEOC file.

[13]See attached Administrative Complaint, Case #1-H-333-0036-97.  In this Administrative Complaint (upon which these judicial proceedings are based in part),  Butler alleges wrongful discrimination based upon race ("WHITE NON HISPANIC"), color ("WHITE"), religion ("QUAKER"), national origin ("USA"), sex ("MALE"), age ("43"), and retaliation ("3-7-97").

[14]See attached PS Form 50 dated December 3, 1997, as maintained in Plaintiff's OPF.

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing seven (7) calendar days of receipt of this letter.[15]

21.    Butler did not object to the issues as defined.

*Toby Lowe*

Toby Lowe

I declare under penalty of perjury that the foregoing is true and correct. Executed on 7 day of February, 2003.

---

[15]See attached letter dated February 19, 1998, USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0036-97, as maintained in Plaintiff's LRF and EEOC file.

8

# UNITED STATES POSTAL SERVICE™

## EEO Complaint of Discrimination in the Postal Service
(See Instructions and Privacy Act Statement on Reverse)

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| TOM BUTLER | 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 | 1-H-333-0018-97 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL D-105 MIAMI FL 33143-6871 | (305) 271-1898 | (954) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| SDO | 16 |

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and ZIP+4) | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC PEMBROKE PINES FL 33082 | SERGIO FERNANDEZ MDO |

**10. I designate this person to be my representative.**

| a. Name | Title |
|---|---|
| ALLEN DONELAN | VICE PRESIDENT NAPS |

Mailing Address:  133.57 S4. 151 TER MIAMI FL 33186

| b. Home Phone | c. Work Phone |
|---|---|
| (305) 232-5813 | (305) 869-5109 |

**11. Type of Discrimination Alleged**

- ☒ Race (Specify): CAUCASIAN (NON HISPANIC)
- ☒ Color (Specify): WHITE
- ☒ Religion (Specify): QUAKER
- ☒ National Origin (Specify): AMERICAN
- ☒ Sex (Specify): MALE
- ☒ Age (Specify): OVER 40
- ☒ Retaliation (Specify Prior EEO Activity):
- ☒ Disability (Specify): Female, and Medical Leave Act

**12. Date on Which Alleged Act of Discrimination Took Place**

03-05-97

**13.** Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

See previously submitted attached info plus info attached dated June 6, 1997. I no longer desire or request anonymity.

**14. I have discussed my complaint with an EEO counselor**

- ☐ Yes (Date of final interview: date of receipt (3811)
- ☒ No  NO DISCUSSION HAS TAKEN PLACE.

**15. Name and Signature of EEO Counselor**

**16. Corrective Action Sought**

RECEIVED
97 JUN -6 AM 11:58
E.E.O. OFFICE
SOUTH FL. DISTRICT

| 17. Signature of Complainant | 18. Date of This Complaint |
|---|---|
| | |

ADDITIONAL INFO                                    JUNE 6, 1997

I NO LONGER REQUEST OR DESIRE ARAMITY. MR SERGIO FERNANDEZ HAS DELIBERATELY CREATED A HOSTILE WORK ENVIRONMENT FOR ME. ON 2/23/97, I REQUESTED TO BE CONSIDERED FOR ANOTHER POSITION (EXHIBIT 1). MR FERNANDEZ TOOK THIS TO BE MY PLANNED "ESCAPE" FROM HIS "GRIP" AND INCREASED HIS HARASSMENT AGAINST ME PLUS CREATED A MASSIVE HOSTILE ENVIRONMENT — SUBSEQUENTLY CAUSING ME TO BECOME ILL AND STRESSED (EXHIBIT DATED APRIL 14, 1997). MR FERNANDEZ'S RESPONSE CAME IN THE FORM OF EXHIBIT 3 DATED MAY 2, 1997, THREATENING TO PLACE ME ON ENFORCED LEAVE UNTIL I CAN PERFORM THE DUTIES OF MY POSITION. EXHIBIT 4, DATED May 8, 1997, RETURNS ME TO WORK FULL TIME EFFECTIVE MAY 12, 1997 AS STIPULATED BY MR FERNANDEZ IN EXHIBIT 3. INSTEAD THE USPS REFUSED TO ALLOW ME TO RETURN TO WORK BUT PLACED ME ON ENFORCED LEAVE EFFECTIVE JUNE 6, 1997 (EXHIBIT 5 dated May 27, 1997).

Thomas P Butler

| UNITED STATES MERIT SYSTEMS PROTECTION BOARD | AGENCY USE ONLY |
|---|---|
| **APPEAL** | |

## INSTRUCTIONS

The purpose of this form is to help you provide important information to the U.S. Merit Systems Protection Board ("The Board") when you file an appeal. You are not required to use this form, and you are not limited to answering the questions on the form if you feel there is other information you wish to provide. However, if you do not use the form, your appeal documents must comply with the Board's regulations. Your agency's personnel office will provide you with a copy of these regulations and the Board advises you to review them.

All appeals filed before agency action has been taken will be considered premature and will be returned without action.

All appellants who elect to use this form should complete Parts I through V. Only those who are appealing reduction-in-force (RIF) actions are required to complete Part VI. The information must be typed or printed clearly. Answer all questions and use "N/A" when this question is not applicable to your appeal.

You may supplement your response to any question in the space provided on page 4 or, if needed, on separate sheets of paper. If separate sheets are used, please put your name and Social Security number at the top of each page. Indicate by number which question you are answering, and attach the extra pages to the form.

In addition to the formal appeals process, appellant may elect to use the Board's Voluntary Expedited Appeals Procedure (VEAP) by marking the appropriate box in Part II below. A detailed explanation of the expedited process is presented on the last page of this form.

Where to file—You or your representative are required to file one original and one copy of this form, together with its attachments, with the Board's regional office identified in the decision notice provided by your agency. Filing must be made either by personal delivery during normal business hours to the appropriate Board regional office or by mail addressed to that office. The Board recommends but does not require that you use certified mail.

IMPORTANT
All appellants must sign and date the form in the space provided at the end of page 4 for it to be accepted by the Board, and to indicate approval of the contents of the entire form.

## PRIVACY ACT STATEMENT

This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.

The official uses that are discussed in the U.S. Merit Systems Protection Board are stated are the administrative decisions and, as such, are predicate to the public and/or the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be revealed as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program records.

### PART I. APPELLANT IDENTIFICATION

**1. NAME** (Last, first, middle)

BUTLER  THOMAS  PHILIP

**2. SOCIAL SECURITY NUMBER**

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

**3. PRESENT ADDRESS** (Number and street, city, state, and ZIP code). YOU ARE REQUIRED TO NOTIFY THE BOARD OF ANY ADDRESS CHANGE IN ORDER TO INSURE THE CORRECT DELIVERY OF A DECISION.

7840 CAMINO REAL P-105
MIAMI FL 33143·6871

**4. HOME PHONE** (Include area code)

(305) 271-1898

**5. OFFICE PHONE** (Include area code)

(954) 436-4359

### PART II. EXPEDITED APPEALS

**6. VOLUNTARY EXPEDITED APPEALS PROCEDURE.** For a matter appealable to the Board, any appellant may elect the Voluntary Expedited Appeals Procedure as an alternative to the formal MSPB appeal process. For a detailed explanation of the Voluntary Expedited Appeals Procedure, see p. 1.

☐ Yes, I elect the Voluntary Expedited Appeals Procedure

☒ No, I do not elect the Voluntary Expedited Appeals Procedure

### PART III. APPEALED ACTION

**7. BRIEFLY DESCRIBE THE AGENCY ACTION YOU WISH TO APPEAL AND ATTACH ANY RELEVANT DOCUMENTS INCLUDING THE PROPOSAL LETTER, THE DECISION LETTER AND THE RELEVANT SF 50 OR ITS EQUIVALENT.**

Forced Furlough

**8. NAME AND ADDRESS OF AGENCY** (Including Bureau, or other Division as well as street address, city, state, and ZIP code)

SFMPC
16000 PINES BLVD
PEMBROKE PINES FL 33082

**9. APPELLANT'S POSITION TITLE AND DUTY STATION AT TIME OF ACTION**

500  SFMAC

**10A. GRADE AT TIME OF ACTION**

16

**10B. SALARY AT TIME OF ACTION**

$43 other yr

MSA 7540-01-00x-U00
Previous Edition Usable

Optional Form 283 (Rev 3/89)
Merit Systems Protection Board
5 CFR 1201

**EXHIBIT**

6

Figure 6–5, MSPB Appeal Form 283, Page 1

| 11. ARE YOU A VETERAN OR ENTITLED TO THE EMPLOYMENT RIGHTS OF A VETERAN? ☐ YES ☒ NO | | 12. EMPLOYMENT STATUS ☐ Temporary ☒ Permanent ☐ Applicant ☐ Term ☐ Retired | | 13. IF RETIRED, DATE OF RETIREMENT (Month, day, year) | |
|---|---|---|---|---|---|
| 14. TYPE OF SERVICE ☒ Competitive ☐ Excepted | 15. LENGTH OF GOVERNMENT SERVICE *10 years* | 16. LENGTH OF SERVICE WITH ACTING AGENCY *3* | | 17. WERE YOU SERVING A PROBATIONARY OR TRIAL PERIOD AT THE TIME ACTION WAS TAKEN BY THE AGENCY? ☐ YES ☒ NO | |
| 18. DATE WRITTEN PROPOSED ACTION NOTICE RECEIVED (Month, day, year) (Attach copy) *5/2/97* | | 19. DATE FINAL DECISION NOTICE RECEIVED (Month, day, year) (Attach Copy) *5/2/97* | | 20. EFFECTIVE DATE OF ACTION (Month, day, year) *6/2/97* | |

21. WHY DO YOU THINK THE AGENCY WAS WRONG IN TAKING THIS ACTION? (Explain briefly)

*Agency Refuses to accept Medical Documents from*

22. WHAT ACTION WOULD YOU LIKE THE BOARD TO TAKE ON THIS CASE?

*To be Restored to position and be placed backed work with all benefits*

23. IF YOU BELIEVE YOU WERE DISCRIMINATED AGAINST BY THE AGENCY, IN CONNECTION WITH THE MATTER APPEALED, BECAUSE OF EITHER YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, MARITAL STATUS, POLITICAL AFFILIATION, HANDICAPPING CONDITION, OR AGE, INDICATE SO AND EXPLAIN WHY YOU BELIEVE IT TO BE TRUE. YOU MUST INDICATE, BY EXAMPLES, HOW YOU WERE DISCRIMINATED AGAINST.

| 24. HAVE YOU FILED A FORMAL DISCRIMINATION COMPLAINT CONCERNING THE MATTER WHICH YOU ARE SEEKING TO APPEAL WITH YOUR AGENCY OR ANY OTHER AGENCY? ☐ YES (Attach copy) ☒ NO | | |
|---|---|---|
| 24A. IF YES, DATE FILED (Month, day, year) | 24B. PLACE FILED (Agency and location) | 24C. HAS THERE BEEN A DECISION? ☐ YES (Attach copy) ☐ NO |

Optional Form 283 (Rev. 6-48)
Page 2

Figure 6—6, MSPB Appeal Form 283, Page 2

25. HAVE YOU, OR ANYONE IN YOUR BEHALF, FILED A FORMAL GRIEVANCE WITH YOUR AGENCY CONCERNING THIS MATTER, UNDER A NEGOTIATED GRIEVANCE PROCEDURE PROVIDED BY A COLLECTIVE BARGAINING AGREEMENT?

☐ YES (Attach copy)    ☒ NO

| 25A. IF YES, DATE FILED (Month, day, year) | 25B. PLACE FILED (Agency and location) | 25C. HAS DECISION BEEN ISSUED? |
|---|---|---|
| | | ☐ YES (Attach copy)  ☐ NO |
| 25D. IF YES, DATE FILED (Month, day, year) | 25E. NAME OF ISSUING OFFICIAL | 25F. TITLE OF ISSUING OFFICIAL |

## PART IV. HEARING

26. YOU MAY HAVE A RIGHT TO A HEARING ON THIS APPEAL. IF YOU DO NOT WANT A HEARING, THE BOARD WILL MAKE ITS DECISION ON THE BASIS OF THE DOCUMENTS YOU AND THE AGENCY SUBMIT. IF THE "NO" SQUARE IS CHECKED, THE BOARD WILL PRESUME YOU ARE WAIVING A HEARING. *DO YOU WANT A HEARING?*

☒ YES    ☐ NO

IF YOU CHOOSE TO HAVE A HEARING, THE BOARD WILL NOTIFY YOU WHEN AND WHERE IT IS TO BE HELD.

## PART V. DESIGNATION OF REPRESENTATIVE

27. YOU HAVE THE RIGHT TO DESIGNATE SOMEONE TO REPRESENT YOU ON THIS APPEAL. IF HE/SHE AGREES TO DO SO, THIS PERSON DOES NOT HAVE TO BE AN ATTORNEY. THE AGENCY HAS A RIGHT TO CHALLENGE YOUR CHOICE OF A REPRESENTATIVE IF THERE IS A CONFLICT OF INTEREST OR POSITION. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, IF YOU SO DESIRE, BUT MUST NOTIFY THE BOARD PROMPTLY OF ANY CHANGE.

▶ 27A. "I HEREBY DESIGNATE _CHARLES SCINIA & ASS_ "TO SERVE AS MY REPRESENTATIVE DURING THE COURSE OF THIS APPEAL. I UNDERSTAND THAT MY REPRESENTATIVE IS AUTHORIZED TO ACT ON MY BEHALF."

| 27B. REPRESENTATIVE'S ADDRESS AND PHONE NUMBER | 27C. REPRESENTATIVE'S SIGNATURE | 27D. DATE |
|---|---|---|
| _Mr. RoSLoNG Atty_ _P.O. Box 4133_ _DuNedin, FL. 34697_ _Tel. No. 813-736-5800_ | 27E. REPRESENTATIVE'S EMPLOYER _Scinia Associates Inc_ | |

## PART VI. REDUCTION-IN-FORCE (RIF)

INSTRUCTIONS: FILL OUT THIS PART ONLY IF YOU ARE APPEALING FROM A REDUCTION-IN-FORCE (RIF). YOUR AGENCY'S PERSONNEL OFFICE CAN FURNISH YOU MOST OF THE INFORMATION REQUESTED BELOW.

| 28. RETENTION GROUP AND SUB-GROUP | 29. SERVICE COMPUTATION DATE | 30. HAS YOUR AGENCY OFFERED YOU ANOTHER POSITION RATHER THAN SEPARATING YOU?  ☐ YES  ☐ NO |
|---|---|---|
| 31. TITLE OF POSITION OFFERED | 32. GRADE OF POSITION OFFERED | 33. SALARY OF POSITION OFFERED  $       PER |
| 34. LOCATION OF POSITION OFFERED | 35. DID YOU ACCEPT THIS POSITION?  ☐ YES  ☐ NO | |

36. EXPLAIN WHY YOU BELIEVE YOU SHOULD NOT HAVE BEEN AFFECTED BY THE REDUCTION-IN-FORCE (Explanations could include: You were placed in the wrong retention group or subgroup; an error was made in the computation of your service computation date; competition area was not correct; improperly reached for separation from competition level; an exception was made in the regular order of selection; full 30-day notice was not given; you believe you have assignment rights (bump or retreat rights) or any other reason. Please provide as much information as possible regarding each reason.)

Optional Form 283 (Rev. 1-88)
Page 3

Figure 6—7, MSPB Appeal Form 283, Page 3

@ 018    Labor Relations Office    03/06/03  THU 15:16 FAX 8084200321

37. SUPPLEMENTAL ANSWER SPACE

## EXPLANATION OF VOLUNTARY EXPEDITED APPEALS PROCEDURE (See Part II)

a. *ELECTION BY APPELLANT.* Employees or applicants for employment who are entitled to file an appeal before the Board may elect the voluntary expedited procedure as an alternative to the formal Board procedures. The goal of this expedited process is the issuance of a nonprecedential decision in routine cases within 60 days of the election of the voluntary expedited appeals procedure.

b. *CONSENT BY AGENCY.* If an employee or an applicant for employment elects to use this alternative procedure, the employing agency will be allowed to consent to or decline the procedure as well. In the event the employing agency does not wish to use the expedited procedure, the appeal will be processed in accordance with the formal Board procedures.

c. *REVIEW BY MSPB REGIONAL DIRECTOR.* If the agency consents to the voluntary expedited appeals procedure, the MSPB regional director will review the summary of the case filed by the agency and determine whether the case is appropriate for the expedited procedure. The standards used in making this determination will be the routine, nonprecedential nature of the appeal as well as workload requirements and availability of resources in the MSPB regional office.

d. *PROCESSING OF APPEAL.* If the case is processed under this expedited process, the parties will be notified by an Order of Acknowledgment of their obligation to file a Joint Appeals Record containing statements of issues and positions with respect to those issues, requests for hearing, witness lists, the agency's file and two dates agreed upon by the parties for the hearing. A presiding official specifically trained in informal dispute resolution will contact the parties during this time to ensure that the parties understand their obligations and to help promote an environment conducive to informal settlement.

e. *HEARING AND ISSUANCE OF EXPEDITED DECISION.* In the event settlement is not achieved, a hearing, if requested, will be held at the employment site within 15 days from the date the Joint Appeals Record is due. The presiding official will then issue an expedited initial decision no later than 15 days from the close of the hearing. If no hearing is requested, a decision on the record will be issued no later than 60 days from the date of the Board's acknowledgment order.

f. *PETITION FOR REVIEW.* Any party may file a petition for Board review of the expedited initial decision 35 days from the date of the decision. The criteria for review are the same under both the voluntary expedited appeals procedure and the formal appeals procedure.

## ATTENTION—THIS APPEAL MUST BE SIGNED

| I CERTIFY that all of the statements made in this Appeal are true, complete, and correct to the best of my knowledge and belief. | SIGNATURE OF APPELLANT  *Thomas P Butler* | DATE SIGNED  6-6-97 |
|---|---|---|

*U.S. GPO: 1993-353-847/00363*

Optional Form 283 (Rev. 3-88)
Page 4

Figure 6—8, MSPB Appeal Form 283, Page 4

BOB DILLION                                                    8/1/97

ON 7/25/97 I RECIEVED A PACKAGE FROM LABOR RELATIONS
(TOBE LOWE). IN THE PACKAGE TOBE LOWE HAD INCLUDED A COPY OF A
L.O.W. FROM JACK WATSON DATED IN FEB OF 1997. I HAD NEVER SEEN
SAID LOW. I WAS UNAWARE THAT I WAS EVEN GOING TO GET THE
THIS LETTER. LET ALONE DISCOVER IT BY ACCIDENT IN THE PACKAGE
FROM TOBE LOWE ON 7-25-97 (NEARLY FIVE MONTHS AFTER THE
ALLEDGED LETTER WAS DATED.

    I WISH TO APPEAL THE FACT THAT THIS LOW WAS NEVER SHOWN, GIVEN,
OR MAILED TO ME AND THEREFORE IS INAPPROPRIATE AND UNACCEPTABLE.
I BELIEVE IT TO BE AN UNETHICAL PROCEDURE.

    FURTHERMORE, I CONTEND IT WAS DESIGNED TO BE RETALITORY
AND DISCRIMINATORY AND I AM PURSUEING LEGAL ACTION THRU THE
EEO PROCESS, TO RECTIFY THIS UNJUST ACTION.

    I WILL CONTACT ROSCOE LONG representing me in an MSPB Proceding
To notify him of this situation.

    My NARS REPRESENTATION Robert Bowlan has been on VACATION, so I must
write this appeal REQUEST on behalf of myself. Please consider this
STEP A of the procedure unless you plan to Destroy this LOW WHICH I feel
WOULD BE APPROPRIATE AND THE RIGHT THING TO DO.

August 6, 1997

Tom Butler
7840 Camino Real P-105
Miami FL 33143

Dear Mr. Butler,

This is to inform you that the Letter of Warning, dated in February of 1997, and included in a package presented to you on 7/25/97, was there in error. You were correct in saying that this was a letter that you had never seen before. You were never issued this action. It was requested, but was deemed to be untimely by the time it was available to be issued. Without prejudice to its contents, the letter was not issued, and therefore should not appear in any records of the U.S. Postal Service. By copy of this letter, I have notified Ms. Lowe of this fact. Any copies or records of this action will be destroyed.

If you have any other questions regarding this subject, please contact me.

Sincerely,

Robert J. Dillon
Sr. Manager, Distribution Operations
South Florida P&DC

cc: Joann Feindt, Plant Manager, SFP&DC
    Toby Lowe, Labor Relations Specialist
    Robert Quinlan, NAPS
    Sergio Fernandez, MDO Tour 1

# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### ATLANTA REGIONAL OFFICE

THOMAS P. BUTLER,                          AT-0752-97-0767-I-1

    Appellant,

    vs.                                **APPELLANT'S PREHEARING**

UNITED STATES POSTAL SERVICE,      **SUBMISSION**

    Agency

Comes now the above named appellant, Thomas P. Butler, by and through his attorney and files this prehearing submission in the above entitled cause.

1. By notice of proposed adverse action dated May 2, 1997, appellant was notified by Sergio Fernandez, Manager, Distribution Operations. SFMPC, Tour 1, Pembroke Pines, Florida, that he was proposing that appellant be Placed on Enforced Leave. This proposal was based upon the following charge(s): (1) Appellant's medical condition.

2. By letter of decision dated May 27, 1997. Robert Dillion, Senior Manager, Distribution Operations, SFPDC, Pembroke Pines, Florida, concluded that the evidence warranted appellant's placement on Enforced Leave.   The action was effective June 6, 1997.

3. At the time of the agency's action against him the appellant was employed as Supervisor. Distribution Operations, Pembroke Pines, Florida, (EAS-16) and had 10 years of Government service.

4. The appellant filed a timely appeal with the Board's Atlanta Regional Office..

-1-



## ISSUES

1. Has the agency shown, by the requisite burden of proof, that appellant should have been placed on Enforced Leave, as alleged in the notice of proposed adverse action?

2. Has the agency violated the provisions of the Family Medical Leave Act?

3. Has the agency discriminated against the appellant in violation of the Rehabilitation Act of 1973, as amended?

4. Was the agency's action against appellant retaliation for his being placed on Family Medical Leave?

5. Has the agency sustained its burden, by the requisite burden of proof, that the penalty imposed was reasonable and appropriate under all facts and circumstances?

## STATEMENT OF ALL AGREED UPON MATERIAL FACTS

There are no agreed upon facts at this time.

## WITNESSES

**Appellant**

Appellant will testify concerning all facts and circumstances surrounding his appeal from the agency's action.

**Robert Quinlan, President, NAPS Branch 599, South Florida**

Mr. Quinlan would testify concerning appellant's responses to the deciding official and with regard to the appellant's seeking and being placed on Family Medical Leave.

-2-

Evelyn Lopez-Brignoni, M.D.

Dr. Brignoni would testify concerning appellant's ability to return to work with the Postal Service.

## EXHIBITS

The following is a list of exhibits which may be offered by appellant at the time of the hearing.

Appellant's Hearing Exhibit A:     Statement from Sharon Ricci (2 pages).

Appellant's Hearing Exhibit B:     Statement from Katherine Radinoni (2 pages) dated July 19, 1997.

Appellant's Hearing Exhibit C:     Statement from Ruth Murray (1 page) dated June 4, 1997.

Appellant's Hearing Exhibit D:     Letter from Evelyn Lopez-Brignoni, M.D., dated April 14, 1997 (1 page).

Appellant's Hearing Exhibit E:     Authorization to return to limited duty dated May 12, 1997 by U. S. Postal Service.

Appellant's Hearing Exhibit F:     Letter from appellant to Marvin Runyon, Postmaster General, dated May 27, 1997 (2 pages).

Appellant's Hearing Exhibit G:     PS Form 991 dated August 11, 1997 (3 pages).

-3-

# CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by First Class Mail, postage prepaid, unless otherwise indicated below, this day to each of the following:

**Merit Systems Protection Board**

Richard W. Vitaris
Administrative Judge
Merit Systems Protection Board
Atlanta Regional Office
401 W. Peachtree Street, NW
Atlanta, GA 30308-3519
FAX (404) 730-2767

**Appellant**

Mr. Thomas P. Butler
7840 Camino Real
P-105
Miami, FL 33143-6871

**Agency's Representative(s)**

Ms. Toby L. Lowe
Labor Relations Specialist
United States Postal Service
2200 NW 72nd Avenue, Room 212
Miami, FL 33152-9401

September 8, 1997
(Date)

Roscoe E. Long, Esq.

-5-

APPEALS PROCESSING CENTER

**UNITED STATES**
**POSTAL SERVICE**

SEP 1 9 1997

Mr. Tom Butler
7840 Camino Real P105
Miami, FL 33143-6871

CERTIFIED MAIL NO. P 591 237 188
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
Postmaster General
Agency Case No. 1-H-333-0018-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
June 6, 1997. Your complaint has been accepted for investigation. The scope
of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were harassed by your supervisor about your job performance and subsequently placed on enforced leave. |
| Date(s) of Incident: | March 5, 1997 |
| Type(s) of Discrimination: | Race (Caucasian Non-Hispanic), Color (white), Religion (Quaker), Sex (male), National Origin (American), and Age (42) |

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.

225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38186-0978
FAX 901-747-7239

Mr. Tom Butler                                                                                     2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

Mr. Tom Butler

3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U.S. District Court within 90 calendar days after your receipt of the EEOC's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Sincerely,

*Otis Maclin Jr.*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc: Sr. EEO CP Specialist, South Florida District
    Allan Donelan, 1800 Coral Way, Miami, FL 33245-9998

HRC42:ZCox:je:38166-0978

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

*1-H-33 3-0018-97*

| | |
|---|---|
| THOMAS P. BUTLER,<br>Complainant, | )<br>)<br>) |
| | )<br>) |
| v. | )<br>) |
| UNITED STATES POSTAL SERVICE,<br>Agency. | )<br>)<br>) |

AT-0752-97-0767-I-1

October 7, 1997

## SETTLEMENT AGREEMENT

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as follows:

All parties agree that is in the best interests of the parties to keep confidential the terms and conditions of this Settlement. Appellant, as a term and condition of the Settlement, agrees to keep confidential the information within and not to disclose said information to any third party other than legal counsel.

It is understood between the parties that the Settlement Agreement is reached on a non-precedent basis and may not be cited for any reason, including comparison, in any other proceeding in any forum.

By entry into this Settlement Agreement, the United States Postal Service, its officers, agents, and/or employees in no way admit to any wrongdoing, liability to or discrimination against Appellant, and Appellant agrees that this Agreement shall not be construed as any admission of wrongdoing, liability or discrimination by the United States Postal Service, its officers, agents and/or employees in this or any other proceeding or litigation.

It is understood by the undersigned that this Agreement is in full and complete settlement of all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-97-0767-I-1, administrative EEO complaints or appeals relative to the issues referenced in this complaint, in this or any other forum, filed by the below named appellant or on his behalf relating to any matters that occurred prior to the execution of this Settlement Agreement.    Appellant agrees to voluntarily withdraw any outstanding administrative complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all issues related to this appeal. It is understood that in withdrawing all appeals or complaints related to this issue, Appellant waives his rights to an oral hearing or further appeal on the matters raised. It is further stipulated that the withdrawals are made without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

The Merit Systems Protection Board retains jurisdiction over this Settlement Agreement for enforcement.

Appellant agrees that this Agreement is in full settlement of the referenced matter, and agrees to withdraw this appeal, and in so doing, understands that he waives his right to an oral hearing or further appeal, except as pertains to enforcement of the agreement,. Appellant agrees that the withdrawal is made without any threat, coercion, intimidation, promises, or inducement, other than the terms set forth in the Agreement.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution Operations. The Appellant's hours will be variable on Tour 3, and days off will be Thursday and Friday.

The Appellant will report to work one week after the signing of this agreement.

The agency will purge the appellant's Official Personnel File of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.
There are no provisions for back pay.

The parties have agreed that no attorney's fees and costs will be paid.

It is understood that the Appellant shall not litigate or relitigate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal.

The appellant has read and fully understands the provisions of this settlement, and fully agrees to its contents and provisions. The appellant is signing this agreement of his own free will and has not been coerced or forced into signing this settlement. He has not been promised anything above and beyond what is contained in the above settlement agreement.

The parties agree to make this settlement a part of the record.


_____ 10-15-97        _____ 10/7/97
Thomas P. Butler, Appellant    Date        Roscoe E. Long, Esquire    Date
                                             Appellant's Representative


_____ 10/7/97
Toby L. Lowe            Date
Agency Representative

U.S. Postal Service

# EEO Complaint of Discrimination
## in the Postal Service

*IN PERSON*

See Instructions and Privacy Act Statement on Reverse

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| Butler Tom | 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 | 1-H-333-0036-97 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL A-105 MIAMI FL 33143-6871 | (305) 271-1898 | (594) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| S.D.O. | 16 |

**8. Installation Where You Believe Discrimination Occurred** (Identify Installation, City, State, and Zip+4)

SFMPC
PEMBROKE PINES FL 33082-9998

**9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory** I'm not sure who sent the low to Tobe Love. I suspect Bob Dillon, Sergio Ferna or Jack Watson may have. I need you to investi This FURME. How could a low show up in my file by accident.

**10. I designate this person to be my representative.**

| a. Name | Title |
|---|---|
| ALAN DONELAN | VICE PRESIDENT NAPS |

Mailing Address  1800 CORAL WAY    MIAMI FL

| b. Home Phone | c. Work Phone |
|---|---|
| | (305) 869-5109 |

**11. Type of Discrimination Alleged**
Race (Specify): WHITE NON HISPANIC    Sex (Specify): MALE
Color (Specify): WHITE    Age (Specify): 43
Religion (Specify): QUAKER    Retaliation (Specify Prior EEO Activity 3-7-97
National Origin (Specify): USA    Disability (Specify):

**12. Date on Which Alleged Act of Discrimination Took Place**

7/25/97

**13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against** (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

ON 7/25/97 I received a package from Labor Relations (Tobe Love) in the package was a low From Jack Watson dated in Feb of 1992 I had never seen this low. I was unaware this I was even going To get the Letter let alone discover it By Accident in the package from Tobe Love on 7-25-97 (Nearly 5 months after the alledged Letter was dated) I Believe it to Be an unethical and discriminatory procedure. Furthermore, I contend it was Designed to be retaliatory and discrimination to Prior EEO of 3-7-97. Only white Soo on Tour I That was Retaliated against with an unethical Low.

**14. I have discussed my complaint with an EEO Counselor**
Yes (Date of final interview: Per Certified # 2,301,230
No  NO DISCUSSION HAS TAKEN PLACE

**15. Name and Signature of EEO Counselor**

**16. Corrective Action Sought** HAVE MR FERNANDEZ STOP harrassing me = 10-25-97 Assigned to T-3
2. USPS Pay MEDICAL COSTS AND FEES — OWCP accepted claim
3. USPS RESTORE my Sick, ALL AND annual for Holiday purp, night differential, OT
4. USPS Pay compensatory or punitive damage award of $5,000    7. ATTORNEY COST & FEES
5. USPS not affect my rights To EUA for this year    6. Low DESTROYED - Tobe stated it would

| 17. Signature of Complaint | 18. Date of this Complaint |
|---|---|
| *Thomas P Butler* | 10-28-97 |

PS Form 2565, December 1995

Processing Center
P.O. Box 19357, Dept. SFD-C
W. Palm Beach, FL 33416-9357

PAGE NO.

| 01 Effective Date | 11-22-1997 | NOTIFICATION OF PERSONNEL ACTION U. S. Postal Service | ( | SOCIAL SECURITY NUMBER 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 |

**EMPLOYEE INFORMATION**

| | | | | | |
|---|---|---|---|---|---|
| 03 Employee Name-Last | BUTLER | | 39 FLSA Status | S - EXEMPT |
| 04 Employee Name-First | THOMAS | | 40 Pay Location | 301 |
| 05 Employee Name-Middle | P | | 41 Rural Carrier-Route | |
| 06 Mailing Address Street/Box/Apts | 7840 CAMINO REAL # 105P. | | 42 Rural Carr-L-Rte ID | |
| | | | 43 Rural Carr-Pay Type | |
| 07 Mailing Address-City | MIAMI | | 44 Rural Carr-Tri-Weekly | |
| 08 Mailing Address-State | FL | | 45 Rural Carr-FLSA | |
| 09 Mailing Address-Zip+4 | 33143-6871 | | 46 Rural Carr-Commit | |
| 10 Date of Birth | 01-24-1954 | | 47 Rural Carr-EMA | |
| 11 Veterans Preference | 1 - NO PREFERENCE | | 48 Rural Carr-Hours | 00 |
| 12 Sex | | | 49 Rural Carr-Miles | 000 |
| 13 Minority | | | 50 Job Sequence | 1 |
| 14 Disability | | | 51 Occupation Code | 2315-6076 |
| 15 Leave Comp Date | 08-03-1987 | | 52 Position Title | SUPV DIST OPERTNS |
| 16 Enter on Duty Date | 08-03-1987 | | 53 Functional Oper Nbr | 1000 |
| 17 Retirement Comp Date | 08-03-1987 | | 54 Designation/Activity | 09/0 |
| 18 Serv Anniversary PPYR | | | 55 Position Type | 1 - FULL TIME |
| 19 TSP Eligibility | Y - ELIGIBLE WITH DEDUCT | | 56 Limit Hours | 00 |
| 20 TSP Service Comp Date | 08-03-1987 | | 57 Allowance Code | |
| 21 Prior CSRS Service | N | | 58 Employment Type | |
| 22 Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 Leave Data-Category | 6 - HOURS/PP | | 59 Pay Rate Code | A - ANNUAL RATE |
| 24 Leave Data-Chg PPYR | 18-2002 | | 60 Rate Schedule Code | E - EAS |
| 25 Leave Data-Type | 1 - ADVANCED AT BEGINNING | | 61 Grade/Step | 16/ |
| 26 Credit Military Serv | | | 62 Base Salary | 43,293 |
| 27 Retired Military | | | 63 Cola | |
| 28 Retirement Plan | 8 - FERS | | 64 Cola Roll-In Ind | |
| 29 Employee Status | | | 65 Next Step PPYR | |
| 30 Life Insurance | C - BASIC COVERAGE ONLY | | 66 Merit Anniv Date | 02-1998 |
| 31 Special Benefits | | | 67 Merit Lump Sum | |
| **POSITION INFORMATION** | | | 68 Special Salary Code | |
| 32 Employ Office-Fin No | 11-8675 | | 69 Protected RSC | |
| 33 Employ Office-Name | SO FLORIDA PROC/DIST CTR | | 70 Protected Grade/Step | |
| | | | 71 Expiration PP/YR | |
| 34 Employ Office-Address | PEMBROKE PINES FL 33082-9998 | | 72 Protected RC Hours | |
| | | | 73 Protected RC Miles | |
| 35 Duty Station-Fin No | 11-8675 | | 74 RC Guaranteed Salary | |
| 36 Duty-Station-Name | SO FLORIDA PROC/DIST CTR | | 75 Annuity Amount | |
| 37 Appt Expiration Date | | | 76 Red Circle Code | 0 |
| 38 Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| 77 Nature of Action Code | 002 | 78 Authority | 39-USC SECT. 1001 |
|---|---|---|---|
| 79 Description | CORRECTION | 80 Code | 81 Code | 82 Code | 83 Code |

84 Remarks

THIS ACTION SERVES TO CORRECT PAY LOC AND SCH IAW MSPB SETTLEMENT
AGREEMENT DATED 10/7/97.
BGM 12/01/97

| 85 Authorization DAVID C. BAKKE, VICE PRESIDENT AREA OPERATIONS-SOUTHEAST AREA | 86 Processed Date | 12-03-1997 |
|---|---|---|
| | 87 Personnel Office ID | TA11 |
| | 88 OPF Location | MIAMI POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)     2 - OPF COPY

APPEALS PROCESSING CENTER



**UNITED STATES**
**POSTAL SERVICE**

FEB 1 9 1998

Mr. Tom Butler
7840 Camino Rel P105
Miami, FL 33143-6878

REC'D ...

... FEB 23 PM 2:17

SOUTH FL. DISTRICT

CERTIFIED MAIL NO. <u>P 591 238 456</u>
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
    Postmaster General
    Agency Case No. 1-H-333-0036-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on October 27, 1997. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

<u>Specific Issue(s):</u>

You were given a package from Labor Relations with a copy of a L.O.W. for which you had never received.

<u>Date(s) of Incident:</u>

July 25, 1997

<u>Type(s) of Discrimination:</u>

Race (Caucasian), Color (White), Religion (Quaker), Sex (male), Age (43) and Retaliation (prior EEO activity)

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required to advise you to consult with an attorney should you so desire, prior to the signing of any agreement resolving your complaint. If you do not wish to proceed with this complaint, you may withdraw your complaint by signing the enclosed PS Form 2565-E and returning it to the office where you filed your formal complaint.

Your case has been assigned for investigation. Please be prepared to go forward with your case when the EEO Counselor/Investigator contacts you.

**Exhibit**

...LYN HUMPHREYS BOULEVAR
MEMPHIS TN 38166-0978

PAGE NO. 27

Mr. Tom Butler                                                       2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

**PAGE NO.** _30_

Mr. Tom Butler

3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U.S. District Court within 90 calendar days after your receipt of the EEOC's decision.  If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Sincerely,

Otis Maclin Jr.

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Senior EEO Complaints Processing Specialist, South Florida District
     Allen Donelan, 1800 Coral Way, Miami, FL  33245-9998

HRC42:ZCox:gle:38166-0978

PAGE NO. _32_