IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

    Plaintiff,

v.                                          CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

    Defendant.
_____/

### NOTICE OF FILING OF DECLARATION OF KAREN BOROWSKI

COMES NOW the Defendant, by and through the undersigned counsel, to provide this Notice Of Filing Of Declaration of Karen Borowski and supporting documentation including:

1. Request for Disciplinary Action, dated July 18, 1998;
2. Letter of Warning, dated August 21, 1998;
3. Step B Decision, dated November 10, 1998;
4. Review and Decision, dated April 12, 1999;

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By _____
CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 14, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E. 7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

By _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

    **Plaintiff,**

v.                CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

    Defendant.
_____/

### DECLARATION OF KAREN BOROWSKI
### IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

  1.  I, Karen Borowski, am currently employed with the United States Postal Service (USPS) and have been so employed since 1980. I have been a Manager of Human Resources, Southeast Area Office, assigned to work in Memphis Tennessee since 1999. During my tenure as a supervisor, I have been trained and have experience in the disciplinary policies, procedures, rules and regulations governing the conduct and responsibilities of USPS employee.

  2.  As a Manager of Human Resources, part of my duties and responsibilities involved reviewing "just cause" determinations upon appeals taken by USPS non-bargaining employees in disciplinary proceedings including the issuance of a Letter of Warning (LOW).[1]

---

[1] Ordinarily, if USPS management determines that an employee's conduct is deficient because the employee has violated some rule, regulation, policy, or procedure of the USPS, a LOW is issued and served upon the subject employee for the dual purpose of formally advising said employee of deficiency and of the need for corrected behavior. Regardless of whether a USPS employee is covered by a union collective bargaining agreement, in all disciplinary proceedings, it is the policy of the USPS to adhere to the tenets of just cause found in many collective bargaining agreements. These tenets include a timely and thorough investigation of the matter at issue as well as timely issuance and service of any resulting process (usually within thirty days if issuance). The issuance of a LOW is the first step in the employee disciplinary process within the USPS. If the LOW is not set aside through union collective bargaining agreement grievance procedures, it remains in the employee's OPF for three years. If the employee's conduct is not corrected, subsequent disciplinary action can result in suspension, downgrading of employment grade, and/or removal. Ordinarily, a copy of a LOW is maintained in an employee's OPF.

3.  On July 18, 1998, Rosie Carlies, MDO, initiated a Request for Disciplinary action against Butler based upon the circumstances surrounding Butler's performance as SDO in Postal Operation #208[2] on July 15, 1998.[3] Indeed, on August 21, 1998, Carlies issued a LOW charging Butler with failure to perform supervisory duties in a satisfactory manner and failure to follow instructions concerning proper staffing of operations (specifically, on July 15, 1998, Butler had eleven mail handlers (three more than necessary) on Operation 208).[4] Thereafter, Butler appealed the issuance of the LOW to the Acting Plant Manager, Robert Dillon.

4.  On November 10, 1998, Dillon found that the August 21, 1998 LOW had been issued for "just cause." Thereafter, Butler appealed the issuance of the LOW to the Manager of Human Resources, Southeast Area Office.[5]

5.  On April 12, 1999, as Manager of Human Resources, Southeast Area Office, I denied Butler's appeal finding that there was "sufficient evidence to warrant the action taken."

6.  I understand that according to Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), Section 4(d) of the ADEA, 29 U.S.C. Section 623(d) protected activity consists of <u>either</u> of the following:

    1.  opposing a practice made unlawful by of the employment discrimination statutes (the "opposition clause") or
    2.  filing a charge, testifying, assisting, or participation in any manner in an investigation, proceeding or hearing under the applicable statute (the "participation clause").

7.  I became aware that Butler had participated in protected activity on or about January 2003 when I was approached about preparing this Declaration.

                                          _/s/ Karen A Borowski_
                                          Karen Borowski

I declare under penalty of perjury that the foregoing is true and correct. Executed on 29th day of January, 2003.

---

[2] Postal Operation 208 was an automated mail processing area which employed a Scan Where You Band (SWYB) machine which, according to USPS policy and procedure, required no more than eight mail handlers to operate efficiently and effectively. Unnecessary staffing result in unnecessary costs and is detrimental to the agency's commitment to improved performance and customer satisfaction. Butler was aware of this policy and procedure.

[3] See attached Request for Disciplinary Action, dated July 18, 1998, as maintained in Plaintiff's LRF and EEOC file.

[4] See attached August 21, 1998 LOW, as maintained in Plaintiff's LRF and EEOC file.

[5] See attached November 10, 1998 Step B Decision, as maintained in Plaintiff's LRF and EEOC file.

SPV-98-31
-: OS

JUL 24 1998

# UNITED STATES POST OFFICE
## SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER
### PEMBROKE PINES, FL 33082-9997

### REQUEST FOR DISCIPLINARY ACTION

EMPLOYEE'S NAME: _Thomas Butler_

SOCIAL SEC. #: _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_

JOB TITLE: _Supervisor Processing & Distribution_

EMPLOYEE'S REPORTING TIME AND DAYS OFF: _Varies_

UNIT OR BRANCH: _SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER_

PAY LOCATION: _301_    TOUR: _3_


WHAT TYPE AND DEGREE OF DISCIPLINARY ACTION ARE YOU RECOMMENDING?

LETTER OF WARNING: _✓_

SUSPENSION: _____          INDEFINITE: _____
            (NUMBER OF DAYS)

EMERGENCY: _____           REMOVAL: _____

ACKNOWLEDGED: _____           FDGM/PM OTHER: _____

REQUESTING SUPERVISOR'S NAME: _Rosie B. Carlise_

SSN#: _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_     SIGNATURE: _Rosie B. Carlise_

DATE SIGNED: _7/18/98_

CONCURRENCE BY: _____  TITLE: _SR MDO_

REVIEWED BY: _____  TITLE: _____
             (FUNCTIONAL AREA MGR)

REVIEWED BY: _____  TITLE: _____
             MGR H/R

ATTACH TO THE BACK OF THIS REQUEST APPROPRIATE DOCUMENTATION LISTED IN ITEM #:

PAGE 2

1. WHAT IS YOUR REASON FOR REQUESTING DISCIPLINARY ACTION? FULLY DOCUMENT WHAT INFRACTIONS THE EMPLOYEE COMMITTED AND INCLUDE DATES, TIME AND PLACES LIST ALL DOCUMENTATION PROVIDED WITH THIS FILE.

Around 0155 AM, I received a call from the Miami AMC informing me that the AMC would not be able to reboot their SWYB system to bring our Scan Where You Band system back up.

I asked you how much mail you still had to process in your operation. You informed me you had a large volume of mail awaiting processing. When I asked you why you had this volume of mail in the operation at this time, your response to me was complete silence. I asked if you heard me, and you said "yes, I should. You are yelling". I again asked you why you had this volume of mail in your operation and you had no response.

I asked you to come to the office. When we got there, I asked you how many mailhandlers you have in your operation. You could not tell me. You started writing the names of employees down. I asked you again how many mailhandlers you have in your operation. Your response was ten (10). I asked you why? Again, you had no response.

I then instructed you to go back to your operation and get all of the remaining mail sleeved and strapped and send it to the AMC with a placard on the next truck. I told you I would talk to you later.

At approximately 0215, I came out to your operation. I observed mailhandlers doing nothing. You had mail that needed to be sleeved and strapped, you were using one sleever, you had mail that needed to be placed in BMC just sitting, no sense of urgency was demonstrated from you or your employees.

I then counted the mailhandlers in the operation. There were eleven. I asked you why you had eleven mailhandlers in the 208 operation. Your response was, "they all came in at 6:00PM". This response is unacceptable.

These employees had a regular end tour is 0230. There was no sense of urgency on your part to get this operation closed down by this time, even with eleven mailhandlers. I had to instruct you to use another belt to sleeve and strap this mail to get it done by 0230.

✱ You have previously been instructed that only 8 mailhandlers will be used in this operation and you were aware of this. Since the installation of the robot, there was no need for more than 8 mailhandlers in this operation.

If I had not come out and given you instructions, you would have incurred overtime to get this mail sleeved and strapped for the AMC.

Your response and your actions are not acceptable. You were not in control of your operation nor your employees. As a matter of fact, your employees were controlling you. You did not take charge or responsibility of your operation, you did not know how many employees you had in your operation even though you were well into 7 1/2 hours of your tour.

You are charged with Failure to meet the requirements of your position, by failing to perform your duties in a satisfactory manner.

PAGE 3

2. WHO COMPLETED THE INVESTIGATION IN REFERENCE TO THE ABOVE INFRACTION? (ALL INVESTIGATION MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B Carlies
Manager Distribution Opns T-3

3. GIVE THE DATES, TIME AND WHO WAS PRESENT DURING THE PRE-DISCIPLINARY INTERVIEW WITH THE EMPLOYEE ABOUT THIS INFRACTION. (THIS PRE-DISCIPLINARY INTERVIEW MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B. Carlies MDO T-3
Henry Dominguez
Thomas Butler -
7/18/98
22:40pm.

PAGE 4

4. WHAT DID THE EMPLOYEE SAY DURING THE PRE-DISCIPLINARY INTERVIEW WHEN QUESTIONED IN REFERENCE TO THIS INFRACTION?

This is unwarranted, that you had proof that it was unwarranted and you will share your proof with Union Rep Henry Domingues.

5. LIST DATES OF DISCUSSIONS, IF ANY, GIVEN TO THE EMPLOYEE IN REFERENCE TO INFRACTIONS OF THIS NATURE.

DISCUSSION: _____N/A_____

6. WHAT DISCIPLINARY ACTION HAS BEEN TAKEN AGAINST THIS EMPLOYEE IN THE PAST: LIST ALL ACTIONS IN SEQUENCE AND INCLUDE DATES.

7. YOU MUST CONSULT WITH EAP STAFF FOR THEM TO DETERMINE WHETHER AN EAP REFERRAL IS NECESSARY. THIS IS TO BE ACCOMPLISHED PRIOR TO DISCIPLINARY BEING INITIATED. WHO CONSULTED WITH THE EAP STAFF AND DATE:

CONTACTED EAP: at Miami, Left msg on recording 7/16/98 @ 2305

8. ADDITIONAL INFORMATION RELEVANT TO THIS DISCIPLINARY REQUEST.

# UNITED STATES POSTAL SERVICE
## SOUTH FLORIDA DISTRICT

DATE: August 21, 1998

REF: SE09:RCarlies:DS:srl/Supv/LOW/Butler

SUBJ: Letter of Warning

TO: Thomas Butler
Supervisor, Distribution Operations
7840 Camino Real, #105P
Miami, FL 33143-6871

CERTIFIED NO: Z 020 271 622
RETURNED RECEIPT REQUESTED

This official Letter of Warning is being issued to you for the following reason:

You are charged with Unsatisfactory Performance due to failure to perform supervisory duties in a satisfactory manner, and failure to follow instructions concerning properly staffing of operations.

On July 15, 1998, at approximately 1:55 a.m., I received a call from the Miami AMC informing me that they would not be able to reboot their Scan Where You Band System to bring our SWYB system back up. I came out to your operation and asked you how much mail you still had to process. You informed me that you had a large volume of mail awaiting processing. When I asked you why you had this volume of mail in the operation at this time, you failed to respond. I asked if you heard me and you said, "Yes, I should. You are yelling." I again asked you why you had this volume of mail in your operation, and again you failed to respond. I asked you to come to the MDO's office. When we got there, I asked you how many mailhandlers you have in your operation. You could not tell me. You started writing the names of employees down. I asked you again how many mailhandlers you have in your operation. Your response was ten (10). I asked you why? Again, you had no response. I then instructed you to go back to your operation and get all of the remaining mail sleeved and strapped, and send it to the AMC with a placard on the next dispatch. I informed you that I would talk to you later. At approximately 2:15 a.m., I came to your operation. I observed mailhandlers doing nothing. You had mail that needed to be sleeved and strapped, you were using one sleever, you had mail that needed to be placed in BMC's just sitting, and no sense of urgency was demonstrated from you or your employees. I counted the mailhandlers in your operation. There were eleven (11). I asked you why you had eleven (11) mailhandlers in Operation 208. Your response was, "They all came in at 6:00 p.m." This response is unacceptable. A review of schedules reveal that these employees had a regular end tour of 2:30 a.m. You demonstrated no sense of urgency on your part to get this operation closed down by this time, even with eleven mailhandlers. I had to instruct you to use another belt to sleeve and strap this mail in order to get it done by 2:30 a.m. If I had not come out to your operation and given you instructions, you would have incurred overtime to get this mail sleeved and strapped for the AMC.

When questioned on this matter during the pre-disciplinary interview, you stated that this is unwarranted and that you had proof that it was unwarranted, and that you will share your proof with union representative, Henry Dominquez. This response is unacceptable. You were not in control of your operation nor your employees. As a matter of fact, your employees were controlling you. You did not take charge or responsibility or your operation, and you did not know how many employees you had in your operation even though you were well into approximately 7 ½ hours of your tour. In addition, you have

EXHIBIT 23

Thomas Butler
August 21, 1998
Page Two

previously been instructed that only eight (8) mailhandlers will be used in Operation 208. Since the installation of the robot, there was no need for more than 8 mailhandlers in this operation. You, a Supervisor, Distribution Operations, are responsible for all activities of mail service in your operation, and is expected to maintain an efficient and effective operation. Your blatant disregard for operational procedures prevent your operation from complying with our commitment to improve performance and customer satisfaction. The success of the Postal Service depends on our performance and you have seriously neglected your responsibility as a supervisor. You, as a supervisor, must understand the importance of providing reliable and efficient service to our customers if the Postal Service is to achieve its goals and remain competitive.

It is hoped that this official Letter of Warning will serve to impress upon you the seriousness of your actions and that future discipline will not be necessary. If you are having difficulties which I may not be aware of, or if you need additional assistance or instructions for improving your performance, please call on me or you may consult with other supervisors and we will assist you where possible. However, I must warn you that
future deficiencies will result in more severe disciplinary action being taken against you. Such action may include letters of warning in lieu of suspensions, reduction in grade and/or pay, or removal from the Postal Service.

You may appeal this Letter of Warning in accordance with Section 652.3 of the Employee and Labor Relations Manual within ten (10) calendar days from the day you receive this letter.

*Rosie Carlies* 8/30/98
Rosie Carlies
Manager, Distribution Operations

**EMPLOYEE REGULAR MAIL**

Emp. SS# 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

cc: Labor Relations
A/Plant Mgr So FL
Sr. MDO So FL
MDO T-3
OPF



SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER


**UNITED STATES**
**POSTAL SERVICE**

                                                                    9 1998

Date:   October 8, 1998

To:     Thomas Butler                       Certified #: Z726477512
        Supervisor, Distribution Operations  Return Receipt Requested
        7840 Camino Real #105P
        Miami, FL 33143-6871

Subject: Letter of Warning
         Step A Decision


I received your response to the Letter of Warning dated August 21, 1998, which was issued to you on August 30, 1998. You stated you knew trouble was brewing when you saw Sergio and me walking around. Our job as Managers, Distribution Operations, is to review operations for Tour turnover. You also stated you were still fighting retaliatory attempts from management stemming from and prior to a medical situation on March 5, 1997.

You are mentioning incidents that have no bearing on your unacceptable performance on July 15, 1998. You also mentioned a situation that occurred with myself and another supervisor in one of my staff meetings. Again, you are mentioning situations that have nothing to do with your unacceptable performance on July 15, 1998.

I am aware that you made attempts to call the AMC, talked to Supervisor Amestica and that you had mentioned to MDO Robert Brace that the system was down. At no time did you attempt to reach me. I was the one who contacted you regarding this incident.

You mentioned you had 35-45 people in operation 120. The operation will not accommodate that many people.


16000 PINES BLVD.
PEMBROKE PINES, FL 33082-9997
954-435-1137
FAX: 954-435-4365

-2-

I completely reviewed your response to the Letter of Warning that was issued to you and have found no reason to remove this discipline. Your performance has not improved.

You may appeal this Step A decision to the Installation Head in writing within seven (7) calendar days after receipt of this letter.

*Rosie B. Carlies* (signature)
Rosie B. Carlies
Manager, Distribution Operations
Tour II      SFP&DC

cc:  Robert J. Dillon, A/Plant Manager, SFP&DC
     Jay Mercier, Manager, Human Resources
     Steve Murray, Sr. Labor Relations Specialist
     Henry Dominguez, NAPS Vice President

PLANT MANAGER
SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER


**UNITED STATES POSTAL SERVICE**

Date:      November 10, 1998

Ref:       RJDILLON:pjb:9701

Subject:   Step B Decision

To:        Tom Butler                              Certified #Z726477531
           Supervisor, Distribution Operations      Return Receipt Requested
           7840 Camino Real #105P
           Miami, FL  33143-6871

I have received and reviewed your appeal of the Step A decision received in this office on October 16, 1998.

Your contentions in defense of your position is that your Manager, Distribution Operations, Ms. Carlies, has misconstrued the facts and her decision is prejudiced and biased. Your appeal however, fails to support your contentions. You state that you made attempts to contact Ms. Carlise but could not. The issue here is not only the notification of the tour MDO, but the proper allocation of resources and the managing of these resources. As was described in the Step A answer, and the letter itself, a maximum number of employees for that operation had been determined. This was done based on the work to be performed and the area available. You were aware of this requirement, yet you chose to staff beyond these limits. When questioned on the number of employees you had, their names and their whereabouts, you did not have this information. You had to review your notes.

A supervisor is expected, in fact, required to know how many employees are in their charge and who and where those employees are. At the time of the incident, you did not.

You further referenced that his action is retaliatory. In retaliation for what? This action appears to be related to events which occurred on the date in question, and were in contradiction of instructions you have been given numerous times.

18000 PINES BLVD.
PEMBROKE PINES, FL 33082-9997
954-438-1137
Fax: 954-438-4385

-2-

I do realize that the scan where you band operation was experiencing mechanical problems on July 15 of this year. Managers and supervisors are expected to handle situations that arise. It is not a reason, in and of itself, to abandon instructions previously given.

I find that this letter was for just cause. You provided no evidence which would cause me to mitigate this action. The offenses committed by you justify the action taken.

You have the right to appeal this decision in accordance with section 652.22 of the Employee and Labor Relations Manual in writing to Larry Stebbins, Manager, Human Resources, Southeast Area Office, 225 N. Humphrey Blvd., Memphis, TN 38166-0840, within 15 calendar days from the date of your receipt of this letter. You should furnish me a copy of your appeal and state you do or do not wish a hearing.

You are entitled to a representative of your own choosing throughout your appeal. If you appeal this action through the appeals set forth at Section 652.22 of the Employee and Labor Relations Manual (ELM), you and your representative, if he or she is a U.S. Postal Service employee, shall be afforded reasonable amount of official time for preparation of your case if you and/or your representative are otherwise in a duty status.

Robert J. Dillon
A/Plant Manager, South Florida
Processing & Distribution Center

cc:  JoAnn Feindt, Sr. Plant Manager
     Labor Relations, GMF
     OPF
     Don Shandor, MDO, Tour 3, SFP&DC
     Rosie Carlies, MDO, Tour 2, SFP&DC
     File

*[handwritten notes at top: cc: Bill Dillon, ... FYI and file ... 8/21/98...]*

**HUMAN RESOURCES**

**UNITED STATES POSTAL SERVICE**

APR 12 1999

Mr. Thomas P. Butler
7840 Camino Real Apt. 105P
Miami, FL 33143-6871

                                    CERTIFIED MAIL NO. Z 031 061 762
                                    RETURN RECEIPT REQUESTED

Dear Mr. Butler:

In accordance with Part 652.34 of the Employee and Labor Relations Manual, this will constitute my review and decision of the November 10, 1998, Step B Decision issued by Robert J. Dillon, Acting Plant Manager, South Florida District. The decision denied the appeal of a Letter of Warning dated August 21, 1998, for unsatisfactory performance due to failure to perform supervisory duties in a satisfactory manner and failure to follow instructions concerning proper staffing of operations.

After careful review of the file, I find there was sufficient evidence to warrant the action taken. The record reflects that you were charged with unsatisfactory performance and failure to follow instructions on July 15, 1998. The core issues of the charges reflect that you failed to follow instructions in that your manager observed eleven employees assigned to Operation 208, while the Standard Operating Procedure (SOP) provided that the operation be staffed with eight employees only, and that you failed to control the activities of the unit.

You proffer that your assigned operation experienced serious mechanical problems on the night of July 15, 1998, and that you made many attempts to contact your manager and apprise her of

225 N HUMPHREYS BLVD
MEMPHIS TN 38166-0840
901-747-7200
Fax 901-747-7491

Mr. Thomas P. Butler                                                                2

such; however, you were unable to contact her. At some point,
you left a message with another manager about the mechanical
problems on the Scan Where You Band (SWYB) system and advised
him of the mail volume and the methods being used to process the
mail. You indicated that you were aware that the Standard
Operating Procedure (SOP) for the SWYB operation required only
eight employees; however, three employees had "filtered" into
the SWYB operation without forewarning from their supervisor.
You contend that all of the SWYB mail was dispatched at the
usual time and you had ultimately saved workhours in the
120 Operation. Furthermore, you construe that the issuance of
the discipline was an act of retaliation and point out that you
have been given four SOPs while another supervisor has none.

The record is inconclusive as to how or at what point the SWYB
operation became overstaffed on July 15, 1999, and as to whether
or not you attempted to contact your manager. However, it is
not refuted that the SWYB Operation was overstaffed by three
employees when your manager observed the unit. You were
ultimately responsible for the staffing of that unit throughout
that particular tour as you were the supervisor of record. In
addition, at approximately 2:15 a.m. your manager observed
employees standing idle even though there was mail that had not
been processed. She concluded that had she not come to the SWYB
Operation and given you instructions, overtime hours would have
been necessary. Your contention that you ultimately saved
workhours in the 120 Operation is of little significance as the
specifications of the charge concern the staffing and the
activities in the SWYB Operation which also fell under your area
of responsibility. It is also of little significance that you
were given four SOP's while another supervisor had none because
you are not similarly situated to that supervisor. The
comparison is assigned to the 030 Operation. Finally, the
record does not support your contention that the issuance of the
discipline was an act of retaliation. The discipline was issued
based on your performance or lack thereof on July 15, 1998.

Your conduct as outlined in the notice of August 21, 1998, is
serious and can not be tolerated. The Letter of Warning for
failure to perform supervisor duties in a satisfactory manner

Mr. Thomas P. Butler                                                                    3

and failure to follow instruction concerning proper staffing of operations is sustained. This decision will be final and there will be no further right to administrative appeal.

Sincerely,

*[signature: Karen A. Borowski]*

Karen A. Borowski
Manager, Human Resources
Southeast Area Office

cc: Manager, Human Resources, South Florida District