IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

    Plaintiff,

v.                                       CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

    Defendant.
_____/

## NOTICE OF FILING OF DECLARATION OF KEITH MAYNORD

COMES NOW the Defendant, by and through the undersigned counsel, to provide this Notice Of Filing Of Declaration of Keith Maynord and supporting documentation including:

1. DATA KEEPER records for USPS Fiscal Year 1997;
2. cc:mail communications dated November 4, 1997 and November 11, 1997.

                                              Respectfully submitted,

                                              MARCOS DANIEL JIMENEZ
                                              UNITED STATES ATTORNEY

                        By

                                              CHARLES S. WHITE
                                              Assistant United States Attorney
                                              Fla. Bar No. 394981
                                              99 N.E. 4th Street, Suite 322
                                              Miami, Florida 33131
                                              Tel. (305) 961-9286
                                              Fax. (305) 530-7139

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 14, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E.7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

By _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

          Plaintiff,

v.                                                CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

          Defendant.
_____/

## DECLARATION OF KEITH MAYNORD
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.    I, Keith Maynord, am employed with the United States Postal Service (USPS) and have been so employed since January 1981. From May 1996, through July 2001, I was Manager, In Plant Support and from September 1997 until January 1998, I was an Acting Plant Manager, assigned to work at the South Florida Mail Processing Center (SFMPC). As an Acting Plant Manager, I was a second line supervisor of subordinate supervisors, including any Supervisor, Distribution Operations (SDO) for the USPS, assigned to work at the SFMPC.

2.    As a former Acting Plant Manager, and as a current MDO, I am familiar with the manner by which records USPS employee time and attendance records are created and maintained in the normal course of business. In particular, I am familiar with USPS records created by the DATAKEEPER service which, in 1997, tracked USPS employee hour usage of Annual Leave, Sick Leave, Leave With Out Pay, and other information.

3.    As a former Acting Plant Manager, I am aware that in 1996, the USPS implemented a new variable pay program for exempt employees based on a new measure of financial performance which was dubbed Economic Value Added (EVA).[1] EVA is an incentive program based on an

---

[1] Variable pay programs provide cash awards for participating employees based on objective measures of organizational performance. These programs are "variable" in the sense that the size of the award may differ from year to year based on the organizational performance in a particular year. Since the awards are lump sum cash awards, the payments must be earned each successive year by achieving organizational objectives.

employee's contribution or lack of contribution to the goals of the USPS. Attendance was one of the factors viewed by management in assessing an employee' eligibility for an EVA credit. To receive the full credit under the incentive program, eligible employees in organizational units had to meet established targets. Otherwise qualified employees could be disqualified from receiving the EVA credit if they "do not fully contribute to the performance of the organization. . . ." Lack of contribution was defined as absences either 1) where combined sick leave and leave without pay exceeded 500 hours; or 2) combined absences (including but not limited to sick leave and leave without pay, e.g. annual leave, absence without leave) exceeded 600 hours.[2]

4.     During USPS fiscal year 1997 (the EVA year commencing September 14, 1996 and ending September 12, 1997), Butler used 737 hours of sick leave and eight hours of leave without pay. Accordingly, Butler was disqualified from obtaining the EVA credit for USPS fiscal year 1997.[3]

5.     On November 4, 1997, as Acting Plant Manager, SFMPC, and based upon the aforementioned analysis of Butler's absences during USPS fiscal year 1997, I advised Butler that he was not eligible for the EVA credit for USPS fiscal year 1997.[4]

6.     I understand that according to Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), Section 4(d) of the ADEA, 29 U.S.C. Section 623(d) protected activity consists of either of the following:

> 1.     opposing a practice made unlawful by of the employment discrimination statutes (the "opposition clause") or
> 2.     filing a charge, testifying, assisting, or participation in any manner in an investigation, proceeding or hearing under the applicable statute (the "participation clause").

---

[2] A fifty two week work year multiplied times 40 hours per week results in the product of 2,080 work hours per year. 500 hours is equal to approximately 25% of such a work year.

[3] See attached DATA KEEPER records for USPS Fiscal Year 1997 (the EVA year commencing September 14, 1996 and ending September 12, 1997), which were created and maintained in the ordinary course of business within the USPS, which reflect the combined Sick/Leave (SL)/ Leave With Out Pay (LWOP) usage over 500 hours by EAS employees including Thomas P. Butler.

[4] See my attached cc:mail communications dated November 4, 1997 and November 11, 1997. As noted in my November 11, 1997 communication, on November 4, 1997, after learning that he was excluded from EVA for Fiscal Year 1997, Butler's commented that he felt that the Postal Service was retaliating against him for his having won his case. I understood his reference to winning his case to mean he had prevailed in his OWCP case and possibly a MSPB ("Labor?") matter.

7. I became aware that Butler had participated in protected activity on or about March 27, 1998 when I was approached about preparing an answer to the Administrative Complaint (EEOC, Case, #1-H-333-0011-98) filed by Butler on February 4, 1998, alleging that the USPS had wrongfully discriminated and retaliated against him based upon his being deemed ineligible to receiving the EVA credit for USPS fiscal year 1997.

8. Prior to March 27, 1998, I was unaware that Butler had participated in protected activity.

9. Neither Race, Color, Religion, Sex, Origin, Age, nor Reprisal for participation in protected activity played a part in Butler's being deemed ineligible to receiving the EVA credit for USPS fiscal year 1997.

*Keith Maynord*
Keith Maynord

I declare under penalty of perjury that the foregoing is true and correct. Executed on 5 day of March, 2003.

3

```
USPS LID SS0411                         UNITED STATES POSTAL SERVICE                    PAGE:  1
MINNEAPOLIS ISSC                  EMPLOYEE HOURS USAGE OF AL, SL, WK, OT, PT AND LW     DATE: 10/21/97
DATAKEEPER FLD331P1                         FOR PAST 26 PAY PERIODS

OFFICE: SOUTH FLORIDA P&DC

PAY LOCATION  101  6/12  7/9  6/4  5/4  5/10  4/26  4/12  3/29  3/15  3/1  2/15  2/1  1/18  1/4  12/7  11/23  11/9  10/26  10/12/96
                   6/11  7/18 6/20 5/6  5/23  5/9   4/25  4/11  3/28  3/14 2/28  2/14 1/31  1/17 11/21 11/20  11/22 11/8   10/25/96
              9721 9719  9718 9717 9716 9715  9714  9713  9712  9711  9710 9709  9708 9707  9706 9705  9704   9703 9702   9701 9626 9625 9624 9623 9622

BUTLER, THOMAS P         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  090    AL BAL:    20.46    SL BAL:    8.00   TOTAL WORK HOURS:    821.25
AL    4.0  4.0           72.0 80.0 14.0
SL              8.0           66.0 72.0 80.0 72.0 80.0 80.0 80.0 80.0 79.0 40.0                                          24.0                     40.0
WK    8.0                                                                     1.0 40.0 80.0 80.0 80.0  48.0 80.0  80.0  80.0 80.0 32.0
OT                                                                                2.5  7.0  7.8  6.3   5.5  2.8   9.5   3.0  4.0  4.0
LW            .0

HOURS WK=WORK HOURS(52+35), AL=ANNUAL LEAVE(55), SL=SICK LEAVE(56), OT=OVER TIME(53+68), PT=PENALTY OT(43), LW=LWOP(30+31+59+60)
```

EXHIBIT  4

PAGE    4

FISCAL YEAR 1997 EAS COMBINED SICK/LWOP LEAVE USAGE OVER 500 HOURS

OFFICE: SOUTH FLORIDA P&DC

| NAME | SICK LEAVE HOURS | ANNUAL LEAVE HOURS | FMLA ANNUAL LEAVE HOURS | FMLA SICK LEAVE HOURS | LWOP HOURS | FMLA LWOP HOURS | LVL | OCCUPATION TITLE |
|---|---|---|---|---|---|---|---|---|
| KELLER RODACK, BARBARA G | 304.00 | 224.00 | 80.00 | 304.00 | 864.00 | 400.00 | 16 | SUPV DIST OPER |
| TAYLOR, RAY A | 624.00 | 168.00 | .00 | 8.00 | .00 | .00 | 16 | SUPV DIST OPER |
| RODRIGUEZ JR, ENRIQUE | 656.00 | 120.00 | .00 | 480.00 | .00 | .00 | 17 | NETWORKS SPEC |
| BUTLER, THOMAS P | 737.00 | 322.00 | .00 | 631.00 | 8.00 | .00 | 16 | SUPV DIST OPER |
| COOPER, DAVE F | 846.49 | 254.77 | 9.51 | 534.49 | .00 | .00 | 16 | SUPV DIST OPER |

REPORT WISEMAN7.3    FROM DATAKEEPER 10/14/97

EXHIBIT    5

```
Author:   JAY A MERCIER at PPFL001L
Date:     11/5/97  11:09 AM
Priority: Urgent
TO: JOANN FEINDT, KEITH MAYNORD
CC: PATSY P BANKS at MIFL001L
Subject: Re: Tom Butler/EVA
```

I have a meeting today with Patsy to discuss this case and I will call you afterwards.

_____ Reply Separator _____

```
Subject: Tom Butler/EVA
Author:  KEITH MAYNORD at PPFL001L
Date:    11/4/97 9:49 PM
```

I met with SDO Tom Butler this afternoon at 4:30 to inform him of his exclusion from EVA for FY-97. I explained to him that EVA is an incentive program based on contribution, and he had been excluded for lack of contribution, resulting from his long term absence in FY-97.

He did not take this well, and stated that he couldn't understand how the Postal service could do this, knowing his situation, and the fact that his claim had just been supported by OWCP and Labor(?)

Tom stated he will pursue this to the highest degree, as He was denied from returning to work by management, which resulted in his long term absence.

I told him that I would check into his situation, and get back with him ASAP, as it is a little different than most other cases.

Jay, what are our liabilities on this case, in terms of Excluding him from EVA, in light of him winning his appeal ?  Also, He is already working on his next case, informing MDO Don Shandor of he was stressed as a result of his meeting with me. He saw NAPS Rep Quinlan today as well.

Please call me on Weds and lets talk about this case and our liabilities.

```
Author:   KEITH MAYNORD at PPFL001L
Date:     11/11/97  10:34 AM
Priority: Normal
Receipt Requested
TO: KEITH MAYNORD
CC: KAREN B BLOOM
Subject: Personal Record of Mtg.
```

I met with SDO Tom Butler on Tuesday 11/4/97 at 4:30 to inform him of his exclusion from EVA for FY-97. I explained to him that EVA is an incentive program based on contribution, and he had been excluded for lack of contribution, resulting from his long term absence in FY-97.

He did not take this well, and stated that he couldn't understand how the Postal service could do this, knowing his situation, and the fact that his claim had just been supported by OWCP and Labor(?)

Tom stated he will pursue this to the highest degree, as He was denied from returning to work by management, which resulted in his long term absence.

Other comments made by Tom during this meeting:

* He was out from April thru May with a legitimate condition, when He attempted to return, MGMT placed him on forced leave.

* He had exhausted his savings and some of his retirement funds to support family during this absence.

* He had to find other temporary employment.

* Felt that the Postal Service was retaliating for him winning his case.

I informed Tom during this meeting that I would review his file to determine if his case warranted further follow-up in reference to EVA exclusion. After reviewing his file thoroughly, I believe the EVA exclusion is appropriate, based on criteria used by the Cluster to make this determination.

Will call and notify Tom of my findings tomorrow.