IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

        Plaintiff,

v.                                                         CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

        Defendant.
_____/

## NOTICE OF FILING OF DECLARATION OF ROBERT DILLON

COMES NOW the Defendant, by and through the undersigned counsel, to provide this

Notice Of Filing Of Declaration of Robert Dillon and supporting documentation including:

1.  PS Form 2564-A (Information for Precomplaint Counseling), dated March 12, 1997;
2.  Letter from Dr. Evelyn Lopez-Brignoni, MD, dated April 14, 1997;
3.  Letter from Sergio Fernandez, dated May 2, 1997;
4.  Letter from Dr. Evelyn Lopez-Brignoni, MD, dated May 8, 1997;
5.  Letter from Dillon to Butler, dated May 27, 1997;
6.  Administrative Complaint, EEOC Case #1-H-333-0018-97, dated June 6, 1997;
7.  MSPB Appeal Form 283, dated June 6, 1997;
8.  Butler's Handwritten letter, dated August 1, 1997;
9.  Letter to Butler, dated August 6, 1997;
10. Request for Disciplinary Action, dated July 18, 1998;
11. Letter of Warning, dated August 21, 1998;
12. Step A Decision, dated October 8, 1998;
13. Step B Decision, dated November 10, 1998.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By        _____

CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139



<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 14, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E.7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

By

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

Plaintiff,

v.                                    CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

Defendant.

_____/

## DECLARATION OF ROBERT DILLON
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.      I, Robert Dillon, am employed with the United States Postal Service (USPS) and have been so employed since October 31, 1983.  From approximately November 1996 until September 1997, I was a Senior Manager, Distribution Operations, USPS (SMDO) assigned to work at the South Florida Mail Processing Center (SFMPC).  As a SMDO,  I was a second line supervisor of subordinate supervisors, including any Supervisor, Distribution Operations (SDO) for the USPS, assigned to work at the SFMPC.  During my tenure as a supervisor, I have been trained and have experience in the disciplinary policies, procedures, rules and regulations governing the conduct and responsibilities of USPS employees including SDOs.

2.      On March 5, 1997, an incident occurred between Butler and his supervisor, Sergio Fernandez. According to Butler:

> On March 5, 1997, the following occurred: After a 30 minute meeting in the MDO office (Angelo Tum Sergio Rosie) I was counseling employee Julio Burgess. Mr. Fernandez broke up the counseling and began harassing me about my operation (that he pulled me away from for 40 min). Mr. Fernandez has been harrassing (sic) me and creating a stressed environment for me since I first came to the SFMPC.  He has made me have lunch during a meeting that was scheduled at my lunch time.  On 2/19 he was vindictive towards me concerning a staffing problem he stated "I'll take care of that, I'll put you in charge of the FSM."  On 2/25 he threatened me stating "This is your training week. Wait til next week."  On 4-22/-96 he changed my hours worked.  I had Joann Feindt correct this violation of FLSA.  On 3/4/97 7 employees me with Joann concerning employee complaints of Sergio Fernande[z].  I feel my operation and self have suffered corresponding reprisal. On numerous occasions Mr. Fernandez has humiliated and embarrassed me in front of my employees and peers.  He intimidates employees and

supervisors on the workroom floor. On 3/5/97 I went home stressed out.[1]

3.      In a letter dated April 14, 1997, Dr. Evelyn Lopez-Brignoni, M.D., advised Joann Feindt, Plant Manager for the SFMPC, as follows:

I have been following Mr. Butler since March 10, 1997. At that time, he was severely anxious and depressed as a result of ongoing problems with a supervisor, Mr. Sergio Fernandez.
Mr. Butler developed multiple somatic and stress symptoms which appear to be directly related to his conflicts with this supervisor.
At the present time, Mr. Butler is ready to return to work on a part-time basis (20 hrs.), gradually increasing his time over the next two weeks until he is back to his work detail on a full-time basis. It is imperative that he not return to work under Mr. Fernandez, as this will aggravate a recovering problem.[2]

4.      In response, by letter dated May 2, 1997, Sergio Fernandez advised Butler of my intention to place Butler on enforced leave based upon the diagnosis of Dr. Lopez-Brignoni. In pertinent part, Sergio Fernandez wrote as follows:

Your documentation indicates that you are not able to return to work and perform the full duties of your position. Specifically, your doctor advises that you can only work on a part- time basis and has limited you to no more than 20 hours. Additionally, your documentation indicates that if you do return to duty, you could not work under my supervision.
You will remain on enforced leave until you are able to furnish medical documentation demonstrating to the satisfaction of management that you are able to perform the duties of your position.[3]

5.      In a letter dated May 8, 1997, Dr. Lopez-Brignoni advised the Plant Manager as follows:

As a follow-up to my letter of April 14, 1997, Mr. Butler is cleared to return to full-time duties on May 12, 1997.
As stated before, he should not work under the supervision of Sergio Fernandez, at least for the time being.[4]

---

[1]See attached PS Form 2564-A (Information for Precomplaint Counseling) dated March 12, 1997, as maintained in Plaintiff's LRF and EEOC file.

[2]See attached letter from Dr. Evelyn Lopez-Brignoni, MD, dated April 14, 1997, as maintained in Plaintiff's LRF and EEOC file.

[3]See attached letter from Sergio Fernandez, dated May 2, 1997, as maintained in Plaintiff's LRF and EEOC file.

[4]See attached letter from Dr. Evelyn Lopez-Brignoni, MD, dated May 8, 1997, as maintained in Plaintiff's LRF and EEOC file.

6.      By letter dated May 13, 1997, and in a face-to-face/telephone conversation on May 15, 1997, Butler advised me, Senior Manager, Distribution Operations, USPS, of his response to the proposal to place him on enforced leave.[5]

7.      By letter dated May 27, 1997, as Senior Manager, Distribution Operations, USPS, I advised Butler that, after full consideration of his responses, his "placement on enforced leave is for such cause as to promote the efficiency of the service. This action will be effective June 6, 1997."[6]

8.      On June 6, 1997, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0018-97, alleging that the USPS had wrongfully discriminated and retaliated against him. Along with his Administrative Complaint, by letter dated June 6, 1997, Butler advised the EEOC that he no longer requested anonymity regarding the proceedings.[7]

9.      On June 6, 1997, Butler also filed an appeal with the Merit System Protection Board (MSPB), styled in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 (stamp filed June 23, 1997) raising the issue of the agency's action placing him on enforced leave and refusal to accept medical documentation.[8]

10.     I am also aware that on or about February 27, 1997, a Letter of Warning (LOW) addressed to Butler, had been duly drafted by Jack Watson, MDO.[9]  Although the LOW had been duly

---

[5]See my attached letter dated May 27, 1997, as maintained in Plaintiff's LRF and EEOC file.

[6]See my attached letter dated May 27, 1997, as maintained in Plaintiff's LRF and EEOC file.

[7]See attached Administrative Complaint, EEOC Case #1-H-333-0018-97, as maintained in Plaintiff's LRF and EEOC file.  Butler alleges wrongful discrimination based upon race ("CAUCASIAN (NON HISPANIC"), color ("WHITE"), religion ("QUAKER"), national origin ("AMERICAN"), sex ("MALE"), age ("OVER 40"), retaliation (unspecified), and disability ("Family and Medical Leave Act").  Regarding retaliation, Butler identifies the prior EEO activity as only those events taking place in March 1997.

[8]See attached MSPB Appeal Form 283, dated June 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

[9]Ordinarily, if USPS management determines that an employee's conduct is deficient because the employee has violated some rule, regulation, policy, or procedure of the USPS, a LOW is issued and served upon the subject employee for the dual purpose of formally advising said employee of deficiency and of the need for corrected behavior.  Regardless of whether a USPS employee is covered by a union collective bargaining agreement, in all disciplinary proceedings, it is the policy of the USPS to adhere to the tenets of just cause found in many collective bargaining agreements.

drafted, it had never been served upon Butler. Because Watson's LOW had not been timely served upon Butler, it was effectively abandoned by USPS management.

11.    On or about August 1, 1997, I received a handwritten letter from Butler complaining about the LOW.[10]

12.    On or about August 6, 1997, I advised Butler that the inclusion of the February 27, 1997 in the package presented to him was in error.[11]

13.    I am also aware that on or about July 18, 1998, Rosie Carlies, MDO, initiated a Request for Disciplinary action against Butler based upon the circumstances surrounding Butler's performance as SDO in Postal Operation #208 on July 15, 1998.[12] Indeed, on August 21, 1998, Carlies issued a LOW charging Butler with failure to perform supervisory duties in a satisfactory manner and failure to follow instructions concerning proper staffing of operations (specifically, on July 15, 1998, Butler had eleven mail handlers (three more than necessary) on Operation 208). Thereafter, Butler appealed the issuance of the LOW to me as the Acting Plant Manager.[13]

14.    On October 8, 1998, Rosie Carlies issued a Step A Decision regarding the August 21,

---

These tenets include a timely and thorough investigation of the matter at issue as well as timely issuance and service of any resulting process (usually within thirty days if issuance). The issuance of a LOW is the first step in the employee disciplinary process within the USPS. If the LOW is not set aside through union collective bargaining agreement grievance procedures, it remains in the employee's OPF for three years. If the employee's conduct is not corrected, subsequent disciplinary action can result in suspension, downgrading of employment grade, and/or removal. Ordinarily, a copy of a LOW is maintained in an employee's OPF.

[10]See attached handwritten letter dated August 1, 1997, as maintained in Plaintiff's LRF and EEOC file.

[11]See attached letter dated August 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

[12]Postal Operation 208 was an automated mail processing area which employed a Scan Where You Band (SWYB) machine which, according to USPS policy and procedure, required no more than eight mail handlers to operate efficiently and effectively. Unnecessary staffing result in unnecessary costs and is detrimental to the agency's commitment to improved performance and customer satisfaction. Butler was aware of this policy and procedure.

[13]See attached August 21, 1998 LOW, as maintained in Plaintiff's LRF and EEOC file.

4

1998 LOW in which Carlies "found no reason to remove this discipline."[14]  Thereafter, Butler appealed the issuance of the LOW to me as the Acting Plant Manager.

      15.     On November 10, 1998, I found that the August 21, 1998 LOW had been issued for "just cause." Thereafter, Butler appealed the issuance of the LOW to the Manager of Human Resources, Southeast Area Office.[15]

      16.     I understand that according to Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), Section 4(d) of the ADEA, 29 U.S.C. Section 623(d) protected activity consists of <u>either</u> of the following:

           1.    opposing a practice made unlawful by of the employment discrimination statutes (the "opposition clause") or

           2.    filing a charge, testifying, assisting, or participation in any manner in an investigation, proceeding or hearing under the applicable statute (the "participation clause").

      17.     I became aware that Butler had participated in protected activity on or about June 6 1997 when I was approached about preparing this Declaration.

                      _____
                      Robert Dillon

I declare under penalty of perjury that the foregoing is true and correct. Executed on **27** day of **JANUARY**, 2003.

---

[14]See attached October 8, 1998 Step A Decision, as maintained in Plaintiff's LRF and EEOC file.

[15]See attached November 10, 1998 Step B Decision, as maintained in Plaintiff's LRF and EEOC file.

*3330018-97*

97-375

 **UNITED STATES POSTAL SERVICE**  **Information for Precomplaint Counseling**

**Important: Please Read Carefully. This is the only notification that you will receive regarding the necessity for you to complete this form. This form should be completed and returned to the EEO Office within 10 calendar days.**

On: **3-7-97**     you requested an appointment with an EEO Counselor.

**A. Requester Information**

| Name (Last, First, MI) *Butler, Tom.* | Social Security No. *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* | Home Telephone No. *(305) 271-1898* |
|---|---|---|

Mailing Address: *7840 (Anian) Rea/ P105 / Miami, H 33143-6871*

| Postal Facility Where You Work: *SFMPC* | Position Title: *SDO* | Grade Level *16* | Office Telephone No. *(954) 436-4359* |
|---|---|---|---|

| Pay Location *101* | Tour *1* | Off Days (If Tour 1, Show Nights Off) *WED THUR* | Duty Hours *2250 - 0700 AM* |
|---|---|---|---|

Employment Status (Check One)

Applicant     Casual     TE     (Career) **X**

| Time in Current Position | | |
|---|---|---|
| Years *9* | Months *8* | |

Discrimination Factors *COLOR - WHITE , RELIGION - QUAKER, AGE-OVER 40, RACE - CAUCASIAN (NON HISPANIC), NATIONAL ORIGIN (USA), SEX - MALE*

In the Postal Service prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex, Age (+40), National Origin, Physical and/or Mental Disability, or Retaliation (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging (Be Specific. Describe, i.e. Race-Black; Sex-Female *ONLY WHITE MALE NON HISPANIC ON TOUR 1, AGE OVER 40, RELIGION - QUAKER, CONTINUED HARRASSMENT AND INTIMIDATION*

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

| 1. On | | I engaged in EEO Activity | Case Number: |
|---|---|---|---|
| 2. On | | I engaged in EEO Activity | Case Number: |

**C. Description of Incident/Activity**

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On **3-5-97** , the following occurred: *AFTER A 30 minute MEETING IN THE MDO OFFICE (Rogelio Tim Sergio) I WAS COUNSELING EMPLOYEE Julio Burgos. Mr FERNANDEZ BROKE up THE counseling AND BEGAN HARRASSING me about my operation (That he pulled me away for 8 30min). Mr FERNANDEZ HAS BEEN HARRASSING ME AND CREATING A STRESSED ENVIRONMENT FOR ME SINCE I FIRST CAME TO THE SFMPC. HE HAS MADE ME WORK DURING A MEETING THAT WAS SCHEDULED AT MY LUNCH TIME, ON 2/14 HE WAS VIDICTIVE TOWARD ME CONCERNING A STAFFING PROBLEM He STATED "I'll Take care of That, I'll put you in charge of THE FSM." On 2/25 He Threatened me stating "This is your TRAINING WEEK. WAIT TIL NEXT WEEK." on 4-12-96 HE changed my Hours worked. I had JOANN FRONT CORRECT HIS violation OF FLSA. on 3/4/97 7 employees MET WITH JOANN concerning employee complaints of SERGIO FERNANDEZ, I FEEL MY OPERATION AND SELF HAVE SUFFERED corresponding Reprisal. On NUMEROUS OCCASIONS MR Fernandez has humiliated and embarrassed me in Front of my employees and PEERS. HE INTIMIDATES Employees and SUPERVISORS ON THE*

PS Form 2564-A, May 1993 (Page 1 of 3)

*workRoom FLOOR. on 3/5/97 I WENT HOME STRESSED OUT.*

Explain why you believe based on the factors you cited in Section B that you were treated differently than other employees in similar situations.

| 1. Name of Employee: | (Factor(s) describing employee i.e., Race-Black, Sex-Female) |
|---|---|
| ROBERT BRACE  BLACK MALE UNDER 40 | |
| was treated differently than I when: HE WAS NEVER EMBARRASSED, HUMILIATED, THREATENED OR INTIMIDATED BY SERGIO FERNANDEZ | |
| 2. Name of Employee: | (Factor(s) describing employee, i.e., Race-Black, Sex-Female) |
| was treated differently than I when: | |
| 3. Name of Employee : | (Factor(s) describing employee, i.e., Race-Black, Sex-Female) |
| was treated differently than I when: | |

**D. Official(s) Responsible for Action:**

Provide the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1,a. Name: | b. Title: |
|---|---|
| SERGIO FERNANDEZ | MDO - TOUR 1 |
| c. Office: | d. Grade level |
| SOUTH FLORIDA  P & D | EAS 20 |
| 2a. Name | b. Title |
| | |
| c. Office | d. Grade Level |
| | |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity (Explain)? Yes        No

**E. Resolution Sought**

What are you seeking as a resolution to your complaint?

1 ATTORNEY COST AND FEES

2 MEDICAL COST AND FEES

3 COMPENSATORY AND PUNATIVE DAMAGES / AWARD

4 RETURN OF SICK LEAVE, NIGHT DIFFERENTIAL AND PAY

**F. Grievance/MSPB Appeal**

On the incident which prompted you to seek EEO counseling, have you:

| | | Yes? | No? | If yes, | Date | | Step |
|---|---|---|---|---|---|---|---|
| 1. | File a grievance on the issue? | | X | If yes, | Date | | Step |
| 2. | Filed an MSPB appeal on this issue? | | X | If yes, | | Date | |
| 3. | Veteran's Preference? | | X | If yes, , number of points: | | | |

PS Form 2564-A, May 1993 (Page 2 of 3)

**G. Anonymity**

You have the right to remain anonymous at the counseling stage of the EEO complaints processing.

Do you desire anonymity:    ☒    Yes    ☐    No

You have the right to retain representation of your choice. (Check One)

I authorize the person listed below to represent me.

| | |
|---|---|
| Name of Representative: *ALLAN DONELAN* | Title: *VICE PRESIDENT NAPS* |
| Organization: *NAPS* | |
| Mailing Address: *1800 CORAL WAY* | |
| City /State/Zip + 4: *MIAMI FL* | Telephone No. *(305) 869-5109* |

I waive the right to representation at this time     Yes          No *X*

---

**I. Privacy Act Statement**

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972, 29 U.S.C., sections 621 et seq. and 701 et.seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the

Office of Management and Budget for review of private relief legislation, to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for the Postal Service and other Federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

---

**J. Documentation**

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, you MUST submit medical documentation of your disability at this time or during counseling.

**K. Authorization**

| Your signature | Date | |
|---|---|---|
| *Thomas P Butler* | *3-12-97* | |
| Return to: | | |
| EEO COMPLAINTS PROCESSING<br>SOUTH FL DISTRICT<br>U.S. POSTAL SERVICE<br>MIAMI FL 33152 9411 | | |

**NOTICE:  COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING**

I hereby request that you close this file from processing. I fully understand that this complaint file will not be reopened once closed, and I waive my right to any further EEO Appeal on this matter. I stipulate that my decision not to pursue counseling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

| Signature | Date | |
|---|---|---|
| | | |

P.S. Form 2564-A, May 1993 (Page 3 of 3)

EEO OFFICE
SOUTH FLORIDA DISTRICT
MIAMI, FL  33152-9411


DATE: _3-31-97_

OUR REF:

SUBJECT: Acknowledgment of Pre Complaint Counseling Request

TO      TOM BUTLER
        7840 CAMINO REAL P105
        MIAMI FL. 33143-6871


This will acknowledge receipt of your request for pre-complaint counseling received _3-20-97_ for date(s) of incident(s) _3-5-97_.

You will be contacted by a Counselor/Investigator in the near future.  Please be prepared to submit all documentation and statements relative to your complaint at that time.


Gladys Lago
Gladys Lago
Sr. EEOCP Spec.
South Florida District

Evelyn Lopez-Brignoni, M.L

(305) 670-1411
Fax (305) 670-2811

1031 Ives Dairy Road
Suite 234 - Bldg. #4
N. Miami Beach, FL 33179

9400 S. Dadeland Blvd.
PH - 7
Miami, FL 33156

April 14, 1997

Joann Feindt
Plant Manager
South Florida
Mail Processing Center

Re:    Thomas Butler
       SS #: 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

Dear Ms. Feindt:

I have been following Mr. Butler since March 10, 1997.   At that time he was severely anxious and depressed as a result of ongoing problems with a supervisor, Mr. Sergio Fernandez.

Mr. Butler developed multiple somatic and stress related symptoms which appear to be directly related to his conflicts with this supervisor.

At the present time, Mr. Butler is ready to return to work on a part-time basis (20 hrs.), gradually increasing his time over the next two weeks until he is back to his work detail on a full-time basis.  It is imperative that he not return to work under Mr. Fernandez, as this will aggravate a recovering problem.

Please feel free to contact me for any further questions.

Sincerely,

Evelyn Lopez-Brignoni, M.D.

EXHIBIT 2


**UNITED STATES**
**POSTAL SERVICE**

DATE:       May 2, 1997

OUR REF:    SE09:JFeindt:LC:cnbl

SUBJECT:    Notice of Proposed Placement on Enforced Leave

TO:         Thomas Butler          **CERTIFIED NO:  P 597 643 874**
            Supervisor, SFMPC       **RETURN RECEIPT REQUESTED**
            7840 Camino Real #105P
            Miami FL  33143-6871


This is advance written notice that it is proposed to place you on enforced leave no sooner than thirty (30) calendar days from the date of your receipt of this notice.

This action is necessitated by your current medical condition:

On April 14, 1997, you submitted documentation regarding your current medical condition. According to your doctor, you have been under treatment since March 10, 1997, diagnosed with "Multiple Somatic and Stress Related Symptoms."

Your documentation indicates that you are not able to return to work and perform the full duties of your position. Specifically, your doctor advises that you can only work on a part-time bases and has limited you to no more than 20 hours. Additionally, your documentation indicates that if you do return to duty, you could not work under my supervision.

You will remain on enforced leave until you are able to furnish medical documentation demonstrating to the satisfaction of management that you are able to perform the duties of your position.

You and your representative may review the material, if any, relied on to support the reasons for this notice at the office of Labor Relations, 2200 NW 72 Avenue, Miami, FL 33152-9401, from 8 a.m.-4 p.m., Monday through Friday. If you do not understand the reasons for this notice, contact Stephen H. Murray, Sr. Labor Relations Specialist, at (305) 470-0298, for further explanation.


*EXHIBIT 3*

Thomas Butler
Page 2
May 2, 1997

You and/or your representative may answer this notice within (10) calendar days from receipt of this letter, either in person or in writing, or both, to Robert Dillon, MDO, South Florida Processing and Distribution Center.  You can contact Mr. Dillon at (954) 436-4356, between the hours of 6:00 p.m. to 2:30 a.m., to make an appointment.  You may also furnish affidavits or other written material to Mr. Dillon within the same time limits.  After the expiration of the time limit for reply, all of the facts in your case, including any reply you submit, will be given full consideration before a decision is rendered.  You will receive a written decision from Mr. Dillon.


Sergio Fernandez
Manager, Distribution Operations
SFMPC, Tour 1

Evelyn Lopez–Brignoni, M.D.

(305) 670-1411
Fax (305) 670-2811

1031 Ives Dairy Road
Suite 234 - Bldg. #4
N. Miami Beach, FL 33179

9400 S. Dadeland Blvd.
PH - 7
Miami, FL 33156

May 8, 1997

Joann Feindt
Plant Manager
South Florida
Mail Processing Center

Re:    Thomas Butler
       SS #:   314/62/0751

Dear Ms. Feindt:

As a follow-up to my letter of April 14, 1997, M . Butler is cleared to return to full-time
duties on May 12, 1997.

As stated before, he should not work under the si pervision of Sergio Fernandez, at least
for the time being.

Please feel free to contact me for any further que tions.

Sincerely,

Evelyn Lopez-Brignoni, M.D.

*EXHIBIT 4*

**UNITED STATES**
**POSTAL SERVICE**

May 27, 1997

SE09:RDillion:LC:cnbl:Supv: TButler

Letter of Decision - Placement on Enforced Leave

Thomas Butler                          CERTIFIED NO. P597 643 904
Supervisor, South FL MPC               RETURN RECEIPT REQUESTED
7480 Camno Real #105P
Miami FL  33143-6871

On May 2, 1997, you were issued a notice proposing to place you on enforced leave from
the U.S. Postal Service based on your current medical condition.

I have given full consideration to your personal answer of May 15, 1997, and to your
written answer of May 13, 1997, and all other evidence of record.  I find, however, that
the evidence warrants your placement on enforced leave until such time as you are able to
furnish medical documentation demonstrating to the  satisfaction of management that you
are able to perform the duties of your position.

You will be carried in a leave without pay status but you may request to use available sick
leave or annual leave in lieu of leave without pay.  In your response you indicated that
your doctor has released you to work forty (40) hours per week as of  May 12, 1997,
however, you must still not work with Sergio Fernandez as a Supervisor.  You further
indicated that you believe this action violates the Family and Medical Leave Act.

First, I must decide if the limitations presented are too restrictive to allow you to perform
your duties.  Prior to May 12, 1997, you were limited to work only  twenty (20) hours per
week.  Since there are no part-time Supervisors in this facility, it would be impossible to
provide work within those limitations and still be an efficient organization.  However, that
was not the only restriction.  You are not  able to work under the Supervision of  Mr.
Fernandez.    That restriction  has  not  changed.    The South Florida Processing and
Distribution Center presently has twenty three (23) Mail Processing Supervisory positions.
In light of our recent service performance, it would adversely affect the efficiency of the
operation to move you to other duties when you have been trained and is experienced in
your current operation.   It is not practical to "fit" the Postal Service to employees.
Rather, employees must "fit" the needs of the Postal Service.  This office cannot afford to

*EXHIBIT 5*

Thomas Butler
Page 2
May 27, 1997

retrain you in a new position. Therefore, I find that the limitation placed on you by your physician are too restrictive to allow you to continue working.

This office simply cannot afford to move Supervisors around and retrain them to allow them to work at another assignment for a short period of time. Since your doctor indicates that this restriction is for "the time being", it would be beneficial to allow you to fully recuperate and return to your position.

Additionally, I have considered the claim that is action may be in violation of the FMLA. You will be afforded the full protection under the Act. Your absence up to 480 hours, provided it is supported by medical documentation, will be approved and designated as Family and Medical Leave. For the forgoing reasons, I find that the placement on enforced leave is for such cause as to promote the efficiency of the Service. This action will be effective June 6, 1997.

As a preference eligible, you have the right to appeal this decision in writing to the Merit Systems Protection Board (MSPB), Atlanta Regional Office, 401 W. Peachtree Street, N.W., 10th Floor, Atlanta GA 30308-3228 within thirty (30) calendar days from the effective date of this decision. If you appeal to the MSPB, you should state whether you do or do not wish a hearing and you should furnish me a copy of your appeal.

For further information on appeals procedures, contact, Stephen H. Murray, Sr. Labor Relations Specialist, Labor Relations, 2200 NW 72 Avenue, Miami, Florida, 33152-9401. Attached for your reference are a copy of the MSPB Regulations and a copy of the Appeal Form.

Robert Dillon
Senior Manager, Distribution Operations
South Florica Processing and Distributions Center

**EMPLOYEE REGULAR MAIL**

**UNITED STATES POSTAL SERVICE™**

**EEO Complaint of Discrimination in the Postal Service**
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| TOM BUTLER | 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 | 1-H-333-0018-97 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL A-105 MIAMI FL 33143-6871 | (305) 271-1898 | (954) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| SDO | 16 |

| 8. Installation Where You Believe Discrimination Occurred *(Identify Installation, City, State, and ZIP+4)* | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC PEMBROKE PINES FL 33082 | SERGIO FERNANDEZ MDO |

**10. I designate this person to be my representative.**

| a. Name | Title |
|---|---|
| ALLEN DONELAN | VICE PRESIDENT NAPS |

Mailing Address: 13357 SW 151 TER MIAMI FL 33186

| b. Home Phone | c. Work Phone |
|---|---|
| (305) 232-5813 | (305) 869-5109 |

**11. Type of Discrimination Alleged**

- ☒ Race *(Specify):* CAUCASIAN (NON HISPANIC)
- ☒ Color *(Specify):* WHITE
- ☒ Religion *(Specify):* QUAKER
- ☒ National Origin *(Specify):* AMERICAN
- ☒ Sex *(Specify):* MALE
- ☒ Age *(Specify):* OVER 40
- ☒ Retaliation *(Specify Prior EEO Activity):*
- ☒ Disability *(Specify):* Family and Medical Leave Act

**12. Date on Which Alleged Act of Discrimination Took Place**

03-05-97

**13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against *(treated differently from other employees or applicants)* because of race, color, religion, national origin, sex, age, or disability.**

See previously submitted attached info plus info attached dated June 6, 1997. I no longer desire or request anonymity.

**14. I have discussed my complaint with an EEO counselor**

- ☐ Yes *(Date of final interview:* date of receipt (3811)
- ☒ No NO DISCUSSION HAS TAKEN PLACE

**15. Name and Signature of EEO Counselor**

Gladys Lago

**16. Corrective Action Sought**

EEO OFFICE SOUTH FL DISTRICT
97 JUN -6 AM 11:50
RECEIVED

**17. Signature of Complainant**

**18. Date of This Complaint**

ADDITIONAL INFO                    JUNE 6, 1997

I NO LONGER REQUEST OR DESIRE A RAMITY. MR SERGIO FERNANDEZ HAS DELIBERATELY CREATED A HOSTILE WORK ENVIRONMENT FOR ME. ON 2/23/97, I REQUESTED TO BE CONSIDERED FOR ANOTHER POSITION (EXHIBIT 1). MR FERNANDEZ TOOK THIS TO BE MY PLANNED "ESCAPE" FROM HIS "GRIP" AND INCREASED HIS HARASSMENT AGAINST ME PLUS CREATED A MASSIVE HOSTILE ENVIRONMENT - SUBSEQUENTLY CAUSING ME TO BECOME ILL AND STRESSED (EXHIBIT DATED APRIL 14, 1997). MR FERNANDEZ'S RESPONSE CAME IN THE FORM OF EXHIBIT 3 DATED MAY 2, 1997, THREATENING TO PLACE ME ON ENFORCED LEAVE UNTIL I CAN PERFORM THE DUTIES OF MY POSITION. EXHIBIT 4, DATED May 8, 1997, RETURNS ME TO WORK FULL TIME EFFECTIVE MAY 12, 1997 AS STIPULATED BY MR FERNANDEZ IN EXHIBIT 3. INSTEAD THE USPS REFUSED TO ALLOW ME TO RETURN TO WORK BUT PLACED ME ON ENFORCED LEAVE EFFECTIVE JUNE 6, 1997 (EXHIBIT 5 dated May 27, 1997).

Thomas P Butler

RECEIVED
97 JUN -5 AM 11:59
FILED DISTRICT
SOUTHERN DISTRICT

## UNITED STATES MERIT SYSTEMS PROTECTION BOARD
## APPEAL

**AGENCY USE ONLY**

### INSTRUCTIONS

The purpose of this form is to help you provide important information to the U.S. Merit Systems Protection Board ("The Board") when you file an appeal. You are not required to use this form, and you are not limited to answering the questions on the form if you feel there is other information you wish to provide. However, if you do not use this form, your appeal documents must comply with the Board's regulations. Your agency's personnel office will provide you with a copy of these regulations and the Board advises you to review them.

All appeals filed before agency action has been taken will be considered premature and will be returned without action.

All appellants who elect to use this form should complete Parts I through V. Only those who are appealing reduction-in-force (RIF) actions are required to complete Part VI. The information must be typed or printed clearly. Answer all questions and use "N/A" when the question is not applicable to your appeal.

You may supplement your response to any question in the space provided on page 4 or, if needed, on separate sheets of paper. If separate sheets are used, please put your name and Social Security number at the top of each page. Indicate by number which question you are answering, and attach the extra pages to the form.

In addition to the formal appeals process, appellant may elect to use the Board's Voluntary Expedited Appeals Procedure (VEAP) by marking the appropriate box in Part II below. A detailed explanation of the expedited process is presented on the last page of this form.

Where to file—You or your representative are required to file one original and one copy of this form, together with its attachments, with the Board's regional office identified in the decision notice provided by the agency. Filing must be made either by personal delivery during normal business hours to the appropriate Board regional office or by mail addressed to that office. The Board recommends but does not require that you use certified mail.

**IMPORTANT**
All appellants must sign and date the form in the space provided at the end of page 4 for it to be accepted by the Board, and to indicate approval of the contents of the entire form.

### PRIVACY ACT STATEMENT

This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all of the information requested to reach a decision in your case could result in the rejection of your appeal.

You should know that the decisions of the U.S. Merit Systems Protection Board on appeals are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.

### PART I. APPELLANT IDENTIFICATION

| 1. NAME (Last, first, middle) | 2. SOCIAL SECURITY NUMBER |
|---|---|
| BUTLER THOMAS PHILIP | 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 |

**3. PRESENT ADDRESS** (Number and street, city, state, and ZIP code). YOU ARE REQUIRED TO NOTIFY THE BOARD OF ANY ADDRESS CHANGE IN ORDER TO INSURE THE CORRECT DELIVERY OF A DECISION.

7840 CAMINO REAL P-105
MIAMI FL 33143·6871

**4. HOME PHONE (Include area code)**
(305) 271-1898

**5. OFFICE PHONE (Include area code)**
(954) 436-4359

### PART II. EXPEDITED APPEALS

**6. VOLUNTARY EXPEDITED APPEALS PROCEDURE.** For a matter appealable to the Board, any appellant may elect the Voluntary Expedited Appeals Procedure as an alternative to the formal MSPB appeal process. For a detailed explanation of the Voluntary Expedited Appeals Procedure, see p. i.

☐ Yes, I elect the Voluntary Expedited Appeals Procedure

☒ No, I do not elect the Voluntary Expedited Appeals Procedure

### PART III. APPEALED ACTION

**7. BRIEFLY DESCRIBE THE AGENCY ACTION YOU WISH TO APPEAL AND ATTACH ANY RELEVANT DOCUMENTS INCLUDING THE PROPOSAL LETTER, THE DECISION LETTER, AND THE RELEVANT SF 50 OR ITS EQUIVALENT.**

Forced Funlough

**8. NAME AND ADDRESS OF AGENCY** (including Bureau, or other Division as well as street address, city, state, and ZIP code)
SFMPC
16000 PINES BLVD
PEMBROKE PINES FL 33082

**9. APPELLANT'S POSITION TITLE AND DUTY STATION AT TIME OF ACTION**
500    SFMAC

| 10A. GRADE AT TIME OF ACTION | 10B. SALARY AT TIME OF ACTION |
|---|---|
| 16 | $43,066 yr |

NSN 7540-01-088-1230
Previous Edition Usable

50292-103

Optional Form 283 (Rev 1-93)
Merit Systems Protection Board
5 CFR 1201

**EXHIBIT**
**6**

Figure 6—5, MSPB Appeal Form 283, Page 1

| 11. ARE YOU A VETERAN OR ENTITLED TO THE EMPLOYMENT RIGHTS OF A VETERAN? ☐ YES ☒ NO | 12. EMPLOYMENT STATUS ☐ Temporary ☐ Applicant ☐ Retired ☒ Permanent ☐ Term | 13. IF RETIRED, DATE OF RETIREMENT (Month, day, year) |
|---|---|---|
| 14. TYPE OF SERVICE ☒ Competitive ☐ Excepted | 15. LENGTH OF GOVERNMENT SERVICE  10 years | 16. LENGTH OF SERVICE WITH ACTING AGENCY  3 | 17. WERE YOU SERVING A PROBATIONARY OR TRIAL PERIOD AT THE TIME ACTION WAS TAKEN BY THE AGENCY? ☐ YES ☒ NO |
| 18. DATE WRITTEN PROPOSED ACTION NOTICE RECEIVED (Month, day, year) (Attach copy)  5/2/97 | 19. DATE FINAL DECISION NOTICE RECEIVED (Month, day, year) (Attach Copy)  5/2/97 | 20. EFFECTIVE DATE OF ACTION (Month, day, year)  6/7/97 |

**21. WHY DO YOU THINK THE AGENCY WAS WRONG IN TAKING THIS ACTION? (Explain briefly)**

Agency Refuses to accept Medical Documentation

**22. WHAT ACTION WOULD YOU LIKE THE BOARD TO TAKE ON THIS CASE?**

To be Restored to position and be placed backed work with All benefits

**23. IF YOU BELIEVE YOU WERE DISCRIMINATED AGAINST BY THE AGENCY, IN CONNECTION WITH THE MATTER APPEALED, BECAUSE OF EITHER YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, MARITAL STATUS, POLITICAL AFFILIATION, HANDICAPPING CONDITION, OR AGE, INDICATE SO AND EXPLAIN WHY YOU BELIEVE IT TO BE TRUE. YOU MUST INDICATE, BY EXAMPLES, HOW YOU WERE DISCRIMINATED AGAINST.**

**24. HAVE YOU FILED A FORMAL DISCRIMINATION COMPLAINT CONCERNING THE MATTER WHICH YOU ARE SEEKING TO APPEAL WITH YOUR AGENCY OR ANY OTHER AGENCY?**   ☐ YES (Attach copy)   ☒ NO

| 24A. IF YES, DATE FILED (Month, day, year) | 24B. PLACE FILED (Agency and location) | 24C. HAS THERE BEEN A DECISION? ☐ YES (Attach copy)   ☐ NO |
|---|---|---|

Optional Form 283 (Rev. 5-86)
Page 2

Figure 6—6, MSPB Appeal Form 283, Page 2

25. HAVE YOU, OR ANYONE IN YOUR BEHALF, FILED A FORMAL GRIEVANCE WITH YOUR AGENCY CONCERNING THIS MATTER, UNDER A NEGOTIATED GRIEVANCE PROCEDURE PROVIDED BY A COLLECTIVE BARGAINING AGREEMENT?

☐ YES (Attach copy)   ☒ NO

| 25A. IF YES, DATE FILED (Month, day, year) | 25B. PLACE FILED (Agency and location) | 25C. HAS DECISION BEEN ISSUED?  ☐ YES (Attach copy)   ☐ NO |
|---|---|---|
| 25D. IF YES, DATE FILED (Month, day, year) | 25E. NAME OF ISSUING OFFICIAL | 25F. TITLE OF ISSUING OFFICIAL |

## PART IV. HEARING

26. YOU MAY HAVE A RIGHT TO A HEARING ON THIS APPEAL. IF YOU DO NOT WANT A HEARING, THE BOARD WILL MAKE ITS DECISION ON THE BASIS OF THE DOCUMENTS YOU AND THE AGENCY SUBMIT. IF THE SQUARE IS CHECKED, THE BOARD WILL PRESUME YOU ARE WAIVING A HEARING. *DO YOU WANT A HEARING?*

☒ YES   ☐ NO

IF YOU CHOOSE TO HAVE A HEARING, THE BOARD WILL NOTIFY YOU WHEN AND WHERE IT IS TO BE HELD.

## PART V. DESIGNATION OF REPRESENTATIVE

27. YOU HAVE THE RIGHT TO DESIGNATE SOMEONE TO REPRESENT YOU ON THIS APPEAL IF HE/SHE AGREES TO DO SO. THIS PERSON DOES NOT HAVE TO BE AN ATTORNEY. THE AGENCY HAS A RIGHT TO CHALLENGE YOUR CHOICE OF A REPRESENTATIVE IF THERE IS A CONFLICT OF INTEREST OR POSITION. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, IF YOU SO DESIRE, BUT MUST NOTIFY THE BOARD PROMPTLY OF ANY CHANGE.

27A. "I HEREBY DESIGNATE CHARLES SCIALA & ASS TO SERVE AS MY REPRESENTATIVE DURING THE COURSE OF THIS APPEAL. I UNDERSTAND THAT MY REPRESENTATIVE IS AUTHORIZED TO ACT ON MY BEHALF."

| 27B. REPRESENTATIVE'S ADDRESS AND PHONE NUMBER | 27C. REPRESENTATIVE'S SIGNATURE | 27D. DATE |
|---|---|---|
| MR. RoSLoNG ATNY  P.O. BoX 4133  DUNedin FL. 34697  Tel. No. 813-736-5800 | 27E. REPRESENTATIVE'S EMPLOYER  SCiala Avucials Inc | |

## PART VI. REDUCTION-IN-FORCE (RIF)

INSTRUCTIONS: FILL OUT THIS PART ONLY IF YOU ARE APPEALING FROM A REDUCTION-IN-FORCE (RIF). YOUR AGENCY'S PERSONNEL OFFICE CAN FURNISH YOU MOST OF THE INFORMATION REQUESTED BELOW.

| 28. RETENTION GROUP AND SUB-GROUP | 29. SERVICE COMPUTATION DATE | 30. HAS YOUR AGENCY OFFERED YOU ANOTHER POSITION RATHER THAN SEPARATING YOU?  ☐ YES   ☐ NO |
|---|---|---|
| 31. TITLE OF POSITION OFFERED | 32. GRADE OF POSITION OFFERED | 33. SALARY OF POSITION OFFERED  $          PER |
| 34. LOCATION OF POSITION OFFERED | 35. DID YOU ACCEPT THIS POSITION?  ☐ YES   ☐ NO | |

36. EXPLAIN WHY YOU BELIEVE YOU SHOULD NOT HAVE BEEN AFFECTED BY THE REDUCTION-IN-FORCE (Explanations could include: You were placed in the wrong retention group or subgroup; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; full 30-day notice was not given; you believe you have assignment rights (bump) or retreat rights; or any other reasons. Please provide as much information as possible regarding each reason.)

Figure 6 — 7, MSPB Appeal Form 283, Page 3

37. SUPPLEMENTAL ANSWER SPACE

---

## EXPLANATION OF VOLUNTARY EXPEDITED APPEALS PROCEDURE (See Part II)

a. *ELECTION BY APPELLANT.* Employees or applicants for employment who are entitled to file an appeal before the Board may elect the voluntary expedited procedure as an alternative to the formal Board procedures. The goal of this expedited process is the issuance of a nonprecedential decision in routine cases within 60 days of the election of the voluntary expedited appeals procedure.

b. *CONSENT BY AGENCY.* If an employee or an applicant for employment elects to use this alternative procedure, the employing agency will be allowed to consent to or decline the procedure as well. In the event the employing agency does not wish to use the expedited procedure, the appeal will be processed in accordance with the formal Board procedures.

c. *REVIEW BY MSPB REGIONAL DIRECTOR.* If the agency consents to the voluntary expedited appeals procedure, the MSPB regional director will review the summary of the case filed by the agency and determine whether the case is appropriate for the expedited procedure. The standards used in making this determination will be the routine, nonprecedential nature of the appeal as well as workload requirements and availability of resources in the MSPB regional office.

d. *PROCESSING OF APPEAL.* If the case is processed under this expedited process, the parties will be notified by an Order of Acknowledgment of their obligation to file a Joint Appeals Record containing statements of issues and positions with respect to those issues, requests for hearing, witness lists, the agency's file and two dates agreed upon by the parties for the hearing. A presiding official specifically trained in informal dispute resolution will contact the parties during this time to ensure that the parties understand their obligations and to help promote an environment conducive to informal settlement.

e. *HEARING AND ISSUANCE OF EXPEDITED DECISION.* In the event settlement is not achieved, a hearing, if requested, will be held at *the employment site* within 15 days from the date the Joint Appeals Record is due. The presiding official will then issue an expedited initial decision no later than 15 days from the close of the hearing. If no hearing is requested, a decision on the record will be issued no later than 60 days from the date of the Board's acknowledgment order.

f. *PETITION FOR REVIEW.* Any party may file a petition for Board review of the expedited initial decision 35 days from the date of the decision. The criteria for review are the same under both the voluntary expedited appeals procedure and the formal appeals procedure.

## ATTENTION—THIS APPEAL MUST BE SIGNED

| I CERTIFY that all of the statements made in this Appeal are true, complete, and correct to the best of my knowledge and belief. | SIGNATURE OF APPELLANT *Thomas P Butler* | DATE SIGNED 6·6·97 |
|---|---|---|

U.S. GPO: 1987-181-247/40283

Optional Form 283 (Rev. 1-86)
Page 4

Figure 6—8, MSPB Appeal Form 283, Page 4

BOB DILLION                                                    8/1/97

On 7/25/97 I recieved a package from Labor Relations (Tobe Lowe). In the package Tobe Lowe had included a copy of a L.O.W. from Jack Watson dated in Feb of 1997. I had never seen said LOW. I was unaware that I was even going to get the this letter let alone discover it by accident in the package from Tobe Lowe on 7-25-97 (nearly five months after the alledged letter was dated).

I wish to appeal the fact that this LOW was never shown, given, or mailed to me and therefore is inappropriate and unacceptable. I believe it to be an unethical procedure.

Furthermore, I contend it was designed to be retaliatory and discriminatory and I am pursueing legal action thru the EEO process, to rectify this unjust action.

I will contact Roscoe Long representing me in an MSPB Proceding to notify him of this situation.

My NARS representation Robert Qunlan has been on vacation, so I must write this appeal request on behalf of myself. Please consider this step A of the proceed. unless you plan to destroy this LOW which I feel would be appropriate and the right thing to do.

August 6, 1997

Tom Butler
7840 Camino Real P-105
Miami FL 33143

Dear Mr. Butler,

This is to inform you that the Letter of Warning, dated in February of 1997, and included in a package presented to you on 7/25/97, was there in error. You were correct in saying that this was a letter that you had never seen before. You were never issued this action. It was requested, but was deemed to be untimely by the time it was available to be issued. Without prejudice to its contents, the letter was not issued, and therefore should not appear in any records of the U.S. Postal Service. By copy of this letter, I have notified Ms. Lowe of this fact. Any copies or records of this action will be destroyed.

If you have any other questions regarding this subject, please contact me.

Sincerely,

Robert J. Dillon
Sr. Manager, Distribution Operations
South Florida P&DC

cc:  Joann Feindt, Plant Manager, SFP&DC
     Toby Lowe, Labor Relations Specialist
     Robert Quinlan, NAPS
     Sergio Fernandez, MDO Tour 1

# UNITED STATES POSTAL SERVICE
## SOUTH FLORIDA DISTRICT

DATE: August 21, 1998

REF: SE09:RCarlies:DS art/Supv/LOW/Butler

SUBJ: Letter of Warning



TO: Thomas Butler
Supervisor, Distribution Operations
7840 Camino Real, #105P
Miami, FL 33143-6871

**CERTIFIED NO: Z 020 271 622**
**RETURNED RECEIPT REQUESTED**

This official Letter of Warning is being issued to you for the following reason:

You are charged with Unsatisfactory Performance due to failure to perform supervisory duties in a satisfactory manner, and failure to follow instructions concerning properly staffing of operations.

On July 15, 1998, at approximately 1:55 a.m., I received a call from the Miami AMC informing me that they would not be able to reboot their Scan Where You Band System to bring our SWYB system back up. I came out to your operation and asked you how much mail you still had to process. You informed me that you had a large volume of mail awaiting processing. When I asked you why you had this volume of mail in the operation at this time, you failed to respond. I asked if you heard me and you said, "Yes, I should. You are yelling." I again asked you why you had this volume of mail in your operation, and again you failed to respond. I asked you to come to the MDO's office. When we got there, I asked you how many mailhandlers you have in your operation. You could not tell me. You started writing the names of employees down. I asked you again how many mailhandlers you have in your operation. Your response was ten (10). I asked you why? Again, you had no response. I then instructed you to go back to your operation and get all of the remaining mail sleeved and strapped, and send it to the AMC with a placard on the next dispatch. I informed you that I would talk to you later. At approximately 2:15 a.m., I came to your operation. I observed mailhandlers doing nothing. You had mail that needed to be sleeved and strapped, you were using one sleever, you had mail that needed to be placed in BMC's just sitting, and no sense of urgency was demonstrated from you or your employees. I counted the mailhandlers in your operation. There were eleven (11). I asked you why you had eleven (11) mailhandlers in Operation 208. Your response was, "They all came in at 6:00 p.m." This response is unacceptable. A review of schedules reveal that these employees had a regular end tour of 2:30 a.m. You demonstrated no sense of urgency on your part to get this operation closed down by this time, even with eleven mailhandlers. I had to instruct you to use another belt to sleeve and strap this mail in order to get it done by 2:30 a.m. If I had not come out to your operation and given you instructions, you would have incurred overtime to get this mail sleeved and strapped for the AMC.

When questioned on this matter during the pre-disciplinary interview, you stated that this is unwarranted and that you had proof that it was unwarranted, and that you will share your proof with union representative, Henry Dominguez. This response is unacceptable. You were not in control of your operation nor your employees. As a matter of fact, your employees were controlling you. You did not take charge or responsibility or your operation, and you did not know how many employees you had in your operation even though you were well into approximately 7 ½ hours of your tour. In addition, you have

EXHIBIT

23

Thomas Butler
August 21, 1998
Page Two

previously been instructed that only eight (8) mailhandlers will be used in Operation 208. Since the installation of the robot, there was no need for more than 8 mailhandlers in this operation. You, a Supervisor, Distribution Operations, are responsible for all activities of mail service in your operation, and is expected to maintain an efficient and effective operation. Your blatant disregard for operational procedures prevent your operation from complying with our commitment to improve performance and customer satisfaction. The success of the Postal Service depends on our performance and you have seriously neglected your responsibility as a supervisor. You, as a supervisor, must understand the importance of providing reliable and efficient service to our customers if the Postal Service is to achieve its goals and remain competitive.

It is hoped that this official Letter of Warning will serve to impress upon you the seriousness of your actions and that future discipline will not be necessary. If you are having difficulties which I may not be aware of, or if you need additional assistance or instructions for improving your performance, please call on me or you may consult with other supervisors and we will assist you where possible. However, I must warn you that
future deficiencies will result in more severe disciplinary action being taken against you. Such action may include letters of warning in lieu of suspensions, reduction in grade and/or pay, or removal from the Postal Service.

You may appeal this Letter of Warning in accordance with Section 652.3 of the Employee and Labor Relations Manual within ten (10) calendar days from the day you receive this letter.

Rosie Carlies
Manager, Distribution Operations

**EMPLOYEE REGULAR MAIL**

Emp. SS# 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

cc:    Labor Relations
       A/Plant Mgr So FL
       Sr. MDO So FL
       MDO T-3
       OPF

- 2 -

I completely reviewed your response to the Letter of Warning that was issued to you and have found no reason to remove this discipline. Your performance has not improved.

You may appeal this Step A decision to the Installation Head in writing within seven (7) calendar days after receipt of this letter.


Rosie B. Carlies
Manager, Distribution Operations
Tour II      SFP&DC


cc:    Robert J. Dillon, A/Plant Manager, SFP&DC
       Jay Mercier, Manager, Human Resources
       Steve Murray, Sr. Labor Relations Specialist
       Henry Dominguez, NAPS Vice President

- 2 -

I do realize that the scan where you band operation was experiencing mechanical problems on July 15 of this year. Managers and supervisors are expected to handle situations that arise. It is not a reason, in and of itself, to abandon instructions previously given.

I find that this letter was for just cause. You provided no evidence which would cause me to mitigate this action. The offenses committed by you justify the action taken.

You have the right to appeal this decision in accordance with section 652.22 of the Employee and Labor Relations Manual in writing to Larry Stebbins, Manager, Human Resources, Southeast Area Office, 225 N. Humphrey Blvd., Memphis, TN 38166-0840, within 15 calendar days from the date of your receipt of this letter. You should furnish me a copy of your appeal and state you do or do not wish a hearing.

You are entitled to a representative of your own choosing throughout your appeal. If you appeal this action through the appeals set forth at Section 652.22 of the Employee and Labor Relations Manual (ELM), you and your representative, if he or she is a U.S. Postal Service employee, shall be afforded reasonable amount of official time for preparation of your case if you and/or your representative are otherwise in a duty status.


Robert J. Dillon
A/Plant Manager, South Florida
Processing & Distribution Center


cc:    JoAnn Feindt, Sr. Plant Manager
       Labor Relations, GMF
       OPF
       Don Shandor, MDO, Tour 3, SFP&DC
       Rosie Carlies, MDO, Tour 2, SFP&DC
       File