## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

   **Plaintiff,**

v.           **CONSENT CASE**

JOHN POTTER, Postmaster,
United States Postal Service,

   **Defendant.**
_____/

### <u>NOTICE OF FILING OF DECLARATION OF LAURA TAYLOR-LAURY</u>

  COMES NOW the Defendant, by and through the undersigned counsel, to provide this

Notice Of Filing Of Declaration of Laura Taylor-Laury and supporting documentation including:

1. PS Form 50, dated February 25, 1993;
2. Letter of Selection, dated September 20, 1990;
3. Letter of Promotion, dated November 14, 1990;
4. PS Form 50, dated February 25, 1993;
5. Letter of Reassignment, dated September 26, 1994;
6. PS Form 50, dated October 5, 1994;
7. Routing Slip, dated February 23, 1997;
8. PS Form 2564-A (Information for Precomplaint Counseling), dated March 12, 1997 (stamped received, March 20, 1997);
9. EEO Letter of Acknowledgment of Pre-Complaint Counseling Request, dated March 31, 1997;
10. Letter from Dr. Evelyn Lopez-Brignoni, MD, dated April 14, 1997;
11. Letter from Sergio Fernandez, dated May 2, 1997;
12. Letter from Dr. Evelyn Lopez-Brignoni, MD, dated May 8, 1997;
13. Letter from Robert Dillion, dated May 27, 1997;
14. Administrative Complaint, EEOC Case #1-H-333-0018-97;
15. MSPB Appeal Form 283, dated June 6, 1997;
16. Appellant(Butler)'s Prehearing Submission filed in MSPB Appeal proceedings AT-0752-97-0767-I-1, dated September 8, 1997;
17. Letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0018-97, dated September 19, 1997;
18. Handwritten letter from Butler, dated August 1, 1997;
19. Letter from Robert Dillion, dated August 6, 1997;



20. Settlement Agreement, dated October 7, 1997 (executed by Butler on October 15, 1997);

21. PS Form 50, dated December 3, 1997;

22. Administrative Complaint, Case #1-H-333-0036-97;

23. Letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0036-97, dated February 19, 1998;

24. DATA KEEPER records for USPS Fiscal Year 1997 (the EVA year commencing September 14, 1996 and ending September 12, 1997), dated October 14, 1997 and October 21, 1997;

25. Administrative Complaint, Case #1-H-333-0011-98;

26. Letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0011-98, dated April 17, 1998;

27. Request for Disciplinary Action, dated July 18, 1998;

28. Letter of Warning, dated August 21, 1998;

29. Letter regarding Step A Decision, dated October 8, 1998;

30. Letter regarding Step B Decision, dated November 10, 1998;

31. Letter regarding Review and Decision, dated April 12, 1999;

32. PS Form 2564-A (Information for Precomplaint Counseling) with the USPS under Case #1-H-333-0047-99, dated April 19, 1999;

33. Letter regarding Final Interview Notice (outcome of EEO pre-complaint counseling) Case No. 1H-333-0047-99, date of incident 04-18-99), dated September 30, 1999;

34. PS Form 3811 (Certified mail receipt), dated October 8, 1999;

35. USPS EEO Complaint Tracking System reports for EEOC Case #1-H-333-0047-99, dated October 3, 2002, October 3, 2002, and September 23, 1999;

36. Request for Disciplinary Action, dated November 18, 1999;

37. Proposed LOW in Lieu of Time Off Suspension, dated November 29, 1999;

38. Letter of Decision, dated January 18, 2000;

39. Administrative Complaint, Case #1-H-333-0012-00, dated received March 16, 2000;

40. Letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0012-00, dated April 27, 2000.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By _____

CHARLES S. WHITE
Assistant United States Attorney
Fla. Bar No. 394981
99 N.E. 4th Street, Suite 322
Miami, Florida 33131
Tel. (305) 961-9286
Fax. (305) 530-7139

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 14, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E.7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

By

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6193-CIV LENARD/Simonton

**THOMAS BUTLER,**

        **Plaintiff,**

v.                                            **CONSENT CASE**

**JOHN POTTER, Postmaster,**
**United States Postal Service,**

        **Defendant.**

_____/

### DECLARATION OF LAURA TAYLOR-LAURY
### IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.      I, Laura Taylor-Laury, am currently employed with the United States Postal Service (USPS) and have been so employed since October 28, 1985.

2.      In April 1997, I was detailed to serve as the Human Resource Coordinator in Fort Lauderdale, Florida where, on behalf of the USPS, I was responsible for the administration and processing grievances filed by the three unions representing USPS employees (these are the American Postal Workers Union, AFL-CIO (APWU), National Postal Mail Handlers Union (NPMHU) and the National Association of Letter Carriers (NALC)).[1] .

3.      In my capacity as the Human Resource Coordinator, I was responsible for representing the USPS in Step Two (written) grievance, arbitration proceedings, and disciplinary actions. Accordingly, I was responsible for documenting the appropriate USPS files and with preparing responses to such grievance and arbitration proceedings. In this capacity, I was also responsible for representing the USPS in processing employee injury compensation claims, employee light duty requests, and I was responsible for administration of USPS programs related thereto. In addition, I was responsible for documenting management positions regarding such proceedings. To do so, I used the contents of the

---

[1] Accordingly, I have working knowledge of the impact that the Collective Bargaining Agreements have on personnel matters within USPS and have working knowledge of the impact that the Collective Bargaining Agreements have upon grievance procedures between USPS and bargaining unit employees.

pertinent employee's Official Personnel Folder (OPF),[2] Labor Relation Folder (LRF),[3] and EEOC file.[4] Accordingly, I am also capable of interpreting the contents of those records.

    4.    As the result of my experience as set forth above, on October 25, 1999, I was detailed to serve as an acting Labor Relations Specialist for the South Florida District of the USPS. As a Labor Relations Specialist, in addition to those duties noted in paragraph 2 above, I have been responsible for representing the USPS in appeals to the Merit Systems Protection Board (MSPB), representing the USPS regarding employee complaints filed with the Equal Employment Opportunity Commission (EEOC) related to employee complaints regarding wrongful discrimination and/or retaliation for participation in protected activity.[5] In addition, I have been responsible for representing the USPS in grievance and arbitration proceedings. Accordingly, I have knowledge of USPS Labor Relation programs, policies, procedures, and collective bargaining agreements between the USPS and the APWU, the NPMHU, and the NALC at a level sufficient to advise local USPS managers and postmasters regarding their obligation

---

    [2]The OPF contains the official work history of an employee and included documentation such as the Standard Form 50-B, Notification of Personnel Action (which announces positive and negative employment actions including but not limited to hiring, firing, modified job description (if any), promotion, demotions, changes in benefits, raise salary, health benefits, union designation, records of disciplinary actions, records of proceedings before the MSPB, etc.). Based upon my training and experience with the USPS, I know that the documents contained in an employee's OPF are created and maintained in the normal course of business with the USPS.

    [3]The LRF contains documents related to employee grievances and disciplinary actions, and proceedings thereon, and USPS responses to employee complaints regarding unfair labor practice charges filed with the National Labor Relations Board. Based upon my training and experience with the USPS, I know that the documents contained in an employee's LRF are created and maintained in the normal course of business with the USPS.

    [4]The EEOC file contains documents related to employee complaints regarding wrongful discrimination and/or retaliation and proceedings thereon. Based upon my training and experience with the USPS, I know that the documents contained in an employee's EEOC file are created and maintained in the normal course of business with the USPS.

    [5]I understand that according to Section 704(a) of Title VII, 42 U.S.C. Section 2000e-3(a), Section 4(d) of the ADEA, 29 U.S.C. Section 623(d) protected activity consists of either of the following:
        1.  opposing a practice made unlawful by of the employment discrimination statutes (the "opposition clause") or
        2. filing a charge, testifying, assisting, or participation in any manner in an investigation, proceeding or hearing under the applicable statute (the "participation clause").

thereunder, to provide USPS labor contract interpretation, and to develop and conduct training programs related to such Labor Relation issues.

5.    Since approximately August 2001, I have been a Labor Relations Specialist for the South Florida District of the USPS. In this capacity, I am responsible for the duties set forth in paragraphs 2, 3, and 4 above.

6.    In preparation for this Declaration, I have reviewed OPF, for Plaintiff, Thomas P. Butler, as maintained by the USPS. Accordingly, I am familiar with its contents.

7.    In preparation for this Declaration, I have reviewed the LRF, for Plaintiff, Thomas P. Butler, as maintained by the USPS. Accordingly, I am familiar with its contents.

8.    In preparation for this Declaration, I have reviewed the EEOC file, for Plaintiff, Thomas P. Butler, as maintained by the USPS. Accordingly, I am familiar with its contents.

9.    In preparation for this Declaration, I also attended the deposition of Plaintiff, Thomas P. Butler, in these proceedings, taken on February 6, 2003. Accordingly, I am familiar with its contents.

10.    On August 3, 1987, Thomas Butler (Butler) was hired by the United States Postal Service (USPS) as a Mail Handler, a Level 4 employee, in Miami, Florida.[6]

11.    Thereafter, on September 20, 1990, Butler was selected for the position of Supervisor, Mails Relief, an Executive Administration Schedule (EAS), a Level 15 employee.[7]

12.    On or about February 20, 1993, Butler was promoted to Supervisor, Distribution Operations (SDO), a Level 16 employee. Butler worked at the Miami Processing and Distribution Center.[8]

13.    On September 26, 1994, based upon an apparent excess in SDO's at the Miami Processing and Distribution Center, Butler was reassigned to work at the South Florida Mail Processing Center (SFMPC) where he was supervised by Sergio Fernandez, Manager, Distribution Operations

---

[6]See attached PS Form 50, dated February 25, 1993, as maintained in Plaintiff's OPF.

[7]See attached Letter of Selection, dated September 20, 1990, and Letter of Promotion, dated November 14, 1990, as maintained in Plaintiff's OPF.

[6]See attached PS Form 50, dated February 25, 1993, as maintained in Plaintiff's OPF.

3

(MDO).[9]

14.      February 23, 1997, Butler advised his supervisors that he wanted to be considered for a transfer to the position of Supervisor of Distribution of Operations, Level 16, on Tour 3.[10]

15.      On March 5, 1997, an incident occurred between Butler and his supervisor, Sergio Fernandez. According to Butler:

> On March 5, 1997, the following occurred: After a 30 minute meeting in the MDO office (Angelo Turn Sergio Rosie) I was counseling employee Julio Burgess. Mr. Fernandez broke up the counseling and began harassing me about my operation (that he pulled me away from for 40 min). Mr. Fernandez has been harrassing (sic) me and creating a stressed environment for me since I first came to the SFMPC. He has made me have lunch during a meeting that was scheduled at my lunch time. On 2/19 he was vindictive towards me concerning a staffing problem he stated "I'll take care of that, I'll put you in charge of the FSM." On 2/25 he threatened me stating "This is your training week. Wait til next week." On 4-22/-96 he changed my hours worked. I had Joann Feindt correct this violation of FLSA. On 3/4/97 7 employees me with Joann concerning employee complaints of Sergio Fernande[z]. I feel my operation and self have suffered corresponding reprisal. On numerous occasions Mr. Fernandez has humiliated and embarrassed me in front of my employees and peers. He intimidates employees and supervisors on the workroom floor. On 3/5/97 I went home stressed out.[11]

16.      On March 20, 1997, Butler initiated informal proceedings with the with the Equal Employment Opportunity Commission (EEOC) when he reported the forgoing incidents in Precomplaint Counseling asserting that he had been subjected to wrongful discrimination based upon color ("White"), religion ("Quaker"), age ("over 40"), race ("Caucasian (non Hispanic)"), national origin ("USA), and sex ("Male").[12]

17.      Butler requested anonymity regarding the informal counseling stage of the EEO complaint processing and therefore, management was not advised about it. Accordingly, for purposes

---

[9]See attached letter of Reassignment, dated September 26, 1994, and PS Form 50, dated October 5, 1994, as maintained in Plaintiff's OPF.

[10]See attached Routing Slip, dated February 23, 1997, as maintained in Plaintiff's LRF and EEOC file.

[11]See attached PS Form 2564-A (Information for Precomplaint Counseling), dated March 12, 1997, as maintained in Plaintiff's LRF and EEOC file.

[12]See attached PS Form 2564-A (Information for Precomplaint Counseling), dated March 12, 1997 (stamped received, March 20, 1997), and EEO Letter of Acknowledgment of Pre-Complaint Counseling Request, dated March 31, 1997, as maintained in Plaintiff's LRF and EEOC file.

4

of these proceedings, prior to June 6, when he filed his formal Administrative Complaint, Butler had not publically participated in protected activity.[13]

18.     In a letter dated April 14, 1997, Dr. Evelyn Lopez-Brignoni, M.D., advised Joann Feindt, Plant Manager for the SFMPC, as follows:

> I have been following Mr. Butler since March 10, 1997. At that time, he was severely anxious and depressed as a result of ongoing problems with a supervisor, Mr. Sergio Fernandez. Mr. Butler developed multiple somatic and stress symptoms which appear to be directly related to his conflicts with this supervisor.
> At the present time, Mr. Butler is ready to return to work on a part-time basis (20 hrs.), gradually increasing his time over the next two weeks until he is back to his work detail on a full-time basis. It is imperative that he not return to work under Mr. Fernandez, as this will aggravate a recovering problem.[14]

19.     In response, by letter dated May 2, 1997, Sergio Fernandez, Manager, Distribution Operations, advised Butler of his intention to place Butler on enforced leave based upon the diagnosis of Dr. Lopez-Brignoni. In pertinent part, Fernandez wrote as follows:

> Your documentation indicates that you are not able to return to work and perform the full duties of your position. Specifically, your doctor advises that you can only work on a part-time basis and has limited you to no more than 20 hours. Additionally, your documentation indicates that if you do return to duty, you could not work under my supervision.
> You will remain on enforced leave until you are able to furnish medical documentation demonstrating to the satisfaction of management that you are able to perform the duties of your position.[15]

20.     In a letter dated May 8, 1997, Dr. Lopez-Brignoni advised the Plant Manager as follows:

> As a follow-up to my letter of April 14, 1997, Mr. Butler is cleared to return to full-time duties on May 12, 1997.
> As stated before, he should not work under the supervision of Sergio Fernandez, at least for the

---

[13] See attached PS Form 2564-A (Information for Precomplaint Counseling), dated March 12, 1997 (stamped received, March 20, 1997), as maintained in Plaintiff's LRF and EEOC file.

[14] See attached letter from Dr. Evelyn Lopez-Brignoni, MD, dated April 14, 1997, as maintained in Plaintiff's LRF and EEOC file.

[15] See attached letter from Sergio Fernandez, dated May 2, 1997, as maintained in Plaintiff's LRF and EEOC file.

time being.[16]

21.     By letter dated May 13, 1997, and in a face-to-face/telephone conversation on May 15, 1997, Butler advised Robert Dillon, Senior Manager, Distribution Operations, USPS, of his response to the proposal to place him on enforced leave.[17]

22.     By letter dated May 27, 1997, Robert Dillon, Senior Manager, Distribution Operations, USPS, advised Butler that, after full consideration of his responses, his "placement on enforced leave is for such cause as to promote the efficiency of the service. This action will be effective June 6, 1997."[18]

23.     On June 6, 1997, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0018-97, alleging that the USPS had wrongfully discriminated and retaliated against him. Along with his Administrative Complaint, by letter dated June 6, 1997, Butler advised the EEOC that he no longer requested anonymity regarding the proceedings.[19]

24.     On June 6, 1997, Butler also filed an appeal with the Merit System Protection Board (MSPB), styled in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 (stamp filed June 23, 1997) raising the issue of the agency's action placing him on enforced leave and refusal to accept medical documentation.[20]

---

[16]See attached letter from Dr. Evelyn Lopez-Brignoni, MD, dated May 8, 1997, as maintained in Plaintiff's LRF and EEOC file.

[17]See attached letter from Robert Dillon, dated May 27, 1997, as maintained in Plaintiff's LRF and EEOC file.

[18]See Declaration of Robert Dillon as well as pertinent portions of Plaintiff's deposition.

[19]See attached Administrative Complaint, EEOC Case #1-H-333-0018-97, as maintained in Plaintiff's LRF and EEOC file. Butler alleges wrongful discrimination based upon race ("CAUCASIAN (NON HISPANIC"), color ("WHITE"), religion ("QUAKER"), national origin ("AMERICAN"), sex ("MALE"), age ("OVER 40"), retaliation (unspecified), and disability ("Family and Medical Leave Act"). Regarding retaliation, Butler identifies the prior EEO activity as only those events taking place in March 1997.

[20]See attached MSPB Appeal Form 283, dated June 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

25.     On September 8, 1997, Butler filed his Appellant's Prehearing Submission with the MSPB in the proceedings styled *Butler v. USPS*, AT-0752-97-I-1 which, in pertinent part, states as follows:

> 1.     By notice of proposed adverse action dated May 2, 1997, appellant was notified by Sergio Fernandez, Manager, Distribution Operations, SFMPC, Tour 1, Pembroke Pines, Florida, that he was proposing that appellant be placed on Enforced Leave. This proposal was based upon the following charge(s): (1) Appellant's medical condition.
>
> 2.     By letter of decision dated May 27, 1997, Robert Dillon, Senior Manager, Distribution Operations, SFPDC, Pembroke Pines, Florida, concluded that the evidence warranted appellant's placement on Enforced Leave. The action was effective June 6, 1997.[21]

26.     In a letter to Butler dated September 19, 1997, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0018-97. In pertinent part, this letter provides as follows:

> We have received the above-referenced complaint of discrimination filed on June 6, 1997. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| Specific Issue(s): | You were harassed by your supervisor about your job performance and subsequently placed on enforced leave. |
| --- | --- |
| Date(s) of Incident: | March 5, 1997 |
| Type(s) of Discrimination: | Race (Caucasian Non-Hispanic), Color (white), Religion (Quaker), Sex (male), National Origin (America), and Age (42) |

> If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing seven (7) calendar days of receipt of this letter.[22]

27.     Butler did not object to the issues as defined.

28.     On July 25, 1997, Butler received a "package" from Toby Lowe, Labor Relations

---

[21]See attached Appellant(Butler)'s Prehearing Submission filed in MSPB Appeal proceedings AT-0752-97-0767-I-1, dated September 8, 1997, as maintained in Plaintiff's LRF and EEOC file.

[22]See attached letter dated September 19, 1997, USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0018-97, as maintained in Plaintiff's LRF and EEOC file.

Specialist, USPS, which contained a Letter of Warning (LOW) addressed to Butler, dated February 27, 1997 which had been duly drafted by Jack Watson, MDO.[23] Although the LOW had been duly drafted, it had never been served upon Butler. Because Watson's LOW had not been timely served upon Butler, it was effectively abandoned by USPS management.

29.     By handwritten letter dated August 1, 1997, Butler advised Robert Dillon, Senior Manager, Distribution Operations, USPS, as follows:

> On 7/25/97 I received a package from labor relations (Tobe Lowe). In the package Tobe Lowe had included a copy of a L.O.W. (Letter Of Warning) from Jack Watson dated Feb. of 1997. I had never seen said L.O.W. I was unaware that I was even going to get the letter let alone discover it by accident in the package from Tobe Lowe on 7-25-97 (nearly five months after the alleged letter was dated[)].
>
> I wish to appeal the fact that this L.O.W. was never shown, given, or mailed to me and therefore is inappropriate and unacceptable. I believe it to be an unethical procedure.
>
> Furthermore, I contend it was designed to be retaliatory and discriminatory and I am pursuing legal action thru (sic) the EEO process, to rectify this unjust action.[24]

30.     By letter dated August 6, 1997, Dillon responded to Butler as follows:

> This is to inform you that the Letter of Warning, dated February 1997, and included in a package presented to you on 7/25/97, was there in error. You were correct in saying that this was a letter that you had never seen before. You were never issued this action. It was requested, but was

---

[23] The "package," which constituted the USPS response to Butler's request for discovery in the EEOC proceedings, Case, #1-H-333-0018-97 (seeking copies of all records of disciplinary action against Butler), contained a Request for Disciplinary Action and Watson's LOW.

Ordinarily, if USPS management determines that an employee's conduct is deficient because the employee has violated some rule, regulation, policy, or procedure of the USPS, a LOW is issued and served upon the subject employee for the dual purpose of formally advising said employee of deficiency and of the need for corrected behavior. Regardless of whether a USPS employee is covered by a union collective bargaining agreement, in all disciplinary proceedings, it is the policy of the USPS to adhere to the tenets of just cause found in many collective bargaining agreements. These tenets include a timely and thorough investigation of the matter at issue as well as timely issuance and service of any resulting process (usually within thirty days if issuance). The issuance of a LOW is the first step in the employee disciplinary process within the USPS. If the LOW is not set aside through union collective bargaining agreement grievance procedures, it remains in the employee's OPF for three years. If the employee's conduct is not corrected, subsequent disciplinary action can result in suspension, downgrading of employment grade, and/or removal. Ordinarily, a copy of a LOW is maintained in an employee's OPF.

[24] See attached letter from Butler, dated August 1, 1997, as maintained in Plaintiff's LRF and EEOC file.

8

deemed to be untimely by the time it was available to be issued. Without prejudice to its contents, the letter was not issued, and therefore should not appear in any records of the U.S. Postal Service. By copy of this letter, I have notified Ms. Lowe of this fact. Any copies or records of this action will be destroyed.[25]

31.    On October 15, 1997, with the assistance of his own counsel, Roscoe E. Long, Esq., Butler knowingly and voluntarily entered into a Settlement Agreement regarding the allegations raised in EEOC Case, #1-H-333-0018-97. In pertinent part, the Settlement Agreement provided as follows:

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as follows:

It is understood by the undersigned that this Agreement is in full and complete settlement of all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-97-0767-I-1, administrative EEO complaints or appeals related to the issues referenced in this complaint, in this or any other forum, filed by he named appellant (Thomas P. Butler) or on his behalf relating to any matters that occurred prior to the execution of this Settlement Agreement. Appellant agrees to voluntarily withdraw any outstanding administrative complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all issues related to this appeal. It is understood that in withdrawing all appeals or complaints related to this issue, Appellant waives his rights to an oral hearing of further appeal on the matters raised.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution Operations. The Appellant's hours will be variable on Tour 3, and days off will be Thursday and Friday.

The agency will purge the appellant's Official Personnel File of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.

It is understood that the Appellant shall not litigate or retaliate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal.[26]

32.    Thereafter, in consideration for the terms set forth in the aforementioned Settlement Agreement, on December 1, 1997, Butler was reassigned to the position of Supervisor Distribution Operations with variable hours on Tour 3 and his OPF was purged of any reference to the Notice of

---

[25]See attached letter from Robert Dillon, dated August 6, 1997, as maintained in Plaintiff's LRF and EEOC file.

[26]See attached Settlement Agreement, dated October 7, 1997, as maintained in Plaintiff's LRF and EEOC file.

9

Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.[27]

33.    On October 27, 1997, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0036-97, alleging that the USPS had wrongfully discriminated and retaliated against him based upon the February 27, 1997 LOW.[28]

34.    In a letter to Butler dated February 19, 1998, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0036-97. In pertinent part, this letter provides as follows:

We have received the above-referenced complaint of discrimination filed on October 27, 1997. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were given a package from Labor Relations with a copy of a L.O.W. for which you had never received. |
| Date(s) of Incident: | July 25, 1997 |
| Type(s) of Discrimination: | Race (Caucasian), Color (white), Religion (Quaker), Sex (male), Age (43) and Retaliation (prior EEO activity) |

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing seven (7) calendar days of receipt of this letter.[29]

35.    Butler did not object to the issues as defined.

36.    In 1996, the USPS implemented a new variable pay program for exempt employees based on a new measure of financial performance which was dubbed Economic Value Added (EVA).[30] EVA

---

[27]See attached PS Form 50, dated December 3, 1997, as maintained in Plaintiff's OPF.

[28]See attached Administrative Complaint, Case #1-H-333-0036-97, as maintained in Plaintiff's LRF and EEOC file. In this Administrative Complaint (upon which these judicial proceedings are based in part), Butler alleges wrongful discrimination based upon race ("WHITE NON HISPANIC"), color ("WHITE"), religion ("QUAKER"), national origin ("USA"), sex ("MALE"), age ("43"), and retaliation ("3-7-97").

[29]See attached letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0036-97, dated February 19, 1998, as maintained in Plaintiff's LRF and EEOC file.

[30]Variable pay programs provide cash awards for participating employees based on objective measures of organizational performance. These programs are "variable" in the sense that the size

10

Case 0:00-cv-06703-AMS Document 82 Entered on FLSD Docket 03/17/2003 Page 14 of 119

is an incentive program based on an employee's contribution or lack of contribution to the goals of the USPS. Attendance was one of the factors viewed by management in assessing an employee' eligibility for an EVA credit. To receive the full credit under the incentive program, eligible employees in organizational units had to meet established targets. Otherwise qualified employees could be disqualified from receiving the EVA credit if they "do not fully contribute to the performance of the organization. . . ." Lack of contribution was defined as absences either 1) where combined sick leave and leave without pay exceeded 500 hours; or 2) combined absences (including but not limited to sick leave and leave without pay, e.g. annual leave, absence without leave) exceeded 600 hours.[31]

 37. During USPS fiscal year 1997 (the EVA year commencing September 14, 1996 and ending September 12, 1997), Butler used 737 hours of sick leave and eight hours of leave without pay. Accordingly, Butler was disqualified from obtaining the EVA credit for USPS fiscal year 1997.[32]

 38. On November 4, 1997, Keith Maynord, then Acting Planet Manager, SFMPC, advised Butler that he was not eligible for the EVA credit for USPS fiscal year 1997.[33]

 39. On February 4, 1998, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0011-98, alleging that the USPS had wrongfully discriminated and retaliated against him based upon his being deemed ineligible to receiving the EVA credit for USPS fiscal year 1997.[34]

---

of the award may differ from year to year based on the organizational performance in a particular year. Since the awards are lump sum cash awards, the payments must be earned each successive year by achieving organizational objectives.

[31] A fifty two week work year multiplied times 40 hours per week results in the product of 2,080 work hours per year. 500 hours is equal to approximately 25% of such a work year. See Declaration of Keith Maynord.

[32] See attached DATA KEEPER records for USPS Fiscal Year 1997 (the EVA year commencing September 14, 1996 and ending September 12, 1997) which reflect the combined Sick/Leave (SL)/ Leave With Out Pay (LWOP) usage over 500 hours by EAS employees including Thomas P. Butler. Also see the Declaration of Keith Maynord.

[33] See Declaration of Keith Maynord. Prior to March 27, 1998, Maynord was unaware that Butler had participated in protected activity.

[34] See attached Administrative Complaint, Case #1-H-333-0011-98, as maintained in Plaintiff's LRF and EEOC file. In this Administrative Complaint (upon which these judicial proceedings are based in part), Butler alleges wrongful discrimination based upon race ("CAUCASIAN"), color ("WHITE"), religion ("QUAKER"), national origin ("USA"), sex

40.   In a letter to Butler dated April 17, 1998, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0011-98. In pertinent part, this letter provides as follows:

> We have received the above-referenced complaint of discrimination filed on February 4, 1998. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You were excluded from the EVA bonus due to lack of contribution. |
| Date(s) of Incident: | November 4, 1997 |
| Type(s) of Discrimination: | Race (Caucasian), Color (white), Religion (Quaker), National Origin (USA), Sex (male), Retaliation (prior EEO activity), and Age (43) |

> If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, seven (7) calendar days of receipt of this letter.[35]

41.   Butler did not object to the issue as defined.

42.   On July 18, 1998, Rosie Carlies, MDO, initiated a Request for Disciplinary action against Butler based upon the circumstances surrounding Butler's performance as SDO in Postal Operation #208[36] on July 15, 1998.[37] Indeed, on August 21, 1998, Carlies issued a LOW charging Butler with failure to perform supervisory duties in a satisfactory manner and failure to follow instructions concerning proper staffing of operations (specifically, on July 15, 1998, Butler had eleven mail handlers

---

("MALE"), age ("44"), and retaliation ("3-7-97").

[35] See attached letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0011-98, dated April 17, 1998, as maintained in Plaintiff's LRF and EEOC file. See Declaration of Rosie Carlies

[36] Postal Operation 208 was an automated mail processing area which employed a Scan Where You Band (SWYB) machine which, according to USPS policy and procedure, required no more than eight mail handlers to operate efficiently and effectively. Unnecessary staffing result in unnecessary costs and is detrimental to the agency's commitment to improved performance and customer satisfaction. Butler was aware of this policy and procedure.

[37] See attached Request for Disciplinary Action, dated July 18, 1998, as maintained in Plaintiff's LRF and EEOC file.

(three more than necessary) on Operation 208).[38]

43.     On October 8, 1998, Rosie Carlies issued a Step A Decision regarding the August 21, 1998 LOW in which Carlies "found no reason to remove this discipline."[39] Thereafter, Butler appealed the issuance of the LOW to the Acting Plant Manager, Robert Dillon.

44.     On November 10, 1998, Dillon found that the August 21, 1998 LOW had been issued for "just cause."[40] Thereafter, Butler appealed the issuance of the LOW to the Manager of Human Resources, Southeast Area Office.

45.     On April 12, 1999, Karen A. Borowski, Manager of Human Resources, Southeast Area Office, denied Butler's appeal finding that there was "sufficient evidence to warrant the action taken."[41]

46.     Prior to April 12, 1999, Karen Borowski, Manager, Human Resources, Southeast Area Office, USPS, was not aware that Butler had participated in protected activity.[42]

47.     On April 23, 1999, Butler initiated informal proceedings with the EEOC by filing a Postal Service Form 2564-A (Information for Precomplaint Counseling) with the USPS under Case #1-H-333-0047-99 asserting that the August 21, 1998 LOW was the product of wrongful discrimination and retaliation for his participation in prior protected activity.[43]

48.     Thereafter, by letter dated on September 30, 1999, the Defendant advised Butler that his informal complaint had not been resolved and that he had the right to file a formal complaint of

---

[38]See attached August 21, 1998 LOW, as maintained in Plaintiff's LRF and EEOC file.

[39]See attached October 8, 1998 Step A Decision, as maintained in Plaintiff's LRF and EEOC file.

[40]See attached November 10, 1998 Step B Decision, as maintained in Plaintiff's LRF and EEOC file.

[41]See attached letter of Karen A. Borowski's Review and Decision, dated April 12, 1999, as maintained in Plaintiff's LRF and EEOC file.

[42]See Declaration of Karen A. Borowski.

[43]See attached PS Form 2564-A (Information for Precomplaint Counseling) with the USPS under Case #1-H-333-0047-99, dated April 19, 1999 (file stamped received, April 23, 1999), as maintained in Plaintiff's LRF and EEOC file. In this Form 2562-A, Butler alleges wrongful discrimination based upon race, color, sex, national origin, and retaliation (citing Case # 1-H-333-0018-97, 1-H-333-0011-98, and 1-H-333-0036-97.

discrimination within fifteen days of his receipt of the letter.[44]

40.    Thereafter, Butler never filed a formal Administrative Complaint under EEOC Case #1-H-333-0047-99.[45]

50.    On November 18, 1999, Carlies initiated a Request for Disciplinary action against Butler based upon the circumstances surrounding Butler's performance as SDO of the small parcel bundle sorter (SPBS)[46] on Tour Three (one of three work shifts at the SFMPC) on November 3, 1999, when Butler was sent home for non-responsive and insubordination.[47]

51.    On November 29, 1999, based upon the events of November 3, 1999, Carlies issued a proposed LOW in Lieu of Time Off Suspension to Butler charging him with "Unacceptable conduct due to your failure to respond and comply with directives given you." Prior to November 29, 1999, Carlies was aware that Butler had participated in protected activity.[48]

---

[44]See attached letter regarding Final Interview Notice (outcome of EEO pre-complaint counseling) Case No. 1H-333-0047-99, date of incident 04-18-99), dated September 30, 1999. Butler acknowledged receiving this letter on October 8, 1999 (See attached PS Form 3811 (Certified mail receipt)).  Accordingly, his formal Complaint was due to be filed on or before October 23, 1999.

[45]See attached USPS EEO Complaint Tracking System reports for EEOC Case #1-H-333-0047-99, dated October 3, 2002, October 3, 2002, and September 23, 1999.

[46]The SPBS is a mechanized mail processor that sorts small parcels and bundles of mail on one of four conveyer belts taking it to a clerk.  The clerk examines each individual parcel, keys in the marked zip code and places the parcel on the appropriate outgoing conveyer belt which transports the parcel to a bin corresponding to the appropriate zip code. It automatically tracks the number of parcels properly processed, as well as those not properly processed (improperly keyed mail is transported to a reject bin where it is retrieved and either reprocessed or hand sorted). Supervisors are able to a hard copy of this data by pressing the appropriate button on the SPBS ending mail processing and printing a report indicating the total number of mail pieces processed, the number rejected, and other pertinent operation data (commonly known as "running a report").

[47]See Carlies' attached Request for Disciplinary, dated November 18, 1999, as maintained in Plaintiff's LRF and EEOC file.

[48]See attached proposed LOW in Lieu of Time Off Suspension, dated November 29, 1999, as maintained in Plaintiff's LRF and EEOC file.

14

52.    Thereafter, Butler appealed the issuance of the proposed November 29, 1999 LOW to the Plant Manager, Saundra D. Richardson.[49]

53.    On January 18, 2000, Richardson issued a Letter of Decision finding that "the charge as outlined in the proposed letter is fully supported by the evidence of record, and warrant(s) the action."[50]

54.    Prior to June 19, 1999, Sandy Richardson, Plant Manager, USPS, became aware that Butler had participated in protected activity.[51]

55.    On March 14, 2000, Butler filed his Administrative Complaint of Discrimination with the EEOC, Case, #1-H-333-0012-00, alleging that the USPS had wrongfully discriminated and retaliated against him based upon his receipt of a Letter of Decision regarding the proposed November 29, 1999 LOW in lieu of time off suspension stemming from based upon the above described events of November 3, 1999.[52]

56.    In a letter to Butler dated April 27, 2000, the USPS EEO Compliance and Appeals Coordinator acknowledged receipt of Butler's Administrative Complaint Case, #1-H-333-0012-00. In pertinent part, this letter provides as follows:

We have received the above-referenced complaint of discrimination filed on March 14, 2000. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| Specific Issue(s): | You received a Letter of Decision regarding a proposed Letter of Warning in Lieu of Time Off [Suspension]. |
| Date(s) of Incident: | January 25, 2000 |
| Type(s) of Discrimination: | Race (Caucasian), Color (white), Sex (male), and Retaliation (prior EEO activity) |

---

[49]See Declaration of Saundra D. Richardson.

[50]See attached Letter of Decision, dated January 18, 2000, as maintained in Plaintiff's LRF and EEOC file.

[51]See Declaration of Saundra D. Richardson.

[52]See attached Administrative Complaint, Case #1-H-333-0012-00, as maintained in Plaintiff's LRF and EEOC file. In this Administrative Complaint (upon which these judicial proceedings are based in part), Butler alleges wrongful discrimination based upon race ("CAUCASIAN"), color ("WHITE"), sex ("MALE"), and retaliation.

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, seven (7) calendar days of receipt of this letter.[53]

57.     Butler did not object to the issues as defined.

Laura Taylor-Laury

I declare under penalty of perjury that the foregoing is true and correct. Executed on 7th day of March, 2003.

---

[53]See attached letter from USPS EEO Compliance and Appeals Coordinator, EEOC Case, #1-H-333-0012-00, dated April 27, 2000, as maintained in Plaintiff's LRF and EEOC file.

**U.S. POSTAL SERVICE**
**NOTIFICATION OF PERSONNEL ACTION**

| EFFECTIVE DATE | SEQUENCE NO. | | SOCAL SECURITY NO. |
|---|---|---|---|
| 08/03/87 | 1 | | 590 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 |

## EMPLOYEE INFORMATION

| LAST NAME | FIRST NAME | INIT. | DATE OF BIRTH | VET PREF | | | LIFE INS. | RET/FCA |
|---|---|---|---|---|---|---|---|---|
| BUTLER | THOMAS | P | 01/24/54 | 1 | | I | C | 8 |

| LEAVE COMP | ENTER ON DUTY | RETIREMENT COMP | | NEXT STEP PP-YR | NOT TO EXCEED CODE | PROBATION EXPIR. PP-YR | EMP. STATUS |
|---|---|---|---|---|---|---|---|
| 03/03/87 | 08/03/87 | 08/03/87 | 01/01/84 | 13-89 | | 1  23-87 | |

| CAT | LEAVE DATA CHANGE PAYR | TYPE | RSC | GRADE/STEP | SAVED PROTECTED DATA PP - YR | HOURS | MILES | SP CODE | INDEF USPS | EMPL TYPE | SEX | MINOR-ITY | HANDI-CAP |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 4 | 18-90 | 2 | | | | | | | | | | | |

| CAREER CONDITIONAL DATE | SVS. ANNIV. PP-YR | SENIORITY | SEQ. NO. | ACADEMIC DATA CODE | LEVEL | YEAR | DISCIPLINE | POSTAL MILITARY | RETIRED LIFE | C.O.L.A. | RURAL HRS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/03/87 | 17-87 | 00-00-00 | | 2 | 13 | 76 | 4901 | Y | | 1.21 | |

| MAILING ADDRESS — STREET/BOX/APT. NO. | CITY | ST. | ZIP + 4 | DUTY STATION NAME |
|---|---|---|---|---|
| 7840 CAMINO REAL APT F 105 | MIAMI | FL | 33143-542 | MANAGER/POSTMASTER MIAMI FL |

## POSITION INFORMATION

| FINANCE NO. | EMPLOYING OFFICE NAME | ZIP + 4 | PAY LOC. |
|---|---|---|---|
| 11-5850 | MANAGER/POSTMASTER | | 080 |
| | MIAMI | FL 33152-9998 | |

| DUTY STATION FINANCE NO. | LABOR DISTR. | DES/ACT | POS. TYPE | LIMIT TOUR | RATE CODE | ALLOW. CODE | ORG. COVER. | RED CIRCLE | ROUTE NO. | L-RTE ID | PAY TYPE | TRI-WKLY | FLSA | COMMIT | GUARANTEED SALARY |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11-5850 | 14 | 42 0 | 3 | | M | | | 0 | | | | | | | |

## NATURE OF PERSONNEL ACTION

| NOA | NATURE OF ACTION DESCRIPTION | AUTHORITY |
|---|---|---|
| 100 | CAREER APPOINTMENT | 39-USC SECT. 1001   MERIT ANNIV. |
| 113 | Correction | |

| REMARKS | CODE 525 | CODE | CODE | CODE |
|---|---|---|---|---|

DELETED FROM HIRING WORKSHEET DATED 051187.
Correction directs NOA 100-career appt.
Element 17 should read 8/03/87.

## SERVICE HISTORY INFORMATION

| | NOA | NOA DESCRIPTION | EFF DATE | OCCUPATION CODE | POSITION TITLE | RSC | GRADE/STEP | SALARY |
|---|---|---|---|---|---|---|---|---|
| 1st. | | | | | | | | |
| -6 | | | | | | | | |
| -5 | | | | | | | | |
| -4 | | | | | | | | |
| -3 | | | | | | | | |
| -2 | | | | | | | | |
| -1 | | | | | | | | |
| CUR | 100 | CAREER APPT | 08/03/87 | 231501XX | MAIL HANDLER | M | 04/ 5 | 9.52 |

| AUTHORIZATION | DATE | OPF FINANCE NO. |
|---|---|---|
| HARRY PENTTALA POSTMASTER GENERAL | 08/05/87 | 330/11-5850 |

PS Form 50, FEB. 1986
Exception to Standard Form 50
3 — OPF COPY

MIAMI, FLORIDA 33152-9998

September 20, 1990

Thomas P. Butler
7840 Camino Real P-105
Miami, FL 33143-5423

Dear Mr. Butler:

It is my pleasure to officially notify you of your selection for the position of Supervisor, Mails Relief, EAS-15, at the General Mail Facility, Miami, FL, effective September 22, 1990.

I am confident that your new appointment in this capacity will prove challenging and enjoyable. I congratulate you on this accomplishment and wish you every success in your new position.

Sincerely,



Clyde Young
Manager, Employment & Development


SNDO9:THernandez:bgm:3796:33152-9421


cc:  D/CO
     Vacancy File
     OPF

| 01 Effective Date | NOTIFICATION of PERSONNEL ION | 02 Social Security Number |
|---|---|---|
| 02-20-93 | U. S. Postal Service | 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 |

## EMPLOYEE INFORMATION

| | | | |
|---|---|---|---|
| 03 Employee Name-Last | BUTLER | 39 FLSA Status | N - NON-EXEMPT |
| 04 Employee Name-First | THOMAS | 40 Pay Location | 091 |
| 05 Employee Name-Middle | P | 41 Rural Carrier-Route | |
| 06 Mailing Address | 7840 CAMINO REAL # 105P | 42 Rural Carr-L-Rte ID | |
| Street/Box/Apts | | 43 Rural Carr-Pay Type | |
| 07 Mailing Address-City | MIAMI | 44 Rural Carr-Tri-Weekly | |
| 08 Mailing Address-State | FL | 45 Rural Carr-FLSA | |
| 09 Mailing Address-Zip+4 | 33143-6871 | 46 Rural Carr-Commit | |
| 10 Date of Birth | 01-24-54 | 47 Rural Carr-EMA | |
| 11 Veterans Preference | 1 - NO PREFERENCE | 48 Rural Carr-Hours | |
| 12 Sex | | 49 Rural Carr-Miles | |
| 13 Minority | | 50 Job Sequence | 1 |
| 14 Disability | | 51 Occupation Code | 2315-6076 |
| 15 Leave Comp Date | 08-03-87 | 52 Position Title | SUPV DISTRIBUTN OPR |
| 16 Enter on Duty Date | 08-03-87 | 53 Functional Oper Nbr | 1000 |
| 17 Retirement- Comp Date | 08-03-87 | 54 Designation/Activity | 09/0 |
| 18 Serv Anniversary PPYR | | 55 Position Type | 1 - FULL TIME |
| 19 TSP Eligibility | Y - ELIGIBLE WITH DEDUCT | 56 Limit Hours | |
| 20 TSP Service Comp Date | 08-03-87 | 57 Allowance Code | |
| 21 Prior CSRS Service | | 58 Employment Type | |
| 22 Frozen Csrs Time | | SALARY INFORMATION | |
| 23 Leave Data-Category | 6 - HOURS/PP | 59 Pay Rate Code | A - ANNUAL RATE |
| 24 Leave Data-Chg PPYR | 18-02 | 60 Rate Schedule Code | E - EAS |
| 25 Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 Grade/Step | 16/02 |
| 26 Credit Military Serv | | 62 Salary | 37,275 |
| 27 Retired Military | | 63 Cola | 3,495 |
| 28 Retirement Plan | 8 - FERS | 64 Cola Roll-In Ind | N - DECLINED COLA-ROLL-I |
| 29 Employee Status | | 65 Next Step PPYR | 20-93 |
| 30 Life Insurance | C - BASIC COVERAGE ONLY | 66 Merit Anniv Date | 20-93 |
| 31 Special Benefits | | 67 Merit Lump Sum | |
| POSITION INFORMATION | | 68 Special Salary Code | |
| 32 Employ Office-Fin No | 11-5851 | 69 Protected RSC | |
| 33 Employ Office-Name | MIAMI PROC/DIST CTR | 70 Protected Grade/Step | |
| | | 71 Expiration PP/YR | |
| 34 Employ Office-Address | MIAMI | 72 Protected RC Hours | |
| | FL 33152-9994 | 73 Protected RC Miles | |
| 35 Duty Station-Fin No | 11-5851 | 74 RC Guaranteed Salary | |
| 36 Duty-Station-Name | MIAMI PROC/DIST CTR | 75 Annuity Amount | |
| 37 Appt Expiration Date | | 76 Red Circle Code | 0 |
| 38 Probation Expir Date | | | |

## NATURE OF PERSONNEL ACTION

| | | | |
|---|---|---|---|
| 77 Nature of Action Code | 702 | 78 Authority | 39-USC SECT. 1001 |
| 79 Description | PROMOTION | 80 Code 511  81 Code | 82 Code  83 Code |

84 Remarks

THIS ACTION DOES NOT CHANGE DUE DATE FOR ADVANCEMENT TO THE NEXT HIG
HER STEP.
PLACED IAW STRUCTURE PLACEMENT POLICY DATED 11/13/92.
BGM 02/25/93

| 85 Authorization | 86 Processed Date | 02-25-93 |
|---|---|---|
| DON M. SPATOLA, MANAGER | 87 Personnel Office ID | TB10 |
| SOUTHEAST AREA PROC & DIST | 88 OPF Location | MIAMI PROC/DIST CTR |

PS Form 50, March 1990 (Exception to Standard Form 50)    2 - OPF COPY

# UNITED STATES POST OFFICE

DATE: September 26, 1994

OUR REF: SE09:THernandez:bgm:3396:33152-9421

SUBJECT: Excess Supv., Dist Oprns, Miami, FL

TO:
THOMAS P BUTLER                      CERTIFIED P 631 267 891
7840 CAMINO REAL #105P               RETURN RECEIPT REQUESTED
MIAMI FL 33143-6871


The Miami Plant has been identified as having excess
Supervisor, Distribution Operations (SDO) positions. The
South Florida Plant currently has vacant SDO positions which
must be filled.

We recently advertised a solicitation requesting volunteers to
reassign into these vacancies. After these placements were
transacted, we still have vacancies to fill.

Consequently, we have begun a process to reassign SDOs in
Miami into these South Florida vacancies. You have been
identified as one of these supervisors. Your reassignment
will be effective October 1, 1994. Please contact Sergio
Fernandez, Manager, Distribution Operations at (305) 436-4359
between 12:30 am to 09:30 am. Mr. Fernandez will then provide
you with your assigned reporting schedule.

Alan S. Bame
Manager, Human Resources
South Florida Division

cc: Plant Mgr., Dist Oprns, South Fl
    Plant Mgr., Dist Oprns, Miami
    First Class Mail
    OPF

| 01 | Effective Date | | NOTIFICATION of PERSONNEL A( 1 ( | 02 | Social Security Number |
|---|---|---|---|---|---|
| | 10-01-1994 | | U. S. Postal Service | | 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 |

**EMPLOYEE INFORMATION**

| # | Field | Value | # | Field | Value |
|---|---|---|---|---|---|
| 03 | Employee Name-Last | BUTLER | 39 | FLSA Status | S - EXEMPT |
| 04 | Employee Name-First | THOMAS | 40 | Pay Location | 101 |
| 05 | Employee Name-Middle | P | 41 | Rural Carrier-Route | |
| 06 | Mailing Address | 7840 CAMINO REAL # 105P | 42 | Rural Carr-L-Rte ID | |
| | Street/Box/Apts | | 43 | Rural Carr-Pay Type | |
| 07 | Mailing Address-City | MIAMI | 44 | Rural Carr-Tri-Weekly | |
| 08 | Mailing Address-State | FL | 45 | Rural Carr-FLSA | |
| 09 | Mailing Address-Zip+4 | 33143-6871 | 46 | Rural Carr-Commit | |
| 10 | Date of Birth | 01-24-1954 | 47 | Rural Carr-EMA | |
| 11 | Veterans Preference | 1 - NO PREFERENCE | 48 | Rural Carr-Hours | |
| 12 | Sex | | 49 | Rural Carr-Miles | |
| 13 | Minority | | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2315-6076 |
| 15 | Leave Comp Date | 08-03-1987 | 52 | Position Title | SUPV DIST OPERTNS |
| 16 | Enter on Duty Date | 08-03-1987 | 53 | Functional Oper Nbr | 1000 |
| 17 | Retirement- Comp Date | 08-03-1987 | 54 | Designation/Activity | 09/0 |
| 18 | Serv Anniversary PPYR | | 55 | Position Type | 1 - FULL TIME |
| 19 | TSP Eligibility | Y - ELIGIBLE WITH DEDUCT | 56 | Limit Hours | |
| 20 | TSP Service Comp Date | 08-03-1987 | 57 | Allowance Code | |
| 21 | Prior CSRS Service | N | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 | Leave Data-Category | 6 - HOURS/PP | 59 | Pay Rate Code | A - ANNUAL RATE |
| 24 | Leave Data-Chg PPYR | 18-2002 | 60 | Rate Schedule Code | E - EAS |
| 25 | Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 | Grade/Step | 16/ |
| 26 | Credit Military Serv | | 62 | Base Salary | 41,782 |
| 27 | Retired Military | | 63 | Cola | 4,659 |
| 28 | Retirement Plan | 8 - FERS | 64 | Cola Roll-In Ind | N - DECLINED COLA-ROLL-IN |
| 29 | Employee Status | | 65 | Next Step PPYR | |
| 30 | Life Insurance | CO - Basic Only | 66 | Merit Anniv Date | 02-1995 |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| | **POSITION INFORMATION** | | 68 | Special Salary Code | |
| 32 | Employ Office-Fin No | 11-8675 | 69 | Protected RSC | |
| 33 | Employ Office-Name | SO FLORIDA PROC/DIST CTR | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | PEMBROKE PINES | 72 | Protected RC Hours | |
| | | FL 33082-9998 | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 11-8675 | 74 | RC Guaranteed Salary | |
| 36 | Duty-Station-Name | SO FLORIDA PROC/DIST CTR | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| # | Field | Value | # | Field | Value | # | Code | # | Code | # | Code | # | Code |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 77 | Nature of Action Code | 925 | 78 | Authority | 39-USC SECT. 1001 | | | | | | | | |
| 79 | Description | REASSIGNMENT (CAO) | 80 | Code | | 81 | Code | 82 | Code | | 83 | Code | |
| 84 | Remarks | | | | | | | | | | | | |

BGM 10/05/94

| 85 | Authorization | | 86 | Processed Date | 10-05-1994 |
|---|---|---|---|---|---|
| | WILLIAM BROWN, ACTING VP | | 87 | Personnel Office ID | BY37 |
| | AREA OPERATIONS-SOUTHEAST AREA | | 88 | OPF Location | MIAMI POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)   2 - OPF COPY

| U. S. Postal Service **ROUTING SLIP** | Dept., Office or Room No. | |
|---|---|---|
| **To:** | | ☐ Approval |
| 1  JOANN | | ☐ Signature |
| | | ☐ Comment |
| 2  SERGIO | | ☐ See Me |
| | | ☐ As Requested |
| 3  ROSIE | | ☐ Information |
| | | ☐ Read and Return |
| | | ☐ Read and File |
| 4 | | ☐ Necessary Action |
| | | ☐ Investigate |
| 5 | | ☐ Recommendation |
| | | ☐ Prepare Reply |
| **From:** | | **Extension** |
| TOM BUTLER | | |
| | | **Room No.** |
| Date 2-23-97 | | |

**Remarks:**

I WANT TO BE CONSIDERED FOR THE LEVEL 16, SDO POSITION THAT IS OPEN ON TOUR 3 AT SFMPC.

I HAVE SUBMITTED PAGES 1-2 OF THE 991 FOR CONSIDERATION AS A NON COMPETITIVE APPLICANT.

I FEEL IT WOULD BE A VERY GOOD CAREER MOVE TO MAKE ALLOWING ME THE OPPORTUNITY TO LEARN ABOUT THE PROCESSING OF OUTGOING MAIL IN THE OPERATIONS OF O3O, PLATFORM, FSM AND OCCASIONALLY AUTOMATION AND THE SPBS.

THIS OPPORTUNITY WOULD AFFORD ME THE CHANCE OF EXPERIENCING WORK ON A DIFFERENT TOUR (TEN YEARS T-1).

THANK YOU FOR YOUR CONSIDERATION.

Tom Butler

ITEM O-13, Aug. 1976     (Additional Remarks on Reverse)

EXHIBIT 1

*3330018-97*


**UNITED STATES POSTAL SERVICE**    Information for
Precomplaint Counseling

97-375

---

**Important: Please Read Carefully.** This is the only notification that you will receive regarding the necessity for you to complete this form. This form should be completed and returned to the EEO Office within 10 calendar days.

On: **3-7-97**    you requested an appointment with an EEO Counselor.

**A.  Requester Information**

Name (Last, First, MI)  *Butler, Tom.*    Social Security No. *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*    Home Telephone No. *(305) 271-1898*

Mailing Address: *7840 (Camian) Rea/ P 105 / Miami, Fl 33143-6871*

Postal Facility Where You Work: *SFMPC*    Position Title: *SDO*    Grade Level *16*    Office Telephone No. *(954) 436-4359*

Pay Location *101*    Tour *1*    Off Days (If Tour 1, Show Nights Off) *WED  THUR*    Duty Hours *2250 - 0700 AM*

Employment Status (Check One)    Time in Current Position

Applicant    Casual    TE    (Career)  **X**    Years *9*    Months *8*

Discrimination Factors *COLOR - WHITE , RELIGION - QUAKER, AGE - OVER 40, RACE - CAUCASIAN (NON HISPANIC), NATIONAL ORIGIN (USA), SEX - MALE*

In the Postal Service prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex, Age (+40), National Origin, Physical and/or Mental Disability, or Retaliation (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors.

What Factor(s) of Discrimination Are You Alleging (Be Specific. Describe, i.e. Race-Black; Sex-Female

*ONLY WHITE MALE NON HISPANIC ON TOUR 1, AGE OVER 40, RELIGION - QUAKER, CONTINUED HARRASSMENT AND INTIMIDATION*

---

**For Retaliation Allegations Only:** If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

| 1. On | | I engaged in EEO Activity | Case Number: |
|---|---|---|---|
| 2. On | | I engaged in EEO Activity | Case Number: |

---

**C.  Description of Incident/Activity**

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On *3-5-97* , the following occurred: *AFTER A 30 minute MEETING IN THE MDO OFFICE (Angelo Russo Senior) I WAS COUNSELING EMPLOYEE Julio Burgos, Mr Fernandez Broke up THE counseling AND BEGAN Harrassing me about my operation (THAT he pulled me away for a yelling), Mr FERNANDEZ HAS BEEN HARRASSING ME AND CREATING A STRESSED ENVIRONMENT FOR ME SINCE I FIRST CAME TO THE SFMPC. HE HAS MADE ME HAVE LUNCH DURING A MEETING THAT WAS SCHEDULED AT MY LUNCH TIME. ON 2/4 He WAS VIDICTIVE TOWARD ME CONCERNING A STAFFING PROBLEM He STATED "I'LL TAKE CARE OF THAT, I'LL PUT YOU IN CHARGE OF THE FSM." ON 2/25 He THREATENED ME STATING "THIS IS YOUR TRAINING WEEK. WAIT TIL NEXT WEEK." ON 4/12-96 HE CHANGED MY HOURS WORKED. I HAD JOANN FRYNT CORRECT HIS VIOLATION OF FLSA. ON 3/4/97 7 EMPLOYEES MET WITH JOANN CONCERNING EMPLOYEE COMPLAINTS OF SERGIO FERNANDEZ. I FEEL MY OPERATION AND SELF HAVE SUFFERED CORRESPONDING REPRISAL. ON NUMEROUS OCCASIONS MR Fernandez HAS HUMILIATED AND EMBARRASSED ME IN FRONT OF MY EMPLOYEES AND PEERS. HE INTIMIDATES EMPLOYEES AND SUPERVISORS ON THE*

PS Form 2564-A, May 1993 (Page 1 of 3)

*WORK ROOM FLOOR. ON 3/5/97 I WENT HOME STRESSED OUT.*

Explain why you believe based on the factors you cited in Section B that you were treated differently than other employees in similar situations.

| 1. Name of Employee: | (Factor(s) describing employee i.e., Race-Black, Sex-Female) |
|---|---|
| ROBERT BRACE  BLACK MALE UNDER 40 | |

was treated differently than I when: HE WAS NEVER EMBARRASSED, THREATENED OR INTIMIDATED BY SERGIO FERNANDEZ

| 2. Name of Employee: | (Factor(s) describing employee, i.e., Race-Black, Sex-Female) |
|---|---|

was treated differently than I when:

| 3. Name of Employee : | (Factor(s) describing employee, i.e., Race-Black, Sex-Female) |
|---|---|

was treated differently than I when:

**D. Official(s) Responsible for Action:**

Provide the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1,a. Name: SERGIO FERNANDEZ | b. Title MDO - TOUR 1 |
|---|---|
| c. Office: SOUTH FLORIDA P & D | d. Grade level EAS 20 |
| 2a. Name | b. Title |
| c. Office | d. Grade Level |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity (Explain)? Yes    No

**E. Resolution Sought**

What are you seeking as a resolution to your complaint?

1 ATTORNEY COST AND FEES
2 MEDICAL COST AND FEES
3 COMPENSTORY AND PUNATIVE DAMAGES / AWARD
4 RETURN OF SICK LEAVE, NIGHT DIFFERENTIAL AND PAY

**F. Grievance/MSPB Appeal**

On the incident which prompted you to seek EEO counseling, have you:

| 1. File a grievance on the issue? | Yes? | No? X | If yes, | Date | | Step |
|---|---|---|---|---|---|---|
| 2. Filed an MSPB appeal on this issue? | Yes? | No? X | If yes, | Date | | |
| 3. Veteran's Preference? | Yes? | No? X | If yes, , number of points: | | | |

PS Form 2564-A, May 1993 (Page 2 of 3)

**G. Anonymity**

You have the right to remain anonymous at the counseling stage of the EEO complaints processing.

Do you desire anonymity:  ☒ Yes    ☐ No

You have the right to retain representation of your choice. (Check One)

I authorize the person listed below to represent me.

| Name of Representative: ALLAN DONELAN | Title: VICE PRESIDENT NAPS |
|---|---|
| Organization: NAPS | |
| Mailing Address: 1800 CORAL WAY | |
| City /State/Zip + 4: MIAMI FL | Telephone No. (305) 869-5109 |

I waive the right to representation at this time    Yes    No ✗

**I. Privacy Act Statement**

The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972, 29 U.S.C., sections 621 et seq. and 701 et.seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the

Office of Management and Budget for review of private relief legislation, to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for the Postal Service and other Federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

**J. Documentation**

Please attach any documentation you wish to submit to support your allegation(s). Include a copy of any written action(s) which caused you to seek counseling at this time.

Note: If you are alleging mental and/or physical disability, you MUST submit medical documentation of your disability at this time or during counseling.

**K. Authorization**

| Your signature *Thomas P Butler* | Date 3-12-97 | |
|---|---|---|

Return to:

EEO COMPLAINTS PROCESSING
SOUTH FL DISTRICT
U.S. POSTAL SERVICE
MIAMI FL 33152 9411

**NOTICE: COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING**

I hereby request that you close this file from processing. I fully understand that this complaint file will not be reopened once closed, and I waive my right to any further EEO Appeal on this matter. I stipulate that my decision not to pursue counseling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

| Signature | Date |
|---|---|

P.S. Form 2564-A, May 1993 (Page 3 of 3)

EEO OFFICE
SOUTH FLORIDA DISTRICT
MIAMI, FL 33152-9411

DATE: _3-31-97_

OUR REF:

SUBJECT: Acknowledgment of Pre-Complaint Counseling Request

TO    TOM BUTLER
      7840 CAMINO REAL P105
      MIAMI FL. 33143-6871

This will acknowledge receipt of your request for pre-complaint counseling received _3-20-97_ for date(s) of incident(s) _3-5-97_ .

You will be contacted by a Counselor/Investigator in the near future. Please be prepared to submit all documentation and statements relative to your complaint at that time.

Gladys Lago
Gladys Lago
Sr. EEOCP Spec.
South Florida District

Evelyn Lopez-Brignoni, M.L.

(305) 670-1411
Fax (305) 670-2811

1031 Ives Dairy Road
Suite 234 - Bldg. #4
N. Miami Beach, FL 33179

9400 S. Dadeland Blvd.
PH - 7
Miami, FL 33156

April 14, 1997

Joann Feindt
Plant Manager
South Florida
Mail Processing Center

Re:    Thomas Butler
       SS #: 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

Dear Ms. Feindt:

I have been following Mr. Butler since March 10, 1997. At that time he was severely anxious and depressed as a result of ongoing problems with a supervisor, Mr. Sergio Fernandez.

Mr. Butler developed multiple somatic and stress related symptoms which appear to be directly related to his conflicts with this supervisor.

At the present time, Mr. Butler is ready to return to work on a part-time basis (20 hrs.), gradually increasing his time over the next two weeks until he is back to his work detail on a full-time basis. It is imperative that he not return to work under Mr. Fernandez, as this will aggravate a recovering problem.

Please feel free to contact me for any further questions.

Sincerely,

Evelyn Lopez-Brignoni, M.D.

EXHIBIT 2

 **UNITED STATES POSTAL SERVICE**

DATE:       May 2, 1997

OUR REF:    SE09:JFeindt:LC:cnbl

SUBJECT:    Notice of Proposed Placement on Enforced Leave

TO:         Thomas Butler          **CERTIFIED NO: P 597 643 874**
            Supervisor, SFMPC      **RETURN RECEIPT REQUESTED**
            7840 Camino Real #105P
            Miami FL  33143-6871


This is advance written notice that it is proposed to place you on enforced leave no sooner than thirty (30) calendar days from the date of your receipt of this notice.

This action is necessitated by your current medical condition:

On April 14, 1997, you submitted documentation regarding your current medical condition. According to your doctor, you have been under treatment since March 10, 1997, diagnosed with "Multiple Somatic and Stress Related Symptoms."

Your documentation indicates that you are not able to return to work and perform the full duties of your position. Specifically, your doctor advises that you can only work on a part-time bases and has limited you to no more than 20 hours. Additionally, your documentation indicates that if you do return to duty, you could not work under my supervision.

You will remain on enforced leave until you are able to furnish medical documentation demonstrating to the satisfaction of management that you are able to perform the duties of your position.

You and your representative may review the material, if any, relied on to support the reasons for this notice at the office of Labor Relations, 2200 NW 72 Avenue, Miami, FL 33152-9401, from 8 a.m.-4 p.m., Monday through Friday. If you do not understand the reasons for this notice, contact Stephen H. Murray, Sr. Labor Relations Specialist, at (305) 470-0298, for further explanation.


*EXHIBIT 3*

Thomas Butler
Page 2
May 2, 1997


You and/or your representative may answer this notice within (10) calendar days from receipt of this letter, either in person or in writing, or both, to Robert Dillon, MDO, South Florida Processing and Distribution Center. You can contact Mr. Dillon at (954) 436-4356, between the hours of 6:00 p.m. to 2:30 a.m., to make an appointment. You may also furnish affidavits or other written material to Mr. Dillon within the same time limits. After the expiration of the time limit for reply, all of the facts in your case, including any reply you submit, will be given full consideration before a decision is rendered. You will receive a written decision from Mr. Dillon.



Sergio Fernandez
Manager, Distribution Operations
SFMPC, Tour 1

Evelyn Lopez-Brignoni, M.D.

(305) 670-1411
Fax (305) 670-2811

1031 Ives Dairy Road
Suite 234 - Bldg. #4
N. Miami Beach, FL 33179

9400 S. Dadeland Blvd.
PH - 7
Miami, FL 33156

May 8, 1997

Joann Feindt
Plant Manager
South Florida
Mail Processing Center

Re:   Thomas Butler
      SS #:   314/62/0751

Dear Ms. Feindt:

As a follow-up to my letter of April 14, 1997, M . Butler is cleared to return to full-time duties on May 12, 1997.

As stated before, he should not work under the supervision of Sergio Fernandez, at least for the time being.

Please feel free to contact me for any further questions.

Sincerely,

Evelyn Lopez-Brignoni, M.D.

*EXHIBIT 4*



**UNITED STATES**
**POSTAL SERVICE**

May 27, 1997

SE09:RDillion:LC:cnbl:Supv: TButler

Letter of Decision - Placement on Enforced Leave

Thomas Butler                                CERTIFIED NO. P597 643 904
Supervisor, South FL MPC                     RETURN RECEIPT REQUESTED
7480 Camno Real  #105P
Miami FL  33143-6871

On May 2, 1997, you were issued a notice proposing to place you on enforced leave from
the U.S. Postal Service based on your current medical condition.

I have given full consideration to your personal answer of May 15, 1997, and to your
written answer of May 13, 1997, and all other evidence of record.  I find, however, that
the evidence warrants your placement on enforced leave until such time as you are able to
furnish medical documentation demonstrating to the  satisfaction of management that you
are able to perform the duties of your position.

You will be carried in a leave without pay status but you may request to use available sick
leave or annual leave in lieu of leave without pay.  In your response you indicated that
your doctor has released you to work forty (40) hours per week as of  May 12, 1997,
however, you must still not work with Sergio Fernandez as a Supervisor.  You further
indicated that you believe this action violates the Family and Medical Leave Act.

First, I must decide if the limitations presented are too restrictive to allow you to perform
your duties.  Prior to May 12, 1997, you were limited to work only  twenty (20) hours per
week.  Since there are no part-time Supervisors in this facility, it would be impossible to
provide work within those limitations and still be an efficient organization.  However, that
was not the only restriction.  You are not  able to work under the Supervision of  Mr.
Fernandez.   That restriction has not changed.   The South Florida Processing and
Distribution Center presently has twenty three (23) Mail Processing Supervisory positions.
In light of our recent service performance, it would adversely affect the efficiency of the
operation to move you to other duties when you have been trained and is experienced in
your current operation.   It is not practical to "fit" the Postal Service to employees.
Rather, employees must "fit" the needs of the Postal Service.  This office cannot afford to

*EXHIBIT 5*

Thomas Butler
Page 2
May 27, 1997

retrain you in a new position.  Therefore, I find that the limitation placed on you by your
physician are too restrictive to allow you to continue working.

This office simply cannot afford to move Supervisors around and retrain them to allow
them to work at another assignment for a short period of time.   Since your doctor
indicates that this restriction is for "the time being", it would be beneficial to allow you to
fully recuperate and return to your position.

Additionally, I have considered the claim that is action may be in violation of the FMLA.
You will be afforded the full protection under the Act.  Your absence up to 480 hours,
provided it is supported by medical documentation, will be approved and designated as
Family and Medical Leave.   For the forgoing reasons, I find that the placement on
enforced leave is for such cause as to promote the efficiency of the Service.  This action
will be effective June 6, 1997.

As a preference eligible, you have the right to appeal this decision in writing to the Merit
Systems Protection Board (MSPB), Atlanta Regional Office, 401 W. Peachtree Street,
N.W., 10th Floor, Atlanta GA  30308-3228 within thirty (30) calendar days from the
effective date of this decision.  If you appeal to the MSPB, you should state whether you
do or do not wish a hearing and you should furnish me a copy of your appeal.

For further information on appeals procedures, contact, Stephen H. Murray, Sr. Labor
Relations Specialist, Labor Relations, 2200 NW 72 Avenue, Miami, Florida, 33152-9401.
Attached for your reference are a copy of the MSPB Regulations and a copy of the
Appeal Form.

Robert Dillion
Senior Manager, Distribution Operations
South Florica Processing and Distributions Center

**EMPLOYEE REGULAR MAIL**

**UNITED STATES POSTAL SERVICE™**

**EEO Complaint of Discrimination in the Postal Service**
*(See Instructions and Privacy Act Statement on Reverse)*

| 1. Name  TOM BUTLER | 2. SSN  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 | Case No.  1-H-333-0018-97 |
|---|---|---|

| 3. Mailing Address  7840 CAMINO REAL A-105  MIAMI FL 33143-6871 | 4. Home Phone  (305) 271-1898 | 5. Work Phone  (954) 436-4356 |
|---|---|---|

| 6. Position Title (USPS Employees Only)  SDO | 7. Grade Level (USPS Employees Only)  16 |
|---|---|

| 8. Installation Where You Believe Discrimination Occurred  (Identify Installation, City, State, and ZIP+4)  SFMPC  PEMBROKE PINES FL 33082 | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory  SERGIO FERNANDEZ  MDO |
|---|---|

**10. I designate this person to be my representative.**

| a. Name  ALLEN DONELAN | Title  VICE PRESIDENT NAPS |
|---|---|

Mailing Address  13357 SW 151 TER  MIAMI FL 33186

| b. Home Phone  (305) 232-5813 | c. Work Phone  (305) 869-5109 |
|---|---|

**11. Type of Discrimination Alleged**

☒ Race (Specify): CAUCASIAN (NON HISPANIC)  ☒ Sex (Specify): MALE
☒ Color (Specify): WHITE  ☒ Age (Specify): OVER 40
☒ Religion (Specify) QUAKER  ☒ Retaliation (Specify Prior EEO Activity):
☒ National Origin (Specify): AMERICAN  ☒ Disability (Specify): Family and Medical Leave Act

**12. Date on Which Alleged Act of Discrimination Took Place**

03-05-97

**13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.**

See previously submitted attached info plus info attached dated June 6, 1997. I no longer desire or request anonymity.

| 14. I have discussed my complaint with an EEO counselor  ☐ Yes (Date of final interview: date of receipt (3811)  ☒ No NO DISCUSSION HAS TAKEN PLACE | 15. Name and Signature of EEO Counselor  Gladys Lago |
|---|---|

**16. Corrective Action Sought**

EEO OFFICE SOUTH FL DISTRICT  '97 JUN -6 AM 11: 58  RECEIVED

| 17. Signature of Complainant | 18. Date of This Complaint |
|---|---|

ADDITIONAL INFO                                    JUNE 6, 1997

I NO LONGER REQUEST OR DESIRE ANONYMITY. MR SERGIO
FERNANDEZ HAS DELIBERATELY CREATED A HOSTILE WORK ENVIRONMENT
FOR ME. ON 2/23/97, I REQUESTED TO BE CONSIDERED FOR
ANOTHER POSITION (EXHIBIT 1). MR FERNANDEZ TOOK THIS TO BE
MY PLANNED "ESCAPE" FROM HIS "GRIP" AND INCREASED HIS HARASSMENT
AGAINST ME PLUS CREATED A MASSIVE HOSTILE ENVIRONMENT -
SUBSEQUENTLY CAUSING ME TO BECOME ILL AND STRESSED (EXHIBIT 2
DATED APRIL 14, 1997). MR FERNANDEZ'S RESPONSE CAME IN THE
FORM OF EXHIBIT 3 DATED MAY 2, 1997, THREATENING TO PLACE
ME ON ENFORCED LEAVE UNTIL I CAN PERFORM THE DUTIES OF MY
POSITION. EXHIBIT 4, DATED MAY 8, 1997, RETURNS ME TO
WORK FULL TIME EFFECTIVE MAY 12, 1997 AS STIPULATED BY
MR FERNANDEZ IN EXHIBIT 3. INSTEAD THE USPS REFUSED
TO ALLOW ME TO RETURN TO WORK BUT PLACED ME ON ENFORCED
LEAVE EFFECTIVE JUNE 6, 1997 (EXHIBIT 5 dated MAY 27, 1997).

Thomas P Butler

| UNITED STATES MERIT SYSTEMS PROTECTION BOARD **APPEAL** | AGENCY USE ONLY |
| --- | --- |

## INSTRUCTIONS

The purpose of this form is to help you provide important information to the U.S. Merit Systems Protection Board ("the Board") when you file an appeal. You are not required to use this form, and you are not limited to answering the questions on the form if you feel there is other information you wish to provide. However, if you do not use the form, your appeal documents must comply with the Board's regulations. Your agency's personnel office will provide you with a copy of these regulations and the Board advises you to review them.

All appeals filed before agency action has been taken will be considered premature and will be returned without action.

All appellants who elect to use this form should complete Parts I through V. Only those who are appealing reduction-in-force (RIF) actions are required to complete Part VI. The information must be typed or printed clearly. Answer all questions and use "N/A" when the question is not applicable to your appeal.

You may supplement your response to any question in the space provided on page 4 or, if needed, on separate sheets of paper. If separate sheets are used, please put your name and Social Security number at the top of each page. Indicate by number which question you are answering, and attach the extra pages to the form.

In addition to the formal appeals process, appellant may elect to use the Board's Voluntary Expedited Appeals Procedure (VEAP) by marking the appropriate box in Part II below. A detailed explanation of the expedited process is presented on the last page of this form.

Where to file—You or your representative are required to file one original and one copy of this form, together with its attachments, with the Board's regional office identified in the decision notice provided by the agency. Filing must be made either by personal delivery during normal business hours to the appropriate Board regional office or by mail addressed to that office. The Board recommends but does not require that you use certified mail.

**IMPORTANT**
All appellants must sign and date the form in the space provided at the end of page 4 in order to be accepted by the Board, and to indicate approval of the contents of the entire form.

## PRIVACY ACT STATEMENT

This form requests personal information which is relevant and necessary to reach a decision in your appeal. The U.S. Merit Systems Protection Board collects this information in order to process appeals under its statutory and regulatory authority. Since your appeal is a voluntary action you are not required to provide any personal information in connection with it. However, failure to supply the U.S. Merit Systems Protection Board with all the information essential to reach a decision in your case could result in the rejection of your appeal.

You should know that the decisions of the U.S. Merit Systems Protection Board on appeal are final administrative decisions and, as such, are available to the public under the provisions of the Freedom of Information Act. Additionally, it is possible that information contained in your appeal file may be released as required by the Freedom of Information Act. Some information about your appeal will also be used in depersonalized form as a data base for program statistics.

## PART I. APPELLANT IDENTIFICATION

| 1. NAME (Last, first, middle) | 2. SOCIAL SECURITY NUMBER |
| --- | --- |
| BUTLER THOMAS PHILIP | 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 |

| 3. PRESENT ADDRESS (Number and street, city, state, and ZIP code). YOU ARE REQUIRED TO NOTIFY THE BOARD OF ANY ADDRESS CHANGE IN ORDER TO INSURE THE CORRECT DELIVERY OF A DECISION. | 4. HOME PHONE (Include area code) |
| --- | --- |
| 7940 CAMINO REAL P-105 MIAMI FL 33143-6871 | (305) 271-1898 |
| | 5. OFFICE PHONE (Include area code) |
| | (954) 436-4359 |

## PART II. EXPEDITED APPEALS

6. VOLUNTARY EXPEDITED APPEALS PROCEDURE. For a matter appealable to the Board, any appellant may elect the Voluntary Expedited Appeals Procedure as an alternative to the formal MSPB appeal process. For a detailed explanation of the Voluntary Expedited Appeals Procedure, see p. i.

☐ Yes, I elect the Voluntary Expedited Appeals Procedure

☒ No, I do not elect the Voluntary Expedited Appeals Procedure

## PART III. APPEALED ACTION

7. BRIEFLY DESCRIBE THE AGENCY ACTION YOU WISH TO APPEAL AND ATTACH ANY RELEVANT DOCUMENTS INCLUDING THE PROPOSAL LETTER, THE DECISION LETTER, AND THE RELEVANT SF 50 OR ITS EQUIVALENT.

Forced Furlough

| 8. NAME AND ADDRESS OF AGENCY (Including Bureau, or other Division as well as street address, city, state, and ZIP code) | 9. APPELLANT'S POSITION TITLE AND DUTY STATION AT TIME OF ACTION |
| --- | --- |
| SFMPC 16000 PINES BLVD PEMBROKE PINES FL 33082 | 500 SFMAC |
| | 10A. GRADE AT TIME OF ACTION | 10B. SALARY AT TIME OF ACTION |
| | 16 | $43,087 per yr |

NSN 7540-01-098-1230
Previous Edition Usable

90283-183

Optional Form 283 (Rev 1-88)
Merit Systems Protection Board
5 CFR 1201

Figure 6—5, MSPB Appeal Form 283, Page 1

EXHIBIT
6

| 11. ARE YOU A VETERAN OR ENTITLED TO THE EMPLOYMENT RIGHTS OF A VETERAN?<br>☐ YES  ☒ NO | 12. EMPLOYMENT STATUS<br>☐ Temporary  ☐ Applicant  ☐ Retired<br>☒ Permanent  ☐ Term | 13. IF RETIRED, DATE OF RETIREMENT (Month, day, year) |
|---|---|---|
| 14. TYPE OF SERVICE<br>☒ Competitive<br>☐ Excepted | 15. LENGTH OF GOVERNMENT SERVICE<br>10 years | 16. LENGTH OF SERVICE WITH ACTING AGENCY<br>3 | 17. WERE YOU SERVING A PROBATIONARY OR TRIAL PERIOD AT THE TIME ACTION WAS TAKEN BY THE AGENCY?<br>☐ YES  ☒ NO |

| 18. DATE WRITTEN PROPOSED ACTION NOTICE RECEIVED (Month, day, year) (Attach copy)<br>5/2/97 | 19. DATE FINAL DECISION NOTICE RECEIVED (Month, day, year) (Attach Copy)<br>5/27/97 | 20. EFFECTIVE DATE OF ACTION (Month, day, year)<br>6/7/97 |
|---|---|---|

21. WHY DO YOU THINK THE AGENCY WAS WRONG IN TAKING THIS ACTION? (Explain briefly)

Agency Refuses to accept Medical Documentation

22. WHAT ACTION WOULD YOU LIKE THE BOARD TO TAKE ON THIS CASE?

To be Restored to position and be placed backed work with all benefits

23. IF YOU BELIEVE YOU WERE DISCRIMINATED AGAINST BY THE AGENCY, IN CONNECTION WITH THE MATTER APPEALED, BECAUSE OF EITHER YOUR RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN, MARITAL STATUS, POLITICAL AFFILIATION, HANDICAPPING CONDITION, OR AGE, INDICATE SO AND EXPLAIN WHY YOU BELIEVE IT TO BE TRUE. YOU MUST INDICATE, BY EXAMPLES, HOW YOU WERE DISCRIMINATED AGAINST.

24. HAVE YOU FILED A FORMAL DISCRIMINATION COMPLAINT CONCERNING THE MATTER WHICH YOU ARE SEEKING TO APPEAL WITH YOUR AGENCY OR ANY OTHER AGENCY?          ☐ YES (Attach copy)  ☒ NO

| 24A. IF YES, DATE FILED (Month, day, year) | 24B. PLACE FILED (Agency and location) | 24C. HAS THERE BEEN A DECISION?<br>☐ YES (Attach copy)  ☐ NO |
|---|---|---|

Optional Form 283 (Rev. 3-86)
Page 2

Figure 6—6, MSPB Appeal Form 283, Page 2

25. HAVE YOU, OR ANYONE IN YOUR BEHALF, FILED A FORMAL GRIEVANCE WITH YOUR AGENCY CONCERNING THIS MATTER, UNDER A NEGOTIATED GRIEVANCE PROCEDURE PROVIDED BY A COLLECTIVE BARGAINING AGREEMENT?

☐ YES (Attach copy) ☒ NO

| 25A. IF YES, DATE FILED (Month, day, year) | 25B. PLACE FILED (Agency and location) | 25C. HAS DECISION BEEN ISSUED? ☐ YES (Attach copy) ☐ NO |
|---|---|---|
| 25D. IF YES, DATE FILED (Month, day, year) | 25E. NAME OF ISSUING OFFICIAL | 25F. TITLE OF ISSUING OFFICIAL |

## PART IV. HEARING

26. YOU MAY HAVE A RIGHT TO A HEARING ON THIS APPEAL. IF YOU DO NOT WANT A HEARING, THE BOARD WILL MAKE ITS DECISION ON THE BASIS OF THE DOCUMENTS YOU AND THE AGENCY SUBMIT. IF NO SQUARE IS CHECKED, THE BOARD WILL PRESUME YOU ARE WAIVING A HEARING. DO YOU WANT A HEARING?

☒ YES ☐ NO

IF YOU CHOOSE TO HAVE A HEARING, THE BOARD WILL NOTIFY YOU WHEN AND WHERE IT IS TO BE HELD.

## PART V. DESIGNATION OF REPRESENTATIVE

27. YOU HAVE THE RIGHT TO DESIGNATE SOMEONE TO REPRESENT YOU ON THIS APPEAL, IF HE/SHE AGREES TO DO SO. THIS PERSON DOES NOT HAVE TO BE AN ATTORNEY. THE AGENCY HAS A RIGHT TO CHALLENGE YOUR CHOICE OF A REPRESENTATIVE IF THERE IS A CONFLICT OF INTEREST OR POSITION. YOU MAY CHANGE YOUR DESIGNATION OF A REPRESENTATIVE AT A LATER DATE, IF YOU SO DESIRE, BUT MUST NOTIFY THE BOARD PROMPTLY OF ANY CHANGE.

27A. "I HEREBY DESIGNATE _CHARLES SCIALA & ASS_ TO SERVE AS MY REPRESENTATIVE DURING THE COURSE OF THIS APPEAL. I UNDERSTAND THAT MY REPRESENTATIVE IS AUTHORIZED TO ACT ON MY BEHALF."

| 27B. REPRESENTATIVE'S ADDRESS AND PHONE NUMBER | 27C. REPRESENTATIVE'S SIGNATURE | 27D. DATE |
|---|---|---|
| MR. ROS LONG ATTY P.O. BOX 433 DUNEDIN FL. 34697 Tel. No. 813-736-5800 | 27E. REPRESENTATIVE'S EMPLOYER  Sciala Associates Inc | |

## PART VI. REDUCTION-IN-FORCE (RIF)

INSTRUCTIONS: FILL OUT THIS PART ONLY IF YOU ARE APPEALING FROM A REDUCTION-IN-FORCE (RIF). YOUR AGENCY'S PERSONNEL OFFICE CAN FURNISH YOU MOST OF THE INFORMATION REQUESTED BELOW.

| 28. RETENTION GROUP AND SUB-GROUP | 29. SERVICE COMPUTATION DATE | 30. HAS YOUR AGENCY OFFERED YOU ANOTHER POSITION RATHER THAN SEPARATING YOU? ☐ YES ☐ NO |
|---|---|---|
| 31. TITLE OF POSITION OFFERED | 32. GRADE OF POSITION OFFERED | 33. SALARY OF POSITION OFFERED $ PER |
| 34. LOCATION OF POSITION OFFERED | 35. DID YOU ACCEPT THIS POSITION? ☐ YES ☐ NO | |

36. EXPLAIN WHY YOU BELIEVE YOU SHOULD NOT HAVE BEEN AFFECTED BY THE REDUCTION-IN-FORCE (Explanations could include: You were placed in the wrong retention group or subgroup; an error was made in the computation of your service computation date; competitive area was too narrow; improperly reached for separation from competitive level; an exception was made to the regular order of selection; full 30-day notice was not given; you believe you have assignment rights (bump or retreat) rights; or any other reasons. Please provide as much information as possible regarding each reason.)

Optional Form 283 (Rev. 5-88)
Page 3

## Figure 6—7, MSPB Appeal Form 283, Page 3

37. SUPPLEMENTAL ANSWER SPACE

---

**EXPLANATION OF VOLUNTARY EXPEDITED APPEALS PROCEDURE (See Part II)**

a. *ELECTION BY APPELLANT.* Employees or applicants for employment who are entitled to file an appeal before the Board may elect the voluntary expedited procedure as an alternative to the formal Board procedures. The goal of this expedited process is the issuance of a nonprecedential decision in routine cases within 60 days of the election of the voluntary expedited appeals procedure.

b. *CONSENT BY AGENCY.* If an employee or an applicant for employment elects to use this alternative procedure, the employing agency will be allowed to consent to or decline the procedure as well. In the event the employing agency does not wish to use the expedited procedure, the appeal will be processed in accordance with the formal Board procedures.

c. *REVIEW BY MSPB REGIONAL DIRECTOR.* If the agency consents to the voluntary expedited appeals procedure, the MSPB regional director will review the summary of the case filed by the agency and determine whether the case is appropriate for the expedited procedure. The standards used in making this determination will be the routine, nonprecedential nature of the appeal as well as workload requirements and availability of resources in the MSPB regional office.

d. *PROCESSING OF APPEAL.* If the case is processed under this expedited process, the parties will be notified by an Order of Acknowledgment of their obligation to file a Joint Appeals Record containing statements of issues and positions with respect to those issues, requests for hearing, witness lists, the agency's file and two dates agreed upon by the parties for the hearing. A presiding official specifically trained in informal dispute resolution will contact the parties during this time to ensure that the parties understand their obligations and to help promote an environment conducive to informal settlement.

e. *HEARING AND ISSUANCE OF EXPEDITED DECISION.* In the event settlement is not achieved, a hearing, if requested, will be held at *the employment site* within 15 days from the date the Joint Appeals Record is due. The presiding official will then issue an expedited initial decision no later than 15 days from the close of the hearing. If no hearing is requested, a decision on the record will be issued no later than 60 days from the date of the Board's acknowledgment order.

f. *PETITION FOR REVIEW.* Any party may file a petition for Board review of the expedited initial decision 35 days from the date of the decision. The criteria for review are the same under both the voluntary expedited appeals procedure and the formal appeals procedure.

---

► **ATTENTION—THIS APPEAL MUST BE SIGNED**

| I CERTIFY that all of the statements made in this Appeal are true, complete, and correct to the best of my knowledge and belief. | SIGNATURE OF APPELLANT *Thomas P Butler* | DATE SIGNED 6-6-97 |

U.S. GPO: 1987-181-247/46282

Optional Form 283 (Rev. 3-88)
Page 4

Figure 6—8, MSPB Appeal Form 283, Page 4



# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
### ATLANTA REGIONAL OFFICE

THOMAS P. BUTLER,                          AT-0752-97-0767-I-1

    Appellant,

    vs.                                    APPELLANT'S PREHEARING

UNITED STATES POSTAL SERVICE,              SUBMISSION

    Agency

       Comes now the above named appellant, Thomas P. Butler, by and through his attorney and files this prehearing submission in the above entitled cause.

1. By notice of proposed adverse action dated May 2, 1997, appellant was notified by Sergio Fernandez, Manager, Distribution Operations, SFMPC, Tour 1, Pembroke Pines, Florida, that he was proposing that appellant be Placed on Enforced Leave. This proposal was based upon the following charge(s): (1) Appellant's medical condition.

2. By letter of decision dated May 27, 1997, Robert Dillion, Senior Manager, Distribution Operations, SFPDC, Pembroke Pines, Florida, concluded that the evidence warranted appellant's placement on Enforced Leave.   The action was effective June 6, 1997.

3. At the time of the agency's action against him the appellant was employed as Supervisor, Distribution Operations, Pembroke Pines, Florida, (EAS-16) and had 10 years of Government service.

4. The appellant filed a timely appeal with the Board's Atlanta Regional Office..

-1-



EXHIBIT

30

## ISSUES

1. Has the agency shown, by the requisite burden of proof, that appellant should have been placed on Enforced Leave, as alleged in the notice of proposed adverse action?

2. Has the agency violated the provisions of the Family Medical Leave Act?

3. Has the agency discriminated against the appellant in violation of the Rehabilitation Act of 1973, as amended?

4. Was the agency's action against appellant retaliation for his being placed on Family Medical Leave?

5. Has the agency sustained its burden, by the requisite burden of proof, that the penalty imposed was reasonable and appropriate under all facts and circumstances?

## STATEMENT OF ALL AGREED UPON MATERIAL FACTS

There are no agreed upon facts at this time.

## WITNESSES

**Appellant**

Appellant will testify concerning all facts and circumstances surrounding his appeal from the agency's action.

**Robert Quinlan, President, NAPS Branch 599, South Florida**

Mr. Quinlan would testify concerning appellant's responses to the deciding official and with regard to the appellant's seeking and being placed on Family Medical Leave.

-2-

Evelyn Lopez-Brignoni, M.D.

Dr. Brignoni would testify concerning appellant's ability to return to work with the Postal Service.

## EXHIBITS

The following is a list of exhibits which may be offered by appellant at the time of the hearing.

Appellant's Hearing Exhibit A:    Statement from Sharon Ricci (2 pages).

Appellant's Hearing Exhibit B:    Statement from Katherine Radinoni (2 pages) dated July 19, 1997.

Appellant's Hearing Exhibit C:    Statement from Ruth Murray (1 page) dated June 4, 1997.

Appellant's Hearing Exhibit D:    Letter from Evelyn Lopez-Brignoni, M.D., dated April 14, 1997 (1 page).

Appellant's Hearing Exhibit E:    Authorization to return to limited duty dated May 12, 1997 by U. S. Postal Service.

Appellant's Hearing Exhibit F:    Letter from appellant to Marvin Runyon, Postmaster General, dated May 27, 1997 (2 pages).

Appellant's Hearing Exhibit G:    PS Form 991 dated August 11, 1997 (3 pages).

## CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent by First Class Mail, postage prepaid, unless otherwise indicated below, this day to each of the following:

**Merit Systems Protection Board**

Richard W. Vitaris
Administrative Judge
Merit Systems Protection Board
Atlanta Regional Office
401 W. Peachtree Street, NW
Atlanta, GA  30308-3519
**FAX (404) 730-2767**

**Appellant**

Mr. Thomas P. Butler
7840 Camino Real
P-105
Miami, FL 33143-6871

**Agency's Representative(s)**

Ms. Toby L. Lowe
Labor Relations Specialist
United States Postal Service
2200 NW 72nd Avenue, Room 212
Miami, FL 33152-9401

September 8, 1997
(Date)

Roscoe E. Long, Esq.

-5-

APPEALS PROCESSING CENTER



**UNITED STATES POSTAL SERVICE**

SEP 1 9 1997

Mr. Tom Butler
7840 Camino Real P105
Miami, FL 33143-6871

CERTIFIED MAIL NO. P 591 237 188
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
Postmaster General
Agency Case No. 1-H-333-0018-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
June 6, 1997. Your complaint has been accepted for investigation. The scope
of the investigation will include the following issue(s) only:

| | |
|---|---|
| <u>Specific Issue(s):</u> | You were harassed by your supervisor about your job performance and subsequently placed on enforced leave. |
| <u>Date(s) of Incident:</u> | March 5, 1997 |
| <u>Type(s) of Discrimination:</u> | Race (Caucasian Non-Hispanic), Color (white), Religion (Quaker), Sex (male), National Origin (American), and Age (42) |

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.

Mr. Tom Butler                                                                                          2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

Mr. Tom Butler                                                                                    3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file
a civil action in an appropriate U.S. District Court within 90 calendar days after
your receipt of the EEOC's decision.  If you do not receive a decision on your
appeal within 180 calendar days from the date of your appeal, you may file a
civil action.

Sincerely,

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Sr. EEO CP Specialist, South Florida District
     Allan Donelan, 1800 Coral Way, Miami, FL  33245-9998

HRC42:ZCox:je:38166-0978

Bob Dillion                                                8/1/97

On 7/25/97 I recieved a package from Labor Relations (Tobe Lowe). In the package Tobe Lowe had included a copy of a L.O.W. from Jack Watson dated in Feb of 1997. I had never seen said LOW. I was unaware that I was even going to get the this letter let alone discover it by accident in the package from Tobe Lowe on 7-25-97 (nearly five months after the alledged letter was dated).

I wish to appeal the fact that this LOW was never shown, given, or mailed to me and therefore is inappropriate and unacceptable. I believe it to be an unethical procedure.

Furthermore, I contend it was designed to be retalitory and discriminatory and I am pursueing legal action thru the EEO process, to rectify this unjust action.

I will contact Roscoe Long representing me in an MSPB proceeding to notify him of this situation.

My NAPS representation Robert Quinlan has been on vacation, so I must write this appeal request on behalf of myself. Please consider this step A of the proceed unless you plan to destroy the said LOW which I feel would be appropriate and the right thing to do.

August 6, 1997

Tom Butler
7840 Camino Real P-105
Miami FL 33143

Dear Mr. Butler,

This is to inform you that the Letter of Warning, dated in February of 1997, and included in a
package presented to you on 7/25/97, was there in error.  You were correct in saying that
this was a letter that you had never seen before.  You were never issued this action.  It was
requested, but was deemed to be untimely by the time it was available to be issued.
Without prejudice to its contents, the letter was not issued, and therefore should not appear
in any records of the U.S. Postal Service.  By copy of this letter, I have notified Ms. Lowe of
this fact.  Any copies or records of this action will be destroyed.

If you have any other questions regarding this subject, please contact me.

Sincerely,

Robert J. Dillon
Sr. Manager, Distribution Operations
South Florida P&DC

cc:  Joann Feindt, Plant Manager, SFP&DC
     Toby Lowe, Labor Relations Specialist
     Robert Quinlan, NAPS
     Sergio Fernandez, MDO Tour 1

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
ATLANTA REGIONAL OFFICE

| | |
|---|---|
| THOMAS P. BUTLER, )<br>      Complainant, )<br>)<br>)<br>     v. )<br>)<br>UNITED STATES POSTAL SERVICE, )<br>      Agency. )<br>) | *I-H-33 3-0018-97*<br><br>AT-0752-97-0767-I-1<br><br>October 7, 1997 |

## SETTLEMENT AGREEMENT

In full and complete resolution of the Appeal cited herein, the undersigned parties agree as follows:

All parties agree that is in the best interests of the parties to keep confidential the terms and conditions of this Settlement. Appellant, as a term and condition of the Settlement, agrees to keep confidential the information within and not to disclose said information to any third party other than legal counsel.

It is understood between the parties that the Settlement Agreement is reached on a non-precedent basis and may not be cited for any reason, including comparison, in any other proceeding in any forum.

By entry into this Settlement Agreement, the United States Postal Service, its officers, agents, and/or employees in no way admit to any wrongdoing, liability to or discrimination against Appellant, and Appellant agrees that this Agreement shall not be construed as any admission of wrongdoing, liability or discrimination by the United States Postal Service, its officers, agents and/or employees in this or any other proceeding or litigation.

It is understood by the undersigned that this Agreement is in full and complete settlement of all issues related to Appellant's Merit Systems Protection Board Appeal Number AT-0752-97-0767-I-1, administrative EEO complaints or appeals relative to the issues referenced in this complaint, in this or any other forum, filed by the below named appellant or on his behalf relating to any matters that occurred prior to the execution of this Settlement Agreement. Appellant agrees to voluntarily withdraw any outstanding administrative complaint or appeal, including this Merit Systems Protection Board case, and EEOC of all issues related to this appeal. It is understood that in withdrawing all appeals or complaints related to this issue, Appellant waives his rights to an oral hearing or further appeal on the matters raised. It is further stipulated that the withdrawals are made without any threat, coercion, intimidation, promise, or inducement other than the terms set forth in the Agreement.

The Merit Systems Protection Board retains jurisdiction over this Settlement Agreement for enforcement.

Appellant agrees that this Agreement is in full settlement of the referenced matter, and agrees to withdraw this appeal, and in so doing, understands that he waives his right to an oral hearing or further appeal, except as pertains to enforcement of the agreement,. Appellant agrees that the withdrawal is made without any thereat, coercion, intimidation, promises, or inducement, other than the terms set forth in the Agreement.

The Appellant, Thomas Butler, will be reassigned to the position of Supervisor Distribution Operations. The Appellant's hours will be variable on Tour 3, and days off will be Thursday and Friday.

The Appellant will report to work one week after the signing of this agreement.

The agency will purge the appellant's Official Personnel File of any reference to the Notice of Proposed Placement on Enforced Leave dated May 2, 1997 and the Letter of Decision - Placement on Enforced Leave dated May 27, 1997.
There are no provisions for back pay.

The parties have agreed that no attorney's fees and costs will be paid.

TOTAL P.04

It is understood that the Appellant shall not litigate or relitigate in any forum, judicial or administrative, any claims arising from the actions involved in this appeal.

The appellant has read and fully understands the provisions of this settlement, and fully agrees to its contents and provisions. The appellant is signing this agreement of his own free will and has not been coerced or forced into signing this settlement. He has not been promised anything above and beyond what is contained in the above settlement agreement.

The parties agree to make this settlement a part of the record.

_____ 10-15-97
Thomas P. Butler, Appellant            Date

_____ 10/7/97
Roscoe E. Long, Esquire            Date
Appellant's Representative

_____ 10/7/97
Toby L. Lowe            Date
Agency Representative

| 01 | Effective Date | | NOTIFICATION of PERSONNEL ACTⅠ | 02 | Social Security Number |
|---|---|---|---|---|---|
| | 11-22-1997 | | U. S. Postal Service | | 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 |

**EMPLOYEE INFORMATION**

| | | | | | | |
|---|---|---|---|---|---|---|
| 03 | Employee Name-Last | BUTLER | 39 | FLSA Status | S - EXEMPT |
| 04 | Employee Name-First | THOMAS | 40 | Pay Location | 301 |
| 05 | Employee Name-Middle | P | 41 | Rural Carrier-Route | |
| 06 | Mailing Address Street/Box/Apts | 7840 CAMINO REAL # 105P | 42 | Rural Carr-L-Rte ID | |
| | | | 43 | Rural Carr-Pay Type | |
| 07 | Mailing Address-City | MIAMI | 44 | Rural Carr-Tri-Weekly | |
| 08 | Mailing Address-State | FL | 45 | Rural Carr-FLSA | |
| 09 | Mailing Address-Zip+4 | 33143-6871 | 46 | Rural Carr-Commit | |
| 10 | Date of Birth | 01-24-1954 | 47 | Rural Carr-EMA | |
| 11 | Veterans Preference | 1 - NO PREFERENCE | 48 | Rural Carr-Hours | 00 |
| 12 | Sex | | 49 | Rural Carr-Miles | 000 |
| 13 | Minority | | 50 | Job Sequence | 1 |
| 14 | Disability | | 51 | Occupation Code | 2315-6076 |
| 15 | Leave Comp Date | 08-03-1987 | 52 | Position Title | SUPV DIST OPERTNS |
| 16 | Enter on Duty Date | 08-03-1987 | 53 | Functional Oper Nbr | 1000 |
| 17 | Retirement- Comp Date | 08-03-1987 | 54 | Designation/Activity | 09/0 |
| 18 | Serv Anniversary PPYR | | 55 | Position Type | 1 - FULL TIME |
| 19 | TSP Eligibility | Y - ELIGIBLE WITH DEDUCT | 56 | Limit Hours | 00 |
| 20 | TSP Service Comp Date | 08-03-1987 | 57 | Allowance Code | |
| 21 | Prior CSRS Service | N | 58 | Employment Type | |
| 22 | Frozen Csrs Time | | | **SALARY INFORMATION** | |
| 23 | Leave Data-Category | 6 - HOURS/PP | 59 | Pay Rate Code | A - ANNUAL RATE |
| 24 | Leave Data-Chg PPYR | 18-2002 | 60 | Rate Schedule Code | E - EAS |
| 25 | Leave Data-Type | 1 - ADVANCED AT BEGINNING | 61 | Grade/Step | 16/ |
| 26 | Credit Military Serv | | 62 | Base Salary | 43,293 |
| 27 | Retired Military | | 63 | Cola | |
| 28 | Retirement Plan | 8 - FERS | 64 | Cola Roll-In Ind | |
| 29 | Employee Status | | 65 | Next Step PPYR | |
| 30 | Life Insurance | C - BASIC COVERAGE ONLY | 66 | Merit Anniv Date | 02-1998 |
| 31 | Special Benefits | | 67 | Merit Lump Sum | |
| | **POSITION INFORMATION** | | 68 | Special Salary Code | |
| 32 | Employ Office-Fin No | 11-8675 | 69 | Protected RSC | |
| 33 | Employ Office-Name | SO FLORIDA PROC/DIST CTR | 70 | Protected Grade/Step | |
| | | | 71 | Expiration PP/YR | |
| 34 | Employ Office-Address | PEMBROKE PINES | 72 | Protected RC Hours | |
| | | FL 33082-9998 | 73 | Protected RC Miles | |
| 35 | Duty Station-Fin No | 11-8675 | 74 | RC Guaranteed Salary | |
| 36 | Duty-Station-Name | SO FLORIDA PROC/DIST CTR | 75 | Annuity Amount | |
| 37 | Appt Expiration Date | | 76 | Red Circle Code | 0 |
| 38 | Probation Expir Date | | | | |

**NATURE OF PERSONNEL ACTION**

| 77 | Nature of Action Code | 002 | 78 | Authority | | | 39-USC SECT. 1001 |
|---|---|---|---|---|---|---|---|
| 79 | Description | CORRECTION | 80 Code | | 81 Code | | 82 Code | | 83 Code |
| 84 | Remarks | | | | | | |

THIS ACTION SERVES TO CORRECT PAY LOC AND SCH IAW MSPB SETTLEMENT
AGREEMENT DATED 10/7/97.
BGM 12/01/97

| 85 | Authorization | | 86 | Processed Date | 12-03-1997 |
|---|---|---|---|---|---|
| | DAVID C. BAKKE, VICE PRESIDENT | | 87 | Personnel Office ID | TA11 |
| | AREA OPERATIONS-SOUTHEAST AREA | | 88 | OPF Location | MIAMI POST OFFICE |

PS Form 50, March 1990 (Exception to Standard Form 50)        2 - OPF COPY

U.S. Postal Service
# EEO Complaint of Discrimination
## in the Postal Service

*IN PERSON*

See Instructions and Privacy Act Statement
on Reverse

| 1. Name | 2. SSN _42_ | Case No. |
|---|---|---|
| Butler Tom | 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 | 1-H-333-0036-97 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL A-105 MIAMI FL 33143-6871 | (305) 271-1898 | (594) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| S.D.O. | 16 |

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and Zip+4) | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC PEMBROKE PINES FL 33082-9998 | I am not sure who sent the Low to Tobe Lowe. I suspect Bob Dillon, Gergio Ferna or Jack Watson may have. I need you to investi This so far me. How could a low show up in my file by accident. |

10. I designate this person to be my representative.

| a. Name | Title |
|---|---|
| ALAN DONELAN | VICE PRESIDENT NAPS |

| Mailing Address | 1800 CORAL WAY   MIAMI FL |
|---|---|

| b. Home Phone | c. Work Phone |
|---|---|
| | (305) 869-5109 |

| 11. Type of Discrimination Alleged | 12. Date on Which Alleged Act of Discrimination Took Place |
|---|---|
| Race (Specify): WHITE NON HISPANIC   Sex (Specify): MALE<br>Color (Specify): WHITE   Age (Specify): 43<br>Religion (Specify): QUAKER   Retaliation (Specify Prior EEO Activity 3-7-97<br>National Origin (Specify): USA   Disability (Specify): | 7/25/97 |

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

On 7/25/97 I received a package from Labor Relations (Tobe Lowe) in the package was a low from Jack Watson dated in Feb of 1992. I had never seen this low. I was unaware that I was ever going to get the Letter let alone discover it by accident in the package from Tobe Lowe on 7-25-97 (Nearly 5 months after the alledged Letter was dated) I believe it to be an unethical and discriminatory procedure. Furthermore, I contend it was designed to be retaliatory and discriminatory to prior EEO of 3-7-97. Only white SDO on Tour I that was retaliated against with an unethical Low.

| 14. I have discussed my complaint with an EEO Counselor<br>Yes (Date of final interview) Per Certified # 2 361 220<br>No NO DISCUSSION HAS TAKEN PLACE OSO | 15. Name and Signature of EEO Counselor |
|---|---|

16. Corrective Action Sought HAVE MR FERNANDEZ STOP harassing me - 10-25-97 ASSIGNED TO T-3
2. USPS Pay MEDICAL COSTS AND FEES — OWCP accepted claim
3. USPS RETURN my SL, AL, and monies for Holiday pay, night differential, OT
4. USPS PAY compensatory or punitive damage award of #5,000   7. ATTORNEY COST & FEES
5. USPS not affect my rights to EVA for this year   6. LOW DESTROYED - Tobe stated it would

| 17. Signature of Complaint | 18. Date of this Complaint |
|---|---|
| Thomas P Butler | 10-28-97 |

PS Form 2565, December 1995

Processing Center   32 B<br>P.O. Box 19357, Dept. SFD-C<br>W. Palm Beach, FL 33416-9357

PAGE NO. _____ CARS DO

APPEALS PROCESSING CENTER


**UNITED STATES**
**POSTAL SERVICE**
FEB 1 9 1998

Mr. Tom Butler
7840 Camino Rel P105
Miami, FL 33143-6878



CERTIFIED MAIL NO. P 591 238 456
RETURN RECEIPT REQUESTED

RE: Tom Butler v. Marvin T. Runyon,
    Postmaster General
    Agency Case No. 1-H-333-0036-97

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on
October 27, 1997. Your complaint has been accepted for investigation. The
scope of the investigation will include the following issue(s) only:

Specific Issue(s):           You were given a package from Labor
                              Relations with a copy of a L.O.W. for
                              which you had never received.

Date(s) of Incident:         July 25, 1997

Type(s) of Discrimination:    Race (Caucasian), Color (White),
                              Religion (Quaker), Sex (male), Age (43)
                              and Retaliation (prior EEO activity)

If you disagree with the defined issue(s), you must provide us with sufficient
reasons to substantiate your objections, in writing, within seven (7) calendar
days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required
to advise you to consult with an attorney should you so desire, prior to the
signing of any agreement resolving your complaint. If you do not wish to
proceed with this complaint, you may withdraw your complaint by signing the
enclosed PS Form 2565-E and returning it to the office where you filed your
formal complaint.

Your case has been assigned for investigation. Please be prepared to go
forward with your case when the EEO Counselor/Investigator contacts you.


**Exhibit**
225 N HUMPHREYS BOULEVARD
MEMPHIS TN 38166-0978

PAGE NO. 25

Mr. Tom Butler                                                                    2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

PAGE NO. _30_

Mr. Tom Butler                                                                3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file
a civil action in an appropriate U.S. District Court within 90 calendar days after
your receipt of the EEOC's decision. If you do not receive a decision on your
appeal within 180 calendar days from the date of your appeal, you may file a
civil action.

Sincerely,

*Otis Maclin Jr.*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Senior EEO Complaints Processing Specialist, South Florida District
     Allen Donelan, 1800 Coral Way, Miami, FL  33245-9998

HRC42:ZCox:gle:38166-0978

PAGE NO. _32_

```
USPS   LID SS0411
MINNEAPOLIS ISSC
DATAKEEPER FLD331P1

OFFICE:  SOUTH FLORIDA PEDC

                                UNITED STATES POSTAL SERVICE                              PAGE:        1
                          EMPLOYEE HOURS USAGE OF AL, SL, WK, OT, PT AND LM               DATE: 10/21/97
                                    FOR PAST 26 PAY PERIODS
```

Handwritten pay period date annotations across columns (left to right):
7/5  6/4  6/4  5/14  5/10  4/26  3/15-3/1  2/15  2/1  1/18  1/4  12/7  11/23  11/9  10/26  10/15/96

```
BY LOCATION PP:      9717 9716 9715 9714 9713 9712 9711 9710 9709 9708 9707 9706 9705 9704 9703 9702 9701 9626 9625 9624 9623 9622

BUTLER, THOMAS P      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 090   AL BAL:  20.46   SL BAL:   8.00   TOTAL WORK HOURS:  821.25
AL   4.0    4.0   72.0  80.0  14.0  72.0  80.0  80.0  80.0  80.0  79.0  40.0                                                      40.0
SL                     8.0        66.0  72.0  80.0  80.0                   40.0  80.0  80.0  80.0  80.0  48.0  80.0  80.0  80.0  32.0
WK   8.0                                                             1.0   40.0
OT                                                                   2.5   7.0  7.8  6.3  5.5  2.8  9.5  3.0  4.0  4.0
LM         .0

HOURS WK=WORK HOURS(52+35), AL=ANNUAL LEAVE(55), SL=SICK LEAVE(56), OT=OVER TIME(53+68), PT=PENALTY OT(43), LM=LMOP(30+31+59+60)
```

EXHIBIT    4

REPORT WISEMAN7.3    FROM DATAKEEPER 10/14/97

PAGE   4

## FISCAL YEAR 1997 EAS COMBINED SICK/LWOP LEAVE USAGE OVER 500 HOURS

OFFICE: SOUTH FLORIDA P&DC

| NAME | SICK LEAVE HOURS | ANNUAL LEAVE HOURS | FMLA ANNUAL LEAVE HOURS | FMLA SICK LEAVE HOURS | LWOP HOURS | FMLA LWOP HOURS | LVL | OCCUPATION TITLE |
|---|---|---|---|---|---|---|---|---|
| KELLER RODACK, BARBARA G | 304.00 | 224.00 | 80.00 | 304.00 | 864.00 | 400.00 | 16 | SUPV DIST OPER |
| TAYLOR, RAY A | 624.00 | 168.00 | .00 | 8.00 | .00 | .00 | 16 | SUPV DIST OPER |
| RODRIGUEZ JR, ENRIQUE | 656.00 | 120.00 | .00 | 480.00 | .00 | .00 | 17 | NETWORKS SPEC |
| BUTLER, THOMAS P | 737.00 | 322.00 | .00 | 631.00 | 8.00 | .00 | 16 | SUPV DIST OPER |
| COOPER, DAVE F | 846.49 | 254.77 | 9.51 | 534.49 | .00 | .00 | 16 | SUPV DIST OPER |

EXHIBIT   5

Ξ 034-620-56

FEB 0 6 1998

U.S. Postal Service
# EEO Complaint of Discrimination
## in the Postal Service

See Instructions and Privacy Act Statement
on Reverse

| 1. Name<br><br>Butler, Tom | 2. SSN<br>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 | Case No.<br><br>1-H-333-0011-98 |
|---|---|---|

| 3. Mailing Address<br>7840 CAMINO REAL P-105<br>MIAMI FL 33143-6871 | 4. Home Phone<br>305 271-1898 | 5. Work Phone<br>954 436-4356 |
|---|---|---|

| 6. Position Title (USPS Employees Only)<br>SDO-16, SUPERVISOR DIST OPNS | 7. Grade Level (USPS Employees Only)<br>EAS 16 |
|---|---|

| 8. Installation Where You Believe Discrimination Occurred<br>(Identify Installation, City, State, and Zip+4)<br>SFMPC<br>16000 PINES BLVD<br>PEMBROKE PINES FL 33082-9998 | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory<br>SERGIO FERNANDEZ   JACK WATSON<br>BOB DILLON        KEITH MAYNARD ★<br>JOHN FEWOT<br>TODD LOWE |
|---|---|

| 10. I designate this person to be my representative. MYSELF AND ATTORNEY, IF NOT RESOLVED |
|---|

| a. Name<br>THOMAS P BUTLER | Title<br>SDO-16<br>SUPERVISOR DIST OPNS |
|---|---|

| Mailing Address<br>7840 CAMINO REAL P-105 |
|---|

| b. Home Phone<br>(305) 271-1898 | c. Work Phone<br>954 436-4356 |
|---|---|

| 11. Type of Discrimination Alleged<br>Race (Specify): CACAUSSION   Sex (Specify): MALE<br>Color (Specify): WHITE    Age (Specify): 44<br>Religion (Specify): QUAKER   Retaliation (Specify Prior EEO Activity 3/7/97 ★<br>National Origin (Specify): USA   Disability (Specify): | 12. Date on Which Alleged Act of Discrimination Took Place<br><br>11/4/97 |
|---|---|

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

KEITH MAYNARD (ACTING PLANT MANAGER) notified me of exclusion from EVA BONUS. RETALIATION CONTRIBUTION. I FELT MY MSPB CASE RESOLVED. Then This retaliation. I Told KEITH This was unfair & unethical STATING Lack of since I had been cleared to work by The USPS Medical Unit and my doctor but was not allowed To return to work until 10/25/97. IT WAS NOT MY FAULT. IN ADDITION IT was due to Discriminatory Practice of Sergio Fernandez He said he didn't Know my case and would get back to me Monday. How can He exclude me From a Bonus not Knowing The facts? He has YET To GET BACK TO ME. How could he not KNOW about Prior EEO ACTIVITY?

| 14. I have discussed my complaint with an EEO Counselor<br>Yes (Date of final interview: Per Certified # Z361220189<br>No | 15. Name and Signature of EEO Counselor |
|---|---|

16. Corrective Action Sought

REINSTATEMENT OF EVA; JSP; $1000 FOR Time + Preparation AND Related expenses for 11-4 and SEE Attached for RETALIATION.

| 17. Signature of Complaint<br>Thomas P Butler | 18. Date of this Complaint<br>2-6-98 |
|---|---|

PS Form 2565, December 1995

PAGE NO. 118

Originating Office: Processing Center
P.O. Box 19357, Dept. SFO-C
W. Palm Beach, FL 33416-9357

Z 034 520 -501

I have reported In an EEO Format That I was The only white male NON HISPANIC, over age 40, of Quaker Religion Born in the USA, supervisor on T-1 To be continually harassed and intimidated by MDO SERGIO FERNANDEZ. MR FERNANDEZ IS A HISPANIC MALE, under age 40, NON Quaker, BORN in CUBA.

I am the only Known individual in our district to be placed on enforced Leave. I've indicated That soo16 Robert Brace, pay location 101, male, under 40, NON caucasion, NON QUAKER, WAS NEVER EMBARASSED, humiliated, Threatened or intimidated by MDO SERGIO FERNANDEZ.

As stated about 3-5-97, date of injury, After a 30 minute meeting in The MDO office (Angelo, Tom, Sergio - Rosie), I was counseling employee Julio Burgos (per Sergio Fernandez request). Mr Fernandez Broke up The counseling and began harassing me about my operation (which he had pulled me away from for ≃ 40 minutes).

Within ≃ 15 minutes after this Harassment my condition worsened To The Point I was dizzy, and couldn't function and had to request To Leave (3971). As I was Driving home I feared that my body was not normal, experiencing symptons That were unusual to me. I then drove immediately to the nearest Emergency medical Treatment Facility (MEMORIAL WEST HOSPITAL) (Documentation provided). MEMORIAL WEST REFERRED ME TO SEE A Psychiatrist, thereby acknowledging The Potential severity of my injury. Dr Evelyn Lopez BRIGNONI, psychia Evaluated and Treated me and submited my diagnosis To Postal management and The POST MEDICAL UNIT of Dr Vicente (GMF) (Documentation submitted). The Doctors findings support my claim

PAGE NO.

2

receiving from my manager Sergio Fernandez.

I have stated that the incident of 3/5/97 triggered my stress to a level requiring immediate medical attention. Mr Fernandez had been harassing me and creating a stressed environment for me since I first came to SFMPC. He has made me have lunch during a meeting that was scheduled at my lunch time (supportive statement provided). On 2/19/97 he was vindictive toward me concerning a staffing problem, he stated "I'll take care of that, I'll put you in charge of the FSM" on 2/25/97 he threatened me stating "This is your training week. Wait till next week." on 4/12/96 he ~~changed~~ changed my work hours, (hours that I worked) a direct violation of FLSA. I had Joann Feindt correct this violation. On 3/4/97 some ~~employees~~ employees ~~met~~ met with Joann Feindt concerning employee complaints of Sergio Fernandez, I feel my operation and self have suffered corresponding reprisal. On numerous occasions Mr Fernandez has humiliated and embarrassed ~~me~~ in front of my employees and peers. He intimidates employees and supervisors on the workroom floor, (supportive documen ~~statements~~ - letter 8/16/97 Arnita Williams; naps minutes 7/19/97; letter July 19, 1997 Katherine Radicioni; letter soo Ruth Murray; statement of facts, Sharon Ricci; letter 7/13/97 Ed Cuevas, letter 7/12/97 Sharon Ricci.

On 11/20/96 I received an EAS merit Performance Evaluation from mao Sergio Fernandez, Jack Watson meeting the objectives and expectations of the position on 11/4/97 Keith Maynard (Acting Plant manager) notified me of exclusion from EUA ~~Bonus~~ stating lack of contribution. I felt like my nerves h~~ad~~ PAGE NO ~~_____~~

This retaliation occured Threatening me with additional loss of income pain and suffering. I told Keith this was unfair and unethical Since I had been desired to work by the USPS medical unit and my doctor, however I wasn't allowed to work. He stated he didn't know of my case and would get back to me the following monday (He has yet to get back with me as of 2/5/97. He insisted I had a lack of contribution which I again stated, it was not my fault. I subsequently had to go home having a relapse of my prior condition.

On 7/25/97 I received a package from Labor Relations (Jobe Lowe) In the package was a Low From Jack Watson dated in Feb of 1997. I had never seen this low. I was unaware that I was even going to get the Letter let alone discover it by accident in the package from Jobe Lowe on 7-25-97 (Nearly 5 months after the alledged Letter was dated.) I Believe it to be an unethical and discriminatory Procedure. Furthermore I contend it was designed to be retaliatory and discriminatory to my prior EEO of 3-7-97. (Bob Allen, Jack Watson, Sergio Fernandez, Joe Lowe, Joann Feindt)

I have 9 other Letters from employees attesting To my character. (Ric Amizquitta, supv maint operations; P Gainor, amc; Lori Lakiss; Leda Baxter, data site; Norris Thompson; Diane Lane; Sandra Castro; and Brenda Fite).

Note, it also took Nearly 5 months and 4 attempts in writing including a letter to Postmaster General Marvin Runyon in order to get a c el

4

NOTE Too, Mike Balcom Sno 16 T-3 received 10 Times the Amount of EUA That I received.

The date of my Injury was 3-5-97. Today is 2-5-98, eleven months Later, and my leisure time is still being picked apart from volumeous reports, correspondence, Affidavits, etc trying to resolve This EEO, that is a direct result of having discriminatory practices levied on me initially by moo Fernandez, and subsequently retalitorially discrimination by mmo Fernandez and others.

I want to Point out That my Sick Leave Balance was very good prior to This incident. I have letters of recognition concerning sick leave accumulation of 250 hrs within 3 years of service, and over 500 hours of sick leave accumulated in less than 7 years of Service (documentation provided)

Workers Compensation was provided with copies of medical costs, fees, phone calls, mileage, loss in interest on loans from Retirement Plans, mailing expenses, paper costs, time for completing all EEO forms, medical paperwork, Driving, copying mailing counseling, lost leisure time, as well as requests for the return of all leave, night differential, oT, Thrift savings, Benes Holidays, EVA, EVA. I have over a pile 1 Foot of paper documentation at my home, and I have sent at least twice this amount out to various agencies, doctors, lawyers, NAPS representatives. I have asked for $35,000 in additional money To cover Pain, Suffering, False Low Feb 1997, and FLSA violation 4-12-96. Another $10,000 would Total $45,000 and would compensate for a years Selery related to out of pocket/Leisure expenses To prepare all This information.

PAGE NO. 122

1)    Z 034 62c 501                                        2/4/98

COMPENSATORY DAMAGES FOR NON-PECUNIARY HARM

I HAVE INCURRED
1. THE FOLLOWING NON-PECUNIARY LOSSES AS A RESULT OF THE DISCRIMINATORY CONDUCT of the THAT I HAVE PREVIOUSLY STATED:

THE EMOTIONAL PAIN AND SUFFERING I INCURRED THROUGH DISCRIMINAT CONDUCT OF MR/O SERGIO FERNANDEZ, and others ROB DILLON, JOANN FEINAT, TOBE LOWE, JACK WATSON, KEITH MAYNARD HAVE BEEN SEVERE AND ON GOING.

I have submitted documents (Doctor Reports, Doctor Diagnosis, Doctor Treatments, Doctor Bills (mileage, medical, Rx, phone calls/ postal mailings paperwork etc); Emergency Health Care (memorial west, mileage, phone calls medical bills, paperwork etc; postal mail, Legal defense there Technically This case has been in process at least from March 5, 1997 and has yet to be resolved. (Eleven months). In fact it has even expanded greatly in the form of retaliation from the above mentioned individuals.

I have requested monetary compensation of $5000 and $10,000 initially for Pain and Suffering, Time of preparation of documents, related cost in mileage, postal mailings, cost of documents etc. As The case prolonged and expanded in length of time, increased retaliation and discrimination I was subjected to ongoing stress, inconveniences and mental anguish. I worried if my health would improve, whether I would have a job, whether I would be further humiliated in front of my peers or employer whether I would be allowed to do do my job without interference or fear of reprisal. Many employees continue to make comments about the humiliation I received at the hands of SERGIO Fernandez. Some individuals back away from me when talking fearing that I'm like a leper, some of them have made comments that seem to point to my confidential diary which I have told them one about excluding doctor, me

I have applied to Several Jobs prior too and after I'

2

in which I have a related college degree and work experience, and In plant Support. I have not been given any position. I feel that it is directly related to this case.

I have had to take out a loan against a twenty year old Life Insurance Plan established for retirement purposes in order to make Financial commitments that were not problems prior to March 5, 1997. I have had to pay interest on this money, I have had to take on additional employment to help defer some of those losses. This has led to other inconvenience such as less leisure time, less time with wife and family. I was financially unable to take personal vacation time that I had earned. I was unable to spend the X-mas Holiday 3 or 4 da. in INDIANA with my 65 Relatives on X-mas eve. I'm sure my wife was worried about my health, my job, our security. I suspe. this must have carried over to her work. However she seemed to handle things admirably under the conditions.

I loss the enjoyment of playing golf with a friend of 7 years. During which time we enjoyed friendly competition and comraderie. nearly twice a week for 7 years. In the past 11 months I have yet to play him head to head. I miss it very much. Although I have tried to play him on at least two occassion. this case has always taken presidence to my enjoyment.

Much of my leisure time has been devoured by volumes of th. paperwork and responses to this case and health condition. It seem. as if a year of my life has gone by and that I have missed out on a lot. ( Fun, Friendship, vacation, x-mas, travel, Golf, Family & Life Liberty and the Pursuit of happiness.

3

Some of my Coworkers state that I've had it easy. I would not wish what I am going through onto ANYONE. Many people can't imagine how life is without a week of pay, let alone months of pay, loss of bonuses because a management wouldn't allow me to return to work, even with a doctors release, and the VSPS medical units release.

In addition due to the length and scope of this investigation, and broadened retaliation and discrimination I'm seeking an additional $10,000 for a false LOW dated February 1997. Although I have been told by Tobe Lowe that it was put in my file by mistake, IT caused me undue stress at a time when I was attempting to recover from severe depression. In Addition I am requesting yet another $10,000 for MDO Sergio Fernandez falsifying my workhours on 4-12-96. I understand that Joann Feindt corrected his falsification after several months. However, I feel this may have contributed to the MDO, Sergio Fernandez taking such a retaliatorial and vindictive behavior towards me subsequently adding to his harassment and humiliation of me. His threats and intimidation toward me only increased in number and severity.

I have yet to receive any compensation from workers Comp in regards to medical Bills, Loss of Leave, night differential, OT, Thrift Savings, interest, Holidays, Benefits.

How does one put a price on the loss suffered by one's spouse. She cared for me, worried about me, coped with me, loved me, supported, prayed for me while in addition performed her own job. I'm sure she suffered mental anguish as well. I love her for her support.

4

I spent many hours searching papers, filling out applications, interviewing and in job search. It was difficult trying to get financial income while not being allowed to return to work by management. How do you explain to a prospective employer that you are trying to recover from severe depression or that you are over qualified for their minimum wage position, or why you would accept a minimum wage job over an approximately $45,000 - $50000/year position. How could you let them know that your employer wouldn't allow you to return to work even though your doctor released you for work. I think back to the coworker that stated that I had it easy.

I definitely want to be made whole; the harassment, intimidation, humiliation, and retaliation to cease; OWCP to fulfill its commitment to me; and to receive above stated compensations. If these requests were to be met I would not have to request an EEOC HEARING and subsequently submit an intent to sue followed up by civil action to include all the above, court costs, attorney fees, costs for pain and suffering and any additional damages.

Thomas P Butler
2-4-98

APPEALS PROCESSING CENTER





SOUTH FL. DISTRICT

**UNITED STATES POSTAL SERVICE**

APR 1 7 1998

Mr. Tom Butler
7840 Camino Real P. 105
Miami, FL  33143-6871

> CERTIFIED MAIL NO. P 471 062 888
> RETURN RECEIPT REQUESTED
>
> RE: Tom Butler v. Marvin T. Runyon,
>     Postmaster General
>     Agency Case No. 1-H-333-0011-98

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on February 4, 1998.  Your complaint has been accepted for investigation.  The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| <u>Specific Issue(s):</u> | You were excluded from the EVA bonus due to lack of contribution. |
| <u>Date(s) of Incident:</u> | November 4, 1997 |
| <u>Type(s) of Discrimination:</u> | Race (Caucasian), Color (white), Religion (Quaker), National Origin (USA), Sex (male), Retaliation (prior EEO activity), and Age (43) |

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter.

Under the Older Workers Benefit Protection Act, the Postal Service is required to advise you to consult with an attorney should you so desire, prior to the signing of any agreement resolving your complaint.  If you do not wish to proceed with this complaint, you may withdraw your complaint by signing the enclosed PS Form 2565-E and returning it to the office where you filed your formal complaint.

Your case has been assigned for investigation.  Please be prepared to go forward with your case when the EEO Counselor/Investigator contacts you.

Mr. Tom Butler                                                                                              2

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If a grievance is pending on the same issue(s) as those addressed in your EEO complaint, the agency may, in its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily, pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights. You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC), or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC must be in writing and filed with the Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-0848, utilizing Form 573, Notice of Appeal/Petition to the Equal Employment Opportunity Commission, Office of Federal Operations. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the EEO Compliance and Appeals Coordinator, Appeals Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U.S. District Court if the Postal Service has not issued a final decision on your complaint.

Mr. Tom Butler                                                                    3

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U.S. District Court within 90 calendar days after your receipt of the EEOC's decision.  If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

Sincerely,

*Otis Maclin Jr.*

Otis Maclin, Jr.
EEO Compliance and Appeals Coordinator

Enclosure

cc:  Senior EEO Complaints Processing Specialist, South Florida District

HRC42:ZCox:je:38166-0978

SPV-98-31
OS

JUN 2 4 1998

**UNITED STATES POST OFFICE**
**SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER**
**PEMBROKE PINES, FL 33082-9997**

<u>**REQUEST FOR DISCIPLINARY ACTION**</u>

EMPLOYEE'S NAME: _Thomas Butler_

SOCIAL SEC. #: _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_

JOB TITLE: _Supervisor Processing & Distribution_

EMPLOYEE'S REPORTING TIME AND DAYS OFF: _Varies_

UNIT OR BRANCH: <u>SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER</u>

PAY LOCATION: _301_    TOUR: _3_

WHAT TYPE AND DEGREE OF DISCIPLINARY ACTION ARE YOU RECOMMENDING?

LETTER OF WARNING: _✓_

SUSPENSION: _____    INDEFINITE: _____
          (NUMBER OF DAYS)

EMERGENCY: _____    REMOVAL: _____

ACKNOWLEDGED: _____    FDGM/PM OTHER: _____

REQUESTING SUPERVISOR'S NAME: _Rosie B Carliss_

SSN#: _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_    SIGNATURE: _Rosie B Carliss_

DATE SIGNED: _7/18/98_

CONCURRENCE BY: _Robert_    TITLE: _Sc MDO_

REVIEWED BY: _____    TITLE: _____
          (FUNCTIONAL AREA MGR)

REVIEWED BY: _____    TITLE: _____
          MGR H/R

ATTACH TO THE BACK OF THIS REQUEST APPROPRIATE DOCUMENTATION LISTED IN
ITEM #:



PAGE 2

1. WHAT IS YOUR REASON FOR REQUESTING DISCIPLINARY ACTION? FULLY DOCUMENT WHAT INFRACTIONS THE EMPLOYEE COMMITTED AND INCLUDE DATES, TIME AND PLACES. LIST ALL DOCUMENTATION PROVIDED WITH THIS FILE.

Around 0155 AM, I received a call from the Miami AMC informing me that the AMC would not be able to reboot their SWYB system to bring our Scan Where You Band system back up.

I asked you how much mail you still had to process in your operation. You informed me you had a large volume of mail awaiting processing. When I asked you why you had this volume of mail in the operation at this time, your response to me was complete silence. I asked if you heard me, and you said "yes, I should. You are yelling". I again asked you why you had this volume of mail in your operation and you had no response.

I asked you to come to the office. When we got there, I asked you how many mailhandlers you have in your operation. You could not tell me. You started writing the names of employees down. I asked you again how many mailhandlers you have in your operation. Your response was ten (10). I asked you why? Again, you had no response.

I then instructed you to go back to your operation and get all of the remaining mail sleeved and strapped and send it to the AMC with a placard on the next truck. I told you I would talk to you later.

At approximately 0215, I came out to your operation. I observed mailhandlers doing nothing. You had mail that needed to be sleeved and strapped, you were using one sleever, you had mail that needed to be placed in BMC just sitting, no sense of urgency was demonstrated from you or your employees.

I then counted the mailhandlers in the operation. There were eleven. I asked you why you had eleven mailhandlers in the 208 operation. Your response was, "they all came in at 6:00PM". This response is unacceptable.

These employees had a regular end tour is 0230. There was no sense of urgency on your part to get this operation closed down by this time, even with eleven mailhandlers. I had to instruct you to use another belt to sleeve and strap this mail to get it done by 0230.

You have previously been instructed that only 8 mailhandlers will be used in this operation and you were aware of this. Since the installation of the robot, there was no need for more than 8 mailhandlers in this operation.

If I had not come out and given you instructions, you would have incurred overtime to get this mail sleeved and strapped for the AMC.

Your response and your actions are not acceptable. You were not in control of your operation nor your employees. As a matter of fact, your employees were controlling you. You did not take charge or responsibility of your operation, you did not know how many employees you had in your operation even though you were well into 7 1/2 hours of your tour.

You are charged with Failure to meet the requirements of your position, by failing to perform your duties in a satisfactory manner.

PAGE 3

2.  WHO COMPLETED THE INVESTIGATION IN REFERENCE TO THE ABOVE INFRACTION?
(ALL INVESTIGATION MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B Carlies
Manager Distribution Queens T-3

3.  GIVE THE DATES, TIME AND WHO WAS PRESENT DURING THE PRE-DISCIPLINARY
INTERVIEW WITH THE EMPLOYEE ABOUT THIS INFRACTION. (THIS PRE-DISCIPLINARY
INTERVIEW MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B. Carlies MDD T-3
Henry Dominguez
Thomas Butler -
7/18/98
22:40pm.

**PAGE 4**

4. WHAT DID THE EMPLOYEE SAY DURING THE PRE-DISCIPLINARY INTERVIEW WHEN QUESTIONED IN REFERENCE TO THIS INFRACTION?

*This is un warranted, that you had proof that it was un warranted and you will share your proof with Union Rep Henry Dominguez.*

5. LIST DATES OF DISCUSSIONS, IF ANY, GIVEN TO THE EMPLOYEE IN REFERENCE TO INFRACTIONS OF THIS NATURE.

DISCUSSION: _____N/A_____

6. WHAT DISCIPLINARY ACTION HAS BEEN TAKEN AGAINST THIS EMPLOYEE IN THE PAST: LIST ALL ACTIONS IN SEQUENCE AND INCLUDE DATES.

7. YOU MUST CONSULT WITH EAP STAFF FOR THEM TO DETERMINE WHETHER AN EAP REFERRAL IS NECESSARY. THIS IS TO BE ACCOMPLISHED PRIOR TO DISCIPLINARY BEING INITIATED. WHO CONSULTED WITH THE EAP STAFF AND DATE: *Recording*

CONTACTED EAP: at *Miami, Left msg on 7/16/98 @ 2300*

8. ADDITIONAL INFORMATION RELEVANT TO THIS DISCIPLINARY REQUEST.

# UNITED STATES POSTAL SERVICE

## SOUTH FLORIDA DISTRICT



**DATE:** August 21, 1998

**REF:** SE09:RCarlies:DS srt/Supv/LOW/Butler

**SUBJ:** Letter of Warning

**TO:** Thomas Butler
Supervisor, Distribution Operations
7840 Camino Real, #105P
Miami, FL 33143-6871

**CERTIFIED NO: Z 020 271 622**
**RETURNED RECEIPT REQUESTED**

This official Letter of Warning is being issued to you for the following reason:

You are charged with Unsatisfactory Performance due to failure to perform supervisory duties in a satisfactory manner, and failure to follow instructions concerning properly staffing of operations.

On July 15, 1998, at approximately 1:55 a.m., I received a call from the Miami AMC informing me that they would not be able to reboot their Scan Where You Band System to bring our SWYB system back up. I came out to your operation and asked you how much mail you still had to process. You informed me that you had a large volume of mail awaiting processing. When I asked you why you had this volume of mail in the operation at this time, you failed to respond. I asked if you heard me and you said, "Yes, I should. You are yelling." I again asked you why you had this volume of mail in your operation, and again you failed to respond. I asked you to come to the MDO's office. When we got there, I asked you how many mailhandlers you have in your operation. You could not tell me. You started writing the names of employees down. I asked you again how many mailhandlers you have in your operation. Your response was ten (10). I asked you why? Again, you had no response. I then instructed you to go back to your operation and get all of the remaining mail sleeved and strapped, and send it to the AMC with a placard on the next dispatch. I informed you that I would talk to you later. At approximately 2:15 a.m., I came to your operation. I observed mailhandlers doing nothing. You had mail that needed to be sleeved and strapped, you were using one sleever, you had mail that needed to be placed in BMC's just sitting, and no sense of urgency was demonstrated from you or your employees. I counted the mailhandlers in your operation. There were eleven (11). I asked you why you had eleven (11) mailhandlers in Operation 208. Your response was, "They all came in at 6:00 p.m." This response is unacceptable. A review of schedules reveal that these employees had a regular end tour of 2:30 a.m. You demonstrated no sense of urgency on your part to get this operation closed down by this time, even with eleven mailhandlers. I had to instruct you to use another belt to sleeve and strap this mail in order to get it done by 2:30 a.m. If I had not come out to your operation and given you instructions, you would have incurred overtime to get this mail sleeved and strapped for the AMC.

When questioned on this matter during the pre-disciplinary interview, you stated that this is unwarranted and that you had proof that it was unwarranted, and that you will share your proof with union representative, Henry Dominquez. This response is unacceptable. You were not in control of your operation nor your employees. As a matter of fact, your employees were controlling you. You did not take charge or responsibility or your operation, and you did not know how many employees you had in your operation even though you were well into approximately 7 ½ hours of your tour. In addition, you have



**EXHIBIT**
23

Thomas Butler
August 21, 1998
Page Two

previously been instructed that only eight (8) mailhandlers will be used in Operation 208. Since the installation of the robot, there was no need for more than 8 mailhandlers in this operation. You, a Supervisor, Distribution Operations, are responsible for all activities of mail service in your operation, and is expected to maintain an efficient and effective operation. Your blatant disregard for operational procedures prevent your operation from complying with our commitment to improve performance and customer satisfaction. The success of the Postal Service depends on our performance and you have seriously neglected your responsibility as a supervisor. You, as a supervisor, must understand the importance of providing reliable and efficient service to our customers if the Postal Service is to achieve its goals and remain competitive.

It is hoped that this official Letter of Warning will serve to impress upon you the seriousness of your actions and that future discipline will not be necessary. If you are having difficulties which I may not be aware of, or if you need additional assistance or instructions for improving your performance, please call on me or you may consult with other supervisors and we will assist you where possible. However, I must warn you that
future deficiencies will result in more severe disciplinary action being taken against you. Such action may include letters of warning in lieu of suspensions, reduction in grade and/or pay, or removal from the Postal Service.

You may appeal this Letter of Warning in accordance with Section 652.3 of the Employee and Labor Relations Manual within ten (10) calendar days from the day you receive this letter.

Rosie Carlies    8/30/98
Rosie Carlies
Manager, Distribution Operations

**EMPLOYEE REGULAR MAIL**

Emp. SS# 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

cc:    Labor Relations
       A/Plant Mgr So FL
       Sr. MDO So FL
       MDO T-3
       OPF

SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER

 **UNITED STATES POSTAL SERVICE**

⟨ ⟩ 9 1998

**Date:**     October 8, 1998

**To:**     Thomas Butler                     Certified #:  Z726477512
            Supervisor, Distribution Operations    Return Receipt Requested
            7840 Camino Real #105P
            Miami, FL   33143-6871

**Subject:**   Letter of Warning
              Step A Decision

I received your response to the Letter of Warning dated August 21, 1998, which was issued to you on August 30, 1998. You stated you knew trouble was brewing when you saw Sergio and me walking around.   Our job as Managers, Distribution Operations, is to review operations for Tour turnover. You also stated you were still fighting retaliatory attempts from management stemming from and prior to a medical situation on March 5, 1997.

You are mentioning incidents that have no bearing on your unacceptable performance on July 15, 1998. You also mentioned a situation that occurred with myself and another supervisor in one of my staff meetings. Again, you are mentioning situations that have nothing to do with your unacceptable performance on July 15, 1998.

I am aware that you made attempts to call the AMC, talked to Supervisor Amestica and that you had mentioned to MDO Robert Brace that the system was down. At no time did you attempt to reach me. I was the one who contacted you regarding this incident.

You mentioned you had 35-45 people in operation 120. The operation will not accommodate that many people.

18000 PINES BLVD.
PEMBROKE PINES, FL 33082-9997
954-438-1137
FAX: 954-438-4385

- 2 -

I completely reviewed your response to the Letter of Warning that was issued to you and have found no reason to remove this discipline. Your performance has not improved.

You may appeal this Step A decision to the Installation Head in writing within seven (7) calendar days after receipt of this letter.

Rosie B. Carlies
Manager, Distribution Operations
Tour II      SFP&DC


cc:    Robert J. Dillon, A/Plant Manager, SFP&DC
       Jay Mercier, Manager, Human Resources
       Steve Murray, Sr. Labor Relations Specialist
       Henry Dominguez, NAPS Vice President

PLANT MANAGER
SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER

 **UNITED STATES**
**POSTAL SERVICE**

Date:        November 10, 1998

Ref:         RJDILLON:pjb:9701                              1 2

Subject:     Step B Decision


To:          Tom Butler                          Certified #Z726477531
             Supervisor, Distribution Operations  Return Receipt Requested
             7840 Camino Real  #105P
             Miami, FL  33143-6871


I have received and reviewed your appeal of the Step A decision received in this office on October 16, 1998.

Your contentions in defense of your position is that your Manager, Distribution Operations, Ms. Carlies, has misconstrued the facts and her decision is prejudiced and biased. Your appeal however, fails to support your contentions. You state that you made attempts to contact Ms. Carlise but could not. The issue here is not only the notification of the tour MDO, but the proper allocation of resources and the managing of these resources. As was described in the Step A answer, and the letter itself, a maximum number of employees for that operation had been determined. This was done based on the work to be performed and the area available. You were aware of this requirement, yet you chose to staff beyond these limits. When questioned on the number of employees you had, their names and their whereabouts, you did not have this information. You had to review your notes.

A supervisor is expected, in fact, required to know how many employees are in their charge and who and where those employees are. At the time of the incident, you did not.

You further referenced that his action is retaliatory. In retaliation for what? This action appears to be related to events which occurred on the date in question, and were in contradiction of instructions you have been given numerous times.


16000 PINES BLVD.
PEMBROKE PINES, FL 33082-9997
954-438-1137
FAX: 954-438-4385

- 2 -

I do realize that the scan where you band operation was experiencing mechanical problems on July 15 of this year. Managers and supervisors are expected to handle situations that arise. It is not a reason, in and of itself, to abandon instructions previously given.

I find that this letter was for just cause. You provided no evidence which would cause me to mitigate this action. The offenses committed by you justify the action taken.

You have the right to appeal this decision in accordance with section 652.22 of the Employee and Labor Relations Manual in writing to Larry Stebbins, Manager, Human Resources, Southeast Area Office, 225 N. Humphrey Blvd., Memphis, TN 38166-0840, within 15 calendar days from the date of your receipt of this letter. You should furnish me a copy of your appeal and state you do or do not wish a hearing.

You are entitled to a representative of your own choosing throughout your appeal. If you appeal this action through the appeals set forth at Section 652.22 of the Employee and Labor Relations Manual (ELM), you and your representative, if he or she is a U.S. Postal Service employee, shall be afforded reasonable amount of official time for preparation of your case if you and/or your representative are otherwise in a duty status.


Robert J. Dillon
A/Plant Manager, South Florida
Processing & Distribution Center


cc:    JoAnn Feindt, Sr. Plant Manager
       Labor Relations, GMF
       OPF
       Don Shandor, MDO, Tour 3, SFP&DC
       Rosie Carlies, MDO, Tour 2, SFP&DC
       File

HUMAN RESOURCES

**UNITED STATES POSTAL SERVICE**

APR 12 1999

Mr. Thomas P. Butler
7840 Camino Real Apt. 105P
Miami, FL 33143-6871

CERTIFIED MAIL NO. <u>Z 031 061 762</u>
RETURN RECEIPT REQUESTED

Dear Mr. Butler:

In accordance with Part 652.34 of the Employee and Labor
Relations Manual, this will constitute my review and decision of
the November 10, 1998, Step B Decision issued by Robert J.
Dillon, Acting Plant Manager, South Florida District.  The
decision denied the appeal of a Letter of Warning dated
August 21, 1998, for unsatisfactory performance due to failure
to perform supervisory duties in a satisfactory manner and
failure to follow instructions concerning proper staffing of
operations.

After careful review of the file, I find there was sufficient
evidence to warrant the action taken.  The record reflects that
you were charged with unsatisfactory performance and failure to
follow instructions on July 15, 1998.  The core issues of the
charges reflect that you failed to follow instructions in that
your manager observed eleven employees assigned to
Operation 208, while the Standard Operating Procedure (SOP)
provided that the operation be staffed with eight employees
only, and that you failed to control the activities of the unit.

You proffer that your assigned operation experienced serious
mechanical problems on the night of July 15, 1998, and that you
made many attempts to contact your manager and apprise her of

225 N Humphreys Boulevard
Memphis TN 38166-0840
901-747-7200
Fax 901-747-7491

Mr. Thomas P. Butler                                                   2

such; however, you were unable to contact her.  At some point,
you left a message with another manager about the mechanical
problems on the Scan Where You Band (SWYB) system and advised
him of the mail volume and the methods being used to process the
mail.  You indicated that you were aware that the Standard
Operating Procedure (SOP) for the SWYB operation required only
eight employees; however, three employees had "filtered" into
the SWYB operation without forewarning from their supervisor.
You contend that all of the SWYB mail was dispatched at the
usual time and you had ultimately saved workhours in the
120 Operation.  Furthermore, you construe that the issuance of
the discipline was an act of retaliation and point out that you
have been given four SOPs while another supervisor has none.

The record is inconclusive as to how or at what point the SWYB
operation became overstaffed on July 15, 1999, and as to whether
or not you attempted to contact your manager.  However, it is
not refuted that the SWYB Operation was overstaffed by three
employees when your manager observed the unit.  You were
ultimately responsible for the staffing of that unit throughout
that particular tour as you were the supervisor of record.  In
addition, at approximately 2:15 a.m. your manager observed
employees standing idle even though there was mail that had not
been processed.  She concluded that had she not come to the SWYB
Operation and given you instructions, overtime hours would have
been necessary.  Your contention that you ultimately saved
workhours in the 120 Operation is of little significance as the
specifications of the charge concern the staffing and the
activities in the SWYB Operation which also fell under your area
of responsibility.  It is also of little significance that you
were given four SOP's while another supervisor had none because
you are not similarly situated to that supervisor.  The
comparison is assigned to the 030 Operation.  Finally, the
record does not support your contention that the issuance of the
discipline was an act of retaliation.  The discipline was issued
based on your performance or lack thereof on July 15, 1998.

Your conduct as outlined in the notice of August 21, 1998, is
serious and can not be tolerated.  The Letter of Warning for
failure to perform supervisor duties in a satisfactory manner

Mr. Thomas P. Butler                                    3

and failure to follow instruction concerning proper staffing of
operations is sustained.  This decision will be final and there
will be no further right to administrative appeal.

Sincerely,

Karen A. Borowski
Manager, Human Resources
Southeast Area Office

cc:  Manager, Human Resources, South Florida District

U.S. Postal Service

# Information for
# Precomplaint Counseling          99-447

| | Certified No. | or Hand Delivered On |
|---|---|---|
| | By (initials) | Informal No. |

Important: Please Read Carefully. This is the only notification that you will receive regarding the necessity for you to complete this form. This form should be completed and returned to the EEO Office within 10 calendar days.

1-H 3330047-99

On __4-14__, 19 __99__ you requested an appointment with an EEO Counselor.

## A. Requester Information

| Name (Last, First, MI) | | Social Security No. | Home Telephone No. |
|---|---|---|---|
| Butler  Tom | | 314·62·0757 | (305) 271-1898 |

| Mailing Address | | |
|---|---|---|
| 7840 Camino Real P-105     Miami, FL 33143-6871 | | |

| Postal Facility Where You Work | Position Title | Grade Level | Office Telephone No. |
|---|---|---|---|
| SFMPC | SDO | EAS-16 | (594) 436-4356 |

| Pay Location | Tour | Off Days (If Tour I, Show Nights Off) | Duty Hours |
|---|---|---|---|
| 301 | 3 | Mon, Tue | 1600-0050 |

| Employment Status (Check One) | Time in Current Position |
|---|---|
| ☐ Applicant   ☐ Casual   ☐ TE   ☒ Career | ~10 Years ____ Months |

## B. Discrimination Factors

In the Postal Service, prohibited discrimination includes actions taken based on your Race, Color, Religion, Sex, Age (40+), National Origin, Physical and/or Mental Disability, or Retaliation (actions based on your participation in prior EEO activity). These categories are referred to on this form as factors. Race, Color, Sex, Retaliation, National Origin

What Factor(s) of Discrimination Are You Alleging (Be Specific; Describe, i.e., Race-Black, Sex-Female)?
Race - White Non Hispanic                    -                    National Origin - USA
Sex - Male
Retaliation - Prior EEO's
          - Events of manager earlier toward me prior to 2000

For Retaliation Allegations Only: If you are alleging retaliation discrimination, provide the date(s) and specifics of the EEO activity which you feel caused you to be retaliated against.

| | | | |
|---|---|---|---|
| 1. On __3-12-97__, 19 __97__, I engaged in EEO activity. | | Case No.: 1H 333-0018-97 |
| 2 On __10-27-97__, 19 __97__, I engaged in EEO activity. | | Case No.: 1H 333-0011 98 |
| 3. on __4-17-97__ - __97__ " " " " | | " " 1H 333-0036-97 |

## C. Description of Incident/Activity

Please use the space below to briefly describe the incident or activity which prompted you to seek EEO counseling at this time.

On __April 18__, 19 __99__, the following occurred: I received two statements from employees Al Risk and Johnny Sanchez attesting to the fact that I was discriminated against by Mad Earlies concerning a Lou that was issued to me for having more than 3 employees in my operation (SW4B). I had appealed the Lou to Bob Dillon and subsequently to the SE area. Both appeals were overturned, the ~~action~~ action stood. When I received the two statements on April 15, 1999 I knew that I had been discriminated against, shown disparity of treatment because Liz Ettiene received no Lou. Retaliation from prior EEO's became even clearer. I wish this continued harrassment would stop.

TransFORM PS Form 2564-A, December 1995 (Page 1 of 3)

Explain why you believe, based on the factors you cited in Section B, that you were treated differently than other employees in similar situations.

1. _LIZ ETTIENNE_    _BLACK, HAITIAN, FEMALE, NO RETALIATION_
   (Name of Employee)    (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

2. _____    _____
   (Name of Employee)    (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

3. _____    _____
   (Name of Employee)    (Factor(s) describing employee, i.e., Race-Black, Sex-Female)
   was treated differently than I when:

## D. Officials Responsible for Action

Provide the name(s) of the official(s) who took the action which prompted you to seek counseling at this time.

| 1a. Name ROSIE CARLIES    Low | b. Title MDO |
| c. Office SFMPC | d. Grade Level ? |
| 2a. Name SE AREA MANAGEMENT - STEP B<br>BOB DILLON, a. STEP A | b. Title ACTING PLANT MANAGER |
| c. Office SFMPC | d. Grade Level ? |

Retaliation Allegations Only: Was/were the official(s) listed in Section D above aware of your prior EEO activity (Explain)?   ☑ Yes   ☐ No

1a Rosie Carlies    PROBABLY

2a Bob Dillon    YES
2b SE AREA MANAGEMENT    PROBABLY Karen Borowski,
   HUMAN RESOURCES

## E. Resolution Sought

What are you seeking as a resolution to your complaint?
1 THROW OUT Low
2 ATTORNEY COSTS & FEES
3. compensatory & punitive Damages
4 HARASSMENT & intimidation be stopped
5 TO BE MADE WHOLE
6 Reimbursement for phone calls to doctor, attorney, Naps,
7 Reimbursement for mileage to doctor, attorney, Naps
8 Reimbursement for mailings
9 300,000 For Pain suffering, Retaliation, Discrimination,
10 300,000 For Pain & suffering for wife
11 Reimbursement for driving Time and Lost Leisure Time
12 TSP made whole
13. obtain EUA Bucs
14. return all Leave, night differential or + benefits
15 reimbursement cost of preparing documented EEO forms
   copying & medical paperwork

## F. Grievance/MSPB Appeal

On the incident which prompted you to seek EEO counseling, have you:

1. Filed a grievance on the issue?   ☑ No   ☐ Yes   If yes, _____ (Date) _____ (Step)

2. Filed an MSPB appeal on this issue?   ☑ No   ☐ Yes   If yes, _____ (Date Filed)

3. Veteran's Preference?   ☑ No   ☐ Yes   If yes, number of points _____

16 interest on Loans repaid
17. EUA Bucs

## G. Anonymity

You have the right to remain anonymous at the Counseling stage of EEO Complaint Processing.

Do you desire anonymity?          ☐ Yes    ☐ No

## H. Representation

You have the right to retain representation of your choice.  (Check One)

☐    I authorize the person listed below to represent me.

_____        _____
(Name of Representative)                (Title)

_____
(Organization)

_____
(Mailing Address)

_____        _____
(City/State/ZIP + 4)                    (Telephone Number)

☑    I waive the right to representation at this time.

## I. Privacy Act Statement/USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended.  This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program.  As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security of suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act.  Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

## J. Documentation

Please attach any documentation you wish to submit to support your allegation(s).  Include a copy of any written action(s) which caused you to seek counseling at this time.

Note:  If you are alleging mental and/or physical disability, you MUST submit medical documentation of your disability at this time or during counseling.

## K. Authorization

Your Signature   _Thomas P Butler_              Date   _4-19-99_

Return To:

┌

└

---

### NOTICE:  COMPLETE THIS SECTION ONLY IF YOU NO LONGER SEEK EEO COUNSELING

I hereby request that you close this file from processing.  I fully understand that this complaint file will not be reopened once closed, and I waive my right to any further EEO Appeal on this matter.  I stipulate that my decision not to pursue counseling is voluntary and did not result from threat, coercion, intimidation, promise or inducement.

Your Signature                                  Date


**UNITED STATES**
**POSTAL SERVICE**

September 30, 1999                    CERTIFIED NO.   Z 419 468 162
                                     RETURN RECEIPT REQUEST


Tom Butler
7840 Camino Real #1-5
Miami, FL  33143-6871

RE:  Final Interview Notice (outcome of EEO pre-complaint counseling)
**Case No. 1H-333-0047-99**, date of incident 04-18-99 .

Dear Counselee:

Due to the time restraint mandated by the CFR 1614, your complaint was not resolved.
Therefore we are forwarding your rights to appeal this matter.

Enclosed you will find a NOTICE OF RIGHT TO FILE AN INDIVIDUAL
COMPLAINT Form 2579.  Also, enclosed is a Form 2565, EEO COMPLAINT OF
DISCRIMINATION IN THE US POSTAL SERVICE.  Should you decide to pursue this
matter formally, please complete the Form 2565 in its entirety and submit to the SR. EEO
COMPLAINTS PROCESSING SPECIALIST, US POSTAL SERVICE.  SOUTH
FLORIDA DISTRICT, 2200  NW 72 AVENUE, MIAMI, FL  33152-9411, within **fifteen
(15) days** of receipt of this letter.

The date you receive this notice will become the date of final interview.  Thank you for
your cooperation.

**<u>PENALTY ENVELOPES WILL NOT BE ACCEPTED TO SUBMIT YOUR P.S.
FORM 2565 (APPEAL FORM)</u>.**

*Rosalind Moultry-H*
Mgr. EEO Complaint Proc
South Florida District

Attachments
cc:  file
     Regular Mail w/attachm

rmh



U.S. Postal Service

# Notice of Right to File Individual Complaint

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| BUTLER, TOM | 1H333004799 |

This notice will attest to the fact that on _____ I advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention. If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

> EEO OFFICE - SOUTH FL DISTRICT
> C/L ROSALIND MOULTRY-HOWARD
> 2200 NW 72 AVENUE
> MIAMI, FL 33152-9411

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1) Your name, address, position, and level;

-- If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2) The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

-- You cannot add matters which were not discussed during counseling.

(3) The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

-- If you allege disability discrimination, the alleged disability must be more than a temporary condition.

-- If youe allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4) A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

-- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

-- If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5) The name of the EEO Counselor and the date the Notice of Right to File was received.

---

## Privacy Act Notice / USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq, and 701 et seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and/or Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
| | | *Pat Jackson* | 9-30-99 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

TransFORM PS Form 2579-A, December 1995

 **UNITED STATES**
**POSTAL SERVICE**

September 30, 1999                     CERTIFIED NO.   Z 419 468 162
                                                RETURN RECEIPT REQUEST

Tom Butler
7840 Camino Real #1-5
Miami, FL  33143-6871

RE:  Final Interview Notice (outcome of EEO pre-complaint counseling)
**Case No. 1H-333-0047-99**,  date of incident 04-18-99 .

Dear Counselee:

Due to the time restraint mandated by the CFR 1614, your complaint was not resolved.
Therefore we are forwarding your rights to appeal this matter.

Enclosed you will find a NOTICE OF RIGHT TO FILE AN INDIVIDUAL
COMPLAINT Form 2579.  Also, enclosed is a Form 2565, EEO COMPLAINT OF
DISCRIMINATION IN THE US POSTAL SERVICE.  Should you decide to pursue this
matter formally, please complete the Form 2565 in its entirety and submit to the SR. EEO
COMPLAINTS PROCESSING SPECIALIST, US POSTAL SERVICE.  SOUTH
FLORIDA DISTRICT, 2200  NW 72 AVENUE, MIAMI, FL  33152-9411, within **fifteen
(15) days** of receipt of this letter.

The date you receive this notice will become the date of final interview.  Thank you for
your cooperation.

**PENALTY ENVELOPES WILL NOT BE ACCEPTED TO SUBMIT YOUR P.S.
FORM 2565 (APPEAL FORM).**

*Rosalind Moultry-Howard*
Mgr. EEO Complaint Processing
South Florida District

Attachments
cc:  file
        Regular Mail w/attachments

rmh

RECEIVED

OCT   7 2002

ATLANTA FIELD OFFICE USPS

U.S. Postal Service

# Notice of Right to File Individual Complaint

| Counselee Name (Last, First, MI) | Informal Case No. |
|---|---|
| BUTLER, TOM | 1H333004799 |

This notice will attest to the fact that on _____ I advised you of the actions taken concerning the allegation(s) of discrimination which you brought to my attention. If the matters which you raised during the precomplaint processing stage have not been resolved, you have the right to file a formal complaint within 15 calendar days of the date this notice is received. PS Form 2565, EEO Complaint of Discrimination in the Postal Service, is being provided to you for this purpose. The complaint must be in writing, signed by you and delivered to:

> EEO OFFICE - SOUTH FL DISTRICT
> C/L ROSALIND MOULTRY-HOWARD
> 2200 NW 72 AVENUE
> MIAMI, FL  33152-9411

The complaint will be deemed timely filed if it is delivered in person or postmarked before the expiration of the 15 calendar day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 calendar days of the expiration of the 15-day filing period.

An EEO discrimination complaint can be processed only if the complainant alleges he or she has been discriminated against on the basis of race, color, religion, sex, national origin, age, disability or retaliation for past EEO activity. In addition, courts have ruled the complainant has the burden of presenting evidence which would give rise to an inference of discrimination. A complaint must contain the following information:

(1)  Your name, address, position, and level;

-- If you change your address, you have a regulatory requirement to immediately report the change to the EEO Compliance and Appeals Coordinator located in your area. (Employees at Postal Service Headquarters and Headquarters Field Units, and employees of the Inspection Service should notify the EEO Appeals Review Specialist at Postal Service Headquarters.)

(2)  The specific action or matter complained of, the date of occurrence, and the names of the official(s) who took the action alleged to be discriminatory;

-- You cannot add matters which were not discussed during counseling.

(3)  The specific type of discrimination alleged, e.g., race - black, sex - female, etc.;

-- If you allege disability discrimination, the alleged disability must be more than a temporary condition.

-- If youe allege age discrimination, you must have been at least 40 years of age on the date the alleged discriminatory action occurred.

(4)  A brief statement of the facts which led you to believe you were discriminated against, and the names of similarly situated individuals whom you believe were treated differently than you.

-- If you allege a failure to accommodate a disability or your religion, you must explain the accommodation sought and why you sought it.

-- If you allege retaliation you must show a connection between the action about which you are complaining and your past EEO activity, and you must show that management was aware that you had engaged in protected activity when the alleged discriminatory action occurred.

(5)  The name of the EEO Counselor and the date the Notice of Right to File was received.

---

## Privacy Act Notice / USPS Standards of Conduct

Privacy Act Notice. The collection of this information is authorized by Public Law 92-261, Equal Employment Act of 1972; 29 U.S.C., sections 621 et seq. and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center

for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel practices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Under the Privacy Act provision, the information requested is voluntary for the complainant, and for Postal Service employees and other witnesses.

USPS Standards of Conduct. Postal Service regulations require all postal employees to cooperate in any postal investigation. Failure to supply the requested information could result in disciplinary action (ELM 666).

| Signature of Counselee | Date | Signature of Counselor | Date |
|---|---|---|---|
|  |  | Pat Jackson | 9-30-99 |

Counselor, if Notice of Right to File is provided to Counselee by mail, it must be sent certified, return receipt requested. Attach signed PS Form 3811, Domestic Return Receipt, to this notice to evidence date of Counselee's receipt.

TransFORM PS Form 2579-A, December 1995

Case #: 1H-333-0047-99
Counselee: Butler, Tom
Final Interview sent out: 09-30-99
(Attach 3800-3811)

---

**Z 419 468 162**

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

TOM BUTLER
7840 CAMINO REAL #105
MIAMI FL. 33143-6871

| | |
|---|---|
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form **3800**, April 1995

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

TOM BUTLER
7840 CAMINO REAL #105
MIAMI FL. 33143-6871

1H-333-0047-99

2. Article Number *(Copy from service label)*
Z 419 468 162

PS Form 3811, July 1999    Domestic Return Receipt

Final Interview w/Appeal rights

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)    B. Date of Delivery
Tom Butler    10-8-99

C. Signature
X Thomas P Butler    ☐ Agent    ☐ Addressee

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

102595-99-M-1789

OCT - 8 1999
SOUTH MIAMI BRA 33143
USPS

RESTRICTED INFORMATION
EEO COMPLAINT DATA - BROWSE FORMAL CASES
CASE: 1H333004799 CASE CODE: F1 COMPLAINT TYPE: 0  LAST NAME: BUTLER

CASE PROCESSING DATA
DATE FORMAL FILED: *No formal*    DATE ACCEPTED FOR INVESTIGATION:
DATE ASSIGNED INVESTIGATOR:       INVESTIGATOR NUMBER:
DATE OF 90 DAY EXTENSION:         DATE COMPLETED INVESTIGATION:
              NTE:                              NTE:
DATE REQUEST FAD W/O HEARING:     DATE EEOC HEARING REQUEST:

FINAL AGENCY DECISIONS
EEOC CASE NO:                     DATE AJ RETURNED:
DATE RETURNED TO AJ:             DATE EEOC HEARING:
DATE REC'D AJ'S FINDINGS:        AJ'S FINDINGS:
USPS FINDING:                    DATE FAD:
TYPE CLOSURE:                    REASON FOR DISMISSAL:
REMARKS:
REMARKS2:
 PF01=MAIN MENU, PF03=END, PF07=BACK ONE SCREEN, ENTER=BROWSE FILE

HREZ62S6                  U S P S EEO COMPLAINT TRACKING SYSTEM    DATE: 10/03/02
CASE: 1H333004799             RESTRICTED INFORMATION
                      EEO COMPLAINT DATA - BROWSE FORMAL CASES


LAST NAME: BUTLER          FIRST NAME: THOMAS        MIDDLE INITIAL: P
SOC SEC NO.: ███████       TYPE OF COMPLAINT: 0      DATE FORMAL FILED:

*never filed formal*

PF01=MAIN MENU, PF03=END, PF07=BACK ONE SCREEN, ENTER=BROWSE FILE

Labor Relations Office

HRE22852          U S P S EEO COMPLAINT TRACKING SYSTEM   DATE: 12/23/99
CASE: 1H333004799        RESTRICTED INFORMATION
          EEO COMPLAINT DATA - UPDATE PRECOMPLAINT CASES
                INFORMATION ON COMPLAINANT
LAST NAME: BUTLER        FIRST NAME: THOMAS        MIDDLE INITIAL: P
SOC SEC NO.: ████████    FINANCE NO.:: 118675      DES ACT: 090
RATE SCHEDULE CODE: E    GRADE LEVEL: 16           GENDER: M
MINORITY CODE: E         FACILITY TYPE NO.: 5
                       EEO COMPLAINANT DATA
FINANCE NO.: 118675      POST OFFICE: SOUTH FLORIDA P&DC
                COMPLAINT COUNSELING - BASIS
PRIMARY ISSUE: 16        RACE: E                   COLOR:
GENDER: M   RELIGION:    AGE:                      NATIONAL ORIGIN:
DISABILITY (P OR M):     RETALIATION: Y            NONE:
                  PRECOMPLAINT INFORMATION
TYPE OF COMPLAINT: 0                               DUAL FILING: N
INITIAL CONTACT: 990423  COUNSELOR NUMBER:         COUNS ASSIGNED:
INIT. INTERVIEW:         COUN EXTENSION:           ADR ELECTION:
NATURE OF SETTLEMENT:    COUN EXT   NTE: 990722    ADR SETTLEMENT:
COUN SETTLEMENT:
SETTLEMENT AMOUNT:                                 RIGHT TO FILE: 991008
                                                           NTE: 990523

 PF01=MAIN MENU, PF03=END, PF07=BACK ONE SCREEN, ENTER=UPDATE FILE





**UNITED STATES POST OFFICE**
**SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER**
**PEMBROKE PINES, FL 33082-9997**

### REQUEST FOR DISCIPLINARY ACTION

EMPLOYEE'S NAME: *Thomas Buler*

SOCIAL SEC. #: *31-462-0751*

JOB TITLE: *Supervisor Processing & Distribution*

EMPLOYEE'S REPORTING TIME AND DAYS OFF: *1600*

UNIT OR BRANCH:   SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER

PAY LOCATION: *301*   TOUR: *3*


WHAT TYPE AND DEGREE OF DISCIPLINARY ACTION ARE YOU RECOMMENDING?

LETTER OF WARNING: _____

SUSPENSION: *Low in Lieu of 7*   INDEFINITE: _____
  (NUMBER OF DAYS)

EMERGENCY: _____   REMOVAL: _____

ACKNOWLEDGED: _____   FDGM/PM OTHER: _____

REQUESTING SUPERVISOR'S NAME: *Rosie B Carlies Cork*

SSN#: ███████   SIGNATURE: *Rosie B Cork*

DATE SIGNED: *11/18/99*

CONCURRENCE BY: _____ TITLE: *Plant Manager*

REVIEWED BY: _____ TITLE: *Plant Manager*
  (FUNCTIONAL AREA MGR)

REVIEWED BY: _____ TITLE: _____
  MGR H/R

ATTACH TO THE BACK OF THIS REQUEST APPROPRIATE DOCUMENTATION LISTED IN ITEM #:


EXHIBIT NO. _____

PAGE ____ OF ____

PAGE 2

1. WHAT IS YOUR REASON FOR REQUESTING DISCIPLINARY ACTION? FULLY DOCUMENT
WHAT INFRACTIONS THE EMPLOYEE COMMITTED AND INCLUDE DATES, TIME AND
PLACES. LIST ALL DOCUMENTATION PROVIDED WITH THIS FILE.

*See attached*

EXHIBIT NO._____

PAGE___5___OF_14_

**PAGE 3**

**2. WHO COMPLETED THE INVESTIGATION IN REFERENCE TO THE ABOVE INFRACTION?**
**(ALL INVESTIGATION MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)**

Rosie B Carles
Manager, Distribution Operations
Tour 2

**3. GIVE THE DATES, TIME AND WHO WAS PRESENT DURING THE PRE-DISCIPLINARY**
**INTERVIEW WITH THE EMPLOYEE ABOUT THIS INFRACTION. (THIS PRE-DISCIPLINARY**
**INTERVIEW MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)**

Rosie B Carles, Manager Distribution
Operations Tour 2
Barbara Crews NAPS
Tom Butler, Supervisor Processing
and Distribution

11/5/99 @ 1958

EXHIBIT NO._____

PAGE ___11___ OF ___11___

PAGE 4

4. WHAT DID THE EMPLOYEE SAY DURING THE PRE-DISCIPLINARY INTERVIEW WHEN QUESTIONED IN REFERENCE TO THIS INFRACTION? *He wants to choose his own representative. He did not want Bobbie Crews, He wants Robert Quinlan)*

5. LIST DATES OF DISCUSSIONS, IF ANY, GIVEN TO THE EMPLOYEE IN REFERENCE TO INFRACTIONS OF THIS NATURE.

DISCUSSION: *N/A*

6. WHAT DISCIPLINARY ACTION HAS BEEN TAKEN AGAINST THIS EMPLOYEE IN THE PAST: LIST ALL ACTIONS IN SEQUENCE AND INCLUDE DATES. *Low dated 8/21/98 (see attached)*

7. YOU MUST CONSULT WITH EAP STAFF FOR THEM TO DETERMINE WHETHER AN EAP REFERRAL IS NECESSARY. THIS IS TO BE ACCOMPLISHED PRIOR TO DISCIPLINARY BEING INITIATED. WHO CONSULTED WITH THE EAP STAFF AND DATE:

CONTACTED EAP: ████████████ *@ 7:45 pm left a msg on the recorder*

8. ADDITIONAL INFORMATION RELEVANT TO THIS DISCIPLINARY REQUEST. *no additional information at this time*

EXHIBIT NO._____

PAGE_____OF_____

On November 3 1999 at approximately 4:10 pm, I asked Supervisor Adam to give you the telephone.

I said "Tom we will not pull the report we have 4 more pallets of Miami's Mail to run."

You said "why I" and I cut you off and said, Tom, this is what I want, But I will finish running the Miami mail. Your clerks will throw of the 5-Digit 330 until they are finished. Then the Miami mail will be pulled down and it will be set-up to run 330. I then asked do you understand what I'm saying there was complete silence. I said again Do you understand there was still complete silence.

I then handed the telephone to Wanda Harris Chief Shop Steward and told her to let me know if anyone says anything.



I then got up from my desk and walked to the SPBS where you were suppose to be. When I got there you were not there and the telephone was off the hook, laying beside the phone.

I then paged you to come to the SPBS Supervisors desk. You did not come.

I called the General Clerks Office and Carla Amdur, the General Clerk on Tour 3 said you had just left out of her office.

I paged you again to come to the SPBS Desk and you did not come.

I called the Data Site and asked for you and Alex Digiacomo said you had just walked out of.

When you finally came back from Operations I asked you to come to the Managers office

③

When you got to the office I asked
asked you if you had a problem
and you just starred at me. I
said I am talking to you and
trying to find out if you understand
the instructions I am giving you
and you just put the phone down
while I am talking to you and
walk away. You still ~~doing~~ don't
saying thing.

Well I said Tom, I am you
Supervisor / Manager and I will
not tolerate this type of behavior.

EXHIBIT NO._____
PAGE ____ OF ____ of Any Supervisor.



You just turned around and
walked out the Door. I walked
Out behind you. You were talking
to A/MSS Christopher Powell. I
instructed you to End Tour
And Leave the Building. Then
all of a sudden you want to
Say something. You say why. I
asked Christopher Powell to make
Sure you leave the building. Chris
Powell instructed you
to return to work Rose Blarkus
on tomorrow as          MSS T-2


**UNITED STATES**
**POSTAL SERVICE**

November 4, 1999

Rosie Carlies
MDO - Tour 2
SFPDC

On Wednesday, November 3, 1999, at approximately 16:08, MDO Rosie Carlies requested that I report to the SPBS Supervisors' desk. The telephone receiver on the desk was off the hook.

At approximately 16:20, Ms. Carlies paged Thomas Butler to the SPBS. At approximately 16:25 Ms. Carlies paged Thomas Butler a second time. Thomas Butler reported to the SPBS area at approximately 16:35. At that time Ms. Carlies requested Thomas Butler go with her to the MDO Office.

Robert L. Glover
Networks Specialist
SFPDC

EXHIBIT NO._____

PAGE____12____OF____12__

16000 PINES BLVD.
PEMBROKE PINES FL 33082-9997
954-436-4399
FAX: 954-436-4316

 **UNITED STATES**
**POSTAL SERVICE**

DATE: November 29, 1999

REF:    SE09:RCarlies:RA:srl/Supv/Low/Butler

SUBJ:   Proposed Letter of Warning In Lieu of Time Off Suspension

TO:    Thomas Butler                                    **CERTIFIED NO: Z 419 512 741**
       Supervisor, Distribution Operations              **RETURNED RECEIPT REQUESTED**

This Proposed Letter of Warning in Lieu of a (7) Day Time Off Suspension is being issued to
you for the following reason(s):

You are charged with Unacceptable Conduct due to your failure to respond and comply with
directives given to you.

On November 3, 1999, you were assigned to supervise the small parcel bundle sorter (SPBS)
on tour three.  On that day at approximately 4:10 p.m., I called Simon from the supervisor's
desk at the SPBS, and I asked him to give you the telephone.  At that time, I advised you not
to end the report, that there were four more pallets of mail to run on the machine.  You began
to question me, and I cut you off stating, "Tom, this is what I want.  Tour 2 will finish running
the Miami mail.  Your clerks will throw off the 5-digit 330 mail until they are finished.  Then the
Miami mail will be pulled down and it will be set up for you to run 330."  I then asked, "Do you
understand what I am saying?"  You failed to acknowledge or respond to my directive, and
said absolutely nothing.  I then handed the telephone to Chief Steward Wanda Harris, and
asked her to let me know if you said anything.  I left the Manager's office and walked to the
SPBS.  When I arrived at the machine you were not in the area and the telephone was off the
hook laying on the desk.  I then paged you to report to the supervisor's desk at the SPBS.  You
failed to respond to the page or report to the SPBS.  I then called the general's clerk's office
and was informed by general clerk Carla Amour that you had just walked out of that office.  I
again paged you to report to the SPBS supervisor's desk.  You failed to respond to the page,
and failed to report to the SPBS.  I then called data site, and was informed by clerk Alex
Degiacomo that you had just walked out of that office.  You finally reported to the SPBS area
at 4:35 p.m.  At that time, I instructed you to report to the Manager's office.  When we arrived
at the Manager's office, I asked you if you had a problem.  You stared at me and did not
respond.  I advised you that I was talking to you and asked if you understood my instructions.  I
also asked why you had put the telephone receiver down on the supervisor's desk at the
SPBS and walked away in the middle of our conversation.  You again stared at me and said
nothing.  I then stated to you that I am your Manager, and I will not tolerate this kind of
behavior.  You stared at me, said nothing, and walked out of the office.  I followed you out of
the office as you began talking to Acting Manager Christopher Powell.  I approached you and
instructed you to end your tour of duty and leave the building.  You responded "Why?"  I did
not respond to you, and asked Manager Powell to make sure you left the building.  Manager
Powell then instructed you to leave the building and to return to work the following day as
scheduled.

EXHIBIT NO. _____ 5 _____

PAGE ____ OF ____

When questioned about this matter in an investigative interview, you responded that you
wanted Robert Quinlan to represent you, not Bobbi Crews.  Your response does nothing to

Thomas Butler
November 29, 1999
Page Two

explain or justify your actions on November 3, 1999, of failing to respond to me while I was giving you instructions on the telephone, and placing the telephone receiver on the desk and walking away; failing to respond to my pages; and your failure to respond to me in the Manager's office.

You must understand that as a Postal employee, you have a responsibility to perform the duties of your position conscientiously and effectively, giving to the performance of those duties earnest effort and best thought. You are expected to comply with all Postal Service rules and regulations, and to obey the instructions of your Manager. Clearly, by your actions cited above you have failed in those responsibilities.

As a Supervisor of Distribution, you have an even greater responsibility. You set the example for other employees. Your actions cited above on November 3, 1999, demonstrate that you are either unwilling or unable to be responsible to the position you now hold. The instructions that I gave you over the telephone were clear and reasonable. There is no reason why you should not have responded to me, and complied with my instructions. The fact that you refused to acknowledge my instructions, placed the telephone receiver down on the desk, and walked away from your operation; and then failed to respond to my pages, indicates that you fail to understand your responsibility to comply with instructions given to you. Moreover, your actions of simply staring at me, and refusing to respond when I addressed you in the Manager's office, and then leaving the office while I was still trying to talk to you, demonstrates a deliberate disrespect for authority that will not be condoned. Further, your actions raise serious question as to your of dedication, loyalty, and job commitment. If you believe that in your position you are not required to acknowledge, respond, and comply to directives given to you by a Manager, than you seriously misunderstand your role as a supervisor.

Clearly, as a Supervisor of Distribution you expect your employees to respond to your directives, and to comply with your instructions. As a Manager, I expect no less from you. Your actions on November 3, 1999, of failing to acknowledge my directives to you, putting the telephone down and walking away while I was still engaged in conversation with you, failing to respond to pages, and failure to respond to me in the Manager's office, and again walking out of the office in the middle of my conversation, cannot be condoned and are a legitimate reason for this action.

The following element of your past record has been considered in taking this action:

| DATE | TYPE | CHARGE |
|---|---|---|
| August 21, 1998 | Letter of Warning | Unsatisfactory Performance due to failure to perform supervisory duties in a satisfactory manner, and failure to follow instructions concerning proper staffing of operations. |

This Proposed Letter of Warning is being issued to you in Lieu of a 7-Day Time-Off Suspension based on the above-cited deficiency. This letter is also to inform you that you must correct your work deficiencies. Further, you must demonstrate adherence to Postal

EXHIBIT NO.
PAGE_____OF_____

Thomas Butler
November 29, 1999
Page Three


Service regulations.  Failure to correct your work deficiencies may result in further disciplinary action, including your removal from the Postal Service.

You and/or your representative may review the material (if any) relied upon to support the reasons for this Proposed Letter of Warning in Lieu of a 7-Day Time-Off Suspension at the Labor Relations Office, Miami Processing & Distribution Center, 2200 N.W. 72nd Avenue, Miami, FL, between the hours of 8:30 a.m. and 4:30 p.m.  If you do not understand the reasons for this Proposed Letter of Warning in Lieu of a 7-Day Time-Off Suspension, contact the undersigned for a further explanation.

You and/or your representative may appeal this Proposed Letter of Warning in Lieu of a 7 Day Time-Off Suspension by filing an answer within ten (10) calendar days from your receipt of this letter, either in person or in writing, or both, before Saundra Richardson, Plant Manager, South Florida Processing and Distribution Center, 16000 Pines Boulevard, Pembroke Pines, FL 33082-9997.  You also may furnish affidavits or other written material to Saundra Richardson within ten (10) calendar days from your receipt of this letter.  You will be afforded a reasonable amount of official time for the above purpose if you are otherwise in a duty status.  You will receive a written decision after the expiration of the 10 calendar day period for reply.  All of the facts in your case, including any reply you submit, will be given full consideration before a decision is rendered.



Rosie Carlies
Manager, Distribution Operations
South Florida P&DC

**Employee Regular Mail**



cc:    Labor Relations - Miami
        Plant Manager **(Letter of Decision Required)**
        MDO T-3 South FL P&DC
        OPF


EXHIBIT NO._____

PAGE___3___OF_14


**UNITED STATES**
**POSTAL SERVICE**

JAN 2 7 2000

LABOR RELATIONS
SOUTH FLORIDA DISTRICT

**DATE:** January 18, 2000

**REF:** SE09:SRichardson:RM:ac:LOD:propsusp:butlert

**SUBJ:** Letter of Decision

**TO:** **Thomas P. Butler**
Supervisor, Distribution Operation
7840 Camino Real  Apt 105P
Miami FL  33143-6871

CERTIFIED NO. Z 419 545 422
RETURN RECEIPT REQUESTED

You received a Proposed Letter of Warning in Lieu of a (7) Day Time-Off Suspension based upon the charge Unsatisfactory Conduct due to your failure to respond and comply with directives given to you.  In the letter you were apprized of your appeal rights and afforded an opportunity to respond to the charges.  I am in receipt of your written response dated December 8, 1999.  I note that you did not respond to me personally.  I have given careful consideration to all evidence of record, and the contentions you raise in your response.  I find however, that the charge as outlined in the proposed letter is fully supported by the evidence of record, and warrant the action. The reason for my decision is as follows:

On November 3, 1999, you were assigned to supervise the small parcel bundle sorter (SPBS) on tour three.  On that day, at approximately 4:10 p.m., Manager Rosie Carlies called the supervisor's desk at the SPBS, and asked Supervisor Simon Ham to give you the telephone.  At that time she advised you not to run the report, that there were four more pallets of mail to run on the machine.  You began to question her, and she interrupted you stating "Tom, this is what I want.  Tour 2 will finish running the Miami mail.  Your clerks will throw off the 5-digit 330 mail until they are finished.  Then the Miami mail will be pulled down and it will be set up to for you to run 330."  She then asked "Do you understand what I am saying?".  You failed to acknowledge or respond to her directive, and said absolutely nothing.  She then handed the telephone to Chief Steward Wanda Harris, and asked her to let Carlies know if you said anything. Manager Carlies left the Manager's office and walked to the SPBS.  When she arrived at the machine you were not in the area and the telephone was off the hook laying on the supervisor's stand up desk.  Carlies then paged you to report to the supervisor's desk at the SPBS.  You failed to respond to the page or report to the SPBS.  She then called the general's clerk's office and was informed by general clerk Karla Andur that you had just walked out of that office.  Carlies again paged you to report to the SPBS supervisor's desk.  You failed to respond to the page, and failed to report to the SPBS. Carlies then called data site, and was informed by clerk Alex Degiacomo that you had just walked out of that office.  You finally reported to the SPBS supervisor's desk at 4:35 p.m.  At that time Manager Carlies instructed you to report to the Manager's office.

EXHIBIT NO.

PAGE ___1___ OF __5__

Thomas P. Bulter
Letter of Decision
January 18, 2000
Page Two

When you arrived at the Manager's office, she asked you if you had a problem. You starred at her and did not respond. She advised you that she was talking to you and asked if you understood her instructions. She also asked why you had put the telephone receiver down on the supervisor's desk at the SPBS and walked away in the middle of a conversation. You again starred at Carlies and said nothing. She then stated to you that she was your Manager, and that she would not tolerate this kind of behavior. You starred at her, said nothing, and walked out of the office. Carlies followed you out of the office as you began talking to Acting Manager Christopher Powell. Carlies then approached you and instructed you to end your tour of duty and leave the building. You responded "Why?". Carlies did not respond to you, and asked Manager Powell to make sure you left the building. Manager Powell then instructed you to leave the building and to return to work the following day as instructed.

In your response dated December 8, 1999, you contend that you attempted to respond to Carlies' directives to you, but that you were cut off. You also stated that you did not respond to the pages because you did not hear them. You further state that you walked out of the Manager's office because Carlies stated that you looked "stupid". Having carefully examined all evidence of record, I find your contentions without merit. Having found that you are guilty of the charge as outlined in the Proposed Letter of Warning in Lieu of a (7) Day Time-Off Suspension, I must now examine the nexus to your employment.

The nexus is obvious. As a Postal employee you have a responsibility to perform the duties of your position conscientiously and effectively, giving to the performance of those duties earnest effort and best thought. You are expected to comply with all Postal Service rules and regulations, and to obey the instructions of your Manager. Clearly by your actions cited above you have failed in those responsibilities.

As a Supervisor of Distribution, you have an even greater responsibility. You set the example for other employees. Your actions cited above on November 3, 1999, demonstrate that you are either unwilling or unable to be responsible to the position you now hold. The instructions that Manager Carlies gave you over the telephone were clear and reasonable. There is no reason why you should not have responded to her, and complied with the instructions. The fact that you refused to acknowledge her instructions, placed the telephone receiver down on the desk, and walked away from your operation; and then failed to respond to her pages; indicates that you fail to understand your responsibility to comply with instructions given to you. Moreover, your actions of simply starring at Carlies, and refusing to respond when she addressed you in the Manager's office, and then leaving the office while she was still trying to talk to you demonstrates a deliberate disrespect for authority that will not be condoned.

EXHIBIT NO.

...ditional services.
...e the reverse of this form so that we can return this
...t of the mailpiece, or on the back if space does not
... Requested" on the mailpiece below the article number.
... will show to whom the article was delivered and the date

I also wish to receive the following services (for an extra fee):

1. ☒ Addressee's Address
2. ☐ Restricted Delivery

...ssed to:
...nas P. Butler
...pv., Distribution Pers.
1840 Camino Real Apt. 105P
Miami, FL 33143-6871

4a. Article Number
Z 419 541 422

4b. Service Type
☐ Registered ☒ Certified
☐ Express Mail ☐ Insured
☐ Return Receipt for Merchandise ☐ COD

7. Date of Delivery
1-25-00

5. Received By: (Print Name)
X Tom Butler

6. Signature: (Addressee or Agent)
X Thomas P. Butler

8. Addressee's Address (*Only if requested and fee is paid*)

Is your RETURN...

PS Form **3811**, December 1994 102595-99-B-0223 Domestic Return Receipt

**Thank you for using Return Receipt Service.**

EXHIBIT NO. U

PAGE 4 OF 5

U.S. Postal Service

# EEO Complaint of Discrimination in the Postal Service

See Instructions and Privacy Act Statement on Reverse

| 1. Name | 2. SSN | Case No. |
|---|---|---|
| TOM BUTLER | 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 | 1H333001200 |

| 3. Mailing Address | 4. Home Phone | 5. Work Phone |
|---|---|---|
| 7840 CAMINO REAL P-105 MIAMI FL 33143-6871 | 305 271-1898 | (954) 436-4356 |

| 6. Position Title (USPS Employees Only) | 7. Grade Level (USPS Employees Only) |
|---|---|
| SDO | 16 |

| 8. Installation Where You Believe Discrimination Occurred (Identify Installation, City, State, and ZIP+4) | 9. Name & Title of Person(s) Who Took the Action(s) You Allege Was Discriminatory |
|---|---|
| SFMPC 16000 PINES BLVD. PEMBROKE PINES, FL 33082 | ROSIE CARLIES MAO T- |

10. I designate this person to be my representative. *I RESERVE THIS RIGHT AT THIS TIME*

| a. Name | Title |
|---|---|
| Tom Butler | SDO |

Mailing Address  7840 CAMINO REAL P-105 MIAMI FL 33143-6871

| b. Home Phone | c. Work Phone |
|---|---|
| (305) 271-1898 | 954.436.4356 |

11. Type of Discrimination Alleged

- [X] Race (Specify): CAUCASION
- [X] Color (Specify): WHITE
- [ ] Religion (Specify):
- [ ] National Origin (Specify):
- [X] Sex (Specify): MALE
- [ ] Age (Specify):
- [X] Retaliation (Specify Prior EEO Activity):
- [ ] Disability (Specify)

12. Date on Which Alleged Act of Discrimination Took Place

MAR 16 2000

RECEIVED  EEO COUNTRY  SOUTH FL DISTRICT  1/31/00

13. Explain the specific actions or situation that resulted in your allegation(s) as to how you believe you were discriminated against (treated differently from other employees or applicants) because of race, color, religion, national origin, sex, age, or disability.

SEE 3 page ATTACHMENT dated 3-13-00

14. I have discussed my complaint with an EEO counselor
- [ ] Yes (Date of final interview: _____)
- [X] No

FOR

15. Name and Signature of EEO Counselor

ROSALIND MOULTRY-HOWARD

16. Corrective Action Sought

"see CEC

| 17. Signature of Complainant | 18. Date of This Complaint |
|---|---|
| Thomas P Butler | 3-8-00 |

TransFORM PS Form 2565, December 1995

1 H 333-0012-00

3-13-00

ON 4-14-99, 1 OPPOSED DISCRIMINATORY PRACTICES OF
THE DEFENDANT (1H333-0047-99). MOO CARLIES HAD
TREATED ME MORE HARSHLY THAN THAN LIZ ETTIENNE,
A BLACK FEMALE WHO HAD NOT PARTICIPATED IN PROTECTED
ACTS AGAINST THE DEFENDANT. BECAUSE 1 PARTICIPATED
IN EEO ACTIVITIES AGAINST THE DEFENDANT, THE DEFENDANT
WAS MOTIVATED TO INTENTIONALLY DISCRIMINATE AGAINST
ME. THE DEFENDANT INTENTIONALLY INFLICTED EMOTIONAL
HARM TO CAUSE FUTURE HARM. SHE HAS REPEATEDLY USED
HARSH LANGUAGE TO INTIMIDATE ME WHICH IS A DIRECT AND
UNFAIR LABOR PRACTICE. WHERE ON 8-5-98 MOO CARLIES
STATED "You had better Look for a NEW JOB." Three weeks
LATER MOO CARLIES ISSUED ME A Letter of Warning. MOO
CARLIES Further STATED I'm TIRED OF YOUR NON CHALANT
ATTITUDE. I HAD EXPLAINED TO HER THAT 1 WAS
TAKING MEDICINE FOR A PRIOR ON THE JOB INJURY CONDITION
AND ALSO FOR THE FACT THAT MY BROTHER HAD JUST DIED ON
4-12-98. SHE STATED, "1 WISH 1 HAD SOME OF THAT."

    A DIRECT CORRELATION EXISTED BETWEEN BOB DILLEN
PRESSURING MOO Carlise TO TAKE ACTION AGAINST ME FOR
PARTICIPATING IN PRIOR PROTECTED ACTIVITIES. THE TIMING
OF Bob Dillen's AFFIDAVIT (5-28-98), Dillen's Coercion
OF THE DEFENDANT CONCERNING Robie Laughlin Interrogation (7-7-98),
AND MOO CARLIES THREAT TO THE PLAINTIFF (8-5-98) AND MOO'S
CARLIES DISCIPLINE OF THE DEFENDANT (Low 8-21-98) SHOW
DISCRIMINATORY INTENT.

    THE PSYCHOLOGY IS QUITE SIMPLE. THE DEFENDANT
WAS A MANAGER. THE PLAINTIFF WAS A MACHINES EMPLOYEE

Mod Carlise was in control. She decided to discriminate or not as she chose. After I filed EEO charges against her, the dynamics changed. The EEO became a profound challenge to her supervisory authority. Her own behavior became scrutinized by upper management. Now, Mod Carlises, with the help of the agency is building a paper trail against me, attempting to prove to her superiors that she was right all along.

Section 704 of the Civil Rights Act of 1964 protects the plaintiff for participating in the proceedings under the Act. However, Mod Carlies devised a system of continuing violations. Her intent and motive was hidden by the plaintiffs so called "inadequate performance."

Managers especially concerned with "challenges to his/her authority" may retaliate in such a way that his/her motivation is quite clear, such as an adverse action toward a thirteen year employee soon after learning that a charge of discrimination has been filed. Retaliation is by definition an intentional violation of the Civil Rights Act. Words spoken reflect the illegal intent. Rosie stated "You better look for a new job." Mod Carlies also stated to the plaintiff that "you look stupid." This was just moments before she kicked the plaintiff out of the building, in front of other employees and subsequently issued the plaintiff additional discipline in another letter in lieu of 3 day suspension, effectively suspending the plaintiff twice for the same reason (double jeopardy). Coupled with the fact that Mod Carlies (T-2) was not even my mod (T-3) and the timing of

These events suggests retaliation. Evidence has shown that management was upset, had motive for retaliation, and retaliated. The fact that Mrs Carlies was upset further strengthens this case. The veiled threats was the method the boss used warning the complainant that his protected activities were incompatible with his job. The imposition of new standards for the plaintiff (white, male) than for Liz Ettienne (black female) strongly suggests retaliation by Mrs Carlies (black female) against the plaintiff (white male).

For these reasons, plaintiff asks for judgement against the defendant for damages of $300,000, payment of attorney fees & costs pursuant to 42 USC § 2000 E-5(k) and all other relief the court deems appropriate

Thomas P Butler
THOMAS P BUTLER
3-13-00

APPEALS PROCESSING CENTER

 **UNITED STATES POSTAL SERVICE**

APR 27 2000

Mr. Tom Butler
7840 Camino Real, P-105
Miami, FL 33143-6871

<div align="center">

CERTIFIED MAIL NO. 7000 0520 0015 4120 8779
RETURN RECEIPT REQUESTED

RE: Tom Butler v. William J.
Henderson, Postmaster General
Agency No. 1-H-333-0012-00

</div>

Dear Mr. Butler:

We have received the above-referenced complaint of discrimination filed on March 14, 2000. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

| | |
|---|---|
| <u>Specific Issue(s):</u> | You received a Letter of Decision regarding a proposed Letter of Warning in Lieu of Time Off Supension. |
| <u>Date(s) of Incident:</u> | January 25, 2000 |
| <u>Type(s) of Discrimination:</u> | Race (Caucasian), Color (white), Sex (male), Retaliation (prior EEO activity) |

NOTE: If your complaint involves an allegation of age discrimination, the Postal Service is required by the Age Discrimination in Employment Act of 1967, as amended, to advise you that you may consult with an attorney should you so desire to do so before signing any agreement resolving your complaint of age discrimination.

If you disagree with the defined issue(s), you must provide us with sufficient reasons to substantiate your objections, in writing, within seven (7) calendar days of receipt of this letter. If you do not wish to proceed with this complaint, you should notify your local EEO Office.

Your case has been assigned for investigation. Please be prepared to go forward with your case when the EEO Counselor/Investigator contacts you. The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that you may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days. Should you seek to amend your complaint, any amendment would extend the time period for completing the investigation by an additional 180 days except that the

Mr. Tom Butler                                                                 2

investigation of this complaint and any amendments could not extend past 360
calendar days from the date on which you filed this formal complaint.

When the investigation is completed, you will receive a copy of the investigative
report, and you will be advised of your right to request a hearing before an
Administrative Judge appointed by the Equal Employment Opportunity
Commission, or of your alternative right to request a final decision by the Postal
Service without a hearing.  Should you fail to request one of the options
described above the agency will issue a final decision based on the merits of
your complaint.

You may request a hearing by an EEOC Administrative Judge appointed by the
Equal Employment Opportunity Commission by making such a request, in
writing, to the District Director of the Equal Employment Opportunity
Commission at the following address:

                    District Director, Miami District
                    U.S. Equal Employment Opportunity Commission
                    One Biscayne Tower
                    2 S. Biscayne Blvd., Ste 2700
                    Miami, FL  33132-2491

You must make your hearing request within thirty (30) calendar days of the
date on which you received the investigative report and provide a copy of that
hearing request to the District EEO Complaints Processing Office.  If you have
not received your copy of the investigative report within 180 calendar days from
the date on which you filed your formal complaint, you may request a hearing
by writing directly to the EEOC District Office shown above, with a copy to the
District EEO Complaints Processing Office, at any time up to thirty (30)
calendar days from the date of your receipt of the report of this investigation.

If you are dissatisfied with the Postal Service's final agency decision where there
has been no hearing, or with the Postal Service's final action on the decision of
an Administrative Judge following a hearing, you have certain appeal rights.
You may appeal a final agency decision where no hearing has been held to the
Office of Federal Operations, Equal Employment Opportunity Commission at
the address shown below, within thirty (30) calendar days of the date of your
receipt of the final agency decision, or you may file a civil action in an
appropriate U.S. District Court within 90 calendar days of your receipt of the
final agency decision.  You may also appeal a final action by the Postal Service
implementing a decision of an Administrative Judge following a hearing to the
Office of Federal Operations of the Equal Employment Opportunity Commission
within thirty (30) calendar days of the date of your receipt of that final action or
you may file a civil action in an appropriate U.S. District Court within ninety
(90) calendar days of the date of your receipt of the final action.  Finally, you
may respond to an appeal by the Postal Service in connection with its final
action not to implement a decision of an Administrative Judge following a
hearing or you may file a civil action in an appropriate U.S. District Court
within ninety (90) calendar days of the date of your receipt of the final action
and appeal.

Mr. Tom Butler                                                                                     3

Any appeal to the EEOC must be in writing and filed with the Office of Federal
Operations, Equal Employment Opportunity Commission, P.O. Box 19848,
Washington, DC 20036-0848. Along with your appeal, you must submit proof
to the EEOC that a copy of the appeal and any supporting documentation were
also submitted to the EEO Compliance and Appeals Coordinator, Appeals
Processing Center.

After 180 calendar days from the date of filing your formal complaint, you may
file a civil action in an appropriate U.S. District Court if the Postal Service has
not issued a final decision on your complaint or if no final action has been
taken on a decision by an Administrative Judge.

If you initially choose to file an appeal with the Office of Federal Operations
(OFO), of the Equal Employment Opportunity Commission, you may file a civil
action in an appropriate U.S. District Court within 90 calendar days after your
receipt of the OFO's decision. You may also file a civil action in an appropriate
U.S. District Court if you have not received a decision on your appeal within
180 calendar days of the date on which you filed your appeal with the Office of
Federal Operations.

Sincerely,

Rafael A. Martorell
Manager, EEO Compliance and Appeals

Enclosure

cc:  Manager, EEO Complaints Processing, South Florida District


HRC42:ZKing:ZK:38166-0978



**SENDER:**                                    Tom Butler 1-H-333-0012-00
                                                         ACC ZK

☐ Complete items 1 and/or ___ additional se___...
☐ Complete items 3, 4a, and ...
☐ Print your name and address on the reverse of this form so that we can return this
    card to you.
☐ Attach this form to the front of the mailpiece, or on the back if space does not
    permit.
☐ Write *"Return Receipt Requested"* on the mailpiece below the article number.
☐ The Return Receipt will show to whom the article was delivered and the date
    delivered.

I also wish to receive the follow-
ing serv      for an extra fee):

1. ☐ Addressee's Address
2. ☐ Restricted Delivery

| 3. Article Addressed to: | 4a. Article Number |
| --- | --- |
| | 7000 0520 0015 4120 8779 |
| | 4b. Service Type |
| **MR TOM BUTLER** | ☐ Registered      ☒ Certified |
| **7840 CAMINO REAL P-105** | ☐ Express Mail   ☐ Insured |
| **MIAMI FL  33143-6871** | ☐ Return Receipt for Merchandise ☐ COD |
| | 7. Date of Delivery |
| | X |
| 5. Received By: *(Print Name)*  X   TOM BUTLER | 8. Addressee's Address *(Only if requested and fee is paid)* |
| 6. Signature *(Addressee or Agent)*  X   Thomas P Butler | X |

*Is your RETURN ADDRESS completed on the reverse side?*

*Thank you for using Return Receipt Service.*

PS Form ___, December 1994 ___            ___ Domestic