IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

    Plaintiff,

v.                              CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

    Defendant.
_____/

## NOTICE OF FILING OF DECLARATION OF SAUNDRA D. RICHARDSON

COMES NOW the Defendant, by and through the undersigned counsel, to provide this Notice Of Filing Of Declaration of Saundra D. Richardson and supporting documentation including:

1. Request for Disciplinary Action, dated November 18, 1999;
2. Proposed LOW in Lieu of Time Off Suspension, dated November 29, 1999;
3. Letter of Decision, dated January 18, 2000.

                              Respectfully submitted,

                              MARCOS DANIEL JIMENEZ
                              UNITED STATES ATTORNEY

By  

                              CHARLES S. WHITE
                              Assistant United States Attorney
                              Fla. Bar No. 394981
                              99 N.E. 4th Street, Suite 322
                              Miami, Florida 33131
                              Tel. (305) 961-9286
                              Fax. (305) 530-7139

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was furnished by U.S. Mail on March 18, 2003 to Stewart Lee Karlin, Esq., Attorney for Plaintiff, 315 S.E.7th Street, Suite 200 Ft. Lauderdale, Florida 33301.

                              By

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6193-CIV LENARD/Simonton

THOMAS BUTLER,

           Plaintiff,

v.                                                                              CONSENT CASE

JOHN POTTER, Postmaster,
United States Postal Service,

           Defendant.
_____/

## DECLARATION OF SAUNDRA D. RICHARDSON
## IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1. I, Saundra D. Richardson, am currently employed with the United States Postal Service (USPS) and have been so employed since July 1978. From June 19, 1999 until March 4, 2000, I was a Plant Manager assigned to work at the South Florida Mail Processing Center (SFMPC). During my tenure as a supervisor, I have been trained and have experience in the disciplinary policies, procedures, rules and regulations governing the conduct and responsibilities of USPS employee.

2. As a Plant Manager, part of my duties and responsibilities involved reviewing and concurring (if appropriate) employee disciplinary actions and/or requests for removal against USPS employees including the issuance of a Letter of Warning (LOW).[1] Indeed, part of my duties and responsibilities involved review and concurrence (where appropriate) on USPS EAS and Craft employee

---

[1] Ordinarily, if USPS management determines that an employee's conduct is deficient because the employee has violated some rule, regulation, policy, or procedure of the USPS, a LOW is issued and served upon the subject employee for the dual purpose of formally advising said employee of deficiency and of the need for corrected behavior. Regardless of whether a USPS employee is covered by a union collective bargaining agreement, in all disciplinary proceedings, it is the policy of the USPS to adhere to the tenets of just cause found in many collective bargaining agreements. These tenets include a timely and thorough investigation of the matter at issue as well as timely issuance and service of any resulting process (usually within thirty days if issuance). The issuance of a LOW is the first step in the employee disciplinary process within the USPS. If the LOW is not set aside through union collective bargaining agreement grievance procedures, it remains in the employee's OPF for three years. If the employee's conduct is not corrected, subsequent disciplinary action can result in suspension, downgrading of employment grade, and/or removal. Ordinarily, a copy of a LOW is maintained in an employee's OPF.

disciplinary requests for action and/or removal, provision of a Letter of Decision (where appropriate) to Labor Relations. Accordingly, such review involved my making an initial determination of whether the charge(s) as outlined in a proposed Letter of Warning is fully supported by the evidence of record, and whether such charge(s) warrant(s) the disciplinary action proposed.

3.      In November, 1999, Rosie Carlies, was a Manager, Distribution Operations (MDO) assigned to work at the South Florida Mail Processing Center (SFMPC). As a MDO, Carlies was a first line supervisor of subordinate supervisors, including any Supervisor, Distribution Operations (SDO) for the USPS, assigned to work at the SFMPC.

4.      In November, 1999, Thomas P. Butler was assigned to the position of SDO at the SFMPC where he came under the supervision Rosie Carlies, MDO.

5.      On November 18, 1999, Carlies initiated a Request for Disciplinary action against Butler based upon the circumstances surrounding Butler's performance as SDO of the small parcel bundle sorter (SPBS)[2] on Tour Three (one of three work shifts at the SFMPC) on November 3, 1999, when Butler was sent home for non-responsive and insubordination.[3]

6.      On November 29, 1999, based upon the events of November 3, 1999, Carlies issued a proposed LOW in Lieu of Time Off Suspension to Butler charging him with "Unacceptable conduct due to your failure to respond and comply with directives given you."[4]

7.      Thereafter, Butler appealed the issuance of the proposed November 29, 1999 LOW to me as the Plant Manager.

---

[2]The SPBS is a mechanized mail processor that sorts small parcels and bundles of mail on one of four conveyer belts taking it to a clerk. The clerk examines each individual parcel, keys in the marked zip code and places the parcel on the appropriate outgoing conveyer belt which transports the parcel to a bin corresponding to the appropriate zip code. It automatically tracks the number of parcels properly processed, as well as those not properly processed (improperly keyed mail is transported to a reject bin where it is retrieved and either reprocessed or hand sorted). Supervisors are able to a hard copy of this data by pressing the appropriate button on the SPBS ending mail processing and printing a report indicating the total number of mail pieces processed, the number rejected, and other pertinent operation data (commonly known as "running a report").

[3]See Carlies' attached Request for Disciplinary, dated November 18, 1999, as maintained in Plaintiff's LRF and EEOC file.

[4]See attached proposed LOW in Lieu of Time Off Suspension, dated November 29, 1999, as maintained in Plaintiff's LRF and EEOC file.



00-01
RA

# UNITED STATES POST OFFICE
## SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER
### PEMBROKE PINES, FL 33082-9997



9 1999

## REQUEST FOR DISCIPLINARY ACTION

EMPLOYEE'S NAME: _Thomas Butler_

SOCIAL SEC. #: _31462-0751_

JOB TITLE: _Supervisor Processing + Distribution_

EMPLOYEE'S REPORTING TIME AND DAYS OFF: _1600_

UNIT OR BRANCH:  SOUTH FLORIDA PROCESSING & DISTRIBUTION CENTER

PAY LOCATION: _301_   TOUR: _3_

WHAT TYPE AND DEGREE OF DISCIPLINARY ACTION ARE YOU RECOMMENDING?

LETTER OF WARNING: _____

SUSPENSION: _LOW IN LIEU OF 7_
            (NUMBER OF DAYS)

INDEFINITE: _____

EMERGENCY: _____

REMOVAL: _____

ACKNOWLEDGED: _____

FDGM/PM OTHER: _____

REQUESTING SUPERVISOR'S NAME: _Rosie B Carlies_

SSN#: ████████   SIGNATURE: _Rosie B Clark_

DATE SIGNED: _11/18/99_

CONCURRENCE BY: _[signature]_ TITLE: _Plant Manager_

REVIEWED BY: _Sandra Richardson_ TITLE: _Plant Manager_
(FUNCTIONAL AREA MGR)

REVIEWED BY: _____  TITLE: _____
              MGR H/R

ATTACH TO THE BACK OF THIS REQUEST APPROPRIATE DOCUMENTATION LISTED IN ITEM #:

EXHIBIT NO. _____

PAGE _____ OF _____

PAGE 2

1. WHAT IS YOUR REASON FOR REQUESTING DISCIPLINARY ACTION? FULLY DOCUMENT WHAT INFRACTIONS THE EMPLOYEE COMMITTED AND INCLUDE DATES, TIME AND PLACES. LIST ALL DOCUMENTATION PROVIDED WITH THIS FILE.

*See attached*

EXHIBIT NO._____

PAGE \_\_5\_\_ OF \_14\_

PAGE 3

2. WHO COMPLETED THE INVESTIGATION IN REFERENCE TO THE ABOVE INFRACTION? (ALL INVESTIGATION MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B Carles
Manager, Distribution Operations
Tour 2

3. GIVE THE DATES, TIME AND WHO WAS PRESENT DURING THE PRE-DISCIPLINARY INTERVIEW WITH THE EMPLOYEE ABOUT THIS INFRACTION. (THIS PRE-DISCIPLINARY INTERVIEW MUST BE COMPLETED PRIOR TO REQUESTING DISCIPLINE.)

Rosie B Carles, Manager Distribution Operations Tour 2
Barbara Crews NAPS
Tom Butler, Supervisor Processing and Distribution

11/5/99 @ 1958

EXHIBIT NO. _____

PAGE __11__ OF __14__

PAGE 4

4. WHAT DID THE EMPLOYEE SAY DURING THE PRE-DISCIPLINARY INTERVIEW WHEN QUESTIONED IN REFERENCE TO THIS INFRACTION? He wants to choose his own representative. He did not want Bobbie Crews, he wants Robert Quinlan

5. LIST DATES OF DISCUSSIONS, IF ANY, GIVEN TO THE EMPLOYEE IN REFERENCE TO INFRACTIONS OF THIS NATURE.

DISCUSSION: _____N/A_____

6. WHAT DISCIPLINARY ACTION HAS BEEN TAKEN AGAINST THIS EMPLOYEE IN THE PAST: LIST ALL ACTIONS IN SEQUENCE AND INCLUDE DATES. LOW dated 8/21/98 (See attached)

7. YOU MUST CONSULT WITH EAP STAFF FOR THEM TO DETERMINE WHETHER AN EAP REFERRAL IS NECESSARY. THIS IS TO BE ACCOMPLISHED PRIOR TO DISCIPLINARY BEING INITIATED. WHO CONSULTED WITH THE EAP STAFF AND DATE:

CONTACTED EAP: ████████████ @ 7:45pm left a msg on the recorder

8. ADDITIONAL INFORMATION RELEVANT TO THIS DISCIPLINARY REQUEST. No additional information at this time

EXHIBIT NO._____

PAGE_____OF_____

On November 3, 1999 at approximately 4:10 pm, I asked Supervisor Ham to give you the telephone.

I said "Tom we will not pull the report we have 4 more pallets of Miami mail to run."

You said "Why" and I cut you off and said Tom, this is what I want, Don & I will finish running the Miami mail. Your clerks will throw off the 5-Digit 330 until they are finished. Then the Miami mail will be pulled down and it will be set-up to let you to run 330. I then asked do you understand what I'm saying there was complete silence. I said again Do you understand there was still complete silence.

I then handed the telephone to Wanda Harris, Chief Shop Steward told her to let me know if anyone says anything.

EXHIBIT NO.

②

I then got up from my desk and walked to the SPBS where you were suppose to be. When I got there you were not there and the telephone was off the hook, laying beside the phone.

I then paged you to come to the SPBS Supervisors desk. You did not come.

I called the General Clerks office and Carla Amdur, the General Clerk on Tour 3 said you had just left out of her office.

I paged you again to come to the SPBS desk and you did not come.

I called the Data Site and asked for you and Alex Digiacomo said you had just walked out of ~~~

When you finally came back ~~~ Operations~~~ I asked you to come to the Managers office

EXHIBIT NO. ~~~
PAGE ___ OF ___

When you got to the office I asked asked you if you had a problem and you just starred at me. I said I am talking to you and trying to find out if you understand the instructions I am giving you and you just put the phone down while I am talking to you and walk away. You still ~~saying~~ don't saying thing.

Well I said Tom, I am you Supervisor/Manager and I will not tolerate this type of behavior.

EXHIBIT NO._____

PAGE ___ OF ___ as any Supervisor.

(4)

You just turned around and walked out the Door. I walked out behind you. You were talking to A/MSS Christopher Powell. I instructed you to End Tour and Leave the Building. Then all of a sudden you want to say something. You say why. I asked Christopher Powell to make sure you leave the building. Chris Powell instructed you to return to work Route B Cashier in tomorrow as MSO T-2

EXHIBIT NO ____

PAGE ___ OF ___


**UNITED STATES POSTAL SERVICE**

November 4, 1999

Rosie Carlies
MDO - Tour 2
SFPDC

On Wednesday, November 3, 1999, at approximately 16:08, MDO Rosie Carlies requested that I report to the SPBS Supervisors' desk. The telephone receiver on the desk was off the hook.

At approximately 16:20, Ms. Carlies paged Thomas Butler to the SPBS. At approximately 16:25 Ms. Carlies paged Thomas Butler a second time. Thomas Butler reported to the SPBS area at approximately 16:35. At that time Ms. Carlies requested Thomas Butler go with her to the MDO Office.

Robert L. Glover
Networks Specialist
SFPDC

EXHIBIT NO._____

PAGE\_\_\_12\_\_\_OF\_\_\_\_\_

16000 PINES BLVD.
PEMBROKE PINES FL 33082-9997
954-436-4399
FAX: 954-436-4316



**UNITED STATES POSTAL SERVICE**

DATE: November 29, 1999

REF: SE09:RCarlies:RA:srl/Supv/Low/Butler

SUBJ: Proposed Letter of Warning In Lieu of Time Off Suspension

TO: Thomas Butler
Supervisor, Distribution Operations
[redacted]

CERTIFIED NO: Z 419 512 741
RETURNED RECEIPT REQUESTED

This Proposed Letter of Warning in Lieu of a (7) Day Time Off Suspension is being issued to you for the following reason(s):

You are charged with Unacceptable Conduct due to your failure to respond and comply with directives given to you.

On November 3, 1999, you were assigned to supervise the small parcel bundle sorter (SPBS) on tour three. On that day at approximately 4:10 p.m., I called Simon from the supervisor's desk at the SPBS, and I asked him to give you the telephone. At that time, I advised you not to end the report, that there were four more pallets of mail to run on the machine. You began to question me, and I cut you off stating, "Tom, this is what I want. Tour 2 will finish running the Miami mail. Your clerks will throw off the 5-digit 330 mail until they are finished. Then the Miami mail will be pulled down and it will be set up for you to run 330." I then asked, "Do you understand what I am saying?" You failed to acknowledge or respond to my directive, and said absolutely nothing. I then handed the telephone to Chief Steward Wanda Harris, and asked her to let me know if you said anything. I left the Manager's office and walked to the SPBS. When I arrived at the machine you were not in the area and the telephone was off the hook laying on the desk. I then paged you to report to the supervisor's desk at the SPBS. You failed to respond to the page or report to the SPBS. I then called the general's clerk's office and was informed by general clerk Carla Amour that you had just walked out of that office. I again paged you to report to the SPBS supervisor's desk. You failed to respond to the page, and failed to report to the SPBS. I then called data site, and was informed by clerk Alex Degiacomo that you had just walked out of that office. You finally reported to the SPBS area at 4:35 p.m. At that time, I instructed you to report to the Manager's office. When we arrived at the Manager's office, I asked you if you had a problem. You stared at me and did not respond. I advised you that I was talking to you and asked if you understood my instructions. I also asked why you had put the telephone receiver down on the supervisor's desk at the SPBS and walked away in the middle of our conversation. You again stared at me and said nothing. I then stated to you that I am your Manager, and I will not tolerate this kind of behavior. You stared at me, said nothing, and walked out of the office. I followed you out of the office as you began talking to Acting Manager Christopher Powell. I approached you and instructed you to end your tour of duty and leave the building. You responded "Why?" I did not respond to you, and asked Manager Powell to make sure you left the building. Manager Powell then instructed you to leave the building and to return to work the following day as scheduled.

EXHIBIT NO. 5

When questioned about this matter in an investigative interview, you responded that you wanted Robert Quinlan to represent you, not Bobbi Crews. Your response does nothing to

PAGE _ OF _

Thomas Butler
November 29, 1999
Page Two

explain or justify your actions on November 3, 1999, of failing to respond to me while I was giving you instructions on the telephone, and placing the telephone receiver on the desk and walking away; failing to respond to my pages; and your failure to respond to me in the Manager's office.

You must understand that as a Postal employee, you have a responsibility to perform the duties of your position conscientiously and effectively, giving to the performance of those duties earnest effort and best thought. You are expected to comply with all Postal Service rules and regulations, and to obey the instructions of your Manager. Clearly, by your actions cited above you have failed in those responsibilities.

As a Supervisor of Distribution, you have an even greater responsibility. You set the example for other employees. Your actions cited above on November 3, 1999, demonstrate that you are either unwilling or unable to be responsible to the position you now hold. The instructions that I gave you over the telephone were clear and reasonable. There is no reason why you should not have responded to me, and complied with my instructions. The fact that you refused to acknowledge my instructions, placed the telephone receiver down on the desk, and walked away from your operation; and then failed to respond to my pages, indicates that you fail to understand your responsibility to comply with instructions given to you. Moreover, your actions of simply staring at me, and refusing to respond when I addressed you in the Manager's office, and then leaving the office while I was still trying to talk to you, demonstrates a deliberate disrespect for authority that will not be condoned. Further, your actions raise serious question as to your of dedication, loyalty, and job commitment. If you believe that in your position you are not required to acknowledge, respond, and comply to directives given to you by a Manager, than you seriously misunderstand your role as a supervisor.

Clearly, as a Supervisor of Distribution you expect your employees to respond to your directives, and to comply with your instructions. As a Manager, I expect no less from you. Your actions on November 3, 1999, of failing to acknowledge my directives to you, putting the telephone down and walking away while I was still engaged in conversation with you, failing to respond to pages, and failure to respond to me in the Manager's office, and again walking out of the office in the middle of my conversation, cannot be condoned and are a legitimate reason for this action.

The following element of your past record has been considered in taking this action:

| DATE | TYPE | CHARGE |
| --- | --- | --- |
| August 21, 1998 | Letter of Warning | Unsatisfactory Performance due to failure to perform supervisory duties in a satisfactory manner, and failure to follow instructions concerning proper staffing of operations. |

This Proposed Letter of Warning is being issued to you in Lieu of a 7-Day Time-Off Suspension based on the above-cited deficiency. This letter is also to inform you that you must correct your work deficiencies. Further, you must demonstrate adherence to Postal

EXHIBIT NO.
PAGE ____ OF ____

Thomas Butler
November 29, 1999
Page Three

Service regulations. Failure to correct your work deficiencies may result in further disciplinary action, including your removal from the Postal Service.

You and/or your representative may review the material (if any) relied upon to support the reasons for this Proposed Letter of Warning in Lieu of a 7-Day Time-Off Suspension at the Labor Relations Office, Miami Processing & Distribution Center, 2200 N.W. 72nd Avenue, Miami, FL, between the hours of 8:30 a.m. and 4:30 p.m. If you do not understand the reasons for this Proposed Letter of Warning in Lieu of a 7-Day Time-Off Suspension, contact the undersigned for a further explanation.

You and/or your representative may appeal this Proposed Letter of Warning in Lieu of a 7 Day Time-Off Suspension by filing an answer within ten (10) calendar days from your receipt of this letter, either in person or in writing, or both, before Saundra Richardson, Plant Manager, South Florida Processing and Distribution Center, 16000 Pines Boulevard, Pembroke Pines, FL 33082-9997. You also may furnish affidavits or other written material to Saundra Richardson within ten (10) calendar days from your receipt of this letter. You will be afforded a reasonable amount of official time for the above purpose if you are otherwise in a duty status. You will receive a written decision after the expiration of the 10 calendar day period for reply. All of the facts in your case, including any reply you submit, will be given full consideration before a decision is rendered.

Rosie Carlies
Manager, Distribution Operations
South Florida P&DC

**Employee Regular Mail**



cc:   Labor Relations - Miami
      Plant Manager **(Letter of Decision Required)**
      MDO T-3 South FL P&DC
      OPF

EXHIBIT NO._____

PAGE\_\_3\_\_ OF \_14\_



**UNITED STATES POSTAL SERVICE**

DATE: January 18, 2000

REF: SE09:SRichardson:RA:ac:LOD:propsusp:butlert

SUBJ: Letter of Decision

TO: **Thomas P. Butler**
Supervisor, Distribution Operation
7840 Camino Real Apt 105P
Miami FL 33143-6871

JAN 27 2000
LABOR RELATIONS
SOUTH FLORIDA DISTRICT

CERTIFIED NO. Z 419 545 422
RETURN RECEIPT REQUESTED

You received a Proposed Letter of Warning in Lieu of a (7) Day Time-Off Suspension based upon the charge Unsatisfactory Conduct due to your failure to respond and comply with directives given to you. In the letter you were apprized of your appeal rights and afforded an opportunity to respond to the charges. I am in receipt of your written response dated December 8, 1999. I note that you did not respond to me personally. I have given careful consideration to all evidence of record, and the contentions you raise in your response. I find however, that the charge as outlined in the proposed letter is fully supported by the evidence of record, and warrant the action. The reason for my decision is as follows:

On November 3, 1999, you were assigned to supervise the small parcel bundle sorter (SPBS) on tour three. On that day, at approximately 4:10 p.m., Manager Rosie Carlies called the supervisor's desk at the SPBS, and asked Supervisor Simon Ham to give you the telephone. At that time she advised you not to run the report, that there were four more pallets of mail to run on the machine. You began to question her, and she interrupted you stating "Tom, this is what I want. Tour 2 will finish running the Miami mail. Your clerks will throw off the 5-digit 330 mail until they are finished. Then the Miami mail will be pulled down and it will be set up to for you to run 330." She then asked "Do you understand what I am saying?". You failed to acknowledge or respond to her directive, and said absolutely nothing. She then handed the telephone to Chief Steward Wanda Harris, and asked her to let Carlies know if you said anything. Manager Carlies left the Manager's office and walked to the SPBS. When she arrived at the machine you were not in the area and the telephone was off the hook laying on the supervisor's stand up desk. Carlies then paged you to report to the supervisor's desk at the SPBS. You failed to respond to the page or report to the SPBS. She then called the general's clerk's office and was informed by general clerk Karla Andur that you had just walked out of that office. Carlies again paged you to report to the SPBS supervisor's desk. You failed to respond to the page, and failed to report to the SPBS. Carlies then called data site, and was informed by clerk Alex Degiacomo that you had just walked out of that office. You finally reported to the SPBS supervisor's desk at 4:35 p.m. At that time Manager Carlies instructed you to report to the Manager's office.

EXHIBIT NO.
PAGE 1 OF 5

Thomas P. Bulter
Letter of Decision
January 18, 2000
Page Two


When you arrived at the Manager's office, she asked you if you had a problem. You starred at her and did not respond. She advised you that she was talking to you and asked if you understood her instructions. She also asked why you had put the telephone receiver down on the supervisor's desk at the SPBS and walked away in the middle of a conversation. You again starred at Carlies and said nothing. She then stated to you that she was your Manager, and that she would not tolerate this kind of behavior. You starred at her, said nothing, and walked out of the office. Carlies followed you out of the office as you began talking to Acting Manager Christopher Powell. Carlies then approached you and instructed you to end your tour of duty and leave the building. You responded "Why?". Carlies did not respond to you, and asked Manager Powell to make sure you left the building. Manager Powell then instructed you to leave the building and to return to work the following day as instructed.

In your response dated December 8, 1999, you contend that you attempted to respond to Carlies' directives to you, but that you were cut off. You also stated that you did not respond to the pages because you did not hear them. You further state that you walked out of the Manager's office because Carlies stated that you looked "stupid". Having carefully examined all evidence of record, I find your contentions without merit. Having found that you are guilty of the charge as outlined in the Proposed Letter of Warning in Lieu of a (7) Day Time-Off Suspension, I must now examine the nexus to your employment.

The nexus is obvious. As a Postal employee you have a responsibility to perform the duties of your position conscientiously and effectively, giving to the performance of those duties earnest effort and best thought. You are expected to comply with all Postal Service rules and regulations, and to obey the instructions of your Manager. Clearly by your actions cited above you have failed in those responsibilities.

As a Supervisor of Distribution, you have an even greater responsibility. You set the example for other employees. Your actions cited above on November 3, 1999, demonstrate that you are either unwilling or unable to be responsible to the position you now hold. The instructions that Manager Carlies gave you over the telephone were clear and reasonable. There is no reason why you should not have responded to her, and complied with the instructions. The fact that you refused to acknowledge her instructions, placed the telephone receiver down on the desk, and walked away from your operation; and then failed to respond to her pages; indicates that you fail to understand your responsibility to comply with instructions given to you. Moreover, your actions of simply starring at Carlies, and refusing to respond when she addressed you in the Manager's office, and then leaving the office while she was still trying to talk to you, demonstrates a deliberate disrespect for authority that will not be condoned.

EXHIBIT NO:

PAGE 2 OF 5

Thomas P. Bulter
Letter of Decision
January 18, 2000
Page Three

Further, your actions raise serious question as to your of dedication, loyalty, and job commitment. If you believe that in your position you are not required to acknowledge, respond and comply directives given to you by a Manager, than you seriously misunderstand your role as a supervisor.

Having found nexus, I must now examine if the penalty imposed is proper. In doing so, I will consider your tenure of service, the seriousness of the charge against you, the past element of record cited in the letter, the contentions you raise in your response, any mitigating factors, and all other evidence of record. In consideration of these factors, I find that the penalty imposed is proper. It is my decision, therefore, that the Proposed Letter of Warning in Lieu of a (7) Day Time-Off Suspension is sustained.

You have the right to request a review of this decision in writing within fifteen (15) calendar days from the date of your receipt of this letter. Direct your request to:

Karen A. Borowski
Manager, Human Resources
Southeast Area Office
220 N Humphreys Blvd
Memphis TN 38166-0840

You should furnish me with a copy of your appeal. You are entitled to a representative of your own choosing throughout your appeal. You will be afforded a reasonable amount of official time for preparation of your case if you are otherwise in a duty status.

Saundra D. Richardson
Plant Manager
South Florida Mail Processing Center

**EMPLOYEE REGULAR MAIL**

Emp. SS #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

cc: Labor Relations Office, Miami
Plant Manager, SFMPC
Sr MDO, T3, SFMPC
MDO, T3, SFMPC
Official Personnel Folder

Personnel Services/L. Raphael
Personnel Services/T. Hernandez
Personnel Service/E. Alam

EXHIBIT NO. _____

PAGE  3  OF  5

PS Form 3811, December 1994 — Domestic Return Receipt — 102595-99-B-0223

Is your RETURN

5. Received By: (Print Name)
6. Signature (Addressee or Agent)

4a. Article Number
Z 419 741 433

4b. Service Type
☒ Certified
☐ Registered
☐ Express Mail
☐ Insured
☐ Return Receipt for Merchandise
☐ COD

7. Date of Delivery
1-25-00

8. Addressee's Address (Only if requested and fee is paid)

1. ☒ Addressee's Address
2. ☐ Restricted Delivery

I also wish to receive the following services (for an extra fee):

Thank you for using Return Receipt Service.

Passed to:
Thos. J. Butler
Gov. Distribution Dept.
18+0 Camino Real Apt 1050
Miami, FL 33143-6871

EXHIBIT NO. ____U____

PAGE  4  OF  5