

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6193-CIV-LENARD/SIMONTON

THOMAS BUTLER,

    Plaintiff,

v.

**THIS IS A CONSENT CASE**

JOHN POTTER,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO LOCAL RULE 7.5

Plaintiff, THOMAS BUTLER herein in files his response to defendant's statement of undisputed facts:

1. Plaintiff admits the allegations contained in paragraph numbered "1" in defendant's statement of undisputed facts.

2. Plaintiff admits the allegations contained in paragraph numbered "2" in defendant's statement of undisputed facts.

3. Plaintiff admits the allegations contained in paragraph numbered "3" in defendant's statement of undisputed facts.

4. Plaintiff admits the allegations contained in paragraph numbered "4" in defendant's statement of undisputed facts.

5. Plaintiff admits the allegations contained in paragraph numbered "5" in defendant's

statement of undisputed facts but affirmatively states it was a lateral move.

6. Plaintiff admits the allegations contained in paragraph numbered "6" in defendant's statement of undisputed facts.

7. Plaintiff admits the allegations contained in paragraph numbered "7" in defendant's statement of undisputed facts.

8. Plaintiff admits the allegations contained in paragraph numbered "8" in defendant's statement of undisputed facts only to the extend that plaintiff requested anonymity regarding the informal counseling stage of the EEO complaint processing and denies all other allegations in the complaint.

9. Plaintiff admits the allegations contained in paragraph numbered "9" in defendant's statement of undisputed facts.

10. Plaintiff admits the allegations contained in paragraph numbered "10" in defendant's statement of undisputed facts.

11. Plaintiff admits the allegations contained in paragraph numbered "11" in defendant's statement of undisputed facts.

12. In connection with paragraph numbered "12", Plaintiff admits only that there was a conversation with Robert Dillon on or about May 15, 1997.

13. Plaintiff admits the allegations contained in paragraph numbered "13" in defendant's statement of undisputed facts.

14. Plaintiff admits the allegations contained in paragraph numbered "14" in defendant's statement of undisputed facts.

15. Plaintiff admits the allegations contained in paragraph numbered "15" in

defendant's statement of undisputed facts.

16. Plaintiff admits the allegations contained in paragraph numbered "16" in defendant's statement of undisputed facts.

17. Plaintiff admits the allegations contained in paragraph numbered "17" in defendant's statement of undisputed facts.

18. Plaintiff admits the allegations contained in paragraph numbered "18" in defendant's statement of undisputed facts.

19. Plaintiff admits the allegations contained in paragraph numbered "19" in defendant's statement of undisputed facts except to state that the warning had been placed in his labor relations file.

20. Plaintiff admits the allegations contained in paragraph numbered "20" in defendant's statement of undisputed facts.

21. Plaintiff admits the allegations contained in paragraph numbered "21" in defendant's statement of undisputed facts.

22. Plaintiff denies that he knowingly and voluntarily entered into a settlement agreement due to his mental impairment at the time and admits that he signed a settlement agreement and that portions of it are accurately set forth in paragraph numbered "22" in defendant's statement of undisputed facts.

23. Plaintiff admits the allegations contained in paragraph numbered "23" in defendant's statement of undisputed facts but denies there was consideration since defendant merely complied with the law after plaintiff lost almost six months of pay. Even if plaintiff would have lost the MSPB hearing, he would have still been allowed to return to work with the proper

medical documentation and without having to sign a release.

24. Plaintiff admits the allegations contained in paragraph numbered "24" in defendant's statement of undisputed facts.

25. Plaintiff admits the allegations contained in paragraph numbered "25" in defendant's statement of undisputed facts.

26. Plaintiff admits the allegations contained in paragraph numbered "26" in defendant's statement of undisputed facts.

27. Plaintiff admits the allegations contained in paragraph numbered "27" in defendant's statement of undisputed facts.

28. Plaintiff admits the allegations contained in paragraph numbered "28" in defendant's statement of undisputed facts but it was due to being placed on enforced leave without pay.

29. Plaintiff admits the allegations contained in paragraph numbered "29" in defendant's statement of undisputed facts.

30. Plaintiff admits the allegations contained in paragraph numbered "30" in defendant's statement of undisputed facts.

31. Plaintiff admits the allegations contained in paragraph numbered "31" in defendant's statement of undisputed facts.

32. Plaintiff admits the allegations contained in paragraph numbered "32" in defendant's statement of undisputed facts.

33. Plaintiff admits the allegations contained in paragraph numbered "33" in defendant's statement of undisputed facts that a disciplinary action was commenced against

plaintiff by Rosie Carlie, and he appealed it to Robert Dillon for the alleged reasons stated but denies all other allegations in this paragraph.

34. Plaintiff admits the allegations contained in paragraph numbered "34" in defendant's statement of undisputed facts.

35. Plaintiff admits the allegations contained in paragraph numbered "35" in defendant's statement of undisputed facts.

36. In connection with paragraph numbered 36, Plaintiff does not have personal knowledge as to whether she knew about plaintiff's EEO activity but states that she should have been aware in the course of her job responsibilities.

37. Plaintiff admits the allegations contained in paragraph numbered "37" in defendant's statement of undisputed facts.

38. Plaintiff admits the allegations contained in paragraph numbered "38" in defendant's statement of undisputed facts.

39. In connection with paragraph 39, Plaintiff does not have an independent recollection as to whether he filed a formal complaint but believes he did file a formal complaint.

40. Plaintiff admits the allegations contained in paragraph numbered "40" in defendant's statement of undisputed facts to the extent that a disciplinary action was commenced but denies that it was justified.

41. Plaintiff admits the allegations contained in paragraph numbered "41" in defendant's statement of undisputed facts to the extent that a LOW was received but denies that it was justified and denies all other allegation in the paragraph.

42. Plaintiff admits the allegations contained in paragraph numbered "42" in

defendant's statement of undisputed facts.

43. Plaintiff admits the allegations contained in paragraph numbered "43" in defendant's statement of undisputed facts.

44. Plaintiff admits the allegations contained in paragraph numbered "44" in defendant's statement of undisputed facts.

45. Plaintiff admits the allegations contained in paragraph numbered "45" in defendant's statement of undisputed facts.

46. Plaintiff admits the allegations contained in paragraph numbered "46" in defendant's statement of undisputed facts.

47. Plaintiff admits the allegations contained in paragraph numbered "47" in defendant's statement of undisputed facts.

Dated: Fort Lauderdale, Florida
April 16, 2003

STEWART LEE KARLIN, P.A.
Attorney for Plaintiff
The Advocate Building-Second Floor
315 S.E. 7th Street
Fort Lauderdale, Florida 33301
(954) 462-1201
edlawkarlin@aol.com
Florida Bar No. 0961159

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing by hand to: CHARLES S. WHITE, Assistant U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33131 on this 16th day of April, 2003.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
315 Southeast 7th Street
Fort Lauderdale, Florida 33301
(954) 462-1201