UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6193-CIV-LENARD/SIMONTON

THOMAS BUTLER,

    Plaintiff,

v.                                                   THIS IS A CONSENT CASE

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO SUPPLEMENT RECORD

COMES NOW the plaintiff, THOMAS BUTLER, by and through the undersigned attorney, and respectfully moves the Court to allow the record to be supplemented and in support thereof would state as follows.

1. Defendant has moved for summary judgment which has *not* been fully briefed yet. Defendant still has until April 28, 2003 to submit a reply. The reason that the declaration is submitted now is that the doctor was unavailable during the time plaintiff was preparing the response to defendant's motion.

2. The motion for summary judgment is dispositive and thus plaintiff should be able to supplement the record regarding pertinent testimony. Moreover, the defendant is not prejudiced since plaintiff has already raised the issue of plaintiff's mental impairment impacting his ability to voluntarily and knowingly enter into the settlement agreement. Further, defendant has not yet replied so it can address the declaration in its response.

3. This is the first request for the relief requested herein and the there is no prejudice to

the defendant to allow the declaration to be considered as part of the record of the summary judgment motion.

4. Plaintiff has attempted to reach counsel for the defendant but has been unable to do so.

WHEREFORE, the plaintiff, respectfully moves the Court to allow the declaration of Dr. Lopez to be deemed part of the record in the motion for summary judgment.

Dated: Fort Lauderdale, Florida
April 18, 2003

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
315 SE 7th Street, 2nd Floor
Fort Lauderdale, Florida 33301
(954) 462-1201
Fla Bar No.: 961159

## INCORPORATED MEMORANDUM OF LAW

### POINT I

### THE COURT SHOULD ALLOW THE RECORD TO BE SUPPLEMENTED

Federal Rule of Civil Procedure 6(b) gives the Court authority to accept a tardy submission when it is appropriate to do so. See McCloud River R.R. Co. v. Sabine River Forest Products, Inc. C.A. 735 F.2d 879, 882 (5th Cir. 1984); and Woods v. Allied Concord Fin. Corp., 373 F.2d 733 (5th Cir. 1967). In view of the dispositive nature of a summary judgment motion, justice requires that the Court allow the record to be supplemented. Moreover, the declaration is relevant to the critical issue pertaining to the settlement agreement and there is no prejudice to the defendant to allow the record to be supplemented since the defendant has not yet replied.

## CONCLUSION

For the foregoing reasons, plaintiff's motion should be granted.

Dated:  Fort Lauderdale, Florida
April 18, 2003

STEWART LEE KARLIN, ESQ.
Attorney for Plaintiff
315 SE 7th Street, 2nd Floor
Fort Lauderdale, Florida  33301
(954) 462-1201
Fla Bar No.:  961159

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing by fax and first class mail to: CHARLES S. WHITE, Assistant U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33131 on this 18th day of April, 2003.

STEWART LEE KARLIN, ESQ.
Florida Bar No. 0961159
315 Southeast 7th Street
Fort Lauderdale, Florida 33301
(954) 462-1201

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 00-6193-CIV-LENARD/SIMONTON

THOMAS BUTLER,

       Plaintiff,

v.

WILLIAM HENDERSON,
POST MASTER GENERAL, of the
UNITED STATES POSTAL SERVICE
AGENCY,

       Defendant.
_____/

## DECLARATION OF EVELYN LOPEZ-BRIGNONI, MD.

1. I am a board certified psychiatrist and began treating Tom Butler subsequent to his hospitalization on March 5, 1997.

2. I was treating Mr. Butler due to depression and anxiety which was directly related to his employment.

3. I continued to treat Mr. Butler periodically during most of 1997. Because his employer did not return him to work, his depression began to worsen over the summer and early fall. He was under medication for Prozac and Klonopin.

4. By October, 1997, his depression had worsened. He was unable to focus due to overwhelming anxiety and panic attacks and major clinical depression. He was unable to sign a legal document due to his lack of competency and inability to appreciate the consequences of his decision due to his mental impairment at the time.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE FORGOING STATEMENT IS TRUE AND CORRECT THIS 15th DAY OF APRIL, 2003

_____
EVELYN LOPEZ-BRIGNONI, MD.